

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 2 2006

DAVID J. MALAND, CLERK
DEPUTY_____

| | |
|---|---|
| ANASCAPE, LTD. | § |
| | § |
| VS. | § Case No. 9:06-CV-158 |
| | § |
| MICROSOFT CORP. and | § |
| NINTENDO OF AMERICA, INC. | § |

# ORDER GOVERNING PROCEEDINGS
(Patent Cases)

The case is **SET** for the Initial Rule 16 Management Conference on **December 13, 2006, at 10:00 a.m.**, in Courtroom 2 at the United States Courthouse in Beaumont, Texas. Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present. If a party is a corporation or other business entity, the in-house counsel or officer supervising the case shall attend in person or by phone. Continuance of the management conference will not be allowed absent a showing of good cause[1].

### A. Rule 26 Attorney Conference

The Rule 26(f) attorney conference in this case must occur **by October 27, 2006.** The conference may be by telephone. Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (See Appendix C) and to file with the clerk **a joint report** outlining their proposals **no later than 14 days after the conference**.

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should submit the appropriate form (appendix "B: to the Local Rules for the Eastern District of Texas) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

---

[1] Before the case management conference, counsel and unrepresented parties should review the FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS, and the PATENT RULES of this court (all as most recently amended). The Local Court Rules and the Patent Rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov)

Order Governing Proceedings
(Patent Cases) Rev. 8/25/06

The parties must include the following matters in the joint conference report.

(1) Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix C, including:.

   a. The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

   b. The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed.

(2) If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.

(3) What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.

(4) The identity of persons expected to be deposed.

(5) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

(6) Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.

(7) Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

(8) Estimated trial time.

(9) The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

(10) Any other matters counsel deem appropriate for inclusion in the joint conference report.

### B. Scheduling Conference

At the scheduling conference, counsel shall be prepared to discuss the proposed scheduling order and the following issues related to the Claim Construction Hearing:

    (1)    Whether the court will hear live testimony at the Claim Construction Hearing;

    (2)    The order of presentation at the Claim Construction Hearing;

    (3)    Estimated time limits for the Claim Construction Hearing.

### C. Protective Order

The Protective Order, attached as Appendix A is hereby entered in this case and shall apply to all discovery and disclosures herein.

### D. Compliance with Patent Rules

The Local Patent Rules of the Eastern District of Texas (cited as P.R. ___), ( available on the Eastern District Website) shall apply to all proceedings in this case. In the absence of a showing of good cause by a party objecting to a required disclosure, the parties shall disclose, without further request or order, all information required by the Patent Rules in accordance with the deadlines set by the Rules.

### E. Initial Discovery

**Mandatory Disclosure**s consist of Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) and the information listed below. To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Mandatory Disclosures shall be completed by the date set in the Scheduling Order entered after the Rule 16 management conference.

    (1)    the correct names of the parties to the action;

    (2)    the name and, if known, address and telephone number of any potential parties to the action;

    (3)    the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person (may be combined with list of persons required under Rule 26(a)(1)(A) so two list are not needed).

    (4)    a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party, unless solely for impeachment.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party."

The duty of disclosure is continuing and requires supplementation as set out in Fed. R. Civ. P. 26(e).

A party that fails to disclose any information required to be disclosed by any order of this court or the Patent Rules of this court will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.
To the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Court's Patent Rules, the parties shall also, without waiting for a request from other parties, exchange, by the date set for Mandatory Disclosures, all such information relevant to those additionally pleaded claims or defenses involved in this action.

Absent agreement of the parties, depositions of witnesses shall not be taken until after the Initial Rule 16 management conference. Following the management conference, the court will enter a scheduling order establishing parameters of discovery and setting deadlines controlling disposition of the case.

Discovery directed solely to damages shall usually be postponed until after the claim construction hearing. On the date set in the Scheduling Order, the parties shall complete discovery and Initial Disclosures on the issue of damages and shall respond to all damage discovery requests to which a response is due as of that date.

By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials.

### F. Discovery Limitations

Given the extensive disclosures required without a request from opposing party, absent further order of this court, discovery in this cause is limited to the disclosures described in this order, the Local Patent Rules and the Scheduling Order, together with 45 interrogatories, 45 requests for admissions, depositions on written questions of custodians of business records for third parties, and 40 hours of deposition time per side. "Side" means a party or a group of parties with a common interest. Time will count whether used in direct examination or cross-examination of any witness. Any party may move at the Initial Management Conference to modify these limitations for good cause.

### G. Privileged Information

There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information at the Initial Rule 26 Conference. As directed in the Scheduling Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege

shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall file with its response any proof in the form of declarations or affidavits to support assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact.

### H. Failure to Serve

Any defendant who has not been served with the summons and complaint within **130 days** after the filing of the complaint **shall be dismissed, without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. (*See* Fed. R. Civ. P. 4(m)).

### I. Fictitious Parties

The name of every party shall be set out in the complaint (Fed. R. Civ. P. 10(a)). The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869 (7th Cir. 1997). It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Fed. R. Civ. P. 15(c).

### J. Contested Motion Practice

Parties shall comply with the guidelines in Appendix B - Contested Motion Practice.

### K. Discovery Disputes

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to a claim or defense and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

### L. Settlement

Plaintiff's counsel shall immediately notify the court upon settlement.

### M. Compliance

Attorneys and *pro se* litigants who appear in this court shall comply with the deadlines set forth in the Federal Rules of Civil Procedure the Local Rules for the Eastern District of Texas as modified by the Patent Rules of this court, and this court's orders. A party is not excused from the requirements of an order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Order Governing Proceedings
(Patent Cases) Rev. 8/25/06
-5-

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, the Patent Rules of this court, or any order of this court may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonable withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

### N. Resources

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains the Eastern District Local Rules and the Local Patent Rules, links to other judicial sites and other information. For a fee, the PACER system allows you to access case information *via* the internet. To establish a PACER account, call (800) 676-6856.

Appendices A, B, and C, are attached and incorporated herein.

**SO ORDERED.**

**SIGNED** October ___, 2006.

_____
Ron Clark, United States District Judge

Order Governing Proceedings
(Patent Cases) Rev. 8/25/06

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., and<br>CISCO TECHNOLOGY, INC. | §<br>§<br>§ | |
| V. | § | CIVIL NO. 9:06-CV-160 |
| | § | JUDGE RON CLARK |
| TELCORDIA TECHNOLOGIES, INC. | §<br>§ | |

## **PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

Appendix A - Protective Order

Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the

party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   (a) Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

   (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

   (c) The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order,

and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates that the parties may file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _____ day of October, 2006.

_____
Ron Clark, United States District Judge

## APPENDIX B - CONTESTED MOTION PRACTICE

It is the court's goal to decide all motions in this case within eight weeks of the date they are ripe for consideration and decision under Local Rule CV-7. If you have not received a decision on a motion within nine weeks after the filing of the last response or reply permitted under Local Rule CV-7, you may call the court's Chief of Staff, Ms. V. J. Wisenbaker, at 409 654-2800, to determine the status of the motion.

The court's docket is growing and numerous motions must be considered every month. Accordingly, to assist the court in attaining the goal of resolving motions within eight weeks after they are ripe for decision (and to make it easier for the court to understand your position), counsel and parties shall comply with the following motion practice requirements in addition to the Federal Rules of Civil Procedure and Local Rules CV-7, CV-10, CV-11, and for motions for summary judgement, Local Rule CV-56.

1.  Format

All parties are required to comply with the E.D. Tex. electronic filing system. Parties are **REQUIRED** to send courtesy copies of documents over five pages. Make it easy for the Court to follow and understand your motion or response. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response, and to highlight in the Court's copy, the portions which are cited in your motion or response. If there are more than two attachments, labeled tabs on the Court's copy will make it easier to find them. If the motion and attachments exceed 20 pages, consider spiral binding the Court's copy to make it easier to read.

2.  Summary of case (Optional)

Counsel should begin a motion or response with a short (1-3 paragraphs) summary of the basis of the motion or response. A good summary will quickly let the law clerks and the judge know what your case and the motion is about.

3.  Undisputed Material Facts (Required of Movant)

The movant shall list the undisputed facts upon which it relies to demonstrate that it is entitled to the relief requested. The list should contain only the facts which the movant contends are material[1] to the facts presented; true; and not in genuine dispute. Each such fact shall be set out in a separately numbered sentence and shall contain the specific reference to the evidentiary record which the movant

---

[1] A material fact" is one that might affect the outcome of the issue in dispute. The fact must be critical to the determination of the issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed 2d 202, 106 S. Ct. 2505 (1986). If you feel that background facts might be helpful to put the case in context, include them in narrative form (with citations to the evidence) in a section entitled "Background Facts-Not Material to Argument." Non-movant may, but is not required to, respond to these facts, and may include other background facts in a section with the same heading..

claims supports it. Follow Local Rule CV-7(b) when attaching affidavits and other evidence, especially with regard to **highlighting the key references** in the copy provided to the court. The court is not going to search the record for facts which support your motion or response.

Counsel shall state the facts in clear and unambiguous, simple, declarative sentences. Color words, argument, and subtle inferences **will** be reserved for the argument portion of the motion. Each fact must be supported by a citation to the evidence on file. Conclusory allegations and unsubstantiated assertions in an affidavit are not evidence. *See Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1995)

4.  <u>Response to List of Undisputed Material Facts</u> (Required of Opposing Party)

Each opposing party's response shall include a response to the movant's claimed undisputed material facts. Remember that the purpose of the response is to focus the court's attention on the critical disputes over material facts. (*See* footnote 1)

The response to the movant's list of undisputed material facts shall be designated as such, and when responding to a motion for summary judgement shall take the place of the "Statement of Genuine Issues" required by Local Rule CV-56(b). The response shall contain a specific numbered reply to each numbered sentence in the movant's list of claimed undisputed facts. The reply shall be: the single word "undisputed"; the single word "disputed," followed by a specific reference to the evidentiary record; or a short explanatory phrase such as "undisputed but not material," or "undisputed but context clarified in sentence _____ below."[2]

Alternatively, the nonmoving party may demonstrate as to a particular fact listed by movant that additional discovery is needed to controvert such fact, pursuant to Rule 46 (f). The party must state exactly what discovery is needed, and from whom, and when the party proposes to complete such discovery. Anticipated evidence must be clearly delineated. A request for a fishing expedition in the hope that something may be obtained will not be sufficient.

Non-movant may then list any additional material (*See* Footnote 1) facts non-movant claims require denial of the motion. Set out each such fact in a separate sentence with a citation to the evidentiary record. Follow Local Rule CV-7(b) when attaching affidavits and other evidence.

Non-movant shall also state the facts in clear and unambiguous, simple, declarative sentences. Color words, argument, and subtle inferences **will** be reserved for the argument portion of the response. Each fact must be supported by a citation to the evidence on file. Conclusory allegations and unsubstantiated assertions in an affidavit are not evidence. *See Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1995)

---

[2]The court does not intend to prevent a non-movant from arguing that movant for summary judgment has failed to carry its initial burden under *Celotex Corp. v. Catrett*, 477 U. S. 317 (1986).

2

App. B, Patent Cases - Contested Motion Practice

5.  <u>Issues Presented</u> (Required)

The movant shall clearly set out in a separate section of the motion, "Issues Presented," the precise issues, a favorable finding on which, would entitle the movant to the relief granted. Non-movant does not have to list these issues in the response, but may state other issues, such as affirmative defenses, etc. which would justify denial of the motion even assuming that movant's position on the issues raised by movant is correct.

6.  <u>Argument</u> (Required)

In the "Argument" section of the motion or response, set out the arguments, together with citations to controlling statutes and/or cases which explain why the court should resolve the crucial issue(s) in your client's favor. Citations to controlling U. S. Supreme Court, Federal Circuit, and 5th Circuit cases (Texas Supreme Court when state law controls) are most persuasive. Including a cite to the specific page on which the pronouncement you are relying upon is very helpful. The court is not likely to read long cases (or numbers of cases in a string citation) searching for the holding which supports your argument.

If there is a key statute, or a case directly on point, consider binding it into the back of the Court's copy (**not** in the original you electronically file with the clerk) with a tab labeled "Authorities." This is especially helpful if you are relying upon administrative regulations or out of state statutes . Don't include more than three cases, and don't copy long multi-page statutes or regulations when only a portion is applicable to the case. Highlight the key portions of the case, regulation, or statute so the court can quickly focus on your argument. (While the "Authorities" section should not be attached to the original electronically filed with the clerk, a copy must be served on opposing counsel.)

## **Proposed Deadlines**

Parties are directed to discuss the proposed deadlines in conjunction with the E.D. Tex. Patent Rules.

| | |
|---|---|
| **5 weeks after Mgmt Conf.** | Join Additional Parties |
| **To be discussed at Mgmt Conft.** | Mediation to be completed<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. |
| **7 weeks after Mgmt Conf.** | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **7 weeks after Mgmt Conf.** | To extent not already required to be disclosed, exchange Mandatory Disclosures. |
| _____ | P.R. 3-3 Preliminary Invalidity Contentions (and P.R. 3-4 document production) to be served |
| _____ | Parties to exchange proposed terms and claim elements for construction (P.R. 4-1). |
| _____ | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| **13 weeks after Mgmt Conf.** | Plaintiff's Final Amended Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit).** |
| _____ | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| **16 weeks after Mgmt Conf.** | Respond to Amended Pleadings |
| _____ | Completion date for discovery on claim construction (P.R. 4-4). |

Appendix C - Proposed Deadlines

| | |
|---|---|
| _____ | Opening claim construction brief (P.R. 4-5(a)). |
| _____ | Responsive claim construction brief (P.R. 4-5(b)). |
| _____ | Reply claim construction brief (P.R. 4-5(c)). |
| **2 weeks before claim construction hearing** | Parties to file joint claim construction and chart (P.R. 4-5(d)).  Parties shall work together to agree on as many claim terms as possible. |
| **2 weeks before claim construction hearing** | Submit technology synopsis (both hard copy and disk). |
| **2 days before claim construction hearing** | Possible tutorial |
| **September 19, 2007** | Claim construction hearing at 10:00 a.m. |
| **3 weeks after claim construction hearing** | Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed.  This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information.  It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| **8 weeks after claim construction hearing** | Plaintiff to Designate Expert Witnesses other than claims construction experts and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| _____ | Comply with P.R. 3-8.  (Designation of Wilfulness Opinions). |

| | |
|---|---|
| **10 weeks after claim construction hearing** | Defendant to Designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
| **11 weeks after claim construction hearing** | Designate Rebuttal Expert Witnesses other than claims construction experts and provide rebuttal expert witness reports due, to include for ALL experts all information set out in Rule 26(2)(B). |
| **13 weeks after claim construction hearing** | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7. **Responses to motions shall be due in accordance with Local Rule CV-7(e).** **Note: Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| **13 weeks after claim construction hearing** | Discovery Deadline. All discovery must be served in time to be completed by this date. |
| **5 weeks before docket call** | Notice of intent to offer certified records |
| **5 weeks before docket call** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| **4 weeks before docket call** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who |

3

|  |  |
|---|---|
|  | filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |
| **3 weeks before docket call** | Motions in limine due<br>File Joint Final Pretrial Order. See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form). Exchange Exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies |
| **2 weeks before docket call** | Response to motions in limine due<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend the deadline to object to expert witnesses). If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| **April 7, 2008** | Docket call and Final Pretrial at 1:30 p.m.<br>Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre- Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits. |
| **April 14, 2008** | 9:00 a.m. Jury Selection and Trial |

4