IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| Anascape, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Microsoft Corp., and <br> Nintendo of America, Inc., <br><br> Defendants. | Civil Action No. 9:06-cv-158-RC <br><br> JURY TRIAL REQUESTED |

### ANASCAPE, LTD.'S REPLY TO
### NINTENDO OF AMERICA, INC.'S COUNTERCLAIMS

Plaintiff Anascape, Ltd. ("Anascape") files this Reply to Defendant Nintendo of America, Inc.'s ("Nintendo") First Amended Counterclaims, filed October 16, 2006, and states as follows:

1. Anascape admits the allegations of paragraph 51.

2. Anascape admits the allegations of paragraph 52.

3. Anascape admits the allegations of paragraph 53.

4. Anascape admits that Nintendo purports to allege a counterclaim arising under 28 U.S.C. §§ 2201, and 2202. Anascape admits that venue for the Counterclaims is proper in this judicial district. Anascape denies that Nintendo is entitled to any declaratory relief and denies the remaining allegations of paragraph 54.

5. Anascape admits that it commenced a civil action for infringement of the '525, '791, '205, '415, and '700 patents and admits that there is an actual controversy between Anascape and Nintendo with respect to Nintendo's infringement of the '525, '791, '205, '415, and '700 patents. Anascape denies the remaining allegations of paragraph 55.

## RESPONSE TO FIRST COUNTERCLAIM

6. Anascape denies the allegations of paragraph 27.

7. Anascape denies the allegations of paragraph 28.

8. Anascape denies the allegations of paragraph 29.

9. Anascape denies the allegations of paragraph 30.

10. Anascape denies the allegations of paragraph 31.

11. Anascape denies the allegations of paragraph 32.

12. Anascape denies the allegations of paragraph 33.

13. Anascape denies the allegations of paragraph 34.

14. Anascape denies the allegations of paragraph 35.

15. Anascape admits that U.S. Patent Application No. 09/715,532 was filed on November 16, 2000 with claims 1-38 and issued as U.S. Patent No. 6,906,700. Anascape admits that Brad A. Armstrong is named as the inventor of U.S. Patent No. 6,906,700. Anascape admits that Mr. Armstrong participated in the prosecution of U.S. Patent No. 6,906,700. Anascape denies the remaining allegations of paragraph 36.

16. Anascape admits that Mr. Armstrong was aware of one or more video game controllers after U.S. Patent Application No. 09/715,532 was filed. Anascape denies the remaining allegations of paragraph 37.

17. Anascape admits that Mr. Armstrong filed a Preliminary Amendment with the Patent & Trademark Office dated July 15, 2002, in which he added new claims 39-77 to the application. Anascape denies the remaining allegations of paragraph 38.

18. Anascape admits that the new claims 39-77 have a claim scope that covers one or more video game controllers. Anascape denies the remaining allegations of paragraph 39.

19. Anascape denies the allegations of paragraph 40.

20. Anascape admits the allegations of paragraph 41.

21. Anascape denies the allegations of paragraph 42.

22. Anascape admits that section 112 of Title 35 of the United States Code states, in part, that:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Anascape admits that section 2163.06(I) of the Manual of Patent Examining Procedure states, in part, that:

> If new matter is added to the claims, the examiner should reject the claims under 35 U.S.C. 112, first paragraph - written description requirement. *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

Anascape denies the remaining allegations of paragraph 43.

23. Anascape denies the allegations of paragraph 44.

24. Anascape denies the allegations of paragraph 45.

25. Anascape denies the allegations of paragraph 46.

26. Anascape denies the allegations of paragraph 47.

27. Anascape denies the allegations of paragraph 48.

28. Anascape denies the allegations of paragraph 49.

29. Anascape admits that Nintendo purports to reserve its rights to assert additional defenses. Anascape denies the remaining allegations of paragraph 50.

30. Anascape incorporates by reference its responses to paragraphs 27-55 as if fully restated herein. Anascape denies the remaining allegations of paragraph 56.

31. Anascape denies the allegations of paragraph 57.

**RESPONSE TO SECOND COUNTERCLAIM**

32.    Anascape incorporates by reference its responses to paragraphs 27-57 as if fully restated herein.  Anascape denies the remaining allegations of paragraph 58.

33.    Anascape admits that Nintendo purports to seek a declaration that the '525, '791, '205, '415, and '700 patents and each claim thereof are void and invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, but not limited to Sections 101, 102, 103, and/or 112.  Anascape denies the allegations of paragraph 59.

**RESPONSE TO THIRD COUNTERCLAIM**

34.    Anascape incorporates by reference its responses to paragraphs 27-59 as if fully restated herein.  Anascape denies the remaining allegations of paragraph 60.

35.    Anascape denies the allegations of paragraph 61.

36.    Anascape admits that U.S. Patent Application No. 09/715,532 was filed on November 16, 2000 with claims 1-38 and issued as U.S. Patent No. 6,906,700.  Anascape admits that Brad A. Armstrong is named as the inventor of U.S. Patent No. 6,906,700.  Anascape admits that Mr. Armstrong participated in the prosecution of U.S. Patent No. 6,906,700.  Anascape denies the remaining allegations of paragraph 62.

37.    Anascape admits that Mr. Armstrong was aware of one or more video game controllers after U.S. Patent Application No. 09/715,532 was filed.  Anascape denies the remaining allegations of paragraph 63.

38.    Anascape admits that Mr. Armstrong filed a Preliminary Amendment with the Patent & Trademark Office dated July 15, 2002, in which he cancelled original claims 1-38 and added new claims 39-77 to the application.  Anascape denies the remaining allegations of paragraph 64.

39. Anascape admits that the new claims 39-77 have a claim scope that covers one or more video game controllers. Anascape denies the remaining allegations of paragraph 65.

40. Anascape denies the allegations of paragraph 66.

41. Anascape admits the allegations of paragraph 67.

42. Anascape denies the allegations of paragraph 68.

43. Anascape admits that section 112 of Title 35 of the United States Code states, in part, that:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Anascape admits that section 2163.06 of the Manual of Patent Examining Procedure states, in part, that:

> If new matter is added to the claims, the examiner should reject the claims under 35 U.S.C. 112, first paragraph - written description requirement. *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

Anascape denies the remaining allegations of paragraph 69.

44. Anascape denies the allegations of paragraph 70.

45. Anascape denies the allegations of paragraph 71.

## RESPONSE TO EXCEPTIONAL CASE

46. Anascape denies the allegations of paragraph 72.

Anascape denies each and every allegation contained in Nintendo's Counterclaim that is not expressly admitted herein. Anascape denies that Nintendo is entitled to the relief requested or any other relief.

## PRAYER FOR RELIEF

Anascape prays for the following relief:

      A.      The dismissal of Nintendo's counterclaims for declaratory relief;

      B.      Judgment declaring that Nintendo infringes the '525, '791, '205, '415, and '700 patents;

      C.      Judgment declaring that the '525, '791, '205, '415, and '700 patents are valid and enforceable;

      D.      An award of Anascape's attorneys' fees and costs, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

      E.      Such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Anascape hereby demands a jury trial on all issues appropriately triable by a jury.

DATED: November 6, 2006.              Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Luke F. McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
charley@pbatyler.com
Parker, Bunt & Ainsworth P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF ANASCAPE, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF or U.S. Mail on this 6th day of November, 2006.

/s/ Luke F. McLeroy

Luke F. McLeroy