# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| ANASCAPE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORP. and <br> NINTENDO OF AMERICA INC., <br><br> Defendants. | § <br> § <br> § <br> § <br> § Hon. Ronald Clark <br> § <br> § Civil Action No.: 9:06-CV-00158-RC <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § |

## RULE 26(F) JOINT CONFERENCE REPORT

Pursuant to the Court's Order of October 5, 2006 and Rules 16 and 26 of the Federal Rules of Civil Procedure, Plaintiff Anascape, Ltd. and Defendants Microsoft Corporation and Nintendo of America Inc. present the following Rule 26(f) Joint Conference Report.

### 1. Proposed Deadlines

Except where noted, the parties have agreed upon the following proposed schedule in accordance with Appendix C to the Court's Order of October 5, 2006. The parties note that they may request an extension of the dates that follow the September 19, 2007 claim construction hearing if a claim construction ruling has not yet been issued as those dates approach. The parties have proposed amending the Court's proposed deadlines of its October 5, 2006 *Appendix C to Order Governing Proceedings*, as set forth herein. None of these proposals change the *Markman* hearing or trial dates.

NY\1208544.2

| DATE | EVENT |
|---|---|
| December 13, 2006 | Rule 16 scheduling conference with court |
| December 29, 2006 | PR 3-1 preliminary infringement contentions (and documents supporting same, PR 3-2) |
| January 17, 2007 | Join additional parties |
| February 23, 2007 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| February 23, 2007 | To extent not required to be disclosed by the Local Patent Rules at an earlier date, exchange Mandatory Disclosures. |
| February 23, 2007 | PR 3-3 preliminary invalidity contentions (and PR 3-4 document production to be served). |
| March 5, 2007 | Parties to exchange proposed terms and claim elements for construction (PR 4-1) |
| March 14, 2007 | Plaintiff's Final Amended Pleadings (It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit). |
| March 26, 2007 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (PR 4-2) |
| April 4, 2007 | Respond to amended pleadings |
| April 17, 2007 | Joint claim Construction and Pre-hearing Statement to be filed (including estimate of pages needed to brief disputed claims (PR 4-3)) |
| May 10, 2007 | Complete all discovery regarding claim construction (PR 4-4) |
| May 25, 2007 | Opening claim construction brief (PR 4-5(a)) |
| June 8, 2007 | Responsive claim construction brief (PR 4-5(b)) |
| June 15, 2007 | Reply claim construction brief (PR 4-5(c)) |
| September 5, 2007 | Parties to file (a) joint claim construction and (b) claim chart (PR 4-5(d)) |
| September 5, 2007 | Submit technology synopsis (both hard copy and disk) |
| September 17, 2007 | Possible tutorial |
| September 19, 2007 | Claim construction hearing at 10:00 a.m. in Beaumont, TX |
| *Anascape's Position*: No date<br><br>*Defendants' Position*: October 10, 2007 (3 weeks following the claim construction hearing) | Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. The deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catch all" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial.<br><br>*Anascape's Position*: Anascape proposes that there not should be specific limitations on the timing of damages-related discovery. |

2

| DATE | EVENT |
|---|---|
| | *Microsoft's and Nintendo's Position*: Defendants propose that the Court's timing of damages discovery pursuant to Appendix C to the Court's October 5, 2006 Order until after the claim construction hearing is the most efficient course for this case. However, given the November 10, 2007 deadline for expert reports, including Anascape's damages expert report, Defendants propose that the disclosures regarding damages discovery be set at 3 weeks after the claim construction hearing (October 10, 2007) instead of the 5 weeks set forth in the Court's revised Appendix C dated November 2, 2006. |
| *Anascape's Position*: August 1, 2007.<br><br>*Defendants' Position*: October 10, 2007. | Comply with PR 3-8 designation of willfulness opinions, if any.<br><br>*Anascape's Position*: Anascape proposes that the Defendants be required to disclose willfulness opinions, if any, in August to allow sufficient time for discovery in light of the Federal Circuit's recent decision defining the scope of waiver associated with the production of a willfulness opinion. *See In re EchoStar Comm. Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).<br><br>*Microsoft's and Nintendo's Position*: Defendants propose that the disclosure of willfulness opinions be scheduled for after the claim construction hearing to minimize the inherent prejudice to Defendants in disclosing documents that are protected by attorney-client privilege. |
| November 7, 2007 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
| November 28, 2007 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| December 13, 2007 | Discovery deadline. All discovery must be served in time to be completed by this date. |
| January 9, 2008 | File Dispositive Motions and any other motions that may require hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7. Responses to motions shall be due in accordance with Local Rule CV-7(e).<br>Note: Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each. |
| March 3, 2008 | Notice of intent to offer certified records |

3

| DATE | EVENT |
|---|---|
| March 3, 2008 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pre-trial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).) |
| March 10, 2008 | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve an all other parties a disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included.  Counsel may consult on any objections and only those which can not be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| March 17, 2008 | Motions in limine due.  File Joint final Pre-trial Order.  See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's office, or create an exhibit List form that mirrors the District Clerk's form).  Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies. |
| March 24, 2008 | Responses to motions in limine due.  File objections to witnesses, depositions extracts, and exhibits, listed in pre-trial order.  File Proposed Jury Instructions/Form of Verdict (or proposed Findings of Fact and Conclusions of Law).  This does not extend the deadline to object to expert witnesses).  If numerous objections are filed, the court may set a hearing prior to docket call. |
| April 7, 2008 | Docket call and final Pre-trial at 9:00 a.m.  Date parties should be prepared to try case.  Provide court with two copies of most updated Exhibit list.  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre-trial Order, but may have some deletions depending on rulings and objections.  At this date, the parties should be prepared to give the Deputy Clerk a hard copy of the exhibits prepared to try |
| April 14, 2008 | 9:00 a.m.  Jury selection and trial |

NY\1208544.2

## 2. Mediation

The parties believe that mediation is an appropriate form of alternative dispute resolution for this case. The parties believe that mediation would be most fruitful after claim construction. The parties have not yet agreed on a mediator.

## 3. Limitations on Discovery

The parties have agreed that the limitations on discovery should be modified in manner that increases the Court's standard discovery limitations in patents cases. The parties' agreements and respective proposals where there is disagreement are as follows:

    a.    **Depositions**

    i.    *Fact Deposition Hours*

*Anascape's Position*: Anascape proposes 45 hours of deposition of fact witnesses per Defendant and 70 hours of deposition of fact witnesses for Anascape, including all 30(b)(6) depositions.

*Microsoft's and Nintendo's Position*: Microsoft and Nintendo propose 70 hours of deposition of fact witnesses per defendant and 100 hours[1] of depositions of fact witnesses for Anascape, including all 30(b)(6) depositions. Microsoft and Nintendo believe that the 70 hours, which would amount to only 10 seven-hour depositions each is reasonable and necessary given the twelve different patents that Anascape chose to include in this lawsuit and the significant amount of likely discovery regarding prior art for those twelve patents.

    ii.    *Depositions Taken Through an Interpreter*

The parties agree that the time spent during any depositions taken through an interpreter should be divided in half before being applied to the time limits proposed above.

---

[1] Nintendo and Microsoft note that, in the course of discussions on this issue, they informed Anascape that they would have no objection to Anascape having an equal amount of deposition time, i.e., 140 hours of which 70 hours could be used for each Defendant.

### iii.     *Depositions of Brad Armstrong*

*Anascape's Position*:  Anascape proposes that the Defendants shall be able to take the deposition of the inventor of the patents-in-suit, Brad Armstrong, for up to 14 total hours. Anascape does not propose any division between deposition time in his personal capacity, in his capacity as a 30(b)(6) corporate designee of Anascape, if so designated, or during claim construction discovery.

*Microsoft's and Nintendo's Position*:  Nintendo proposes that it shall be able to take the deposition of Mr. Armstrong, who is the named inventor on all twelve of the asserted patents, the person who appears to have prosecuted all of those patents before the Patent Office, and, to its knowledge, the main corporate officer of the Plaintiff, for up for 14 hours in his personal capacity and for up to 7 hours in his capacity as a 30(b)(6) corporate designee of Anascape, if so designated.  Microsoft proposes that it shall also be able to take the deposition of Mr. Armstrong for up for 14 hours in his personal capacity and for up to 7 hours in his capacity as a 30(b)(6) corporate designee of Anascape, if so designated.  In addition, Microsoft and Nintendo propose that each Defendant may use up to 7 hours of their respective 14 hours of deposition time of Mr. Armstrong for purposes of, and during, claim construction discovery.

### iv.     *Depositions of Experts*

*Anascape's Position*:  Anascape proposes that experts shall be deposed up to 7 hours per report and 4 hours for each additional report, with each "report" including amendments thereto and a "report" on behalf of plaintiff being defined as the opinion(s) of an expert with respect to each defendant.  By way of example, if Anascape submits a single report from an expert witness that contains that expert's opinions as to alleged infringement of the patents-in-suit by both

6

Microsoft and Nintendo, Microsoft and Nintendo shall each be able to depose such expert up to 11 hours total.

*Microsoft's and Nintendo's Position*:  Microsoft and Nintendo propose that experts shall be deposed up to 7 hours per report, with each "report" including amendments thereto and a "report" on behalf of plaintiff being defined as the opinion(s) of an expert with respect to each defendant or rebutting each defendant's report.  By way of example, if Anascape submits a single report from an expert witness that contains that expert's opinions as to alleged infringement of the patents-in-suit by both Microsoft and Nintendo, Microsoft and Nintendo shall each be able to depose such expert up to 7 hours each.  Likewise, if Microsoft and Nintendo provide reports from different experts as to invalidity of the specific patents asserted against them, and Anascape provides one combined rebuttal report to both of these invalidity reports, Microsoft and Nintendo could each depose the rebuttal expert for up to 7 hours on his or her rebuttal directed to the defendant's invalidity expert.

      b.    **Interrogatories**

The parties agree to 30 interrogatories per defendant and 50 interrogatories for Anascape.

      c.    **Requests for Admissions**

The parties agree to 70 Requests for Admissions per defendant and 100 Requests for Admissions for Anascape.  The parties agree that the limitation on Requests for Admissions shall not apply to requests concerning foundation for the admissibility of documents.

      d.    **Number of Experts**

*Anascape's Position*:  Anascape proposes that the Defendants be allowed to designate a maximum of 6 experts total and that Anascape be allowed to designate a maximum of 4 experts.

*Microsoft's and Nintendo's Position*:  Microsoft and Nintendo propose that each of them be allowed to designate a maximum of 5 experts each and that Anascape be allowed to designate a maximum of 5 experts.  To the extent feasible and in the event that the case is not severed, Microsoft and Nintendo will attempt to share experts in order to avoid duplicative testimony.  However, Microsoft and Nintendo note that they do not believe it will be feasible for them to share at least technical and damages experts for a number of reasons, including the fact that: (i) Microsoft and Nintendo's interests are not aligned as the accused Microsoft and Nintendo products are different, (ii) certain of the patents asserted against these products involve different subject areas as to which differing expertise may be required;  and (iii) Microsoft and Nintendo are direct competitors vis-à-vis the accused products such that the potential for prejudice exists where shared experts have access to both of their confidential technical and financial information.

      e.      **Damages-Related Discovery**

*Anascape's Position*:  Anascape proposes that there should not be specific limitations on the timing of damages-related discovery.

*Microsoft's and Nintendo's Position*:  Microsoft and Nintendo oppose this modification to the proposed deadlines as contrary to the local patent rules and Appendix C to the Court's October 5, 2006 Order Governing Proceedings, and revised Appendix C received from Mr. Jean-Paul Kibbe on November 2, 2006.

### 4.  Persons Expected to be Deposed

At this time, Anascape expects to take the depositions of at least employees of the Defendants with technical, financial, and marketing knowledge related to the accused products, one or more 30(b)(6) depositions of the Defendants, testifying experts, witnesses with knowledge

8

of willfulness-related issues, and persons with knowledge disclosed by the Defendants, and expects to cross-examine third parties and other persons associated with prior art.

At this time, Microsoft expects to take the depositions of at least the named inventor, one or more 30(b)(6) depositions of Anascape, principals and/or employees of Anascape, testifying experts, depositions of persons associated with the prior art, and other third parties.

At this time, Nintendo expects to take the depositions of at least the named inventor, one or more 30(b)(6) depositions of Anascape, principals and/or employees of Anascape, testifying experts, depositions of persons associated with the prior art, and other third parties.

### 5.  Discovery of Electronically Stored Information

The parties are in the process of determining a method of producing electronically stored information but need additional time to reach a resolution on this issue.  The parties expect to resolve this issue in the very near future.

### 6.  Other Orders

The parties agree upon the need for amending the entered protective order in this case, and have agreed to certain modifications of the protective order.  The parties continue to discuss this matter and will apprise the Court if complete agreement cannot be reached.

### 7.  Estimated Trial Time

At this time, in the event of a single trial, Microsoft and Nintendo estimate that trial of this case will take approximately 10-12 trial days.  Anascape estimates 5 trial days.

At this time, in the event of separate trials, Microsoft estimates that the trial of its case will take approximately 7-8 trial days.  Anascape estimates 4 trial days.

At this time, in the event of separate trials, Nintendo estimates that the trial of its case will take approximately 5-7 trial days.  Anascape estimates 4 trial days.

NY\1208544.2

### 8. Other Pre-Trial Matters

    a.    **Reexamination and Stay of the Litigation**

Microsoft intends to file with the United States Patent and Trademark Office requests for reexamination of each of the patents asserted by Anascape against Microsoft. As a consequence, Microsoft also intends to file a motion to stay this litigation in its entirety pending reexamination proceedings. Anascape will oppose any motion to stay the litigation.

    b.    **Grouping of the Patents**

As more fully explained in Nintendo's Response to Anascape's Proposed Grouping of Patents, Nintendo submits that the parties and the Court will be in a better position to assess logical groupings of the patents-in-suit in a manner that will best serve the administrative ease objective of the Court's August 16, 2006 Order after Anascape serves its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to P-R 3.1, which, as reflected above, is due on or before December 26, 2006.

To completely address the issue at the December 13, 2006 scheduling conference, the parties have agreed that Anascape will provide Nintendo and Microsoft with certain information regarding Anascape's infringement contentions, including an identification of the accused products, the infringed patents, and the asserted claims by December 1, 2006.

Accordingly, Nintendo and Microsoft respectfully request that the Court permit them to the file further responses on the appropriate grouping of patents on or before December 8, 2007.

    c.    **Severance/Separate Trials**

In view of the fact that eleven Anascape patents are asserted against Microsoft products while five Anascape patents are asserted against different Nintendo products, Microsoft and Nintendo intend to ask the Court to sever the cases. In making this request, Microsoft and

Nintendo recognize that their discovery of Anascape should be coordinated. As part of the requested severance, there would be separate trials against each defendant. Anascape will oppose any such motions to sever because there are questions of law and fact common to the claims against both Microsoft and Nintendo that can be handled most efficiently with the claims joined together.

### 8. Names of Attorneys Appearing at the Management Conference

| For Anascape, Ltd., the following may appear: | For Nintendo of America Inc., the following may appear: |
|---|---|
| Sam Baxter | Robert J. Gunther, Jr. |
| Theodore Stevenson, III | James S. Blank |
| Luke F. McLeroy | Robert W. Faris |
| Robert M. Parker | Joseph S. Presta |
| Robert Christopher Bunt | Lawrence L. Germer |
| Charley Ainsworth | Charles W. Goehringer, Jr. |
| Brad Armstrong | Richard Flamm |
|  | Richard Medway |

For Microsoft Corp., the following may appear:

J. Christopher Carraway
Joseph T. Jakubek
J. Thad Heartfield
Clayton E. Dark, Jr.
Stephen P. McGrath

Respectfully submitted this 8th day of November.

| For Defendant Microsoft Corp. | For Defendant Nintendo of America Inc. |
|---|---|
| By: /s/ *J. Christopher Carraway (with permission by Robert Christopher Bunt)* | By: /s/ *Robert J. Gunther, Jr. (with permission by Robert Christopher Bunt)* |
| J. Christopher Carraway (*pro hac vice*) | Robert J. Gunther, Jr. (*pro hac vice*) |
| christopher.carraway@klarquist.com | robert.gunther@lw.com |
| Joseph T. Jakubek (*pro hac vice*) | James S. Blank (*pro hac vice*) |
| joseph.jakubek@klarquist.com | james.blank@lw.com |
| Richard D. Mc Leod (Bar No. 24026836) | LATHAM & WATKINS LLP |
| rick.mcleod@klarquist.com | 885 Third Avenue, Suite 1000 |
| Derrick W. Toddy (*pro hac vice*) | New York, NY  10022-4802 |
| derrick.toddy@klarquist.com | |
| KLARQUIST SPARKMAN, LLP | Robert W. Faris (*pro hac vice*) |
| 121 S.W. Salmon Street, Suite 1600 | rwf@nixonvan.com |
| Portland, Oregon  97204 | Joseph S. Presta (*pro hac vice*) |
| | jsp@nixonvan.com |
| J. Thad Heartfield (Bar No. 09346800) | NIXON & VANDERHYE P.C. |
| thad@jth-law.com | 901 North Glebe Road, 11th Floor |
| Law Offices of J. Thad Heartfield | Arlington, VA  22203 |
| 2195 Dowlen Road | |
| Beaumont, Texas 77706 | Lawrence L. Germer |
| | (llgermer@germer.com) |
| Clayton E Dark Jr. (Bar No. 05384500) | Charles W. Goehringer , Jr. |
| clay.dark@yahoo.com | (cgoehringer@germer.com) |
| Clayton E Dark Jr., Law Office | GERMER GERTZ, L.L.P. |
| 207 E Frank Ave # 100 | 550 Fannin, Suite 500 |
| Lufkin, TX 75901 | Beaumont, TX  777013 |
| | |
| Stephen McGrath, Esq. (*pro hac vice*) | |
| MICROSOFT CORPORATION | |
| One Microsoft Way, Building 8 | |
| Redmond, Washington  98052-6399 | |

For Plaintiff Anascape, Ltd.

By: /s/ Robert Christopher Bunt
Robert Christopher Bunt
State Bar No. 00787165
rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
rmparker@pbatyler.com

12

Charles Ainsworth
State Bar No. 00783521
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Sam Baxter – Lead Attorney
State Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
PO Box 0
505 E. Travis, Suite 105
Marshall, Texas 75670

Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Luke F. McLeroy
State Bar No. 24041455
lmcleroy@mckoolsmith.com
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 8th day of November 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT