IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD. | § | |
| | § | Hon. Ronald Clark |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 9:06-CV-00158-RC |
| | § | |
| MICROSOFT CORPORATION, and | § | JURY TRIAL DEMANDED |
| NINTENDO OF AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Anascape, Ltd. ("Anascape")

and Defendants Microsoft Corporation ("Microsoft") and Nintendo Corporation of America, Inc.

("Nintendo") (Microsoft and Nintendo collectively referred to as "Defendants") hereby stipulate

to and petition the Court to enter the following Stipulated Protective Order ("Order"). The

parties acknowledge that this Order does not confer blanket protections on all disclosures or

responses to discovery and that the protection it affords extends only to the limited information

or items that are entitled under the applicable legal principles to treatment as confidential.

## DEFINITIONS

1.      For purposes of this Order, a "Producing Party" shall mean any party to this

action as well as any nonparty or third party producing information or material voluntarily or

pursuant to a subpoena or a court order. This Order shall cover the treatment of all Protected

Material, as defined in this Order, produced in this litigation by any Producing Party.

2.      For purposes of this Order, "Protected Material" shall mean all confidential

information or material which is produced for or disclosed to a receiving party and which the

Producing Party in good faith considers to constitute or to contain proprietary information, trade

**AGREED PROTECTIVE ORDER**                                                     Page 1

Dockets.Justia.com

secrets, confidential research or development, commercial information, or other information not publicly known, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the Producing Party as set forth below.  However, the following is not considered Protected Material:

(a)     any information which at the time of disclosure to a receiving party is in the public domain;

(b)     any information which after disclosure to a receiving party becomes part of the public domain as a result of publication or disclosure not involving a violation of this Order;

(c)     any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

(d)     any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Material; and

(e)     any information that has been submitted to any governmental entity without request for confidential treatment.

3.     Protected Material may be designated "HIGHLY CONFIDENTIAL" if it constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

4.     Protected Material may be designated "HIGHLY CONFIDENTIAL – SOURCE CODE" if its constitutes or contains, in whole or in part, computer source code.

5.     Protected Material that does not meet the requirements to be designated HIGHLY CONFIDENTIAL (in Paragraph 2 above) or HIGHLY CONFIDENTIAL – SOURCE CODE (in Paragraph 3 above) may be designated as CONFIDENTIAL.

6.     For purposes of this order, a "Qualified Recipient" is any person who meets the applicable qualifications for receipt of Protected Material as set forth below in Paragraphs 11-13 for the Protected Material's designated level of protection (CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE).

## INFORMATION SUBJECT TO THIS ORDER

7.     Any document or tangible thing containing or including any Protected Material is subject to this Order by the Producing Party marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.  Protected Material may likewise be marked "HIGHLY CONFIDENTIAL" if it meets the criteria set forth in Paragraph 2 above, or "HIGHLY CONFIDENTIAL – SOURCE CODE" if it meets the criteria set forth in Paragraph 3 above.  Where feasible, such designation should be placed upon each page of any such document or, as appropriate, upon each separate piece of any such tangible item, or, if direct marking is not possible, upon a container or tag affixed to any such item containing Protected Material.

8.     All Protected Material to be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE, not reduced to documentary, tangible or physical form or which cannot otherwise be conveniently designated as set forth in Paragraph 6, shall be designated by the Producing Party by informing the receiving

**AGREED PROTECTIVE ORDER**                                                      Page 3

party of the designation in writing prior to or contemporaneously with receipt of the Protected

Material by the receiving party.

9.      At the request of any party, the original and all copies of any deposition transcript,

in whole or in part, shall be clearly marked CONFIDENTIAL, HIGHLY CONFIDENTIAL, or

HIGHLY CONFIDENTIAL – SOURCE CODE by the reporter upon all sections containing

Protected Material.  The requesting party must make the designation request within twenty-one

(21) calendar days of the deposition.  If the designating party is a third party, written notice of

the request shall be provided to all parties.  Any portions so designated shall thereafter be

separated and treated in accordance with the terms of this Order.  Prior to expiration of twenty-

one (21) calendar days, all persons in attendance at the deposition shall treat the deposition, the

deposition transcript and associated exhibits, and all information contained therein as Protected

Material under the HIGHLY CONFIDENTIAL designation.

10.      During the course of a deposition taken in this action, if a request to designate all

or portions of the deposition as Protected Material is made, then only Qualified Persons for the

requested designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY

CONFIDENTIAL – SOURCE CODE), the deponent (and the deponent's counsel in the case of a

separately represented nonparty), and the reporter and videographer are allowed to be present

during such portion of the deposition where the questions to be asked and answers to be given

concern Protected Material.  However, this paragraph shall not be construed to authorize

disclosure of any Protected Material to any person to whom disclosure is otherwise prohibited

under this Order.

## PERSONS AUTHORIZED TO RECEIVE PROTECTED MATERIAL

11.    Unless otherwise ordered by the Court, access to Protected Material designated CONFIDENTIAL shall be limited to:

(a)    The parties' outside attorneys of record, including the clerical employees of such counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case;

(b)    The parties' in-house attorneys, including the clerical employees of such counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, except that Microsoft's in-house attorneys and clerical employees shall not be given access to Protected Material produced by Nintendo and Nintendo's in-house attorneys and clerical employees shall not be given access to Protected Material produced by Microsoft;

(c)    Data processing vendors, copy vendors, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for court proceedings in this action, and jury or trial consulting services;

(d)    Experts or consultants unaffiliated with the parties, including other counsel, and their secretarial and clerical personnel, retained to assist counsel in this case and who become qualified to receive material designated under this Order in accordance with the procedure identified in paragraph 14 below;

(e)    Court officials involved in this action;

(f)    Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Protected Material designated as such under this Order shall remain "confidential" and shall not be disclosed, except

pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

(g)    Persons identified in the Protected Material as an author of the document in part or in whole, or persons to whom a copy of such Protected Material was sent prior to its production in this action;

(h)    Witnesses where at least one of the following conditions applies:

i.    the witness is a current employee of the designating party;

ii.    the witness's name appears on the Protected Material as a person who has previously seen or had access to the Protected Material;

iii.    the designating party has consented on the record of the deposition to the showing of the Protected Material to the witness; or

iv.    the party wishing to show the witness the Protected Material notifies the designating party of that desire, with a specific listing of the Protected Material to be so shown, and the designating party consents in writing to such showing.  If, however, such consent in writing is not received, such Protected Material may not be shown to the witness until and unless the party wishing to show the Protected Material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses being shown Protected Material under subparagraphs (h) (ii), (iii), or (iv) shall not be allowed to retain copies of the Protected Material.  However, a witness who was shown Protected Material during a deposition may review the Protected Material while reviewing his or her transcript, provided that any Protected Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy; and

(i)      one designated employee of the party and one designated employee of Nintendo

Co., Ltd., so long as the employee has executed the undertaking set forth in Exhibit A stating that

he or she has read and understands this Order and agrees to be bound by its terms, except that the

designated Microsoft employee shall not be given access to Protected Material produced by

Nintendo and the designated Nintendo and Nintendo Co., Ltd. employees shall not be given

access to Protected Material produced by Microsoft.

12.      Unless otherwise ordered by the Court, access to Protected Material designated

HIGHLY CONFIDENTIAL shall be limited to those persons listed in paragraphs 11(a) – 11(h)

only.

13.      Unless otherwise ordered by the Court, access to Protected Material designated

HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to those persons listed in

paragraphs 11(a) – 11(h) only.

14.      Protected Material may be disclosed to nonparty experts or consultants

unaffiliated with the parties, including their secretarial and clerical personnel, retained to assist

counsel in this case, if the receiving party first gives written notice to the Producing Party, who

shall have seven (7) days after such notice is given (plus three (3) days if notice is given other

than by hand delivery, e-mail transmission or facsimile transmission) to object to disclosure to

the individual(s) in writing.  The party desiring to disclose the Protected Material shall provide in

the notice to the Producing Party the curriculum vitae of each individual to whom disclosure is

sought, and shall also include the following information about each such individual in the written

notice:

(a)      business address;

(b)      business title;

(c)     business or profession;

(d)     any previous or current relationship (personal or professional) with any of the

parties; and

(e)     a listing of other cases in which the individual has testified (at trial or deposition),

and all companies with which the individual has consulted or by which the

individual has been employed, within the last four years.

If, during the notice period the Producing Party serves an objection upon the receiving party,

there shall be no disclosure of the Protected Material to any such individual objected to pending

resolution of the objection.  The Producing Party objecting to disclosure of the Protected

Material shall provide an explanation of the basis of its objection for each such individual, and

consent to the disclosure of the Protected Material to each such individual shall not be

unreasonably withheld.  If a Producing Party objects, the receiving party shall then have seven

(7) days after an objection is served (plus three (3) days if the objection is served other than by

hand delivery, e-mail transmission or facsimile transmission) to respond to the objection.  The

Producing Party shall then have seven (7) days after such response is served (plus three (3) days

if response is served other than by hand delivery, e-mail transmission or facsimile transmission)

to file an objection with the court and seek disqualification of the individual or other appropriate

relief, if the parties cannot come to an agreement.  If the Producing Party fails to file an objection

within the prescribed period, then any objection to disclosure is waived, and the Protected

Material may be thereafter disclosed to each such individual.  No Protected Material shall be

disclosed by a receiving party to a nonparty individual until after the individual has executed

Exhibit A, stating that he or she has read and understands this Order and agrees to be bound by

its terms.  Such written agreement shall be retained by counsel for the receiving party.

**AGREED PROTECTIVE ORDER**                                                              Page 8

## TREATMENT OF AND ACCESS TO INFORMATION
## DESIGNATED AS HIGHLY CONFIDENTIAL SOURCE CODE

15.    Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE

CODE shall be subject to additional protections given the particularly sensitive nature of the

information:

(a)    Access to source code listings, including any Hardware Description Language

(HDL) source code files describing the hardware design of any ASIC or other chips, descriptions

of the operation of the source code, object code listings and descriptions of the operation of

object code, or similarly sensitive code ("Restricted Code"), shall only be provided on

"standalone" computers (that is, not connected to a network, Internet or peripheral device except

that the stand-alone computers will be connected to a printer or printers) at a secure facility

agreed upon by the producing party and the requesting party, to be made available during regular

business hours (9:00 a.m. to 6:00 p.m. local time) on twenty-four (24) hours notice.  Access to

such secure facility will also be provided on Saturdays and Sundays, so long as actual notice is

provided to the producing party by not later than 9:00 a.m. local time on the Friday before the

weekend for which access is requested.  Access from 6:00 p.m. through 12:00 midnight local

time on weekdays shall be provided so long as actual notice of such need is provided to the

producing party by not later than 4:00 p.m. local time on that day.  The requesting party shall

make its best efforts to restrict its requests for access to normal business hours.

(b)    The parties will allow access to Restricted Code in computer searchable format,

but need not provide executable code or allow electronic copies to be made of any Restricted

Code.  Under no circumstances shall the source code be compiled into executable code by the

requesting party.

(c)    The producing party must allow printing of paper copies of code at the time of

inspection by the requesting party, which the requesting party may take when completing an inspection. Paper copies of code shall include Bates number and confidentiality labels upon being printed. For security purposes, one copy of what has been printed (with Bates numbers and confidentiality labels) will be provided to the producing party. The party receiving paper copies of such code must keep that code in a secured container or location at all times. Paper copies of code may not be themselves be copied and may not be removed from a secured container unless in a secured, private area. Notwithstanding the foregoing sentence, attorneys may make copies of the paper copies for use as exhibits in court proceedings and at depositions. These additional copies will be treated the same as the original print outs. The Code Reviewers may have in their offices a paper copy of those portions of the code on which they are working.

(d)    The Code Reviewers may create a back-up copy of the Restricted Code on the stand-alone computer and use their searching tools for inspecting the Restricted Code and to annotate, number the lines of, and bates label the pages of, the back-up copy of the Restricted Code. The back-up copy will remain on the stand-alone computers and be subject to all of the provisions of this Protective Order that govern the Restricted Code.

(e)    For purposes of this paragraph, "requesting party" and "Code Reviewers" includes technical advisors retained by the requesting party to review the code in compliance with Paragraph 14 and counsel of record for the requesting party.

## PATENT PROSECUTION BAR

16.    Any persons in the categories of paragraphs 11(a), 11(b), and 11(i) who have reviewed another party's Protected Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE that in any way relates to the structure or operation of any device, system, process, or product designed, developed, made,

sold, or offered for sale by Anascape, Microsoft, Nintendo or Mr. Brad Armstrong shall not engage in the following activities during this litigation and within one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action:

(a)     preparing, prosecuting, and/or amending any patent application (or portion or claim thereof), either in the United States or abroad (including applications filed under the Patent Cooperation Treaty), for or on behalf of a party, himself or herself, or any entity fully or partially owned or controlled by a party or by any such party's officers, directors or employees, having claims directed to manually-operated controllers for electronic devices and/or manually-operated analog sensors; and

(b)     assisting, supervising, or advising in any of the activities listed in Paragraph 16(a) above.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17.     The parties will use reasonable care when designating any documents, material or other information as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE.  Nothing in this Order shall prevent a receiving party from contending that any or all documents, material or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE have been improperly designated.  A receiving party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any such document, or the information contained therein.

18.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE designation at

the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the receiving party may file a motion requesting that the Court cancel or modify a CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE designation.

<b><u>LIMITATIONS ON THE USE OF PROTECTED MATERIAL</u></b>

19.    All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All such information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

20.    If a party intends to file with the Court any documents constituting or containing any Protected Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party shall take all steps necessary to file such documents under seal, following the procedure required by Local Rule CV-5(7).

21.    Nothing in this Order shall prohibit the transmission or communication of Protected Material (except Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE) between or among Qualified Recipients:

(a)    by hand-delivery;

(b)    in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

(c)    by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

## NONPARTY USE OF THIS PROTECTIVE ORDER

22.    A nonparty producing Protected Material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

23.    A nonparty's use of this Protective Order to protect its Protected Material does not entitle that nonparty access to Protected Material produced by any party in this case.

## NO WAIVER OF PRIVILEGE

24.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party.  Upon receiving the request from the Producing Party, the receiving party

shall as soon as practicable return or destroy all copies of such inadvertently produced document(s) and shall make no further use such document(s).  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

### DISCOVERY RULES REMAIN UNCHANGED

25.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Rules of Practice for Patent Cases before the Eastern District of Texas, or any deadlines or procedures ordered by the Court for this litigation.

### MISCELLANEOUS PROVISIONS

26.    Protected Material produced without the designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – SOURCE CODE may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error.  If discovery material is designated subsequent to production, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 11-13 of this Order.

27.    Any of the notice requirements herein may be waived, in whole or in part, solely by a writing signed by the attorney of record for the party against whom such waiver will be effective.

28.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall:

(a)     at its option, either return to the Producing Party or destroy all physical objects and documents which embody Protected Material which were received from the Producing Party;

(b)     destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to Protected Material;

(c)     certify to each Producing Party that such Protected Material has been returned or destroyed as required above.

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or introduced into evidence at trial, provided, however, that any Protected Material contained in any such documents retained by outside counsel of record shall remain subject to the protections of this Order.

29.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court shall take appropriate measures to protect Protected Material, however designated, at trial and any hearing in this case.

30.     The United States District Court for the Eastern District of Texas, Lufkin Division, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Lufkin Division.

**AGREED PROTECTIVE ORDER**                                                              Page 15

Respectfully submitted,


Dated:  December 4, 2006          By:      /s/ J. Christopher Carraway_____
                                          J. Christopher Carraway (admitted *pro hac vice*)
                                          Lead Attorney
                                          christopher.carraway@klarquist.com
                                          Joseph T. Jakubek (admitted *pro hac vice*)
                                          joseph.jakubek@klarquist.com
                                          Richard D. Mc Leod (Bar No. 24026836)
                                          rick.mcleod@klarquist.com
                                          Derrick W. Toddy (admitted *pro hac vice*)
                                          derrick.toddy@klarquist.com
                                          KLARQUIST SPARKMAN, LLP
                                          121 S.W. Salmon Street, Suite 1600
                                          Portland, Oregon  97204
                                          Telephone:  503-595-5300

                                          J. Thad Heartfield (Bar No. 09346800)
                                          thad@jth-law.com
                                          Law Offices of J. Thad Heartfield
                                          2195 Dowlen Road
                                          Beaumont, Texas 77706
                                          Telephone: 409-866-3318
                                          Facsimile: 409-866-5789

                                          Clayton E Dark Jr. (Bar No. 05384500)
                                          clay.dark@yahoo.com
                                          Clayton E Dark Jr., Law Office
                                          207 E Frank Ave # 100
                                          Lufkin, TX 75901
                                          Telephone:  936-637-1733

                                          Stephen McGrath, Esq. (admitted *pro hac vice*)
                                          MICROSOFT CORPORATION
                                          One Microsoft Way, Building 8
                                          Redmond, Washington  98052-6399
                                          Telephone:  425-882-8080
                                          Facsimile:  425-706-7329

                                          *Attorneys for Defendant Microsoft Corporation*


**AGREED PROTECTIVE ORDER**                                          Page 16

Dated:  December 4, 2006          By:     /s/ Robert J. Gunther, Jr. (with permission by
                                          J. Christopher Carraway)
                                          Robert J. Gunther, Jr.
                                          James S. Blank
                                          LATHAM & WATKINS LLP
                                          885 Third Avenue, Suite 1000
                                          New York, NY  10022-4802

                                          Robert W. Faris
                                          Joseph S. Presta
                                          NIXON & VANDERHYE P.C.
                                          901 North Glebe Road, 11th Floor
                                          Arlington, VA  22203

                                          Lawrence L. Germer
                                          Charles W. Goehringer , Jr
                                          GERMER GERTZ, L.L.P.
                                          550 Fannin, Suite 500
                                          Beaumont, TX  777013

                                          *Attorneys for Defendant Nintendo of America, Inc.*

Dated:  December 4, 2006          By:     /s/ Sam Baxter (with permission by
                                          J. Christopher Carraway)
                                          Sam Baxter
                                          Lead Attorney
                                          Texas State Bar No. 01938000
                                          sbaxter@mckoolsmith.com
                                          P.O. Box O
                                          505 E. Travis, Suite 105
                                          Marshall, Texas 75670
                                          Telephone: (903) 927-2111
                                          Facsimile: (903) 927-2622

                                          Theodore Stevenson, III
                                          Texas State Bar No. 19196650
                                          tstevenson@mckoolsmith.com
                                          Luke F. McLeroy
                                          Texas State Bar No. 24041455
                                          lmcleroy@mckoolsmith.com
                                          McKool Smith, P.C.
                                          300 Crescent Court, Suite 1500
                                          Dallas, Texas 75201
                                          Telephone: (214) 978-4000

**AGREED PROTECTIVE ORDER**                                          Page 17

Telecopier: (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
charley@pbatyler.com
Parker, Bunt & Ainsworth P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

*Attorneys for Plaintiff Anascape, Ltd.*

**IT IS SO ORDERED**, with the consent of the parties, this _____ of _____, 2006.

_____
Honorable Ronald Clark
United States District Court

## EXHIBIT A - UNDERTAKING

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of Anascape, Ltd. v. Microsoft Corporation and Nintendo Corporation of America, Inc., and to be subject to the authority of the United States District Court for the Eastern District of Texas, Lufkin Division in the event of any violation of this agreement or dispute related to this agreement.

5. I have been informed of or read the Protective Order dated _____, 2006, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200__.    _____
                                                        Signature

**EXHIBIT A - UNDERTAKING**
NY\1214971.1

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of December, 2006.  Any other counsel of record will be served by first class mail.


/s/ J. Christopher Carraway _____