**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

|  |  |  |
|---|---|---|
| ANASCAPE, LTD., | § | |
| | § | |
| Plaintiff, | § | Hon. Ronald Clark |
| | § | |
| v. | § | Civil Action No.: 9:06-CV-00158-RC |
| | § | |
| MICROSOFT CORP. and | § | JURY TRIAL DEMANDED |
| NINTENDO OF AMERICA INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S ANSWER AND COUNTERCLAIMS
TO ANASCAPE, LTD.'S FIRST AMENDED COMPLAINT**

Defendant Nintendo of America Inc. ("NOA"), by and through its undersigned counsel,

hereby submits this Answer and Counterclaims in response to the First Amended Complaint for

Patent Infringement by plaintiff Anascape, Ltd. dated November 21, 2006 (the "Amended

Complaint"). For its Answer, NOA states as follows:

**THE PARTIES**

1.       NOA is without sufficient information or belief to admit or deny the allegations of

paragraph 1 and, therefore, denies these allegations.

2.       NOA is without sufficient information or belief to admit or deny the allegations of

paragraph 2 and, therefore, denies these allegations.

3.       NOA admits the allegations of the first and second sentences of paragraph 3.

NOA admits that it sells video game consoles and video game controllers to consumers in the

Dockets.Justia.com

United States, including in the Eastern District of Texas, but denies the remaining allegations of the third sentence of paragraph 3.

4.     NOA admits that pursuant to paragraph 4 Anascape purports to collectively refer to Microsoft and Nintendo in the Complaint as the "Defendants."

## JURISDICTION AND VENUE

5.     NOA admits that pursuant to paragraph 5 Anascape purports to bring this action under Title 35, United States Code, with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but NOA denies any liability thereunder.

6.     NOA admits that venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400.

7.     NOA does not contest personal jurisdiction over it in this case.  NOA admits the allegations of the second and third sentences of paragraph 7 insofar as they relate to NOA.  NOA denies that it has directly infringed or contributed to or induced acts of infringement in the Eastern District of Texas or elsewhere.  NOA is without sufficient information or belief to admit or deny the allegations of paragraph 7 insofar as they relate to Microsoft and, therefore, denies these allegations.  NOA denies the remaining allegations of paragraph 7.

## PATENT INFRINGEMENT

8.     NOA incorporates by reference paragraphs 1-7 as if fully set forth herein.

9.     NOA admits that U.S. Patent No. 5,999,084 (the "'084 patent") entitled "Variable-Conductance Sensor" issued on December 7, 1999 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '084 patent is attached as Exhibit A to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 9 and, therefore, denies these allegations.

2

10.     NOA admits that U.S. Patent No. 6,102,802 (the "'802 patent") entitled "Game Controller with Analog Pressure Sensor(s)" issued on August 15, 2000 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '802 patent is attached as Exhibit B to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 10 and, therefore, denies these allegations.

11.     NOA admits that U.S. Patent No. 6,135,886 (the "'886 patent") entitled "Variable-Conductance Sensor with Elastomeric Dome-Cap" issued on October 24, 2000 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '886 patent is attached as Exhibit C to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 11 and, therefore, denies these allegations.

12.     NOA admits that U.S. Patent No. 6,208,271 (the "'271 patent") entitled "Remote Controllers with Analog Button(s)" issued on March 27, 2001 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '271 patent is attached as Exhibit D to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 12 and, therefore, denies these allegations.

13.     NOA admits that U.S. Patent No. 6,222,525 (the "'525 patent") entitled "Image Controllers with Sheet Connected Sensors" issued on April 24, 2001 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '525 patent is attached as Exhibit E

3

to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 13 and, therefore, denies these allegations.

14.     NOA admits that U.S. Patent No. 6,343,991 (the "'991 patent") entitled "Game Control with Analog Pressure Sensor" issued on February 5, 2002 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '991 patent is attached as Exhibit F to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 14 and, therefore, denies these allegations.

15.     NOA admits that U.S. Patent No. 6,344,791 (the "'791 patent") entitled "Variable Sensor with Tactile Feedback" issued on February 5, 2002 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an uncertified copy of a document purporting to be the '791 patent is attached as Exhibit G to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 15 and, therefore, denies these allegations.

16.     NOA admits that U.S. Patent No. 6,347,997 (the "'997 patent") entitled "Analog Controls Housed with Electronic Displays" issued on February 19, 2002 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued. NOA admits that an uncertified copy of a document purporting to be the '997 patent is attached as Exhibit H to the Complaint.  NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 16 and, therefore, denies these allegations.

17.     NOA admits that U.S. Patent No. 6,351,205 (the "'205 patent") entitled "Variable-Conductance Sensor" issued on February 26, 2002 and lists Brad A. Armstrong as the named inventor.  NOA denies that this patent was duly and legally issued.  NOA admits that an

uncertified copy of a document purporting to be the '205 patent is attached as Exhibit I to the Complaint. NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 17 and, therefore, denies these allegations.

18.     NOA admits that U.S. Patent No. 6,400,303 (the "'303 patent") entitled "Remote Controller with Analog Pressure Sensor(s)" issued on June 4, 2002 and lists Brad A. Armstrong as the named inventor. NOA denies that this patent was duly and legally issued. NOA admits that an uncertified copy of a document purporting to be the '303 patent is attached as Exhibit J to the Complaint. NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 18 and, therefore, denies these allegations.

19.     NOA admits that U.S. Patent No. 6,563,415 (the "'415 patent") entitled "Analog Sensor(s) with Snap-Through Tactile Feedback" issued on May 13, 2003 and lists Brad A. Armstrong as the named inventor. NOA denies that this patent was duly and legally issued. NOA admits that an uncertified copy of a document purporting to be the '415 patent is attached as Exhibit K to the Complaint. NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 19 and, therefore, denies these allegations.

20.     NOA admits that U.S. Patent No. 6,906,700 (the "'700 patent") entitled "3D Controller with Vibration" issued on June 14, 2005 and lists Brad A. Armstrong as the named inventor. NOA denies that this patent was duly and legally issued. NOA admits that an uncertified copy of a document purporting to be the '700 patent is attached as Exhibit L to the Complaint. NOA is without sufficient information or belief to admit or deny the remaining allegations of paragraph 20 and, therefore, denies these allegations.

NY\1217915.1

21.    NOA admits that pursuant to paragraph 21 Anascape purports to collectively refer to the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents as the "Patents-in-Suit."

22.    NOA is without sufficient information or belief to admit or deny the allegations of paragraph 22 and, therefore, denies these allegations.

23.    NOA denies the allegations of paragraph 23.

24.    NOA denies the allegations of paragraph 24 insofar as they relate to NOA.  NOA is without sufficient information or belief to admit or deny the allegations of paragraph 24 insofar as they relate to Microsoft and, therefore, denies these allegations.

25.    NOA asserts that the allegations of paragraph 25 insofar as they relate to NOA contain legal conclusions to which no response is required and, therefore, denies these allegations.  NOA is without sufficient information or belief to admit or deny the allegations of paragraph 25 insofar as they relate to Microsoft and, therefore, denies these allegations.

26.    NOA denies the allegations of paragraph 26 insofar as they relate to NOA.  NOA is without sufficient information or belief to admit or deny the allegations of paragraph 26 insofar as they relate to Microsoft and, therefore, denies these allegations.

## AFFIRMATIVE DEFENSES

Further answering the complaint, NOA asserts that:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27.    The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

28.     NOA has not infringed, and is not infringing, any valid and enforceable claim of the '525, '791, '205, '415 or '700 patents, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of the '525, '791, '205, '415 or '700 patents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

29.     The '525, '791, '205, '415 and '700 patents, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

30.     Anascape's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

31.     Anascape's claims for relief are barred, in whole or in part, pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

32.     Anascape's claims for relief are barred, in whole or in part, by the equitable doctrine of prosecution laches.

NY\1217915.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

33.    Anascape's claims for relief are barred under the doctrine of prosecution history estoppel to the extent that Anascape alleges infringement under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE

### (Double Patenting)

34.    Claims of one or more of the '525, '791, '205, '415 and '700 patents are invalid for double patenting.

## NINTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

35.    The '700 patent is unenforceable due to inequitable conduct in its prosecution before the United States Patent and Trademark Office (the "PTO"), as more particularly alleged below.

36.    The application which led to the '700 patent, U.S. Patent Application No. 09/715,532 (the "'532 application"), was filed on November 16, 2000. Brad A. Armstrong, the named inventor, filed and prosecuted the '532 application himself. Mr. Armstrong originally filed the '532 application on November 16, 2000 with claims 1-38 claiming his alleged invention.

37.    On information and belief, after filing the '532 application, Mr. Armstrong obtained and/or otherwise learned of the structure comprising one or more video game controllers, such as those available from Nintendo, Microsoft Corporation and/or Sony Corporation.

38.    On information and belief, after learning of the structure of such video game controller(s), and during prosecution of the '532 application, Mr. Armstrong amended his '532

8

patent application in a July 15, 2002 Preliminary Amendment to cancel all original claims 1-38 and substitute new claims 39-77.

39.    On information and belief, Mr. Armstrong added various of the new substitute claims 39-77 in an attempt to obtain a claim scope that would cover one or more of the available video game controllers, rather than cover any of the disclosed embodiments contained within the '532 application as originally filed.  As a result, Mr. Armstrong, through his July 15, 2002 Preliminary Amendment, intentionally added new matter by introducing new claims 39-77 in a manner that is prohibited by 35 U.S.C. § 112.

40.    At least new claims 54 and 55 (corresponding to issued claims 16 and 17, respectfully, in the '700 patent) are not supported by the '532 application as originally filed.  By way of example, there is no support in the '532 application as originally filed for a 3-D graphics controller having the specific combination of elements defined in claims 54 and 55 being connected to the first sheet as claimed.  More specifically, the '532 application lacks support for the combination of the claimed first element structured to activate four unidirectional sensors and the claimed second element structured to activate a first two bi-directional proportional sensors, wherein both the first element and second element are connected to the claimed first sheet present in a 3-D graphics controller, as required by claims 54 and 55.  For at least this reason, issued claims 16 and 17 of the '700 patent contain new matter.

41.    Mr. Armstrong provided the following sworn statement in the Preliminary Amendment:

> I, Brad A. Armstrong, believe I am the original, first and sole inventor of the subject matter which is now claimed and for which a patent is sought in the instant application.  I hereby declare that no new matter has been added by amendment and that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these

9

> statements were made with the knowledge that willful false statements
> and the like so made are punishable by fine or imprisonment, or both,
> under Section 1001 of Title 18 of the Unites States Code and that such
> willful false statements may jeopardize the validity of the application
> or any patent issued thereon.

42.    The sworn statement made by Mr. Armstrong was false, known to be false and made with the intent to mislead the PTO.  On information and belief, Mr. Armstrong knew at the time he made the sworn statement that he was, in fact, adding new matter to at least new claims 54 and 55, and that he was not, in fact, the inventor of the alleged invention defined by at least these claims.

43.    Mr. Armstrong's false sworn statement was highly material to the patentability of the new claims.  Section 112 of Title 35 of the United States Code states, in pertinent part:

> The specification shall contain a written description of the invention,
> and the manner and process of making and using it, in such full, clear,
> concise, and exact terms as to enable any person skilled in the art to
> which it pertains, or with which it is most nearly connected, to make
> and use the same, and shall set forth the best mode contemplated by
> the inventor for carrying out his invention.

Section 2163.06 (I) of the Manual of Patent Examining Procedure (MPEP) states, in pertinent part:

> If new matter is added to the claims, the examiner should reject the
> claims under 35 U.S.C. 112, first paragraph – written description
> requirement.  *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA
> 1981).

44.    If Mr. Armstrong had been truthful with the PTO and properly advised the PTO that the new claims included new matter, the examiner handling the application would have rejected the claims as failing to satisfy the written description requirement of 35 U.S.C. § 112, as required by Section 2163.06(I) of the MPEP.  Instead, Mr. Armstrong's sworn statement falsely advised the examiner that no new matter was being added and the PTO relied on Mr.

NY\1217915.1

Armstrong's representation.  In allowing the claims, the PTO also relied on Mr. Armstrong's false sworn statement that he was the inventor of the subject matter added by the amendment. Mr. Armstrong made the false sworn statement with the intent to mislead the examiner handling the '532 application.

45.    Mr. Armstrong's false sworn statement constitutes inequitable conduct in the procurement of the '700 patent which renders the '700 patent unenforceable.

## TENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties/Lack of Standing)

46.    Anascape's claims are barred in whole or in part to the extent that parties retaining rights to one or more of the '525, '791, '205, '415 and '700 patents are not parties to this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Dedication to the Public)

47.    Anascape has dedicated to the public any method or apparatus in the '525, '791, '205, '415 and '700 patents but not literally claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

## TWELFTH AFFIRMATIVE DEFENSE

### (Specification and Prosecution Disclaimer)

48.    Anascape's claims for relief are barred under the doctrines of specification and prosecution history disclaimer.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unavailability of Relief (Enhanced Damages))

49.    On information and believe, Anascape has failed to plead and meet the requirements of enhanced damages.

NY\1217915.1

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

50.    NOA reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIMS

Defendant and counterclaim plaintiff NOA, for its counterclaims against counterclaim defendant Anascape, alleges as follows:

51.    Defendant and counterclaim plaintiff NOA is a Washington corporation having its principal place of business at 4820 150th Avenue NE, Redmond, Washington 98052.

52.    Upon information and belief, plaintiff and counterclaim defendant Anascape is a limited partnership organized and existing under the laws of the State of Texas having its principal place of business in Tyler, Texas.

53.    In its Amended Complaint, Anascape alleges that it is the owner of the '791, '205, '415, '700 and '525 patents.

54.    Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Venue for this counterclaim is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

55.    Based on the Amended Complaint that Anascape filed against NOA, a justiciable actual controversy exists between NOA and Anascape with respect to the alleged infringement and validity of the '525, '791, '205, '415 and '700 patents.

12

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement)

56.     NOA realleges and incorporates herein by reference all allegations in Paragraph Nos. 27-55 above.

57.     NOA has not infringed and is not infringing (either directly, contributorily or by inducement), any claim of the '525, '791, '205, '415 and '700 patents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

58.     NOA realleges and incorporates herein by reference all allegations in paragraphs 27-57 above.

59.     NOA seeks a declaration that the '525, '791, '205, '415 and '700 patents and each claim thereof are void and invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the '700 Patent)

60.     NOA realleges and incorporates herein by reference all allegations in paragraphs 27-59 above.

61.     The '700 patent is unenforceable due to inequitable conduct in its prosecution before the United States Patent and Trademark Office (the "PTO"), as more particularly alleged below.

62.     The application which led to the '700 patent, U.S. Patent Application No. 09/715,532 (the "'532 application"), was filed on November 16, 2000.  Brad A. Armstrong, the named inventor, filed and prosecuted the '532 application himself.  Mr. Armstrong originally

filed the '532 application on November 16, 2000 with claims 1-38 claiming his alleged invention.

63.    On information and belief, after filing the '532 application, Mr. Armstrong obtained and/or otherwise learned of the structure comprising one or more video game controllers, such as those available from Nintendo, Microsoft Corporation and/or Sony Corporation.

64.    On information and belief, after learning of the structure of such video game controller(s), and during prosecution of the '532 application, Mr. Armstrong amended his '532 patent application in a July 15, 2002 Preliminary Amendment to cancel all original claims 1-38 and substitute new claims 39-77.

65.    On information and belief, Mr. Armstrong added various of the new substitute claims 39-77 in an attempt to obtain a claim scope that would cover one or more of the available video game controllers, rather than cover any of the disclosed embodiments contained within the '532 application as originally filed.  As a result, Mr. Armstrong, through his July 15, 2002 Preliminary Amendment, intentionally added new matter by introducing new claims 39-77 in a manner that is prohibited by 35 U.S.C. § 112.

66.    At least new claims 54 and 55 (corresponding to issued claims 16 and 17, respectfully, in the '700 patent) are not supported by the '532 application as originally filed.  By way of example, there is no support in the '532 application as originally filed for a 3-D graphics controller having the specific combination of elements defined in claims 54 and 55 being connected to the first sheet as claimed.  More specifically, the '532 application lacks support for the combination of the claimed first element structured to activate four unidirectional sensors and the claimed second element structured to activate a first two bi-directional proportional sensors,

NY\1217915.1

wherein both the first element and second element are connected to the claimed first sheet

present in a 3-D graphics controller, as required by claims 54 and 55. For at least this reason,

issued claims 16 and 17 of the '700 patent contain new matter.

67.    Mr. Armstrong provided the following sworn statement in the Preliminary

Amendment:

> I, Brad A. Armstrong, believe I am the original, first and sole inventor
> of the subject matter which is now claimed and for which a patent is
> sought in the instant application. I hereby declare that no new matter
> has been added by amendment and that all statements made herein of
> my own knowledge are true and that all statements made on
> information and belief are believed to be true; and further that these
> statements were made with the knowledge that willful false statements
> and the like so made are punishable by fine or imprisonment, or both,
> under Section 1001 of Title 18 of the United States Code and that such
> willful false statements may jeopardize the validity of the application
> or any patent issued thereon.

68.    The sworn statement made by Mr. Armstrong was false, known to be false and

made with the intent to mislead the PTO. On information and belief, Mr. Armstrong knew at the

time he made the sworn statement that he was, in fact, adding new matter to at least new claims

54 and 55, and that we has not, in fact, the inventor of the alleged invention defined by at least

these claims.

69.    Mr. Armstrong's false sworn statement was highly material to the patentability of

the new claims. Section 112 of Title 35 of the United States Code states, in pertinent part:

> The specification shall contain a written description of the invention,
> and the manner and process of making and using it, in such full, clear,
> concise, and exact terms as to enable any person skilled in the art to
> which it pertains, or with which it is most nearly connected, to make
> and use the same, and shall set forth the best mode contemplated by
> the inventor for carrying out his invention.

Section 2163.06 (I) of the Manual of Patent Examining Procedure (MPEP) states, in
pertinent part:

> If new matter is added to the claims, the examiner should reject the claims under 35 U.S.C. 112, first paragraph – written description requirement.  *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

70.    If Mr. Armstrong had been truthful with the PTO and properly advised the PTO that the new claims included new matter, the examiner handling the application would have rejected the claims as failing to satisfy the written description requirement of 35 U.S.C. § 112, as required by Section 2163.06(I) of the MPEP.  Instead, Mr. Armstrong's sworn statement falsely advised the examiner that no new matter was being added and the PTO relied on Mr. Armstrong's representation.  In allowing the claims, the PTO also relied on Mr. Armstrong's false sworn statement that he was the inventor of the subject matter added by the amendment.  Mr. Armstrong made the false sworn statement with the intent to mislead the examiner handling the '532 application.

71.    Mr. Armstrong's false sworn statement constitutes inequitable conduct in the procurement of the '700 patent which renders the '700 patent unenforceable.

## EXCEPTIONAL CASE

72.    This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

NOA respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, NOA prays that this Court:

(a)    Dismiss the Amended Complaint in its entirety with prejudice, with Anascape taking nothing by its Amended Complaint;

(b)    Adjudge and decree that all of Anascape's claims are denied;

(c)     Adjudge and decree that NOA has not infringed the '525, '791, '205, '415 and

'700 patents;

(d)     Adjudge and decree that NOA has not willfully infringed the '525, '791, '205,

'415 and '700 patents;

(e)     Adjudge and decree that the '525, '791, '205, '415 and '700 patents are invalid;

(f)     Adjudge and decree that the '700 patent is unenforceable;

(g)     Award NOA its reasonable attorney fees and the costs of this action pursuant to

35 U.S.C. § 285;

(h)     Award NOA such further and other relief as the Court may deem just and proper.

Dated:  December 6, 2006

Respectfully submitted,

By:  */s/ Lawrence L. Germer*
Lawrence L. Germer
Texas Bar No. 07824000
GERMER GERTZ L.L.P
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas 77704
Tel.:    (409) 654-6700
Fax:    (409) 835-2115

Robert J. Gunther, Jr.
(robert.gunther@lw.com)
James S. Blank
(james.blank@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022
Tel.:    (212) 906-1200
Fax:    (212) 751-4864

Robert W. Faris
(rwf@nixonvan.com)
Joseph S. Presta
(jsp@nixonvan.com)

17

NIXON & VANDERHYE, P.C.
1100 North Glebe Road
8th Floor
Arlington, VA  22201
Tel.:    (703) 816-4000
Fax:    (703) 816-4100

Attorneys for Defendant Nintendo of America
Inc.

18

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has

been served to the following counsel of record in the manner indicated this 6th day of

December, 2006:


Via ECF/Notice of Electronic Filing

Sam Baxter
McKool Smith, P.C.
505 E. Travis, Suite 105
Marshall, Texas  75670


*/s/ Lawrence L. Germer*

19