IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD. | § | |
| | § | Hon. Ronald Clark |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 9:06-CV-00158-RC |
| | § | |
| MICROSOFT CORPORATION, and | § | JURY TRIAL DEMANDED |
| NINTENDO OF AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT MICROSOFT CORPORATION'S ANSWER, DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Microsoft Corporation ("Microsoft") submits this Answer in response to the
First Amended Complaint ("Amended Complaint") filed in this action by Anascape, Ltd.
("Plaintiff"). For its Answer, Microsoft states as follows:

1.     Microsoft is without information or knowledge sufficient to form a belief as to the
truth of the allegations of paragraph 1 of the Amended Complaint, and as such denies the same.

2.     Microsoft admits that it is a corporation organized and existing under the laws of
Washington. Microsoft denies that it manufactures for sale video game consoles and video game
controllers. Microsoft admits the remaining allegations of paragraph 2 of the Amended
Complaint.

3.     Microsoft is without information or knowledge sufficient to form a belief as to the
truth of the allegations of paragraph 3 of the Amended Complaint, and as such denies the same.

4.     Microsoft admits that Plaintiff's Amended Complaint refers to Microsoft and
Defendant Nintendo of America, Inc. ("Nintendo") collectively as "Defendants."

5.     Microsoft admits that Plaintiff's action purports to be one for alleged patent
infringement arising under the cited patent laws of the United States.

DEFENDANT MICROSOFT CORPORATION'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    Page 1

Dockets.Justia.com

6.      Microsoft admits, for purposes of this action only, that it is subject to venue in the Eastern District of Texas.

7.      Microsoft admits, for purposes of this action only, that it has done business in the State of Texas, and that this Court has personal jurisdiction over Microsoft.  Microsoft is without information or knowledge sufficient to form a belief as to the truth of the allegations against Nintendo in paragraph 7 of the Amended Complaint, and as such denies the same.  Microsoft denies any and all remaining allegations of paragraph 7, and specifically denies that it has infringed or now infringes the patents asserted against Microsoft in the Amended Complaint.

8.      Microsoft incorporates by reference its responses to paragraphs 1-7 as if fully set forth herein.

9.      Microsoft admits that Exhibit A of the Complaint, on its face, purports to be a copy of U.S. Patent No. 5,999,084 ("the '084 patent"), which is titled "Variable-Conductance Sensor" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '084 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 9 of the Amended Complaint, and as such denies the same.

10.      Microsoft admits that Exhibit B of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,102,802 ("the '802 patent"), which is titled "Game Controller with Analog Pressure Sensor(s)" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '802 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 10 of the Amended Complaint, and as such denies the same.

11.     Microsoft admits that Exhibit C of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,135,886 ("the '886 patent"), which is titled "Variable-Conductance Sensor with Elastomeric Dome-Cap" and lists Brad A. Armstrong as the named inventor. Microsoft denies that the '886 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 11 of the Amended Complaint, and as such denies the same.

12.     Microsoft admits that Exhibit D of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,208,271 ("the '271 patent"), which is titled "Remote Controller with Analog Button(s)" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '271 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 12 of the Amended Complaint, and as such denies the same.

13.     Microsoft admits that Exhibit E of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,222,525 ("the '525 patent"), which is titled "Image Controllers with Sheet Connected Sensors" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '525 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 13 of the Amended Complaint, and as such denies the same.

14.     Microsoft admits that Exhibit F of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,343,991 ("the '991 patent"), which is titled "Game Controller with Analog Pressure Sensor" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '991 patent was duly and legally issued.  Microsoft is without knowledge or information

sufficient to form a belief as to the truth of any remaining allegations of paragraph 14 of the Amended Complaint, and as such denies the same.

15.    Microsoft admits that Exhibit G of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,344,791 ("the '791 patent"), which is titled "Variable Sensor with Tactile Feedback" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '791 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 15 of the Amended Complaint, and as such denies the same.

16.    Microsoft admits that Exhibit H of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,347,997 ("the '997 patent"), which is titled "Analog Controls Housed with Electronic Displays" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '997 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 16 of the Amended Complaint, and as such denies the same.

17.    Microsoft admits that Exhibit I of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,351,205 ("the '205 patent"), which is titled "Variable-Conductance Sensor" and lists Brad A. Armstrong as the named inventor.  Microsoft denies that the '205 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 17 of the Amended Complaint, and as such denies the same.

18.    Microsoft admits that Exhibit J of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,400,303 ("the '303 patent"), which is titled "Remote Controller with Analog Pressure Sensor (s)" and lists Brad A. Armstrong as the named inventor.  Microsoft

denies that the '303 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 18 of the Amended Complaint, and as such denies the same.

19.    Microsoft admits that Exhibit K of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,563,415 ("the '415 patent"), which is titled "Analog Sensor(s) with Snap-Through Tactile Feedback" and lists Brad A. Armstrong as the named inventor. Microsoft denies that the '415 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 19 of the Amended Complaint, and as such denies the same.

20.    Microsoft admits that Exhibit L of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,906,700 ("the '700 patent"), which is titled "3D Controller with Vibration" and lists Brad A. Armstrong as the named inventor. Microsoft denies that the '700 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 19 of the Amended Complaint, and as such denies the same.

21.    Microsoft admits that Plaintiff's Amended Complaint refers to the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents as the "Patents-in-Suit."

22.    Microsoft denies that it has infringed or is presently infringing the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents in any way. Microsoft denies any remaining allegations of paragraph 22 of the Amended Complaint.

23.    Microsoft is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and as such denies the same.

24.     Microsoft denies the allegations against Microsoft in paragraph 24 of the Amended Complaint, and specifically denies that it has infringed or now infringes the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents in any way. Microsoft is without information or knowledge sufficient to form a belief as to the truth of the allegations against Nintendo in paragraph 24 of the Amended Complaint, and as such denies the same. Microsoft denies any remaining allegations of paragraph 24 of the Amended Complaint.

25.     Microsoft is without information or knowledge sufficient to form a belief as to the truth of the allegations against Nintendo in paragraph 25 of the Amended Complaint, and as such denies the same. Microsoft admits that the Amended Complaint provides Microsoft with actual notice of allegations of infringement of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents. Microsoft denies that Plaintiff provided notice to Microsoft of its allegations of infringement prior to the filing of this lawsuit. Microsoft admits that prior to the filing of the lawsuit, Microsoft was aware of some allegations of infringement made by a different entity with respect to some, but not all, of the patents now asserted against Microsoft in the Amended Complaint. Microsoft denies any remaining allegations of paragraph 25 of the Amended Complaint.

26.     Microsoft denies the allegations of paragraph 26 of the Amended Complaint, and specifically denies that it has infringed or now infringes the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents in any way. Microsoft is without information or knowledge sufficient to form a belief as to the truth of the allegations against Nintendo in paragraph 26 of the Amended Complaint, and as such denies the same. Microsoft denies any remaining allegations of paragraph 26 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Amended Complaint, Defendant Microsoft asserts the following defenses without assuming any burden that it would not otherwise have.  Microsoft reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense:  Noninfringement of the Asserted Patents

1.     Microsoft has not in any manner infringed any claim of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents, and is not liable for infringement thereof.

### Second Defense:  Invalidity of the Asserted Patents

2.     The claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents are invalid for failing to comply with the provisions of Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112 and 135(b).

### Third Defense:  Double Patenting

3.     Claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and/or '700 patents are invalid for double patenting.

### Fourth Defense:  Use/Manufacture By/For United States Government

4.     To the extent that Microsoft's accused products have been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

### Fifth Defense:  Dedication to the Public

5.     Plaintiff has dedicated to the public any method or apparatus disclosed in the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents but not literally

DEFENDANT MICROSOFT CORPORATION'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT          Page 7

claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

### Sixth Defense:  Unavailability of Relief (Enhanced Damages)

6.     On information and belief, Plaintiff has failed to plead and meet the requirements for enhanced damages.

### Seventh Defense:  Indispensable Parties

7.     Those parties retaining rights in the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents are indispensable parties who must be joined.

### Eighth Defense:  Failure to Provide Notice

8.     Pursuant to the requirements of 35 U.S.C. § 287, Plaintiff is not entitled to recover any damages for actions occurring prior to its providing actual or constructive notice.

### Ninth Defense:  Laches

9.     This lawsuit was filed over six years after issuance of the '084 patent, almost six years after issuance of the '802 patent, almost six years after issuance of the '886 patent, over five years after issuance of the '271 patent, over five years after issuance of the '525 patent, over four years after issuance of the '991 patent, over four years after issuance of the '791 patent, over four years after issuance of the '997 patent, over four years after issuance of the '205 patent, over four years after issuance of the '303 patent, over three years after issuance of the '415 patent, and over a year after issuance of the '700 patent.  On information and belief, Plaintiff had knowledge of Microsoft and Microsoft's conduct that is accused of infringement in the Amended Complaint long before this lawsuit was filed.  The delay in filing this lawsuit has prejudiced Microsoft. Thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## Tenth Defense:  Prosecution Laches

10.    The claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents are unenforceable under the equitable doctrine of prosecution laches.

## Eleventh Defense:  Prosecution History Estoppel

11.    On information and belief, Plaintiff's allegations of patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, or '700 patents cover or include Microsoft's products.

## Twelfth Defense:  Patent Unenforceability Due to Inequitable Conduct

12.    At least the '700 patent is unenforceable due to inequitable conduct in its prosecution before the United States Patent and Trademark Office (the "PTO"), as more particularly alleged below.

13.    The application which led to the '700 patent, U.S. Patent Application No. 09/715,532 (the "'532 application"), was filed on November 16, 2000.  Brad A. Armstrong, the alleged inventor, appears to have filed and prosecuted the '532 application himself.  Mr. Armstrong originally filed the '532 application on November 16, 2000 with claims 1-38 claiming his alleged invention.

14.    On information and belief, after filing the '532 application, Mr. Armstrong obtained and/or otherwise learned of the structure comprising one or more video game controllers, such as those available from Microsoft, Nintendo Corporation, and/or Sony Corporation.

15.    On information and belief, after learning of the structure of available video game controllers, and during prosecution of the '532 application, Mr. Armstrong amended his '532

patent application in a July 15, 2002 Preliminary Amendment to cancel all original claims 1-38 and substitute new claims 39-77.

16.    On information and belief, Mr. Armstrong added various of the new substitute claims 39-77 in an attempt to obtain a claim scope that would cover one or more of the available video game controllers, rather than cover any of the disclosed embodiments contained within the '532 application as originally filed.  As a result, Mr. Armstrong, through his July 15, 2002 Preliminary Amendment, intentionally added new matter by introducing new claims 39-77 in a manner that is prohibited by 35 U.S.C. § 112.

17.    At least new claims 54 and 55 (corresponding to issued claims 16 and 17, respectively, in the '700 patent) are not supported by the '532 application as originally filed.  By way of example, there is no support in the '532 application as originally filed for a 3-D graphics controller having the specific combination of elements defined in claims 54 and 55 being connected to the first sheet as claimed.  More specifically, the '532 application lacks support for the combination of the claimed first element structured to activate four unidirectional sensors and the claimed second element structured to activate a first two bi-directional proportional sensors, wherein both the first element and second element are connected to the claimed first sheet present in a 3-D graphics controller, as required by claims 54 and 55.  For at least this reason, issued claims 16 and 17 of the '700 patent contain new matter.

18.    Mr. Armstrong provided the following sworn statement (the "July 15 Sworn Statement") in the Preliminary Amendment:

> I, Brad A. Armstrong, believe I am the original, first and sole inventor of the subject matter which is now claimed and for which a patent is sought in the instant application.  I hereby declare that no new matter has been added by amendment and that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false

statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the Unites States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

19.     The July 15 Sworn Statement made by Mr. Armstrong was false.  On information and belief, Mr. Armstrong knew that the July 15 Sworn Statement was false and made the statement with the intent to mislead the examiner handling the '532 application.  On information and belief, Mr. Armstrong knew at the time he made the July 15 Sworn Statement that he was, in fact, adding new matter to at least new claims 54 and 55, and that he was not, in fact, the inventor of the alleged invention defined by at least these claims.

20.     Mr. Armstrong's false sworn statement was highly material to the patentability of the new claims.  Section 112 of Title 35 of the United States Code states, in pertinent part:

> The specification shall contain a written description of the invention, and the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor for carrying out his invention.

Section 2163.06 (I) of the PTO's Manual of Patent Examining Procedure (MPEP) states, in pertinent part:

> If new matter is added to the claims, the examiner should reject the claims under 35 U.S.C. 112, first paragraph – written description requirement.  *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

21.     If Mr. Armstrong had been truthful with the PTO and properly advised the PTO that the new claims included new matter, the examiner handling the application would have rejected the claims as failing to satisfy the written description requirement of 35 U.S.C. § 112, as required by Section 2163.06(I) of the MPEP.  Instead, Mr. Armstrong's sworn statement falsely advised the examiner that no new matter was being added, and the PTO relied on Mr.

Armstrong's representation.  In allowing the claims, the PTO also relied on Mr. Armstrong's false sworn statement that he was the inventor of the subject matter added by the amendment.

22.    Mr. Armstrong's false sworn statement constitutes inequitable conduct in the procurement of the '700 patent which renders at least the '700 patent unenforceable.

## COUNTERCLAIMS

Microsoft Corporation pleads the following counterclaims against Plaintiff Anascape, Ltd.:

### COUNT I
### DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT

1.    This counterclaim arises under the patent laws of the United States, Title 35 U.S.C.  This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1338, 2201, and 2202.

2.    Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

3.    Upon information and belief, Plaintiff Anascape, Ltd. ("Plaintiff") is a limited partnership, and has filed suit against Microsoft in this District.

4.    Plaintiff purports to be the owner of U.S. Patent No. 5,999,084 ("the '084 patent"), U.S. Patent No. 6,102,802 ("the '802 patent"), U.S. Patent No. 6,135,886 ("the '886 patent"), U.S. Patent No. 6,208,271 ("the '271 patent"), U.S. Patent No. 6,222,525 ("the '525 patent"), U.S. Patent No. 6,343,991 ("the '991 patent"), U.S. Patent No. 6,344,791 ("the '791 patent") U.S. Patent No. 6,347,997 ("the '997 patent"), U.S. Patent No. 6,351,205 ("the '205 patent") U.S. Patent No. 6,400,303 ("the '303 patent") U.S. Patent No. 6,563,415 ("the '415 patent"), and U.S. Patent No. 6,906,700 ("the '700 patent").

5.      Plaintiff has alleged that Microsoft has infringed the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents.

6.      An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and Microsoft, on the other hand, regarding the noninfringement of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents.

7.      Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '084 patent, and is not liable for infringement thereof.

8.      Microsoft has sold two models of controllers for use with its original Xbox video game system.  Photographs of these two controllers are attached hereto as Exhibit A.  These controllers are hereinafter collectively referred to as "Microsoft's Xbox Controllers."

9.      Microsoft also sells controllers for use with its Xbox 360 video game system.  Photographs of these controllers are attached hereto as Exhibit B.  These controllers are hereinafter collectively referred to as "Microsoft's Xbox 360 Controllers."

10.     The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '084 patent.

11.     The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '084 patent.

12.     Microsoft has not in any way infringed independent claim 1 of the '084 patent.

13.     Microsoft has not in any way infringed dependent claim 2 of the '084 patent.

14.     Microsoft has not in any way infringed dependent claim 3 of the '084 patent.

15.     Microsoft has not in any way infringed dependent claim 4 of the '084 patent.

16.     Microsoft has not in any way infringed independent claim 5 of the '084 patent.

17.    Microsoft has not in any way infringed dependent claim 6 of the '084 patent.

18.    Microsoft has not in any way infringed independent claim 7 of the '084 patent.

19.    Microsoft has not in any way infringed dependent claim 8 of the '084 patent.

20.    Microsoft has not in any way infringed independent claim 9 of the '084 patent.

21.    Microsoft has not in any way infringed independent claim 10 of the '084 patent.

22.    Microsoft has not in any way infringed independent claim 11 of the '084 patent.

23.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '802 patent, and is not liable for infringement thereof.

24.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '802 patent.

25.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '802 patent.

26.    Microsoft has not in any way infringed independent claim 1 of the '802 patent.

27.    Microsoft has not in any way infringed dependent claim 2 of the '802 patent.

28.    Microsoft has not in any way infringed dependent claim 3 of the '802 patent.

29.    Microsoft has not in any way infringed dependent claim 4 of the '802 patent.

30.    Microsoft has not in any way infringed independent claim 5 of the '802 patent.

31.    Microsoft has not in any way infringed dependent claim 6 of the '802 patent.

32.    Microsoft has not in any way infringed dependent claim 7 of the '802 patent.

33.    Microsoft has not in any way infringed dependent claim 8 of the '802 patent.

34.    Microsoft has not in any way infringed independent claim 9 of the '802 patent.

35.    Microsoft has not in any way infringed dependent claim 10 of the '802 patent.

36.    Microsoft has not in any way infringed dependent claim 11 of the '802 patent.

37.    Microsoft has not in any way infringed independent claim 12 of the '802 patent.

38.    Microsoft has not in any way infringed dependent claim 13 of the '802 patent.

39.    Microsoft has not in any way infringed independent claim 14 of the '802 patent.

40.    Microsoft has not in any way infringed dependent claim 15 of the '802 patent.

41.    Microsoft has not in any way infringed independent claim 16 of the '802 patent.

42.    Microsoft has not in any way infringed dependent claim 17 of the '802 patent.

43.    Microsoft has not in any way infringed dependent claim 18 of the '802 patent.

44.    Microsoft has not in any way infringed dependent claim 19 of the '802 patent.

45.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '886 patent, and is not liable for infringement thereof.

46.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '886 patent.

47.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '886 patent.

48.    Microsoft has not in any way infringed independent claim 1 of the '886 patent.

49.    Microsoft has not in any way infringed independent claim 2 of the '886 patent.

50.    Microsoft has not in any way infringed independent claim 3 of the '886 patent.

51.    Microsoft has not in any way infringed dependent claim 4 of the '886 patent.

52.    Microsoft has not in any way infringed dependent claim 5 of the '886 patent.

53.    Microsoft has not in any way infringed independent claim 6 of the '886 patent.

54.    Microsoft has not in any way infringed independent claim 7 of the '886 patent.

55.    Microsoft has not in any way infringed dependent claim 8 of the '886 patent.

56.    Microsoft has not in any way infringed dependent claim 9 of the '886 patent.

57.    Microsoft has not in any way infringed dependent claim 10 of the '886 patent.

58.    Microsoft has not in any way infringed dependent claim 11 of the '886 patent.

59.    Microsoft has not in any way infringed independent claim 12 of the '886 patent.

60.    Microsoft has not in any way infringed dependent claim 13 of the '886 patent.

61.    Microsoft has not in any way infringed dependent claim 14 of the '886 patent.

62.    Microsoft has not in any way infringed dependent claim 15 of the '886 patent.

63.    Microsoft has not in any way infringed dependent claim 16 of the '886 patent.

64.    Microsoft has not in any way infringed dependent claim 17 of the '886 patent.

65.    Microsoft has not in any way infringed dependent claim 18 of the '886 patent.

66.    Microsoft has not in any way infringed independent claim 19 of the '886 patent.

67.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '271 patent, and is not liable for infringement thereof.

68.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '271 patent.

69.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '271 patent.

70.    Microsoft has not in any way infringed independent claim 1 of the '271 patent.

71.    Microsoft has not in any way infringed dependent claim 2 of the '271 patent.

72.    Microsoft has not in any way infringed dependent claim 3 of the '271 patent.

73.    Microsoft has not in any way infringed dependent claim 4 of the '271 patent.

74.    Microsoft has not in any way infringed dependent claim 5 of the '271 patent.

75.    Microsoft has not in any way infringed dependent claim 6 of the '271 patent.

76.    Microsoft has not in any way infringed dependent claim 7 of the '271 patent.

77.    Microsoft has not in any way infringed dependent claim 8 of the '271 patent.

78.    Microsoft has not in any way infringed dependent claim 9 of the '271 patent.

79.    Microsoft has not in any way infringed dependent claim 10 of the '271 patent.

80.    Microsoft has not in any way infringed independent claim 11 of the '271 patent.

81.    Microsoft has not in any way infringed dependent claim 12 of the '271 patent.

82.    Microsoft has not in any way infringed dependent claim 13 of the '271 patent.

83.    Microsoft has not in any way infringed dependent claim 14 of the '271 patent.

84.    Microsoft has not in any way infringed dependent claim 15 of the '271 patent.

85.    Microsoft has not in any way infringed dependent claim 16 of the '271 patent.

86.    Microsoft has not in any way infringed dependent claim 17 of the '271 patent.

87.    Microsoft has not in any way infringed dependent claim 18 of the '271 patent.

88.    Microsoft has not in any way infringed independent claim 19 of the '271 patent.

89.    Microsoft has not in any way infringed dependent claim 20 of the '271 patent.

90.    Microsoft has not in any way infringed independent claim 21 of the '271 patent.

91.    Microsoft has not in any way infringed independent claim 22 of the '271 patent.

92.    Microsoft has not in any way infringed dependent claim 23 of the '271 patent.

93.    Microsoft has not in any way infringed dependent claim 24 of the '271 patent.

94.    Microsoft has not in any way infringed dependent claim 25 of the '271 patent.

95.    Microsoft has not in any way infringed dependent claim 26 of the '271 patent.

96.    Microsoft has not in any way infringed dependent claim 27 of the '271 patent.

97.    Microsoft has not in any way infringed dependent claim 28 of the '271 patent.

98.    Microsoft has not in any way infringed independent claim 29 of the '271 patent.

99.    Microsoft has not in any way infringed dependent claim 30 of the '271 patent.

100.    Microsoft has not in any way infringed dependent claim 31 of the '271 patent.

101.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '525 patent, and is not liable for infringement thereof.

102.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '525 patent.

103.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '525 patent.

104.    Microsoft has not in any way infringed independent claim 1 of the '525 patent.

105.    Microsoft has not in any way infringed dependent claim 2 of the '525 patent.

106.    Microsoft has not in any way infringed dependent claim 3 of the '525 patent.

107.    Microsoft has not in any way infringed dependent claim 4 of the '525 patent.

108.    Microsoft has not in any way infringed independent claim 5 of the '525 patent.

109.    Microsoft has not in any way infringed dependent claim 6 of the '525 patent.

110.    Microsoft has not in any way infringed dependent claim 7 of the '525 patent.

111.    Microsoft has not in any way infringed dependent claim 8 of the '525 patent.

112.    Microsoft has not in any way infringed dependent claim 9 of the '525 patent.

113.    Microsoft has not in any way infringed dependent claim 10 of the '525 patent.

114.    Microsoft has not in any way infringed dependent claim 11 of the '525 patent.

115.    Microsoft has not in any way infringed independent claim 12 of the '525 patent.

116.    Microsoft has not in any way infringed dependent claim 13 of the '525 patent.

117.    Microsoft has not in any way infringed dependent claim 14 of the '525 patent.

118.    Microsoft has not in any way infringed dependent claim 15 of the '525 patent.

119.    Microsoft has not in any way infringed dependent claim 16 of the '525 patent.

120.    Microsoft has not in any way infringed dependent claim 17 of the '525 patent.

121.    Microsoft has not in any way infringed dependent claim 18 of the '525 patent.

122.    Microsoft has not in any way infringed dependent claim 19 of the '525 patent.

123.    Microsoft has not in any way infringed dependent claim 20 of the '525 patent.

124.    Microsoft has not in any way infringed dependent claim 21 of the '525 patent.

125.    Microsoft has not in any way infringed dependent claim 22 of the '525 patent.

126.    Microsoft has not in any way infringed dependent claim 23 of the '525 patent.

127.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '991 patent, and is not liable for infringement thereof.

128.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '991 patent.

129.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '991 patent.

130.    Microsoft has not in any way infringed independent claim 1 of the '991 patent.

131.    Microsoft has not in any way infringed dependent claim 2 of the '991 patent.

132.    Microsoft has not in any way infringed dependent claim 3 of the '991 patent.

133.    Microsoft has not in any way infringed dependent claim 4 of the '991 patent.

134.    Microsoft has not in any way infringed dependent claim 5 of the '991 patent.

135.    Microsoft has not in any way infringed independent claim 6 of the '991 patent.

136.    Microsoft has not in any way infringed dependent claim 7 of the '991 patent.

137.    Microsoft has not in any way infringed dependent claim 8 of the '991 patent.

138.    Microsoft has not in any way infringed dependent claim 9 of the '991 patent.

139.    Microsoft has not in any way infringed dependent claim 10 of the '991 patent.

140.    Microsoft has not in any way infringed independent claim 11 of the '991 patent.

141.    Microsoft has not in any way infringed dependent claim 12 of the '991 patent.

142.    Microsoft has not in any way infringed dependent claim 13 of the '991 patent.

143.    Microsoft has not in any way infringed dependent claim 14 of the '991 patent.

144.    Microsoft has not in any way infringed dependent claim 15 of the '991 patent.

145.    Microsoft has not in any way infringed dependent claim 16 of the '991 patent.

146.    Microsoft has not in any way infringed dependent claim 17 of the '991 patent.

147.    Microsoft has not in any way infringed dependent claim 18 of the '991 patent.

148.    Microsoft has not in any way infringed dependent claim 19 of the '991 patent.

149.    Microsoft has not in any way infringed dependent claim 20 of the '991 patent.

150.    Microsoft has not in any way infringed dependent claim 21 of the '991 patent.

151.    Microsoft has not in any way infringed dependent claim 22 of the '991 patent.

152.    Microsoft has not in any way infringed independent claim 23 of the '991 patent.

153.    Microsoft has not in any way infringed dependent claim 24 of the '991 patent.

154.    Microsoft has not in any way infringed dependent claim 25 of the '991 patent.

155.    Microsoft has not in any way infringed dependent claim 26 of the '991 patent.

156.    Microsoft has not in any way infringed dependent claim 27 of the '991 patent.

157.    Microsoft has not in any way infringed dependent claim 28 of the '991 patent.

158.    Microsoft has not in any way infringed dependent claim 29 of the '991 patent.

159.    Microsoft has not in any way infringed dependent claim 30 of the '991 patent.

160.    Microsoft has not in any way infringed dependent claim 31 of the '991 patent.

161.    Microsoft has not in any way infringed dependent claim 32 of the '991 patent.

162.    Microsoft has not in any way infringed dependent claim 33 of the '991 patent.

163. Microsoft has not in any way infringed dependent claim 34 of the '991 patent.

164. Microsoft has not in any way infringed independent claim 35 of the '991 patent.

165. Microsoft has not in any way infringed dependent claim 36 of the '991 patent.

166. Microsoft has not in any way infringed dependent claim 37 of the '991 patent.

167. Microsoft has not in any way infringed dependent claim 38 of the '991 patent.

168. Microsoft has not in any way infringed dependent claim 39 of the '991 patent.

169. Microsoft has not in any way infringed independent claim 40 of the '991 patent.

170. Microsoft has not in any way infringed dependent claim 41 of the '991 patent.

171. Microsoft has not in any way infringed dependent claim 42 of the '991 patent.

172. Microsoft has not in any way infringed dependent claim 43 of the '991 patent.

173. Microsoft has not in any way infringed independent claim 44 of the '991 patent.

174. Microsoft has not in any way infringed dependent claim 45 of the '991 patent.

175. Microsoft has not in any way infringed dependent claim 46 of the '991 patent.

176. Microsoft has not in any way infringed dependent claim 47 of the '991 patent.

177. Microsoft has not in any way infringed dependent claim 48 of the '991 patent.

178. Microsoft has not in any way infringed dependent claim 49 of the '991 patent.

179. Microsoft has not in any way infringed dependent claim 50 of the '991 patent.

180. Microsoft has not in any way infringed dependent claim 51 of the '991 patent.

181. Microsoft has not in any way infringed dependent claim 52 of the '991 patent.

182. Microsoft has not in any way infringed dependent claim 53 of the '991 patent.

183. Microsoft has not in any way infringed dependent claim 54 of the '991 patent.

184. Microsoft has not in any way infringed dependent claim 55 of the '991 patent.

185. Microsoft has not in any way infringed dependent claim 56 of the '991 patent.

186.    Microsoft has not in any way infringed dependent claim 57 of the '991 patent.

187.    Microsoft has not in any way infringed dependent claim 58 of the '991 patent.

188.    Microsoft has not in any way infringed dependent claim 59 of the '991 patent.

189.    Microsoft has not in any way infringed dependent claim 60 of the '991 patent.

190.    Microsoft has not in any way infringed dependent claim 61 of the '991 patent.

191.    Microsoft has not in any way infringed dependent claim 62 of the '991 patent.

192.    Microsoft has not in any way infringed dependent claim 63 of the '991 patent.

193.    Microsoft has not in any way infringed dependent claim 64 of the '991 patent.

194.    Microsoft has not in any way infringed dependent claim 65 of the '991 patent.

195.    Microsoft has not in any way infringed independent claim 66 of the '991 patent.

196.    Microsoft has not in any way infringed dependent claim 67 of the '991 patent.

197.    Microsoft has not in any way infringed dependent claim 68 of the '991 patent.

198.    Microsoft has not in any way infringed dependent claim 69 of the '991 patent.

199.    Microsoft has not in any way infringed independent claim 70 of the '991 patent.

200.    Microsoft has not in any way infringed dependent claim 71 of the '991 patent.

201.    Microsoft has not in any way infringed dependent claim 72 of the '991 patent.

202.    Microsoft has not in any way infringed dependent claim 73 of the '991 patent.

203.    Microsoft has not in any way infringed dependent claim 74 of the '991 patent.

204.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '791 patent, and is not liable for infringement thereof.

205.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '791 patent.

206.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any

claim of the '791 patent.

207.    Microsoft has not in any way infringed independent claim 1 of the '791 patent.

208.    Microsoft has not in any way infringed dependent claim 2 of the '791 patent.

209.    Microsoft has not in any way infringed dependent claim 3 of the '791 patent.

210.    Microsoft has not in any way infringed dependent claim 4 of the '791 patent.

211.    Microsoft has not in any way infringed dependent claim 5 of the '791 patent.

212.    Microsoft has not in any way infringed dependent claim 6 of the '791 patent.

213.    Microsoft has not in any way infringed dependent claim 7 of the '791 patent.

214.    Microsoft has not in any way infringed dependent claim 8 of the '791 patent.

215.    Microsoft has not in any way infringed dependent claim 9 of the '791 patent.

216.    Microsoft has not in any way infringed dependent claim 10 of the '791 patent.

217.    Microsoft has not in any way infringed dependent claim 11 of the '791 patent.

218.    Microsoft has not in any way infringed dependent claim 12 of the '791 patent.

219.    Microsoft has not in any way infringed dependent claim 13 of the '791 patent.

220.    Microsoft has not in any way infringed dependent claim 14 of the '791 patent.

221.    Microsoft has not in any way infringed dependent claim 15 of the '791 patent.

222.    Microsoft has not in any way infringed dependent claim 16 of the '791 patent.

223.    Microsoft has not in any way infringed dependent claim 17 of the '791 patent.

224.    Microsoft has not in any way infringed dependent claim 18 of the '791 patent.

225.    Microsoft has not in any way infringed dependent claim 19 of the '791 patent.

226.    Microsoft has not in any way infringed dependent claim 20 of the '791 patent.

227.    Microsoft has not in any way infringed dependent claim 21 of the '791 patent.

228.    Microsoft has not in any way infringed dependent claim 22 of the '791 patent.

229.    Microsoft has not in any way infringed dependent claim 23 of the '791 patent.

230.    Microsoft has not in any way infringed dependent claim 24 of the '791 patent.

231.    Microsoft has not in any way infringed dependent claim 25 of the '791 patent.

232.    Microsoft has not in any way infringed dependent claim 26 of the '791 patent.

233.    Microsoft has not in any way infringed dependent claim 27 of the '791 patent.

234.    Microsoft has not in any way infringed dependent claim 28 of the '791 patent.

235.    Microsoft has not in any way infringed dependent claim 29 of the '791 patent.

236.    Microsoft has not in any way infringed dependent claim 30 of the '791 patent.

237.    Microsoft has not in any way infringed dependent claim 31 of the '791 patent.

238.    Microsoft has not in any way infringed dependent claim 32 of the '791 patent.

239.    Microsoft has not in any way infringed dependent claim 33 of the '791 patent.

240.    Microsoft has not in any way infringed independent claim 34 of the '791 patent.

241.    Microsoft has not in any way infringed dependent claim 35 of the '791 patent.

242.    Microsoft has not in any way infringed dependent claim 36 of the '791 patent.

243.    Microsoft has not in any way infringed dependent claim 37 of the '791 patent.

244.    Microsoft has not in any way infringed dependent claim 38 of the '791 patent.

245.    Microsoft has not in any way infringed dependent claim 39 of the '791 patent.

246.    Microsoft has not in any way infringed dependent claim 40 of the '791 patent.

247.    Microsoft has not in any way infringed dependent claim 41 of the '791 patent.

248.    Microsoft has not in any way infringed dependent claim 42 of the '791 patent.

249.    Microsoft has not in any way infringed dependent claim 43 of the '791 patent.

250.    Microsoft has not in any way infringed independent claim 44 of the '791 patent.

251.    Microsoft has not in any way infringed dependent claim 45 of the '791 patent.

252.    Microsoft has not in any way infringed dependent claim 46 of the '791 patent.

253.    Microsoft has not in any way infringed dependent claim 47 of the '791 patent.

254.    Microsoft has not in any way infringed dependent claim 48 of the '791 patent.

255.    Microsoft has not in any way infringed dependent claim 49 of the '791 patent.

256.    Microsoft has not in any way infringed dependent claim 50 of the '791 patent.

257.    Microsoft has not in any way infringed dependent claim 51 of the '791 patent.

258.    Microsoft has not in any way infringed dependent claim 52 of the '791 patent.

259.    Microsoft has not in any way infringed dependent claim 53 of the '791 patent.

260.    Microsoft has not in any way infringed dependent claim 54 of the '791 patent.

261.    Microsoft has not in any way infringed dependent claim 55 of the '791 patent.

262.    Microsoft has not in any way infringed independent claim 56 of the '791 patent.

263.    Microsoft has not in any way infringed dependent claim 57 of the '791 patent.

264.    Microsoft has not in any way infringed dependent claim 58 of the '791 patent.

265.    Microsoft has not in any way infringed dependent claim 59 of the '791 patent.

266.    Microsoft has not in any way infringed dependent claim 60 of the '791 patent.

267.    Microsoft has not in any way infringed independent claim 61 of the '791 patent.

268.    Microsoft has not in any way infringed dependent claim 62 of the '791 patent.

269.    Microsoft has not in any way infringed dependent claim 63 of the '791 patent.

270.    Microsoft has not in any way infringed independent claim 64 of the '791 patent.

271.    Microsoft has not in any way infringed dependent claim 65 of the '791 patent.

272.    Microsoft has not in any way infringed dependent claim 66 of the '791 patent.

273.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '997 patent, and is not liable for infringement thereof.

274.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '997 patent.

275.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '997 patent.

276.    Microsoft has not in any way infringed independent claim 1 of the '997 patent.

277.    Microsoft has not in any way infringed dependent claim 2 of the '997 patent.

278.    Microsoft has not in any way infringed dependent claim 3 of the '997 patent.

279.    Microsoft has not in any way infringed dependent claim 4 of the '997 patent.

280.    Microsoft has not in any way infringed dependent claim 5 of the '997 patent.

281.    Microsoft has not in any way infringed dependent claim 6 of the '997 patent.

282.    Microsoft has not in any way infringed dependent claim 7 of the '997 patent.

283.    Microsoft has not in any way infringed dependent claim 8 of the '997 patent.

284.    Microsoft has not in any way infringed dependent claim 9 of the '997 patent.

285.    Microsoft has not in any way infringed dependent claim 10 of the '997 patent.

286.    Microsoft has not in any way infringed dependent claim 11 of the '997 patent.

287.    Microsoft has not in any way infringed dependent claim 12 of the '997 patent.

288.    Microsoft has not in any way infringed dependent claim 13 of the '997 patent.

289.    Microsoft has not in any way infringed dependent claim 14 of the '997 patent.

290.    Microsoft has not in any way infringed dependent claim 15 of the '997 patent.

291.    Microsoft has not in any way infringed dependent claim 16 of the '997 patent.

292.    Microsoft has not in any way infringed dependent claim 17 of the '997 patent.

293.    Microsoft has not in any way infringed dependent claim 18 of the '997 patent.

294.    Microsoft has not in any way infringed dependent claim 19 of the '997 patent.

295.     Microsoft has not in any way infringed independent claim 20 of the '997 patent.

296.     Microsoft has not in any way infringed dependent claim 21 of the '997 patent.

297.     Microsoft has not in any way infringed dependent claim 22 of the '997 patent.

298.     Microsoft has not in any way infringed dependent claim 23 of the '997 patent.

299.     Microsoft has not in any way infringed dependent claim 24 of the '997 patent.

300.     Microsoft has not in any way infringed dependent claim 25 of the '997 patent.

301.     Microsoft has not in any way infringed dependent claim 26 of the '997 patent.

302.     Microsoft has not in any way infringed dependent claim 27 of the '997 patent.

303.     Microsoft has not in any way infringed dependent claim 28 of the '997 patent.

304.     Microsoft has not in any way infringed dependent claim 29 of the '997 patent.

305.     Microsoft has not in any way infringed dependent claim 30 of the '997 patent.

306.     Microsoft has not in any way infringed dependent claim 31 of the '997 patent.

307.     Microsoft has not in any way infringed independent claim 32 of the '997 patent.

308.     Microsoft has not in any way infringed dependent claim 33 of the '997 patent.

309.     Microsoft has not in any way infringed dependent claim 34 of the '997 patent.

310.     Microsoft has not in any way infringed dependent claim 35 of the '997 patent.

311.     Microsoft has not in any way infringed dependent claim 36 of the '997 patent.

312.     Microsoft has not in any way infringed dependent claim 37 of the '997 patent.

313.     Microsoft has not in any way infringed dependent claim 38 of the '997 patent.

314.     Microsoft has not in any way infringed dependent claim 39 of the '997 patent.

315.     Microsoft has not in any way infringed dependent claim 40 of the '997 patent.

316.     Microsoft has not in any way infringed dependent claim 41 of the '997 patent.

317.     Microsoft has not in any way infringed dependent claim 42 of the '997 patent.

318.    Microsoft has not in any way infringed dependent claim 43 of the '997 patent.

319.    Microsoft has not in any way infringed dependent claim 44 of the '997 patent.

320.    Microsoft has not in any way infringed dependent claim 45 of the '997 patent.

321.    Microsoft has not in any way infringed dependent claim 46 of the '997 patent.

322.    Microsoft has not in any way infringed dependent claim 47 of the '997 patent.

323.    Microsoft has not in any way infringed dependent claim 48 of the '997 patent.

324.    Microsoft has not in any way infringed dependent claim 49 of the '997 patent.

325.    Microsoft has not in any way infringed dependent claim 50 of the '997 patent.

326.    Microsoft has not in any way infringed dependent claim 51 of the '997 patent.

327.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '205 patent, and is not liable for infringement thereof.

328.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '205 patent.

329.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '205 patent.

330.    Microsoft has not in any way infringed independent claim 1 of the '205 patent.

331.    Microsoft has not in any way infringed dependent claim 2 of the '205 patent.

332.    Microsoft has not in any way infringed independent claim 3 of the '205 patent.

333.    Microsoft has not in any way infringed dependent claim 4 of the '205 patent.

334.    Microsoft has not in any way infringed independent claim 5 of the '205 patent.

335.    Microsoft has not in any way infringed dependent claim 6 of the '205 patent.

336.    Microsoft has not in any way infringed independent claim 7 of the '205 patent.

337.    Microsoft has not in any way infringed dependent claim 8 of the '205 patent.

338.    Microsoft has not in any way infringed dependent claim 9 of the '205 patent.

339.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '303 patent, and is not liable for infringement thereof.

340.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '303 patent.

341.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '303 patent.

342.    Microsoft has not in any way infringed independent claim 1 of the '303 patent.

343.    Microsoft has not in any way infringed dependent claim 2 of the '303 patent.

344.    Microsoft has not in any way infringed dependent claim 3 of the '303 patent.

345.    Microsoft has not in any way infringed dependent claim 4 of the '303 patent.

346.    Microsoft has not in any way infringed independent claim 5 of the '303 patent.

347.    Microsoft has not in any way infringed dependent claim 6 of the '303 patent.

348.    Microsoft has not in any way infringed dependent claim 7 of the '303 patent.

349.    Microsoft has not in any way infringed dependent claim 8 of the '303 patent.

350.    Microsoft has not in any way infringed dependent claim 9 of the '303 patent.

351.    Microsoft has not in any way infringed dependent claim 10 of the '303 patent.

352.    Microsoft has not in any way infringed independent claim 11 of the '303 patent.

353.    Microsoft has not in any way infringed dependent claim 12 of the '303 patent.

354.    Microsoft has not in any way infringed dependent claim 13 of the '303 patent.

355.    Microsoft has not in any way infringed independent claim 14 of the '303 patent.

356.    Microsoft has not in any way infringed dependent claim 15 of the '303 patent.

357.    Microsoft has not in any way infringed dependent claim 16 of the '303 patent.

358.    Microsoft has not in any way infringed dependent claim 17 of the '303 patent.

359.    Microsoft has not in any way infringed independent claim 18 of the '303 patent.

360.    Microsoft has not in any way infringed dependent claim 19 of the '303 patent.

361.    Microsoft has not in any way infringed independent claim 20 of the '303 patent.

362.    Microsoft has not in any way infringed dependent claim 21 of the '303 patent.

363.    Microsoft has not in any way infringed dependent claim 22 of the '303 patent.

364.    Microsoft has not in any way infringed dependent claim 23 of the '303 patent.

365.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '415 patent, and is not liable for infringement thereof.

366.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '415 patent.

367.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '415 patent.

368.    Microsoft has not in any way infringed independent claim 1 of the '415 patent.

369.    Microsoft has not in any way infringed dependent claim 2 of the '415 patent.

370.    Microsoft has not in any way infringed dependent claim 3 of the '415 patent.

371.    Microsoft has not in any way infringed independent claim 4 of the '415 patent.

372.    Microsoft has not in any way infringed dependent claim 5 of the '415 patent.

373.    Microsoft has not in any way infringed dependent claim 6 of the '415 patent.

374.    Microsoft has not in any way infringed independent claim 7 of the '415 patent.

375.    Microsoft has not in any way infringed dependent claim 8 of the '415 patent.

376.    Microsoft has not in any way infringed independent claim 9 of the '415 patent.

377.    Microsoft has not in any way infringed dependent claim 10 of the '415 patent.

378.    Microsoft has not in any way infringed independent claim 11 of the '415 patent.

379.    Microsoft has not in any way infringed dependent claim 12 of the '415 patent.

380.    Microsoft has not in any way infringed independent claim 13 of the '415 patent.

381.    Microsoft has not in any way infringed dependent claim 14 of the '415 patent.

382.    Microsoft has not in any way infringed dependent claim 15 of the '415 patent.

383.    Microsoft has not in any way infringed dependent claim 16 of the '415 patent.

384.    Microsoft has not in any way infringed independent claim 17 of the '415 patent.

385.    Microsoft has not in any way infringed dependent claim 18 of the '415 patent.

386.    Microsoft has not in any way infringed dependent claim 19 of the '415 patent.

387.    Microsoft has not in any way infringed independent claim 20 of the '415 patent.

388.    Microsoft has not in any way infringed dependent claim 21 of the '415 patent.

389.    Microsoft has not in any way infringed dependent claim 22 of the '415 patent.

390.    Microsoft has not in any way infringed dependent claim 23 of the '415 patent.

391.    Microsoft has not in any way infringed dependent claim 24 of the '415 patent.

392.    Microsoft has not infringed, contributed to the infringement of, or induced the infringement of the '700 patent, and is not liable for infringement thereof.

393.    The sale of Microsoft's Xbox Controllers does not in any way infringe any claim of the '700 patent.

394.    The sale of Microsoft's Xbox 360 Controllers does not in any way infringe any claim of the '700 patent.

395.    Microsoft has not in any way infringed independent claim 1 of the '700 patent.

396.    Microsoft has not in any way infringed dependent claim 2 of the '700 patent.

397.    Microsoft has not in any way infringed independent claim 3 of the '700 patent.

398.    Microsoft has not in any way infringed dependent claim 4 of the '700 patent.

399.    Microsoft has not in any way infringed independent claim 5 of the '700 patent.

400.    Microsoft has not in any way infringed independent claim 6 of the '700 patent.

401.    Microsoft has not in any way infringed dependent claim 7 of the '700 patent.

402.    Microsoft has not in any way infringed dependent claim 8 of the '700 patent.

403.    Microsoft has not in any way infringed independent claim 9 of the '700 patent.

404.    Microsoft has not in any way infringed dependent claim 10 of the '700 patent.

405.    Microsoft has not in any way infringed dependent claim 11 of the '700 patent.

406.    Microsoft has not in any way infringed independent claim 12 of the '700 patent.

407.    Microsoft has not in any way infringed independent claim 13 of the '700 patent.

408.    Microsoft has not in any way infringed independent claim 14 of the '700 patent.

409.    Microsoft has not in any way infringed independent claim 15 of the '700 patent.

410.    Microsoft has not in any way infringed independent claim 16 of the '700 patent.

411.    Microsoft has not in any way infringed independent claim 17 of the '700 patent.

412.    Microsoft has not in any way infringed dependent claim 18 of the '700 patent.

413.    Microsoft has not in any way infringed independent claim 19 of the '700 patent.

414.    Microsoft has not in any way infringed dependent claim 20 of the '700 patent.

415.    Microsoft has not in any way infringed dependent claim 21 of the '700 patent.

416.    Microsoft has not in any way infringed dependent claim 22 of the '700 patent.

417.    Microsoft has not in any way infringed dependent claim 23 of the '700 patent.

418.    Microsoft has not in any way infringed dependent claim 24 of the '700 patent.

419.    Microsoft has not in any way infringed dependent claim 25 of the '700 patent.

420.    Microsoft has not in any way infringed independent claim 26 of the '700 patent.

421.    Microsoft has not in any way infringed dependent claim 27 of the '700 patent.

422.    Microsoft has not in any way infringed dependent claim 28 of the '700 patent.

423.    Microsoft has not in any way infringed dependent claim 29 of the '700 patent.

424.    Microsoft has not in any way infringed dependent claim 30 of the '700 patent.

425.    Microsoft has not in any way infringed dependent claim 31 of the '700 patent.

426.    Microsoft has not in any way infringed independent claim 32 of the '700 patent.

427.    Microsoft has not in any way infringed dependent claim 33 of the '700 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

428.    Microsoft repeats and realleges paragraphs 1-5 of its Counterclaims, as if fully restated herein.

429.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and Microsoft, on the other hand, regarding the invalidity of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents.

430.    The claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112 and 135.

431.    Claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and/or '700 patents are invalid for double patenting.

**COUNT III**
**DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY**

432.    Microsoft repeats and realleges paragraphs 1-5 of its Counterclaims, as if fully restated herein.

433.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and Microsoft, on the other hand, regarding the

DEFENDANT MICROSOFT CORPORATION'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT                Page 33

unenforceability of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents.

434.    At least the '700 patent is unenforceable due to inequitable conduct in its prosecution before the United States Patent and Trademark Office (the "PTO"), as more particularly alleged below.

435.    The application which led to the '700 patent, U.S. Patent Application No. 09/715,532 (the "'532 application"), was filed on November 16, 2000.  Brad A. Armstrong, the alleged inventor, appears to have filed and prosecuted the '532 application himself.  Mr. Armstrong originally filed the '532 application on November 16, 2000 with claims 1-38 claiming his alleged invention.

436.    On information and belief, after filing the '532 application, Mr. Armstrong obtained and/or otherwise learned of the structure comprising a Microsoft Xbox video game controller and/or other video game controllers, such as those available from Nintendo Corporation and/or Sony Corporation.

437.    On information and belief, after learning of the structure of available video game controllers, and during prosecution of the '532 application, Mr. Armstrong amended his '532 patent application in a July 15, 2002 Preliminary Amendment to cancel all original claims 1-38 and substitute new claims 39-77.

438.    On information and belief, Mr. Armstrong added various of the new substitute claims 39-77 in an attempt to obtain a claim scope that would cover one or more of the available video game controllers, rather than cover any of the disclosed embodiments contained within the '532 application as originally filed.  As a result, Mr. Armstrong, through his July 15, 2002 Preliminary Amendment, intentionally added new matter by introducing new claims 39-77 in a

manner that is prohibited by 35 U.S.C. § 112.

439.    At least new claims 54 and 55 (corresponding to issued claims 16 and 17, respectively, in the '700 patent) are not supported by the '532 application as originally filed.  By way of example, there is no support in the '532 application as originally filed for a 3-D graphics controller having the specific combination of elements defined in claims 54 and 55 being connected to the first sheet as claimed.  More specifically, the '532 application lacks support for the combination of the claimed first element structured to activate four unidirectional sensors and the claimed second element structured to activate a first two bi-directional proportional sensors, wherein both the first element and second element are connected to the claimed first sheet present in a 3-D graphics controller, as required by claims 54 and 55.  For at least this reason, issued claims 16 and 17 of the '700 patent contain new matter.

440.    Mr. Armstrong provided the following sworn statement (the "July 15 Sworn Statement") in the Preliminary Amendment:

> I, Brad A. Armstrong, believe I am the original, first and sole inventor of the subject matter which is now claimed and for which a patent is sought in the instant application.  I hereby declare that no new matter has been added by amendment and that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the Unites States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

441.    The July 15 Sworn Statement made by Mr. Armstrong was false.  On information and belief, Mr. Armstrong knew that the July 15 Sworn Statement was false and made the statement with the intent to mislead the examiner handling the '532 application.  On information and belief, Mr. Armstrong knew at the time he made the July 15 Sworn Statement that he was, in fact, adding new matter to at least new claims 54 and 55, and that he was not, in fact, the

inventor of the alleged invention defined by at least these claims.

442.    Mr. Armstrong's false sworn statement was highly material to the patentability of

the new claims.  Section 112 of Title 35 of the United States Code states, in pertinent part:

> The specification shall contain a written description of the invention, and the
> manner and process of making and using it, in such full, clear, concise, and exact
> terms as to enable any person skilled in the art to which it pertains, or with which
> it is most nearly connected, to make and use the same, and shall set forth the best
> mode contemplated by the inventor for carrying out his invention.

Section 2163.06 (I) of the PTO's Manual of Patent Examining Procedure (MPEP) states, in

pertinent part:

> If new matter is added to the claims, the examiner should reject the claims under
> 35 U.S.C. 112, first paragraph – written description requirement.  *In re
> Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

443.    If Mr. Armstrong had been truthful with the PTO and properly advised the PTO

that the new claims included new matter, the examiner handling the application would have

rejected the claims as failing to satisfy the written description requirement of 35 U.S.C. § 112, as

required by Section 2163.06(I) of the MPEP.  Instead, Mr. Armstrong's sworn statement falsely

advised the examiner that no new matter was being added, and the PTO relied on Mr.

Armstrong's representation.  In allowing the claims, the PTO also relied on Mr. Armstrong's

false sworn statement that he was the inventor of the subject matter added by the amendment.

444.    Mr. Armstrong's false sworn statement constitutes inequitable conduct in the

procurement of the '700 patent which renders at least the '700 patent unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for the following relief:

A.    That the Court enter judgment against Plaintiff on, and dismiss with prejudice,

each claim of Plaintiff's Amended Complaint against Microsoft;

DEFENDANT MICROSOFT CORPORATION'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    Page 36

B.      That the Court enter a judgment declaring that the claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents are invalid.

C.      That the Court enter a judgment declaring that the claims of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents are not infringed by Microsoft;

D.      That the Court enter a judgment declaring that at least the '700 patent is unenforceable.

E.      That the Court declare this an exceptional case pursuant to 35 U.S.C. § 285 and award to Microsoft its reasonable costs and attorneys' fees, together with interest, including prejudgment interest, thereupon; and

D.      That the Court grant to Microsoft such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule CV-38, Defendant Microsoft Corporation respectfully demands a trial by jury.

Respectfully submitted,

Dated:  December 6, 2006          By:  /s/ J. Christopher Carraway _____
                                       J. Christopher Carraway (admitted *pro hac vice*)
                                       Lead Attorney
                                       christopher.carraway@klarquist.com
                                       Joseph T. Jakubek (admitted *pro hac vice*)
                                       joseph.jakubek@klarquist.com
                                       Stephen J. Joncus (admitted *pro hac vice*)
                                       stephen.joncus@klarquist.com
                                       Richard D. Mc Leod (Bar No. 24026836)
                                       rick.mcleod@klarquist.com
                                       Derrick W. Toddy (admitted *pro hac vice*)
                                       derrick.toddy@klarquist.com
                                       KLARQUIST SPARKMAN, LLP
                                       121 S.W. Salmon Street, Suite 1600
                                       Portland, Oregon  97204
                                       Telephone:  503-595-5300

J. Thad Heartfield (Bar No. 09346800)
thad@jth-law.com
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789

Clayton E Dark Jr. (Bar No. 05384500)
clay.dark@yahoo.com
Clayton E Dark Jr., Law Office
207 E Frank Ave # 100
Lufkin, TX 75901
Telephone:  936-637-1733

Stephen McGrath, Esq. (admitted *pro hac vice*)
MICROSOFT CORPORATION
One Microsoft Way, Building 8
Redmond, Washington  98052-6399
Telephone:  425-882-8080
Facsimile:  425-706-7329

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 6th day of December, 2006.  Any other counsel of record will be served by first class mail.

/s/ J. Christopher Carraway

**CERTIFICATE OF SERVICE**