IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | § | |
|---|---|---|
| ANASCAPE, LTD., | § § § | |
| Plaintiff, | § § | Hon. Ronald Clark |
| v. | § § | Civil Action No.: 9:06-CV-00158 -RC |
| MICROSOFT CORP. and NINTENDO OF AMERICA INC. | § § § § | |
| Defendants. | § | |

**NINTENDO'S SUPPLEMENTAL RESPONSE
TO ANASCAPE'S PROPOSED GROUPING OF PATENTS**

By Order dated August 16, 2006, the Court directed Anascape to propose a logical grouping of the twelve patents-in-suit, including no more than four patents in each group, in order to assist the Court in determining how to best group the patents for the *Markman* hearing and other purposes. *See* Docket No. 4. On August 25, Anascape filed its Proposed Grouping of Patents. *See* Docket No. 11. On September 25, Nintendo filed its Response to Anascape's Proposed Grouping of Patents in which Nintendo requested the opportunity to provide a further response on the appropriate grouping of the patents after Anascape served its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to P.R. 3-1. *See* Docket No. 19.

Pursuant to the Court's Order Governing Proceedings dated October 5, 2006 (Docket No. 29), the Initial Rule 16 Management Conference is scheduled for December 13. The parties have met and conferred pursuant to Rule 26(f) and, on November 8 the parties filed their Rule 26(f) Joint Conference Report. *See* Docket No. 36. During the meet and confer process, Anascape agreed to provide Nintendo and Microsoft with a letter identifying, on a preliminary basis, the

asserted claims of each of the twelve patents-in-suit as well as the accused products so that the parties could completely address the patent grouping issue at the December 13 conference. *See* Joint Conference Report at 10. Anascape provided such letter to Nintendo and Microsoft on December 1. *See* Ex. A hereto. Now that Nintendo has the information set forth in Anascape's December 1 letter regarding which claims of which patents Anascape is asserting against which products, Nintendo respectfully submits this Supplemental Response to Anascape's Proposed Grouping of Patents so that the patent grouping issue can be fully addressed at the December 13 conference.

Anascape alleges that Nintendo infringes five of the twelve patents-in-suit and that Microsoft infringes all of the twelve patents-in-suit. *See* Docket No. 40.[1] Anascape's allegations of infringement of the patents break down as between Nintendo and Microsoft as follows:

| PATENTS ASSERTED AGAINST MICROSOFT AND NINTENDO | PATENTS ASSERTED AGAINST ONLY MICROSOFT |
|---|---|
| 6,344,791 | 5,999,084 |
| 6,351,205 | 6,102,802 |
| 6,563,415 | 6,135,886 |
| 6,906,700 | 6,208,271 |
| 6,222,525 | 6,343,991 |
|  | 6,347,997 |
|  | 6,400,303 |

As to the patents asserted against Nintendo, Nintendo submits that the '525 and '700 patents should be grouped together because these patents are part of the same patent family and share, in large measure, the same specification, although the claims themselves are directed to different subject matter. Anascape concurs with this grouping. *See* Anascape's Proposed Grouping of Patents at 2.

Nintendo submits that the remaining three patents asserted against it – the '791, '205 and '415 patents – should be grouped together. The '205 and '415 patents share the same

---

[1] On November 21, Anascape filed its First Amended Complaint alleging that Microsoft also infringes the '525 patent. *See* Docket No. 40.

NY\1218676.1

specification, are part of the same patent family, and their claims are directed to variable (analog) sensors providing snap-through tactile feedback to a human finger.  Anascape agrees that the '205 and '415 patents should be grouped together.  *See* Anascape's Proposed Grouping of Patents at 2.  While the specification of the '791 patent is not the same as the specifications of the '205 and '415 patents, the claims of the '791 patent, like the claims of the '205 and '415 patents, are also directed to variable (analog) sensors providing snap-through tactile feedback to a human finger.  *Compare, e.g.,* '205 asserted claim 7 and '415 asserted claim 4 with '791 asserted claim 44.  Anascape acknowledges that the '791 patent "relates to variable sensors with tactile feedback."  *See* Anascape's Proposed Grouping of Patents at 2.  Accordingly, as the '791, '205 and '415 patents are all directed towards similar subject matter and technical areas, they should be grouped together.

Dated: December 8, 2006

Respectfully submitted,

By: */s/ Lawrence L. Germer*
Lawrence L. Germer
Texas Bar No. 0782400
GERMER GERTZ L.L.P
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas 77701
Tel.:   (409) 654-6700
Fax:    (409) 835-2115

Robert J. Gunther, Jr.
(robert.gunther@lw.com)
James S. Blank
(james.blank@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022
Tel.:   (212) 906-1200
Fax:    (212) 751-4864

Robert W. Faris

3

(rwf@nixonvan.com)
Joseph S. Presta
(jsp@nixonvan.com)
NIXON & VANDERHYE, P.C.
1100 North Glebe Road
8th Floor
Arlington, VA  22201
Tel.:    (703) 816-4000
Fax:    (703) 816-4100

Attorneys for Defendant Nintendo of America Inc.

4

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served to the following counsel of record in the manner indicated this 8th day of December, 2006:

Via ECF/Notice of Electronic Filing

Sam Baxter
McKool Smith, P.C.
505 E. Travis, Suite 105
Marshall, Texas  75670

                                        */s/ Lawrence L. Germer*