IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | § | |
|---|---|---|
| ANASCAPE, LTD., | § | |
| | § | |
| Plaintiff, | § | Hon. Ronald Clark |
| | § | |
| v. | § | Civil Action No.: 9:06-CV-00158-RC |
| | § | |
| MICROSOFT CORP. and | § | |
| NINTENDO OF AMERICA INC. | § | |
| | § | |
| Defendants. | § | |

## MICROSOFT'S RESPONSE TO
## ANASCAPE'S PROPOSED GROUPING OF PATENTS

By Order dated August 16, 2006, the Court directed Anascape to propose a logical grouping of the twelve patents-in-suit, including no more than four patents in each group, in order to assist the Court in determining how to best group the patents for the *Markman* hearing and other purposes. *See* Docket No. 4. On August 25, Anascape filed its Proposed Grouping of Patents. *See* Docket No. 11.

During the meet and confer process pursuant to Rule 26(f), Anascape agreed to provide Microsoft and Nintendo with a letter identifying, on a preliminary basis, the asserted claims of each of the twelve patents-in-suit as well as the accused products so that the parties could completely address the patent grouping issue at the December 13 conference. *See* Joint Conference Report at 10. On December 1, Anascape provided that letter to Microsoft and Nintendo. *See* Ex. A hereto. Now that Microsoft has the information set forth in Anascape's December 1 letter regarding which claims of which patents Anascape is asserting against which

MICROSOFT'S RESPONSE TO
ANASCAPE'S PROPOSED GROUPING OF PATENTS                                                                   Page 1

products, Microsoft respectfully submits this Response to Anascape's Proposed Grouping of Patents so that the patent grouping issue can be fully addressed at the December 13 conference.

In its Amended Complaint, Anascape alleges that both Microsoft and Nintendo infringe five of the twelve patents-in-suit and that Microsoft alone infringes the remaining seven patents-in-suit. *See* Docket No. 40. Anascape's allegations of infringement of the patents break down as between Microsoft and Nintendo as follows:

| PATENTS ASSERTED AGAINST MICROSOFT AND NINTENDO | PATENTS ASSERTED AGAINST ONLY MICROSOFT |
|---|---|
| 6,344,791 | 5,999,084 |
| 6,351,205 | 6,102,802 |
| 6,563,415 | 6,135,886 |
| 6,906,700 | 6,208,271 |
| 6,222,525 | 6,343,991 |
|  | 6,347,997 |
|  | 6,400,303 |

Anascape grouped the twelve patents strictly by patent family. *See* Anascape's Proposed Grouping of Patents at 2. However, an analysis of the claims in each patent that Anascape has chosen to assert shows that patent family is not the most logical grouping for some of the patents. Instead, some of the patents claim subject matter that has more in common with claims of other families than with claims of its own family. Microsoft submits that the grouping should be based on commonality of the claimed subject matter, which for some of the patents corresponds to patent family but for some of the patents does not. Set forth below is Microsoft's proposed grouping based on common subject matter in the asserted claims.

### I.     Patents Asserted Against Both Defendants

Microsoft submits that the five patents asserted against both Microsoft and Nintendo should be broken into two groups.

*Group A*: Microsoft agrees with Anascape's proposal that the '525 and '700 patents be grouped together. *See* Anascape's Proposed Grouping of Patents at 2. These patents are part of the same patent family, share some of the same specification, and claim, generally speaking, hand-operated controllers with various specific requirements. While the asserted claims of the two patents are quite different, they have more in common with each other than with the asserted claims from any of the other patents.

*Group B*: Microsoft submits that the remaining three patents asserted against both Microsoft and Nintendo – the '791, '205 and '415 patents – should be grouped together. The '205 and '415 patents share the same specification and are part of the same patent family, and their claims are directed to variable (analog) sensors providing snap-through tactile feedback to a human finger. Anascape agrees that the '205 and '415 patents should be grouped together. *See* Anascape's Proposed Grouping of Patents at 2. While the specification of the '791 patent is not the same as the specification of the '205 and '415 patents and while the '791 patent arose from a different patent family, the claims of the '791 patent, like the claims of the '205 and '415 patents, are also directed to variable (analog) sensors providing snap-through tactile feedback to a human finger. *Compare, e.g.,* '205 asserted claim 7 and '415 asserted claim 4 with '791 asserted claim 44. Anascape acknowledges that the '791 patent "relates to variable sensors with tactile feedback." *See* Anascape's Proposed Grouping of Patents at 2. Accordingly, as the '791, '205 and '415 patents are all directed towards similar subject matter and technical areas, they should be grouped together.

## II.    Patents Asserted Against Microsoft Only

Microsoft further submits that the seven patents asserted against Microsoft only should be broken into three additional groups.

*Group C*:  Microsoft submits that the '886 and '084 patents should be grouped together.  Although these two patents arose in different patent families, the claims Anascape has asserted from the two patents are directed to the same general subject matter, namely, "pressure-sensitive variable conductance" analog sensors with a dome cap and/or tactile feedback.  *Compare* '886 asserted claim 7 with '084 asserted claim 5.  Furthermore, these two patents share much of the same specification.  These two patents are quite similar in subject matter to the three patents in Group B above.  However, given the Court's request that no more than four patents be included in any one group, Microsoft submits that the breakdown of these five patents into Groups B and C is logical given that Anascape chose to assert the patents in Group B against both Microsoft and Nintendo and to assert the patents in Group C only against Microsoft.

*Group D*:  Microsoft submits that the '802, '991, and '997 patents should be grouped together.  The asserted claims in these three patents relate to game or imagery controllers with pressure-sensitive buttons.  All three patents are in the same patent family and share much of the same specification.  Anascape agrees with this grouping.  *See* Anascape's Proposed Grouping of Patents at 2.

*Group E*:  The '271 and '303 patents should be grouped together.  They are part of the same patent family and share a common specification.  More importantly, the asserted claims of these two patents all involve hand-held remote controllers having depressible buttons with pressure-sensitive variable-conductance sensors.  Anascape concurs with this grouping.  *See* Anascape's Proposed Grouping of Patents at 2.

The following table summarizes Microsoft's proposed grouping:

| Group | Patents | Defendants | General Subject Matter of Asserted Claims | Comparison to Anascape's Proposal |
|---|---|---|---|---|
| Group A | '525 '700 | Microsoft Nintendo | Hand-operated controllers having various combinations of buttons and sensors. | Same |
| Group B | '791 '205 '405 | Microsoft Nintendo | Variable (analog) sensors providing snap-through tactile feedback to a human finger. | Different |
| Group C | '886 '084 | Microsoft | Pressure-sensitive variable conductance analog sensors with a dome cap and/or tactile feedback. | Different |
| Group D | '802 '991 '997 | Microsoft | Game/imagery controllers with pressure-sensitive buttons. | Same |
| Group E | '271 '303 | Microsoft | Hand-held remote controllers having depressible buttons with pressure-sensitive variable-conductance sensors. | Same |

For the reasons stated herein, Microsoft requests that the Court group the twelve asserted patents into the five groups set forth above for any proceedings for which the Court sees fit to use patent groupings during this case.

Respectfully submitted,

Dated: December 8, 2006        By: /s/ J. Christopher Carraway _____
J. Christopher Carraway (admitted *pro hac vice*)
Lead Attorney
christopher.carraway@klarquist.com
Joseph T. Jakubek (admitted *pro hac vice*)
joseph.jakubek@klarquist.com
Stephen J. Joncus (admitted *pro hac vice*)
stephen.joncus@klarquist.com
Richard D. Mc Leod (Bar No. 24026836)
rick.mcleod@klarquist.com
Derrick W. Toddy (admitted *pro hac vice*)
derrick.toddy@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600

Portland, Oregon  97204
Telephone:  503-595-5300
J. Thad Heartfield (Bar No. 09346800)
thad@jth-law.com
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789

Clayton E Dark Jr. (Bar No. 05384500)
clay.dark@yahoo.com
Clayton E Dark Jr., Law Office
207 E Frank Ave # 100
Lufkin, TX 75901
Telephone:  936-637-1733

Stephen McGrath, Esq. (admitted *pro hac vice*)
MICROSOFT CORPORATION
One Microsoft Way, Building 8
Redmond, Washington  98052-6399
Telephone:  425-882-8080
Facsimile:  425-706-7329

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system and/or first-class mail this 8th day of December, 2006.

                                                         */s/ J. Christopher Carraway*