IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD. § | | |
| § | Hon. Ronald Clark | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 9:06-CV-00158-RC | |
| § | | |
| MICROSOFT CORPORATION, and § | | |
| NINTENDO OF AMERICA, INC., § | | |
| § | | |
| Defendants. § | | |

**DECLARATION OF J. CHRISTOPHER CARRAWAY IN SUPPORT
OF DEFENDANT MICROSOFT'S MOTION TO STAY PROCEEDINGS PENDING
COMPLETION OF THE REEXAMINATION OF THE PATENTS-IN-SUIT**

1. I, J. Christopher Carraway, am an attorney with the firm of Klarquist Sparkman, LLP, counsel for defendant Microsoft Corporation, and I have been admitted *pro hac vice* to practice in this Court for this case. I have personal knowledge of the facts herein and, if called as a witness, could testify competently thereto.

2. Pursuant to E.D. Tex. Civil L.R. 7(b), certain of the exhibits attached hereto "have the cited portions highlighted[.]" Thus, where this declaration states that a "true and correct copy" of a document is attached as an exhibit, that statement does not reflect that certain of such exhibits contain highlighting or bracketing of the portions pertinent to this motion.

3. On December 13, 2006, Microsoft filed a request for ex parte reexamination of U.S. Patent No. 6,102,802. On December 15, 2006, Microsoft filed a request for ex parte reexamination of U.S. Patent No. 5,999,084. On January 12, 2007, Microsoft filed a request for inter partes reexamination of U.S. Patent No. 6,347,997. Microsoft is completing its work drafting requests for reexamination of the remaining nine patents-in-suit and will have finalized and filed all twelve by January 31, 2007.

- 1 -    CARRAWAY DECLARATION IN SUPPORT OF
MICROSOFT'S MOTION TO STAY PROCEEDINGS

4.	I understand that the following seven of the twelve asserted patents are eligible for inter partes reexamination by virtue of the filing date of the applications that resulted in the patents:  6,208,271, 6,343,991, 6,344,791, 6,347,997, 6,906,700, 6,563,415, and 6,400,303.  Microsoft has filed or will file reexamination requests for all seven of these patents as inter partes proceedings.

5.	As of today, both Nintendo and Anascape have served interrogatories, but no responses have been served.  No depositions have yet been taken.  Under the Court's Scheduling Order of December 20, 2006, Mandatory Disclosures are due by February 12, 2007, claim construction briefing begins May 4, 2007, claim construction hearings are scheduled for August 22 and September 19, 2007, discovery closes December 13, 2007, and trials are scheduled for March 3 and May 12, 2008.

6.	Attached hereto as Exhibit 1 is a true and correct copy of Microsoft's request for inter partes reexamination of U.S. Patent No. 6,347,997, filed with the PTO on January 12, 2007, as well as the four appendices to that request that constitute the claim charts applying the prior art to the asserted claims.  In the interest of brevity, however, Exhibit 1 excludes the exhibits that were attached to the reexamination request.

7.	Attached hereto as Exhibit 2 is a true and correct copy of cited pages from the November 8, 2006, Rule 26(f) Joint Status Report filed by the parties (Docket No. 36).

8.	Attached hereto as Exhibit 3 is a true and correct copy of cited pages from the transcript of the December 13, 2006, Case Management Conference held in this case.

9.	Attached hereto as Exhibit 4 is a true and correct copy of Anascape's Disclosure of Asserted Claims and Preliminary Infringement Contentions (without exhibits), dated December 28, 2006.

10. Attached hereto as Exhibit 5 is a true and correct copy of the PTO's Performance and Accountability Report Fiscal Year 2005, Table 13A: Ex Parte Reexamination, available at http://www.uspto.gov/web/offices/com/annual/2005/060413a_table13a.html.  This table shows that in fiscal year 2005, the PTO granted 509 out of 539 requests for ex parte reexamination.

11. Attached hereto as Exhibit 6 is a true and correct copy of the PTO's Performance and Accountability Report Fiscal Year 2006, Table 13A: Ex Parte Reexamination, available at http://www.uspto.gov/web/offices/com/annual/2006/50513a_table13a.html.  This table shows that in fiscal year 2006, the PTO granted 425 out of 453 requests for ex parte reexamination.

12. Attached hereto as Exhibit 7 is a true and correct copy of the PTO's Performance and Accountability Report Fiscal Year 2005, Table 13B: Inter Partes Reexamination, available at http://www.uspto.gov/web/offices/com/annual/2005/060413b_table13b.html.  This table shows that in fiscal year 2005, the PTO granted 54 out of 57 requests for inter partes reexamination.

13. Attached hereto as Exhibit 8 is a true and correct copy of the PTO's Performance and Accountability Report Fiscal Year 2006, Table 13B: Inter Partes Reexamination, available at http://www.uspto.gov/web/offices/com/annual/2006/50513b_table13b.html.  This table shows that in fiscal year 2006, the PTO granted 43 out of 47 requests for inter partes reexamination.

14. Attached hereto as Exhibit 9 is a true and correct copy of the PTO's Ex Parte Reexamination Filing Data, dated June 30, 2006.

15. Attached hereto as Exhibit 10 is a true and correct copy of the PTO's Inter Partes Reexamination Filing Data, dated June 30, 2006.

16. Attached hereto as Exhibit 11 is a true and correct copy of the PTO's Press Release, United States Patent and Trademark Office, USPTO Improves Process for Reviewing Patents (July 29, 2005), available at http://www.uspto.gov/web/offices/com/speeches/05-38.htm.

17. Attached hereto as Exhibit 12 are true and correct copies of cases cited in Microsoft's brief that were downloaded from the Westlaw on-line case database or copied from the United States Patent Quarterly (U.S.P.Q.) reporter.

18. Attached as Exhibit 13 is a true and correct copy of an Order in *Verity Instruments, Inc., v. Lam Research Corp.*, Case No. 4:01-CV-321 (E.D. Tex. April 10, 2002) granting the motion for a stay pending reexamination (Docket No. 36), along with a copy of the court docket for that same case retrieved from the United States District Court for the Eastern District of Texas via the Pacer service on or about January 16, 2006.

19. Attached as Exhibit 14 is a true and correct copy of an Order in *Antor Media Corp. v. Nokia, Inc.*, No. 2:05-CV-186-DF (E.D. Tex. Sept. 27, 2006), granting the motion for a stay pending reexamination (Docket No. 410).

20. Attached as Exhibit 15 is a true and correct copy of an Order in *May v. Wacoal Corp.*, Case No. 03-CV-160 (E.D. Tex. April 5, 2005) granting the motion for a stay pending reexamination (Docket No. 127).

21. Attached as Exhibit 16 is a true and correct copy of the Order in *Data Treasury Corp. v. First Data Corp.*, Case 5:03-CV-39 (E.D. Tex. April 26, 2006) denying the motion for a stay pending reexamination (Docket No. 211).

22. Attached as Exhibit 17 is a true and correct copy of a Order in *Amiga Development LLC v. Hewlett-Packard Co.*, Case No. 2:04-CV-242 (E.D. Tex. February 16, 2006) denying the motion for a stay pending reexamination (Docket No. 95)

23. In *May v. Wacoal*, Case No. 5:03cv160-DF (E.D. Tex.), Judge Folsom granted a stay pending the completion of an inter partes reexamination (No. 95/000,065) of U.S. Patent No. 6,155,906. *See* paragraph 20 above and Order attached hereto as Exhibit 15. Attached

hereto as Exhibit 18 is a true and correct copy of the PTO's docket sheet showing the status of that inter partes reexamination from the *May v Wacoal* case. Attached hereto as Exhibit 19 is a true and correct copy of the latest PTO Office Action, dated March 15, 2005, in which the PTO rejected all claims.

24. In *Echostar v. TiVo*, Judge Craven granted a stay pending the reexamination of three patents. *See* Order attached hereto as part of Westlaw cases collected in Exhibit 12. One of those patents, U.S. Patent No. 6,529,688, is subject to an inter partes reexamination proceeding (No. 95/000,173). Attached hereto as Exhibit 20 is a true and correct copy of the PTO's docket sheet showing the status of that inter partes reexamination from the *Echostar v. TiVo* case. Attached hereto as Exhibit 21 is a true and correct copy of pertinent pages of the latest PTO Office Action, dated September 29, 2006, in which the PTO rejected all claims that were challenged in the reexamination request.

25. Attached hereto as Exhibit 22 is a true and correct copy of a news article discussing the November 2001 launch of Microsoft's Xbox and original Xbox controllers.

26. Attached hereto as Exhibit 23 is a true and correct copy of the PTO's docket sheet for U.S. Patent App. No. 10/042,027 (the "027 Application"), filed by Brad Armstrong. Attached hereto as Exhibit 24 is a true and correct copy of the December 4, 2002 Office Action in the 027 Application. Attached hereto as Exhibit 25 is a true and correct copy of the June 10, 2004 Notice of Abandonment of the 027 Application.

27. Attached hereto as Exhibit 26 is a true and correct copy of Section 2261 of the PTO's Manual of Patent Examining Procedure.

28. I declare under penalty of perjury that the foregoing statements are true.

Executed this 16th day of January, 2007 at Portland, Oregon.

_____
J. Christopher Carraway

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of January, 2007.  Plaintiff has also been served by **hand delivery** and e-mail to its counsel at:

>Luke McLeroy
>McKool Smith
>300 Crescent Court
>Suite 1500
>Dallas, TX 75201
>MSAnascape@mckoolsmith.com

>>/s/ J. Christopher Carraway