# EXHIBIT 16

DECLARATION OF J. CHRISTOPHER CARRAWAY IN SUPPORT
OF DEFENDANT MICROSOFT'S MOTION TO STAY PROCEEDINGS PENDING
COMPLETION OF THE REEXAMINATION OF THE PATENTS-IN-SUIT

# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| | § | |
| V. | § | No. 5:03CV39 |
| | § | |
| **FIRST DATA CORPORATION, FIRST** | § | |
| **DATA MERCHANT SERVICES CORP.,** | § | |
| **TELECHECK SERVICES, INC.** *d/b/a* | § | |
| **TELECHECK INTERNATIONAL, INC.,** | § | |
| **and MICROBILT CORPORATION** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendants' Motion to Stay (Docket Entry # 165) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

## DEFENDANTS' MOTION

First Data Corporation, First Data Merchant Services Corporation, TeleCheck Services, Inc. and TeleCheck International, Inc. ("Defendants") move the Court for a stay of this action in light of patent reexamination proceedings before the United States Patent & Trademark Office ("PTO"). According to Defendants, on January 6, 2006, the PTO found there were "substantial questions of patentability" as to the claims of DataTreasury Corporation's asserted patents (U.S. Patent Nos. 5,901,988 and 6,032,137) and ordered a "reexamination" of the '988 and '137 patents. Defendants state the PTO has determined that reexamination of all of the claims of the '988 and '137 patents should be conducted. Defendants assert substantial time and resources will be saved by staying the current proceedings in light of the reexamination of the patents by the PTO, the agency with

particular technical expertise for evaluating patents and prior art. Specifically, Defendants request that: (1) the pretrial and trial dates be adjourned; (2) all proceedings in this case be stayed pending a future status conference; and (3) the parties be ordered to appear before the Court for this future status conference on July 10, 2006, to advise the Court on the progress of the reexamination proceedings and to discuss the stay of the proceedings in this litigation.

## PLAINTIFF'S RESPONSE

DataTreasury Corporation ("Plaintiff") opposes Defendants' motion to stay proceedings for several reasons. First, Plaintiff states it filed a new lawsuit against various defendants, including First Data and Telecheck Services, for infringement of an additional patent recently acquired by DataTreasury (Cause No. 2:06cv72 - DF), and as a result, the parties to this action will be litigating against one another in the Eastern District of Texas regardless of the reexamination proceedings recently requested by First Data. Second, Plaintiff contends the PTO's decision to proceed with reexamination has far less import than urged by Defendants because, according to Plaintiff, requests for reexamination are routinely granted and the PTO ultimately confirms all patent claims in almost one out of every three patents reexamined. Third, Plaintiff asserts the requested stay would likely result in a lengthy delay of this case, which has already been pending for over three years. Fourth, Plaintiff maintains the prospect for cancellation of all claims in the '988 and '137 patents as a result of reexamination are unrealistic. Fifth, Plaintiff states various issues, including inequitable conduct and invalidity, will not or cannot be considered by the PTO and will remain disputed.

## DEFENDANTS' REPLY

In their reply, Defendants assert these new factual developments further weigh in favor of the stay: (1) Plaintiff filed a new lawsuit asserting six patents against 57 separate entities and has

expressed its intent to consolidate the new action with the present case, thus showing Plaintiff cannot be prejudiced by the requested limited stay; (2) Plaintiff did not file a statement on the new questions of patentability in either the '988 or '137 reexaminations, making an official Office Action and patentee response likely to issue more quickly than would otherwise be the case, favoring a stay; and (3) Plaintiff filed a Motion for Clarification requesting three additional weeks of discovery, proving substantial discovery remains open. Defendants further emphasize they are requesting a limited stay, not an indefinite one. According to Defendants, by granting their motion, the Court would merely be staying the litigation until July 10, 2006 when the Court would hear the status of the reexaminations to determine whether a further stay is warranted or whether the litigation should be resumed.

## APPLICABLE LAW

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Sofnvare LLC v. Amazon.Com*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

## DISCUSSION

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Plaintiff, weighs slightly in favor of granting the stay. The Fifth Amended Docket Control Order sets the final pretrial conference and jury selection dates as September 5-6, 2006. Defendants are asking for a stay of proceedings until July 10, 2006. Defendants request that the parties meet on July 10, 2006 to discuss the reexamination proceedings and whether to continue the stay or resume litigation proceedings under a revised schedule. Defendants maintain the harm, if any, caused to Plaintiff will be minimal and substantially outweighed by the benefits of staying these proceedings now. While the harm to Defendants in staying the case until July may not be substantial, the Court must consider the remaining two factors before determining whether this case should be stayed even for a limited time.

The second factor, whether a stay would simplify the issues in this case, does not support granting the stay. In *Soverain*, Judge Davis noted that while reexamination would simplify the case if the PTO finds all the allegedly infringing claims are cancelled, "this historically happens in only 12% of reexaminations requested by a third party. The unlikelihood of this result, which favors not staying the case, is offset by the possibility that some of the claims may change during reexamination, which favors staying the case." *Soverain*, 356 F.Supp.2d at 662. Judge Davis further noted that although some of the claims may change "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Id.* at 663. Here, Defendants do not seek to put this case indefinitely on hold. However, the Court finds the possibility of issue simplification is not sufficiently persuasive in this case to favor a stay.

The Court finds the third factor, whether discovery is complete and whether a trial date has been set, weighs against granting the stay. According to the Fifth Amended Docket Control Order, May 5, 2006 is the deadline for fact discovery. This case is scheduled for trial in September. The parties have conducted discovery, and the Court has completed its order construing the claims at issue in this case. "Given the resources that the parties and the Court have already invested in this case, staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate." *Id.*

In sum, the Court does not find a stay appropriate in this instance. The Court is of the opinion Defendants' motion should be denied. Accordingly, it is

**ORDERED** that Defendants' Motion to Stay (Docket Entry # 165) is hereby **DENIED**.

**SIGNED this 26th day of April, 2006.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE