# EXHIBIT 24

DECLARATION OF J. CHRISTOPHER CARRAWAY IN SUPPORT
OF DEFENDANT MICROSOFT'S MOTION TO STAY PROCEEDINGS PENDING
COMPLETION OF THE REEXAMINATION OF THE PATENTS-IN-SUIT



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/042,027 | 01/07/2002 | Brad A. Armstrong | 21.1 | 7204 |

7590    12/04/2002

Brad A. Armstrong
P.O. Box 1419
Paradise, CA 95967

| EXAMINER |
|---|
| PARADISO, JOHN ROGER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3721 | |

DATE MAILED: 12/04/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/042,027 | ARMSTRONG, BRAD A. |
| | Examiner | Art Unit |
| | John R. Paradiso | 3721 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>06 September 2002</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-84</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-84</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
   If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All  b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
   a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)     Office Action Summary     Part of Paper No. 6

Application/Control Number: 10/042,027                                                                 Page 2
Art Unit: 3721

## DETAILED ACTION

*Claim Rejections - 35 USC § 103*

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 1-9, 14-18, 20-33, 44, 56-63, 67, and 68 are rejected under 35 U.S.C. 103(a) as being unpatentable over INOUE ET AL (US 5,207,426) in view of MITSUMI ELECTRIC (JP 5-87760) and ENGLE ET AL (US 5889507)

INOUE ET AL discloses a controller (10) of the type held in two hands which is used for controlling computer imagery. A plurality of depressible surfaces (12, 13) are pressed by the user and in turn press upon electricity-manipulating devices (121-123, 133-134) that generated signals which are then output to the computer for use in controlling imagery. One of the depressible surfaces comprises a four-position rocker switch, with four electricity-manipulating devices associated with it. (See INOUE ET AL columns 3-7 and figures 1, 3, and 6.)

INOUE ET AL does not disclose the electricity-manipulating devices as being pressure-sensitive sensors in order to provide an analog signal so that a user can control the computer imagery action in proportion to the intensity of force used on the controls.

Application/Control Number: 10/042,027    Page 3
Art Unit: 3721

MITSUMI ELECTRIC discloses a pressure-sensitive analog sensor that produces a signal proportional to the pressure applied to the sensor. (See MITSUMI ELECTRIC pages 3 and 5 and Figure 2.)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use the pressure-sensitive analog sensors, as taught by MITSUMI ELECTRIC, in the invention of INOUE ET AL in order to provide a more intuitive and faster-reacting interface for the display.

The combination of INOUE ET AL and MITSUMI ELECTRIC does not disclose the interactive tactile feedback elements being placed on a flexible membrane.

ENGLE ET AL discloses a controller with sensors and a keyboard mounted on a flexible membrane (172) which gives tactile feedback when the keys are depressed.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to mount the interactive tactile feedback elements of the combination of INOUE ET AL and MITSUMI ELECTRIC on a flexible membrane, as taught by ENGLE ET AL, in order to provide an ease of manufacturing due it's modularity and lack of fragility.

Regarding claims 22-24, the use of multiple, Applicant is given Official Notice that interdigitated foil runs in printed circuit boards is notoriously well known in the art and it would have been obvious to one of ordinary skill in the art at the time the invention was made to use such runs in the combination described above in order to increase the flexibility in board designs/modifications/manufacture.

Regarding claim 27, the use of on/off switches are notoriously well known in the art and it would have been obvious to one of ordinary skill in the art at the time the invention was made

Application/Control Number: 10/042,027                                                  Page 4
Art Unit: 3721

to use one of the buttons of the combination described above as an on/off switch in order to provide a way for the user to turn the invention on or off conveniently.

3.  Claims 10-13, 19, 34-43, 45-55, 64-66, and 69-84 are rejected under 35 U.S.C. 103(a) as being unpatentable over INOUE ET AL in view of MITSUMI ELECTRIC and ENGLE ET AL, as applied to claims 1 and 9 and above, and further in view of MINELLI ET AL (US 5564560).

The combination of INOUE ET AL and MITSUMI ELECTRIC and ENGLE ET AL, as described above, substantially discloses the claimed invention except for the sensors having dome caps and tactile feedback.

MINELLI ET AL discloses a button (10) for electronic controls including a dome cap (20) that provides tactile feedback when the button is pressed.  (See MINELLI ET AL column 2 line 42 to column 3 line 8, column 4 lines 54-66, and figure 2.)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use the rocker, as taught by MINELLI ET AL, in the combination of INOUE ET AL and MITSUMI ELECTRIC and ENGLE ET AL in order to provide an interface that is more comfortable and certain in use.

Regarding claims 12, 19, and 49, the use of on/off switches are notoriously well known in the art and it would have been obvious to one of ordinary skill in the art at the time the invention was made to use one of the buttons of the combination described above as an on/off switch in order to provide a way for the user to turn the invention on or off conveniently.

Application/Control Number: 10/042,027  Page 5
Art Unit: 3721

*Response to Arguments*

4. Applicant's arguments filed 9/6/2002 have been fully considered but they are not persuasive.

5. Applicant states on page 29 of his Response that "Applicant disagrees that the claims 1-84 as originally submitted and examined were obvious as stated in the Office Action ... and request the grounds for rejection under 35 USC 103 be withdrawn...".

However, lacking a specific argument about a specific point of the rejection, Applicant's arguments fail to comply with 37 CFR 1.111(b) because they amount to a general allegation that the claims define a patentable invention without specifically pointing out how the language of the claims patentably distinguishes them from the references.

6. On pages 29-59 of his Response, Applicant gives an explanation of the features of each claim in turn and states with each claim's explanation that that claim is allowable.

However, lacking a specific argument about a specific point of the rejection, Applicant's arguments fail to comply with 37 CFR 1.111(b) because they amount to a general allegation that the claims define a patentable invention without specifically pointing out how the language of the claims patentably distinguishes them from the references.

Application/Control Number: 10/042,027　　　　　　　　　　　　　　　　　　Page 6
Art Unit: 3721

7.　　Applicant states on page 59 of his Response that "Mitsumi does not teach or suggest a force or pressure sensitive button in the right hand of the housing."

　　However, this feature is taught by MINELLI ET AL and explained in the rejection above.

8.　　Applicant states on page 59 of his Response that the references do not "teach or suggest a flexible membrane sheet".

　　However, this argument is moot in view of the new ground(s) of rejection above.

9.　　Applicant states on page 60 of his Response that "The Minelli button of Pat '560 while including tactile feedback as stated by the Examiner, comprises two normally open stacked pairs of contacts…"

　　However, while MINELLI ET AL does not disclose the exact same invention as the instant application, the features of MINELLI ET AL nonetheless show a teaching that, together with the other references used in the combination, make obvious the claims in the instant application.

10.　　Applicant states on page 62 of his Response that "the Mitsumi Electric disclosure includes nothing therein which would suggest to one skilled in that art that the left hand positioned key 12 can and should be combined with a game controller as a single button, …."

Application/Control Number: 10/042,027  Page 7
Art Unit: 3721

Applicant also states on page 62 that "There exists a complete lack of suggestion in the drawings and writing of the relied upon Mitsumi and Inoue and Minelli et al disclosures that the teachings thereof ... to solve some problem, the problem which is not identified in the reference as a problem in need of a solution."

However, the examiner recognizes that obviousness can only be established by combining or modifying the teachings of the prior art to produce the claimed invention where there is some teaching, suggestion, or motivation to do so found either in the references themselves or in the knowledge generally available to one of ordinary skill in the art. See *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988) and *In re Jones*, 958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992). In this case, while there is no specific statement in any of the references that say for instance "This reference lacks the following: ...", Examiner maintains that it would have been obvious to one of ordinary skill in the art at the time the invention was made to combine the references as detailed above.

Examiner further notes that it must be recognized that any judgment on obviousness is in a sense necessarily a reconstruction based upon hindsight reasoning. But so long as it takes into account only knowledge which was within the level of ordinary skill at the time the claimed invention was made, and does not include knowledge gleaned only from the applicant's disclosure, such a reconstruction is proper. See *In re McLaughlin*, 443 F.2d 1392, 170 USPQ 209 (CCPA 1971).

Application/Control Number: 10/042,027 Page 8
Art Unit: 3721

*Reference Citations*

11. The following prior art made of record and not relied upon is considered pertinent to Applicant's disclosure:

- BRANDENBURG ET AL discloses a control device with a flexible membrane.

*Conclusion*

12. Any inquiry concerning this communication or earlier communications from the examiner should be directed to John Paradiso. The examiner can normally be reached Monday-Friday, 9:30 p.m. – 6:00 p.m. (ET).
    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Rinaldi Rada, can be reached at the number listed below.
    Any inquiry of a general nature or relating to the status of this application should be directed to the 3700 Technology Center receptionist.

| | | |
|---|---|---|
| Examiner John Paradiso | (703) 308-2825 | December 2, 2002 |
| Fax (Direct to Examiner): | (703) 746-3253 | |
| Supervisor Rinaldi Rada | (703) 308-2187 | |
| Receptionist | (703) 308-1148 | |

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | *Notice of References Cited* | 10/042,027 | ARMSTRONG, BRAD A. |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | John R. Paradiso | 3721 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5,889,507 | 03-1999 | Engle et al. | 345/161 |
| | B | US-5,231,386 | 07-1993 | Brandenburg et al. | 345/174 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)          Notice of References Cited          Part of Paper No. 6