# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | § | |
|---|---|---|
| ANASCAPE, LTD., | § § § | |
| Plaintiff, | § § | Hon. Ronald Clark |
| v. | § § | Civil Action No.: 9:06-CV-00158-RC |
| MICROSOFT CORP. and NINTENDO OF AMERICA INC., | § § § § | |
| Defendants. | § | |

### DEFENDANT NINTENDO OF AMERICA INC.'S MOTION
### TO STAY LITIGATION PENDING PTO
### REEXAMINATION OF THE ASSERTED PATENTS

Nintendo of America Inc. ("Nintendo") respectfully moves this Court to stay all proceedings in this action pending the reexamination by the United States Patent and Trademark Office ("PTO") of the patents asserted in the instant lawsuit.

## INTRODUCTION

On January 16, 2007, Microsoft Corporation ("Microsoft") moved to stay this litigation while the Patent Office reexamines all twelve Anascape patents asserted against Microsoft in this litigation. Five of these same Anascape patents are asserted in this litigation against Nintendo. Nintendo has decided to request the PTO to reexamine at least three of the five patents asserted against it, namely the '791, '205 and '415 patents, all of which are eligible for inter partes reexamination. Nintendo will file for inter partes reexamination of all three of these patents.[1] As

---

[1] In its stay motion, Microsoft did not list the '205 patent as being eligible for inter partes reexamination. However, since the '205 patent was filed on December 6, 1999, it is, in

a result, Nintendo will be estopped from relitigating any of the prior art that is presented during the reexamination of these patents, guaranteeing that the issues with respect to these patents will be simplified if further litigation is required in this Court at the conclusion of the reexamination proceedings.[2]  Nintendo will file its reexamination petitions for the '791, '205 and '415 patents with the PTO by January 31, 2007—before briefing on the motion to stay is completed.

The reasons supporting Microsoft's stay motion apply with equal force to Nintendo and support a stay of the litigation as to both Nintendo and Microsoft pending completion of reexamination proceedings in the PTO.  Accordingly, Nintendo joins in co-defendant Microsoft's Motion to Stay Litigation Pending Reexamination of the Patents-In-Suit by the Patent Office ("Microsoft Motion") and respectfully submits this brief in support of its motion.

## A STAY PENDING REEXAMINATIONS IS WARRANTED

This Court has identified the following three factors in deciding whether to grant a stay pending reexamination: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Alza Corp. v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006).  Each of these factors decisively favors a stay in this case.

**A.    The Reexams Will Either Dispose Of The Entire Case Against Nintendo Or, At A Minimum, Greatly Simplify The Issues**

- Claims that are invalidated or amended will eliminate issues from the case:

---

fact, eligible.  *See* 37 C.F.R. § 1.913.  Microsoft's counsel has informed us that Microsoft also intends to request inter partes reexamination of the '205 patent.

[2] Nintendo is further considering reexamination petitions with respect to the remaining two patents asserted against it, i.e., the '525 and '700 patents. Microsoft has already announced its intention to seek reexamination of these two patents.

Anascape has asserted forty-four patent claims against two different Nintendo home video game systems and five different controllers. More specifically, Anascape asserts that Nintendo's GameCube console and compatible GameCube controllers infringe seventeen claims of the '791 patent, two claims of the '205 patent, four claims of the '415 patent, fourteen claims of the '700 patent, and nine claims of the '525 patent. Anascape asserts that Nintendo's GameCube console and compatible GameCube Wavebird wireless controllers infringe eleven claims of the '791 patent, two claims of the '205 patent, four claims of the '415 patent, nine claims of the '700 patent, and nine claims of the '525 patent. Anascape also asserts that Nintendo's recently introduced Wii console and compatible Classic and Remote controllers infringe sixteen claims of the '791 patent, two claims of the '205 patent, four claims of the '415 patent, nine claims of the '700 patent, and nine claims of the '525 patent. In addition, Anascape asserts that Nintendo's Wii console and compatible Nunchuk and Remote controllers infringe claim 19 of the '700 patent. *See* Anascape's Preliminary Infringement Contentions at 2-3.

The accused GameCube console (and its associated controllers) was introduced several years ago and is in the late stage of its product life cycle, with sales on the decline. The new Wii console (and its associated controllers) introduced this past November, is the next generation Nintendo home video game system. If past history is a guide, the introduction of the Wii will further erode sales of the prior generation GameCube. By the time the reexaminations are completed, if GameCube sales have not ceased entirely, they will be, at most, de minimis. Claims that are cancelled during reexamination cannot be asserted against GameCube or any other product. In addition, as noted in Microsoft's motion, claims that are amended during the reexamination process can only be asserted prospectively. As a result, any amended claims will be treated as if they issued for the first time at the end of reexamination process, such that

infringement of such claims can only exist for activities that occur after the reexamination has been completed. *See* Microsoft Motion at 7. Also as noted in Microsoft's motion, reexamination historically has led to cancellation or amendment of 74% of claims in ex parte reexaminations and an even higher percentage in inter partes reexaminations. *See* Microsoft Motion at 5.

The practical effect of the foregoing is that reexamination of the five patents asserted against Nintendo could very well eliminate from the case one of the two accused Nintendo consoles—the GameCube— and its related controllers, if not eliminate the entire case. By asserting certain different claims against the Wii products, Anascape acknowledges the fact that the Wii products have functional and structural differences from the GameCube products. Eliminating at least the GameCube products from the case would streamline and simplify this case significantly for both the Court and the jury since, among other reasons, neither the Court not the jury will need to consider two different accused products and the Court will not have to construe four patent claims that are asserted against GameCube but not against Wii.

- <u>Even if claims survive, four of the five patents asserted against Nintendo will be the subject of inter partes reexam, which has an estoppel provision, thereby ensuring further streamlining and simplification of the case</u>:

Four of the five patents asserted against Nintendo – the '791, '415, '205 and '700 patents – are eligible for inter partes reexamination. *See* Microsoft Motion at 4, note 2; *supra* note 1. As noted above, Nintendo will file for inter partes reexamination on the '791, '205 and '415 patents. Microsoft has already stated its intention to file for inter partes reexamination on the '700 patent. This means that, in the event that these patents survive reexamination, Nintendo (and Microsoft) will be estopped from relitigating the prior art presented in the inter partes reexaminations. 35 U.S.C. § 315(c). Furthermore, eliminating all or some of these claims from the case, combined with the potential estoppel effect that will apply to the patents that are eligible for inter partes

4

reexamination, will result in a significantly streamlined case for the Court, the jury and the parties, which will save time and resources.  In addition, a stay pending reexamination will permit the Court and the parties to have the benefit of the PTO's expertise in assessing the validity of the asserted claims in view of the prior art.

**B.      Anascape Will Not Be Prejudiced By A Stay**

Unlike Nintendo and Microsoft, who would suffer prejudice in the absence of a stay as a result of having to litigate at great expense claims that may be cancelled or amended during the reexamination process, Anascape will not be prejudiced by a stay.

- <u>Because Anascape and Nintendo are not competitors, monetary damages can adequately compensate Anascape for any damages that might accrue during the stay</u>:

By its own admission, Anascape does not manufacture any products or compete with Nintendo.  *See* Case Mgmt. Conf. Tr. at 6:11-15 (Dec. 13, 2006).  Thus, it is highly unlikely that Anascape will be entitled to injunctive relief in this case.  *See eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006); *Paice LLC v. Toyota Motor Corp.*, 2006 U.S. Dist. LEXIS 61600 (E.D. Tex. Aug. 16, 2006).  In such circumstances, monetary damages in the form of a reasonable royalty are the most that Anascape is entitled to and will be adequate to compensate Anascape.

- <u>Anascape's four year delay delaying in bringing this litigation confirms that it will not be prejudiced by a stay</u>:

Anascape first informed Nintendo of three of the five patents-in-suit in April 2002, when it offered to license the patents to Nintendo.  At that time, Anascape made no assertion that any Nintendo products infringed the patents.  In July 2002, Nintendo responded to Anascape, stating that it would look into the issue and let Anascape know if it had any interest in the patents.  Nintendo determined that it had no interest in licensing the patents and did not hear again from

5

Anascape until more than four years later, when Anascape filed this litigation on July 31, 2006. Given this delay, Anascape cannot credibly assert that it will suffer undue prejudice by a stay. *See* Microsoft Motion at 12.

- <u>Pursuant to 35 U.S.C. § 305, the PTO is required to act on the reexamination petitions with special dispatch:</u>

As noted by Microsoft, the PTO is required by statute to determine whether to grant or deny all reexamination requests within three months of their filing, and PTO statistics show that over 93 % of reexamination requests are granted. *See* Microsoft Motion at 4. Here, given the clear pertinence of the prior art it has located, Nintendo will easily meet the "substantial new question of patentability" standard applied by the PTO in determining whether to grant reexamination requests. *See* 35 U.S.C. §§ 303, 312. Indeed, as Microsoft notes, some of the prior art that will be included in the reexamination petitions has been used by the PTO in Mr. Armstrong's more recent, related applications to reject claims that are very similar to those asserted by Anascape in this litigation. *See* Microsoft Motion at 9-10.

**C.     This Case Is At A Very Early Stage**

Finally, as noted in Microsoft's motion to stay, the fact that this case is at a very early stage—discovery is just beginning, mandatory disclosures by the defendants have not yet occurred, the process of claim construction has not yet started and trial is more than a year away—counsels in favor of a stay. *See* Microsoft Motion at 13-15.

**<u>CONCLUSION</u>**

For the foregoing reasons as well as the reasons set forth in Microsoft's motion to stay, Nintendo respectfully requests that this case be stayed as to both Nintendo and Microsoft pending the result of the reexamination process.

Dated: January 18, 2007

                                          Respectfully submitted,

By: /s/ *Robert J. Gunther, Jr.*
Robert J. Gunther, Jr.
(robert.gunther@lw.com)
James S. Blank
(james.blank@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022
Tel.:  (212) 906-1200
Fax:   (212) 751-4864

Robert W. Faris
(rwf@nixonvan.com)
Joseph S. Presta
(jsp@nixonvan.com)
NIXON & VANDERHYE, P.C.
1100 North Glebe Road
8th Floor
Arlington, VA  22201
Tel.:  (703) 816-4000
Fax:   (703) 816-4100

Lawrence L. Germer
(llgermer@germer.com)
Texas Bar No. 07824000
GERMER GERTZ L.L.P.
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas  77704
Tel.:  (409) 654-6700
Fax:   (409) 835-2115


 ATTORNEYS FOR NINTENDO OF
 AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 18th day of January, 2007. Any other counsel of record will be served by first-class mail.

/s/ Robert J. Gunther, Jr._____

**CERTIFICATE OF CONFERENCE**

Counsel for Nintendo has conferred with opposing counsel in a good faith attempt to resolve without court intervention the matters raised by Nintendo's foregoing Motion to Stay Litigation Pending PTO Reexamination of Asserted Patents. During the conference, counsel for Anascape stated that it opposed the motion.

/s/ Robert J. Gunther, Jr._____