# EXHIBIT G

## to

## Microsoft's Reply in Support of its
## Motion to Stay Litigation
## Pending Reexaminations

Dockets.Justia.com

Ralph Gonnocci Revocable Living Trust
v.
Three M Tool & Machine Inc.

U.S. District Court Eastern District of Michigan

No. 02-74796

Decided October 7, 2003

**PATENTS**
**[1] Practice and procedure in Patent and Trademark Office -- Reexamination -- In general (§ 110.1501)**

**JUDICIAL PRACTICE AND PROCEDURE**
**Procedure -- Stays -- In general (§ 410.2901)**
  Stay of proceedings in patent infringement action is warranted in view of defendant's application for reexamination of patent in suit before U.S. Patent and Trademark Office, since action has been pending less than one year, and far more time and resources have yet to be spent on case by parties and court, since record does not indicate that defendant unnecessarily delayed in seeking reexamination or that he is doing so to stall litigation, and since PTO's determination will be beneficial to efficient resolution of action, in that disputes may be resolved, issues may be simplified, parties may be encouraged to settle, and PTO's decision will be admissible in district court proceedings and presumed valid.

**PATENTS**
**[2] Practice and procedure in Patent and Trademark Office -- Reexamination -- In general (§ 110.1501)**

**JUDICIAL PRACTICE AND PROCEDURE**
**Procedure -- Defenses -- Estoppel (§ 410.1805)**
**Procedure -- Stays -- In general (§ 410.2901)**
  Doctrine of primary jurisdiction does not compel stay of proceedings in patent infringement action pending outcome of reexamination of patent in suit by U.S. Patent and Trademark Office, since PTO's decision is presumptively valid, but not binding on federal district court, and since determination of patent validity is question of law within conventional experience of judges; stay will nevertheless be granted in present case, since benefits of permitting PTO to address reexamination request outweigh any prejudice to plaintiff, and since doctrine of assignor estoppel does not preclude defendant from requesting reexamination of patent.

**PATENTS**
**Particular patents -- General and mechanical -- Machine tools**
  5,184,833, Cross and Gonnocci, power chuck, infringement action stayed pending reexamination.

  *1755 Action by Ralph Gonnocci Revocable Living Trust against Three M Tool & Machine Inc., Ultra Grip International Inc., Three M Holding Corp., Ultra Grip North Inc., and Michael A. Medwid for patent infringement, in which plaintiffs counterclaim for declaratory judgment of invalidity and unenforceability. On defendants' motion to stay proceedings pending outcome of request for reexamination of patent in suit before U.S. Patent and Trademark Office. Granted.

  Rodger D. Young and Steven Susser, of Young & Susser, Southfield, Mich.; Daniel H. Bliss and Gerald E. McGlynn III, of Bliss McGlynn, Troy, Mich., for plaintiff.

  Theresa A. Orr and Jeffrey P. Thennisch, of Dobrusin &Thennisch, Birmingham, Mich.; *1756 Leonard K. Berman, of Hainer & Berman, Bingham Farms, Mich., for defendants.

  Duggan, J.

  In this action, Plaintiff alleges that Defendants are infringing U.S. Patent No. 5,184,833(the '833 Patent). [FN1] Defendants have filed a counterclaim seeking a declaratory judgment that the '833 Patent is invalid and unenforceable. [FN2] This matter is now before the Court on a motion by Defendants, filed August 28, 2003, to stay these proceedings pending the outcome of Defendant Michael Medwid's application to the United States Patent and Trademark Office ("PTO") for a reexamination of the '833 Patent. [FN3] In the alternative, Defendants request an adjournment of the trial date until a date and time after November 29, 2003--the date by which the PTO must provide an initial response to the Request for Reexamination. A hearing on Defendants' motion was held on October 2, 2003.

Procedural Background
  Plaintiff filed its Complaint for patent infringement on December 2, 2002. This Court entered a Pretrial Scheduling Order on February 3, 2003, setting deadlines for filing witness lists, discovery, and the filing of motions for May 31, June 30, and July 15, 2003, respectively. Pursuant to the February 3 Scheduling Order, the final pretrial conference was to be held on September 10, 2003. On June 30, Defendants filed a motion seeking an extension of the

dates set forth in the Court's Scheduling Order. The Court granted Defendants' motion in part, extending the deadlines for discovery and the filing of witness lists and motions by sixty days. On August 4, 2003, the Court set this matter for trial on its October, 2003 trailing trial docket.

According to Plaintiff, as of September 22, 2003, both parties had conducted extensive discovery and only one deposition remained to be taken. Both parties have filed their witness lists. On July 15, 2003, Plaintiff filed a motion for summary judgment. Defendants filed a response on August 22, 2003. Defendants also filed motions for summary judgment on August 29, 2003. All three motions remain pending before the Court.

On August 29, 2003, the same date Defendants' filed their motion to stay, Defendant Michael Medwid ("Medwid") filed a Request for Reexamination with the PTO of Claims 1-20 of the '833 Patent. Medwid seeks to invalidate or amend the claims of the '833 Patent, pursuant to 35 U.S.C. Section 301, on the basis that its inventors, Ralph Gonnocci ("Gonnocci") and Kenneth Cross ("Cross"), failed to file certain prior art references with their patent application. [FN4]

Applicable Law

Once a request for reexamination has been filed, the PTO must determine within three months "whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 303(a). If a substantial new question of patentability exists, the PTO must issue an order for reexamination. Ultimately, the reexamination procedure will result in an order either cancelling the patent, confirming the patent, or amending the patent.

The decision whether to stay pending district court proceedings while the PTO's reexamination takes place, while not vested expressly **1757** by statute, has been recognized to be within the court's inherent discretionary power. Gould v. Control Laser Corp., 705 F.2d. 1340, 1342 [ 217 USPQ 985] (Fed. Cir. 1983). Issuing a stay has many advantages, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

Emhart Indus. v. Sankyo Seiki Mfg. Co., 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (citing Fisher Controls Co. v. Control Components, Inc., 443 F. Supp. 581, 582 [ 196 USPQ 817] (S.D. Iowa 1977)). The reexamination procedure "was intended 'to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts,' especially where the infringement litigation is in the early stages." Softview Computer Prods. Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000) (quoting Digital Magnetic Sys., Inc. v. Ansley, 213 U.S.P.Q. 290 (W.D. Okla. 1982)). The court cautioned that "[p]arties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation." Id.

In determining whether to grant a stay, courts have considered the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Id. at 1635-36 (quoting Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 [ 50 USPQ2d 1793] (W.D.N.Y. 1999)). Despite the third consideration, courts have granted stays even where discovery has been completed and even when a trial date has been scheduled or is forthcoming. See, e.g., Emhart Indus., 3 U.S.P.Q.2d at 1891 (granting stay despite completion of costly discovery where there was no pretrial order in place, no trial schedule had been set, and virtually no trial preparations had been carried out); Grayling Indus. v. GPAC, Inc., 19 U.S.P.Q.2d 1872 (N.D. Ga. 1991) (granting stay two years after case filed and one month after pretrial order submitted, particularly as six depositions remained to be taken which would

result in added expense); Loffland Bros. Co. v. Mid. Western Energy Corp. , 225 U.S.P.Q. 886 (W.D. Okla. 1985) (granting stay one and a half years after complaint filed and after trial was scheduled to commence).

### Argument

Defendants raise several arguments in favor of their request for a stay. First, Defendants argue that the issues before the PTO in Medwid's Reexamination Request completely overlap the remaining claims before this Court. Thus awaiting the PTO's determination, Defendants argue, promotes judicial economy. Defendants contend that the PTO can more expeditiously and less expensively resolve the validity dispute involving the '833 Patent and the Court is better served by the expertise of the PTO on this issue. Defendants also claim that "investor confidence" will be promoted by PTO review of a "doubtful patent," as Plaintiff's stated goal is to license the '833 [Patent] to third parties. Defendants believe that all seven advantages identified above also will be achieved by a stay of the present action.

Turning to the three factors district courts consider in determining whether to grant a stay, Defendants argue that Plaintiff will not be prejudiced by a delay in this action. Most significantly, Defendants point out that the Court previously denied Plaintiff's earlier request for injunctive relief. Defendants also note that much remains to be done in this action before it is ready for trial. For example, no final pretrial conference has occurred, a joint final pretrial order has not been drafted, discussed, or entered by the Court, and extensive, **\*1758** additional pretrial preparations must be completed, such as motions in limine and trial briefs. Staying the proceedings while the PTO conducts its reexamination, Defendants therefore argue, will serve to protect the parties and the Court from additional undue expense and time spent preparing this matter for trial.

Defendants further contend that moving forward with these proceedings may prove wasteful if the PTO eventually determines that the '833 Patent is invalid in whole or in part. For that reason, Defendants also argue that staying this action could serve to simplify the issues and trial of the case. Defendants claim that if the PTO invalidates the '833 Patent upon reexamination, this Court will no longer have subject matter jurisdiction over Plaintiff's claim. In addition to the additional pretrial preparation that must be done, Defendants point out that three extensive summary judgment motions have been filed and remain pending in this proceeding. Finally, Defendants claim that the doctrine of primary jurisdiction supports a stay of the present proceedings pending the PTO's reexamination of the '833 Patent.

Plaintiff responds that it will be greatly prejudiced by a stay and that the proceedings will not aided by the PTO's decision. Plaintiff contends that Defendants' only reason for requesting a stay nearly ten months into litigation is to delay the case in the hopes that Gonnocci, who is in his seventies and has no income, will cause Plaintiff to drop its claims. Plaintiff doubts that Defendants honestly believe the '833 is invalid, pointing out that Defendants previously tried to obtain the '833 Patent in a state court action. Plaintiff also contends that Defendants' challenges to the validity of the '833 Patent ultimately will fail under the doctrine of assignor estoppel. Finally, Plaintiff believes that a stay is inappropriate where Defendants have intentionally waited until the eleventh hour to request a reexamination.

Staying the proceedings at this stage while the PTO conducts its reexamination, Plaintiff argues, will delay the resolution of the parties' dispute for close to twenty months (the amount of time Plaintiff claims statistics indicate reexamination proceedings last). Plaintiff points out that as time passes, memories fade, the availability of witnesses change, and the importance of the issues diminish as technology progresses. Furthermore, Plaintiff claims that the pendency of this litigation makes it difficult for Plaintiff to license the '833 Patent. Plaintiff also asserts, as it did in its motion for preliminary injunction, that Defendants are in a difficult financial situation and thus may be incapable of compensating Plaintiff down the road. For that reason, Plaintiff also asks the Court to order Defendants to post a bond pursuant to Rule 11 if it grants a stay. [FN5]

### Analysis

Although there are factors supporting Plaintiff's and Defendants' positions, the Court finds, on balance, that the interests of the parties and the Court weigh in favor of a stay. [FN6]

[1] This action has been pending for less than a year. Undoubtably the parties have spent considerable time and resources thus far-- substantial discovery has been conducted and the parties have submitted witness lists and three lengthy summary judgment motions. Yet far more time and resources remain to be spent before this matter is concluded. Two responses to motions for summary judgment must be submitted, the Court has not begun to review those motions, and much remains to be done by the parties and the Court to prepare this case for trial.

COPR. © 2007 The Bureau of National Affairs, Inc.

Plaintiff may be correct that Medwid did not act swiftly in seeking reexamination. Nothing in the record, however, indicates when Medwid became aware of the prior art which is the basis for his request for reexamination. Furthermore, Defendants' counsel only filed their notice of appearance on June 30, 2003. Thus the Court cannot conclude that Medwid unnecessarily delayed seeking a reexamination or that he only is doing so now to stall this litigation.

Furthermore, the Court finds that the PTO's determination will be beneficial to the efficient resolution of this action. The PTO may resolve **\*1759** any remaining disputes, simplify the issues with respect to that patent, or encourage the parties to settle the remaining claims. Although not binding on this Court, the PTO's decision will be admissible and carries a presumption of validity. Furthermore, the parties already have settled their claims with respect to the '382 Patent. Perhaps the PTO's decision regarding the '833 Patent will facilitate a settlement of their remaining claims.

[2] The Court does not find the doctrine of primary jurisdiction applicable to the issues to be decided in this case. As courts have explained this doctrine:

The doctrine of primary jurisdiction represents a version of the administrative exhaustion requirement under circumstances in which a judicially cognizable claim is presented but "enforcement of the claim requires resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body. . ."

Goya Foods, Inc. v. Tropicana Prods., Inc. , 846 F.2d 848, 851 [ 6 USPQ2d 1950] (2d Cir. 1988) (quoting United States v. W. Pacific R.R. , 352 U.S. 59, 64, 77 S.Ct. 161, 165 (1956)). The doctrine guarantees "uniformity and consistency in the regulation of business entrusted to a particular agency" and "is intended to recognize that, with respect to certain matters, 'the expert and specialized knowledge of the agencies' should be ascertained before judicial consideration of the legal claim." *Id.* (internal citations omitted).

The Court finds the doctrine inapplicable for the following reasons. The reexamination process only is an alternative method for challenging the validity of a patent. The PTO's decision is presumptively valid, but not binding on the district court. Additional evidence may be submitted in the district court proceedings. Finally, the determination as to whether a patent is valid is a question of law "within the conventional experience of judges." Johnson & Johnson v. Wallace A. Erickson & Co. , 627 F.2d 57, 61-62 [ 206 USPQ 873] (7th Cir. 1980) (quoting Far East Conference v. United States , 342 U.S. 570, 574, 72 S.Ct. 492, 494 (1952)). As the *Goya Foods* court explained in rejecting the application of the doctrine to a trademark infringement action:

We are not dealing here with a regulated industry in which policy determinations are calculated and rates are fixed in order to calibrate carefully an economic actor's position within a market under agency control, and the PTO's decision to permit, deny, or cancel registration is not the type of agency action that secures "uniformity and consistency in the regulation of business entrusted to a particular agency." Nor does the registration determination raise "technical questions of fact uniquely within the expertise and experience of an agency."

Goya Foods, 846 F.2d at 852 (internal citations omitted). Despite the Court's rejection of the doctrine's application to the present matter, the Court nevertheless concludes that the advantages of a stay to permit the PTO, with its technical expertise, to address Medwid's request for reexamination outweigh any prejudice to Plaintiff.

The Court is not persuaded otherwise by Plaintiff's assertion of the doctrine of assignor estoppel. That doctrine prevents a party who assigns a patent to another from later challenging the validity of the assigned patent. *See* Mentor Graphics Corp. v. Quickturn Design Sys., Inc. , 150 F.3d 1374, 1377 [ 47 USPQ2d 1683] (Fed. Cir. 1998). Plaintiff anticipates that Defendants will argue that the doctrine of assignor estoppel is inapplicable because, as Defendants claimed in earlier state court proceedings, Defendant Ultra Grip Incorporated's assignment of the '833 Patent to Gonnocci and Cross was unlawfully accomplished. Plaintiff argues that the state court action was dismissed with prejudice and thus Defendants are precluded from arguing in these proceedings that the assignment was unlawful.

First, while the state court action may have been dismissed with prejudice, the Court lacks sufficient information about that action (particularly under what circumstances it was dismissed) to conclude that Defendants should be barred from raising that issue here. Second, the assignor estoppel doctrine is an equitable doctrine that has been asserted to bar a party from claiming patent invalidity in response to an infringement action. Plaintiff cites no authority to suggest that the doctrine bars a party from requesting

COPR. © 2007 The Bureau of National Affairs, Inc.

the PTO's reexamination of a patent. In fact, at least two courts have held that Section 302 of the patent statute, which permits *any person* to request a reexamination (even anonymously), supersedes contrary equitable principles. *See* ***1760**Total Containment Inc. v. Environ Prods., Inc., 34 U.S.P.Q.2d 1254 (E.D. Pa. 1995)* (holding that "[a]lthough assignor estoppel is designed to work equity in proper circumstances, courts may not ignore statutory law . . . Courts are bound to follow express statutory commands under the fundamental principal that equity follows the law."); *Vitronics Corp. v. Conceptronic, Inc., 36 F. Supp. 2d 440, 442[ 44 USPQ2d 1536] (D.N.H. 1997)* (Holding that Section 302 places no restrictions on who may seek reexamination and this legal mandate supersedes contrary equitable principles).

Accordingly,

IT IS ORDERED, that Defendants' Motion to Stay District Court Proceedings Pending the Outcome of a Request for Reexamination of U.S. Patent No. 5,184,833 Before the U.S. Patent & Trademark Office is *GRANTED*;

IT IS FURTHER ORDERED, that this matter is *STAYED* and thus will be removed from the Court's October trailing trial docket.

> FN1. In Count II of the Complaint, Plaintiff also claimed that Defendants infringed U.S. Patent No. 6,206,382 (the '382 Patent). The parties, however, have stipulated to the dismissal of Count II. A Stipulation and Order for Dismissal with Prejudice of Claim II was entered on September 3, 2003.
>
> FN2. In Count I of their Counter-Complaint, Defendants also seek a declaratory judgment that the '382 Patent is invalid.
>
> FN3. Plaintiff filed a Response to Defendants' motion to stay on September 22, 2003. On September 29, Defendants filed a Reply in which they ask the Court to strike Plaintiff's Response as it was filed late. Defendants note that while the Court "has admonished counsel for all parties to cooperate with one another in this litigation, it is submitted that even the civility rules do not excuse non-compliance with the local rules of the Court." *See* Reply at 1. Plaintiff's Response was due September 15. While the Court does not excuse Plaintiff's untimely filing, its Response only was seven days late. Furthermore, if the Court were to strictly enforce the local rules and thus strike Plaintiff's Response, it also would be inclined to strike Defendants' motion and reply for failing to comply with Local Rule 5.1 (requiring top and bottom margins to be at least 1 1/2" and type size of all text *and footnotes* to be no smaller than 10 characters per inch (non-proportional) or 12 point (proportional).
>
> FN4. Gonnocci and Cross were the original holders of the '833 Patent. Cross subsequently died, but before his death he assigned his interest in the patent to Gonnocci. Gonnocci then assigned his ownership in the patent to Plaintiff.
>
> FN5. Rule 11 does not grant the Court authority to order Defendants to post a bond now *in the event* Defendants are unable to pay a potential judgment in this matter. The only additional authority Plaintiff cites for its request is the district court's decision in Canady v. Erbe Elektromedizin GMBH, 2002 WL 32128716 (D.D.C. 2002). Nothing in that case, however, suggests that a court may require a bond under these circumstances.
>
> ==FN6. The Court finds that a stay at least is warranted while the PTO makes its initial determination as to whether to proceed with a reexamination. If the PTO finds in its initial review that Medwid's request fails to raise "substantial new questions of patentability," Plaintiff can ask the Court to lift the stay at that time.==

E.D.Mich.

68 U.S.P.Q.2D 1755

END OF DOCUMENT

COPR. © 2007 The Bureau of National Affairs, Inc.