# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD., | § § § § | |
| Plaintiff, | § § | Hon. Ronald Clark |
| v. | § § § | Civil Action No.: 9:06-CV-00158-RC |
| MICROSOFT CORP. and NINTENDO OF AMERICA INC., | § § § | **CONFIDENTIAL** |
| Defendants. | § § | |

### DEFENDANT NINTENDO OF AMERICA INC.'S RESPONSES TO PLAINTIFF ANASCAPE, LTD.'S CORRECTED FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Nintendo of America Inc. ("NOA"), by and through its undersigned counsel, hereby objects and responds to the Corrected First Set of Interrogatories ("the Interrogatories") of Plaintiff Anascape, Ltd. ("Anascape").

The general objections to Anascape's definitions and instructions set forth below shall be deemed incorporated into the objections and responses to each and every specific Interrogatory.

### GENERAL OBJECTIONS TO INTERROGATORIES

1. NOA objects to the Interrogatories and to the definitions and instructions set forth with the Interrogatories to the extent that they purport to create obligations that exceed the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2. NOA objects to the characterization of U.S. Patent Nos. 6,222,525, 6,344,791, 6,351,205, 6,563,415, and 6,906,700 as "Nintendo Infringed Patents". NOA will refer collectively to the above-referenced patents as the "Asserted Patents."

3. NOA objects to the definition of "identify" to the extent that it requires more information than is sufficient to specify a particular person or business entity.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail when Nintendo first learned of the Nintendo Infringed Patents, including the date, the circumstances, and who was involved or has knowledge thereof, and identify those individuals.

### RESPONSE:

NOA objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. NOA further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiver of the foregoing general and specific objections, NOA responds that it first learned of U.S. Patent Nos. 6,222,525, 6,344,791, and 6,351,205 by letter dated April 23, 2002 from Kelly Tyler to Juana Tingdale, but Anascape did not state at that time that any Nintendo products infringed any Anascape patents. NOA first learned of U.S. Patent Nos. 6,563,415 and 6,906,700 upon reviewing the Complaint that Anascape filed on July 31, 2006.

Dated: January 29, 2007

        Respectfully submitted,

        By: /s/ James S. Blank
        Robert J. Gunther, Jr.
        (robert.gunther@lw.com)
        James S. Blank
        (james.blank@lw.com)
        LATHAM & WATKINS LLP
        885 Third Avenue
        New York, NY 10022
        Tel.:    (212) 906-1200
        Fax:    (212) 751-4864

        Robert W. Faris
        (rwf@nixonvan.com)
        Joseph S. Presta
        (jsp@nixonvan.com)
        NIXON & VANDERHYE, P.C.
        1100 North Glebe Road
        8th Floor
        Arlington, VA 22201
        Tel.:    (703) 816-4000
        Fax:    (703) 816-4100

        Charles W. Goehringer, Jr.
        (cwgoehringer@germer.com)
        Lawrence L. Germer
        (llgermer@germer.com)
        Texas Bar No. 07824000
        GERMER GERTZ L.L.P.
        550 Fannin, Suite 400
        P.O. Box 4915
        Beaumont, Texas 77704
        Tel.:    (409) 654-6700
        Fax:    (409) 835-2115

        Attorneys for Defendant and Counterclaimant
        Nintendo of America Inc.