EXHIBIT 9



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/677,378 | 07/05/96 | ARMSTRONG | B |

BRAD A ARMSTRONG
P.O. BOX 1419
PARADISE CA 95967

LM01/0831

| EXAMINER |
|---|
| BRIER, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2779 | 20 |

DATE MAILED: 08/31/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)   U.S. G.P.O. 1999 460-693   1- File Copy

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 08/677,378 | ARMSTRONG, BRAD A. |
| | Examiner | Art Unit |
| | Jeffery A Brier | 2779 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

1) ☒ Responsive to communication(s) filed on <u>04 August 2000</u>.

2a) ☒ ~~This action is FINAL.~~    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>38-60</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>38-43, 45-52, and 54-60</u> is/are rejected.

7) ☒ Claim(s) <u>44 and 53</u> is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>05 July 1996</u> is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a) ☐ All  b) ☐ Some * c) ☐ None of the CERTIFIED copies of the priority documents have been:

      1. ☐ received.

      2. ☐ received in Application No. (Series Code / Serial Number) _____ .

      3. ☐ received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)    18) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)    19) ☐ Notice of Informal Patent Application (PTO-152)
17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .    20) ☐ Other: _____ .

U.S. Patent and Trademark Office
PTO-326 (Rev. 3-98)    Office Action Summary    Part of Paper No. 20

Application/Control Number: 08/677,378　　　　　　　　　　　　　　　　Page 2
Art Unit: 2779

### DETAILED ACTION

*Continued Prosecution Application*

1.　The request filed on 08/04/2000 for a Continued Prosecution Application (CPA) under 37 CFR 1.53(d) based on parent Application No. 08/677,378 is acceptable and a CPA has been established. An action on the CPA follows.

*Response to Amendment*

2.　The amendment filed on 08/04/2000 has been entered.

*Priority*

3.　This application repeats a substantial portion of prior Application **No.** 08/847,619, filed March 05, 1992, and adds and claims additional disclosure not presented in the prior application. Since this application names an inventor or inventors named in the prior application, it may constitute a continuation-in-part of the prior application rather than a continuation. MPEP 201.08. The same applies to 08/393,459. In the preliminary amendment filed on 09/23/96 applicant deleted reference to 08/393/459. Now at page 2 of applicants 08/04/2000 amendment applicant states that an additional application is being claimed in "addition to application 393,459 already claimed on page 1 of the specification". Thus, if applicant wishes to claim benefit to 393,459 then applicant will have to add this application back to the specification. Applicant may wish to rewrite his claim to priority as "This application is a continuation-in-part of U.S. Patent Application Serial No. 08/847,619 filed on March 5, 1992, now

Application/Control Number: 081677,378    Page 3
Art Unit: 2779

U.S. Patent No. 5,589,828 and this application is a continuation-in-part of U.S. Patent Application Serial No. 08/393,459 filed on February 23, 1995, now U.S. Patent No. 5,565,891.".

### *Drawings*

4.  Figures 37 and 38 should be designated by a legend such as --Prior Art-- because only that which is old is illustrated. See MPEP § 608.02(g). Page 38 line 32 and page 39 line 16 describes figures 37 and 38 as typical sensor packages.

### *Claim Rejections - 35 USC § 102*

5.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

6.  Claim 60 is rejected under 35 U.S.C. 102(a) as being anticipated by applicants admission of the prior art. Figure 38 shows and page 39 lines 16-30 describes that which applicant has admitted as being prior art and now claimed in claim 60.

Application/Control Number: 081677,378                                            Page 4
Art Unit: 2779

7.  Claims 38, 39, 48, and 49 are rejected under 35 U.S.C. 102(e) as being anticipated by Brandenburg et al., U. S. Patent No. 5,231,386, of record. Base plate 64 (column 9 lines 43 and 44) is a PC board for supporting the pointing device and keyboard keys and it is well known that PC boards has electrical conductive traces. A PC board is a sheet.

8.  Claims 38, 39, 48, and 49 are rejected under 35 U.S.C. 102(e) as being anticipated by Sekine, U. S. Patent No. 5,898,425, newly cited. Column 4 lines 60-62 and column 5 lines 30-33 describes a sheet with conductive traces which are connected to the keyboard keys and the pointing stick. These claims are written broadly and cover that which has been made before applicants filing date.

### *Claim Rejections - 35 USC § 103*

9.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

10. Claims 40-43, 45, 46, 50, 51, 52, 54-56, and 59 are rejected under 35 U.S.C. 103(a) as being unpatentable over Brandenburg et al., U. S. Patent No. 5,231,386, as applied to claims 38, 39, 48, and 49 above, and further in view of applicants admission of the prior art. Brandenburg does not describe how the finger depressible buttons are made. Figure 38 shows and page 39 lines 16-30 describes the finger depressible buttons

Application/Control Number: 08/677,378 Page 5
Art Unit: 2779

which applicant has admitted as being prior art and is now claiming. It would have been obvious to one of ordinary skill in the art at the time of applicants invention to use the finger depressible buttons of figure 38 in Brandenburg because the pointing device key shown on the front of Brandenburg has the same features that applicant is claiming for the finger depressible buttons.

11. Claims 40-43, 45, 46, 50, 51, 54-56, and 59 are rejected under 35 U.S.C. 103(a) as being unpatentable over Sekine, U. S. Patent No. 5,898,425, as applied to claims 38, 39, 48, and 49 above, and further in view of applicants admission of the prior art. Figure 38 shows and page 39 lines 16-30 describes the finger depressible buttons which applicant has admitted as being prior art and is now claiming. It would have been obvious to one of ordinary skill in the art at the time of applicants invention to use the finger depressible buttons of figure 38 in Sekine because Sekine fails to describe the type of finger depressible buttons used in Sekine's system. Thus, prior art finger depressible buttons are to be used in Sekine's system and figure 38 is a prior art finger depressible button.

12. Claims 47, 57, and 58 are rejected under 35 U.S.C. 103(a) as being unpatentable over Brandenburg et al., U. S. Patent No. 5,231,386, in view of applicants admission of the prior art ,as applied to claims 46, 55, and 56 above, and further in view of Hoyt et al., U. S. Patent No. 5,687,080, of record. These claims limit the input member as operable on at least six axes. Hoyt teaches that six degree of freedom joysticks are well known. It would have been obvious to one of ordinary skill in the art

Application/Control Number: 081677,378                                    Page 6
Art Unit: 2779

to place a six degree of freedom joystick onto Brandenburg's base plate because a six degree of freedom joystick is more desirable than a three degree of freedom joystick.

13.  Claims 47, 57, and 58 are rejected under 35 U.S.C. 103(a) as being unpatentable over Sekine, U. S. Patent No. 5,898,425, in view of applicants admission of the prior art, as applied to claims 46, 55, and 56 above, and further in view Hoyt et al., U. S. Patent No. 5,687,080, of record. These claims limit the input member as operable on at least six axes. Hoyt teaches that six degree of freedom joysticks are well known. It would have been obvious to one of ordinary skill in the art to place a six degree of freedom joystick onto Sekine's internal keyboard unit 29 because a six degree of freedom joystick is more desirable than a three degree of freedom joystick.

### *Allowable Subject Matter*

14.  Claims 44 and 53 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims. The prior art of record does not teach or suggest placing an input member movable in at least two axes and finger depressible buttons of claim 43/41/40/39/38 or claim 51/50/49/48 onto a flexible sheet.

15.  Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jeffery A Brier whose telephone number is (703) 305-4723. The examiner can normally be reached on M-F from 8:00 to 4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mark Powel, can be reached on (703) 305-9703. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-6606.

Application/Control Number: 08/677,378 Page 7
Art Unit: 2779

      Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 305-3800.

                                                    Jeffery A Brier
                                                   Primary Examiner
                                                   Art Unit 2779
                                                   8-29-00