Anascape, Ltd v. Microsoft Corp. et al                               Doc. 94 Att. 11

Case 9:06-cv-00158-RHC  Document 94  Filed 05/21/2007  Page 1 of 5

# EXHIBIT 11

**UNITED STATES DEPARTMENT OF COMMERCE**

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKETNO. |
|---|---|---|---|
| )8/677,378 | 7 96 | ON | |

LM01/0802

BRAD A ARMSTRONG
P.O. BOX 1419
PARADISE CA 95967

| EXAMINER | |
|---|---|
| BRIER, J | |
| **ART UNIT** | **PAPER NUMBER** |
| 2779 | 14 |

DATE MAILED: 08/02/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

|  | Application No. | Applicant(s) |
|---|---|---|
| **Interview Summary** | 081677,378 | ARMSTRONG, BRAD A. |
|  | Examiner | Art Unit |
|  | Jeffery A Brier | 2779 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Jeffery A Brier_.            (3) _____.

(2) _Brad Armstrong_.          (4) _____.

Date of Interview: _31 July 2000_ .

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☐ No.
    If Yes, brief description:

Claim(s) discussed: _19_ .

Identification of prior art discussed: _Hoyt, Yoshida,_ and **U.S. Patent 4,949,080.**

Agreement with respect to the claims  f)☐ was reached.  g)☐ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: See _Continuation Sheet_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

   i)☐  It is not necessary for applicant to provide a separate record of the substance of the interview (if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section **713.04**). If a reply to the last Office action has already been filed, APPLICANT **IS** GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

_/Jeffery A. Brier/_
Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03-98)                     Interview Summary                     Paper No. 14.

Summary of Record of Interview Requireme.

Manual of Patent Examining Procedure (MPEP), Section **713.04**, Substance **of** Interview Must be Made of Record
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

Title 37 Code of Federal Regulations (CFR) **§ 1.133** Interviews
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be fld by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR **$1.2** Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record O K on the paper recording the substance of the interview along with the date and the examiner's initials.

| | |
|---|---|
| Continuation Sheet (PTO-413) | Application No. 081677,378 |

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: This Examiner stated that claim 19 is claiming a standard computer keyboard with a 6DOF joystick. The examiner stated that a 6DOF joystick was well known in view of Hoyt and that Yoshida shows that it is obvious to place it on a keyboard. U.S. Patent **4,949,080** was made known to applicant to better show a computer keyboard with a joystick. (applicant was not given the reference nor will it be supplied with this interview summary form). Applicant felt that there is no motivation to connect a 6DOF joystick onto a computer keyboard. The examiner stated that Yoshida suggests attaching a known 6DOF joystick onto a keyboard in view of joystick 17 on the game pad. Applicant disagreed. Applicant wished to know his alternatives. Applicant was advised that he could appeal the case or amend the claims. Applicant stated that he did not wish to appeal. The examiner stated that Hoyt and Yoshida do not teach the integrated membrane shown in applicants figure **18** where the membrane for the alpha-numeric keys and the 6DOF joystick are the same membrane. The examiner also stated that the claims need to be narrowed(such as with the integrated membrane shown in applicants figure **18)** and that if the narrowing is such that new searching is required then the amendment will not be considered after Final. Applicant was directed to the PTO website which has information and forms for filing a CPA..

3