EXHIBIT 12

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 09/715,532 | ARMSTRONG, BRAD A |
| | Examiner | Art Unit |
| | Michael J. Moyer | 2675 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS. This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☐ This communication is responsive to 25 October 2002.
2. ☒ The allowed claim(s) is/are 39-77, now renumbered 1-39.
3. ☒ The drawings filed on 11/16/00 are accepted by the Examiner. *mjm*
4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some*   c) ☐ None    of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. ____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: ____.
5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.
6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINERS AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No. ____.
    (b) ☐ including changes required by the proposed drawing correction filed ____, which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. ____.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)
2. ☐ Notice of Informal Patent Application (PTO-152)
3. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
4. ☐ Interview Summary (PTO-413), Paper No. ____.
5. ☒ Information Disclosure Statements (PTO-1449), Paper No. 2,3,6
6. ☐ Examiner's Amendment/Comment
7. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other ____.

STEVEN SARAS
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)         Notice of Allowability         Part of Paper No. 8

Application/Control Number: 09/715,532                                              Page 2
Art Unit: 2675

### DETAILED ACTION

*Allowable Subject Matter*

1.   Claims **39-77** are allowed.

The following is an examiner's statement of reasons for allowance: the prior art taken either singular or in combination fails to anticipate or fairly suggest the limitations of the independent claims, in such a manner that a rejection under 35 U.S.C 102 or 103 would be proper. In particular no reference could be used singular or in combination that taught or disclosed an instance in which, (in a general or broad sense) a game controller that is used for a television based game, that has the capability of using up to but doesn't have to, six degrees of freedom or 6DOF, all sensors relating to the 6DOF contained on one circuit sheet, individuals buttons that can be pivotal or not and the aspect of tactile feedback. In order to show what is novel over the references a more detailed explanation will now be presented regarding the claims, individually.

**As** pertaining **to** claims **39 40** and **41-42,** the first element containing four unidirectional sensors used for linear movement, the second and third elements containing the first two and second two rotary potentiometers used for rotational movement, the first independent button, and the independent pivotal second and third button structures and tactile feedback. Furthermore, all the sensors relating to the linear and rotational movements are connected to one sheet circuit sheet or membrane sheet, This sheet especially makes this novel over the references because it allows the user to replace the entire sheet when one **or** all of the sensors malfunction. This sheet is electrically printed thus the abundance of individual wires is reduced making the controller less cumbersome and less bulky when replacing the sheet and also during manufacturing. In addition the controller can be made smaller because of less parts. Furthermore, the sensors also play a part into making the sheet small and easy

Application/Control Number: 09/715,532                                                            Page 3
Art Unit: 2675

to manufacture because they are small and flat. With regards to the feedback, when movement results in "contact" the ball gently vibrates. The mind naturally interprets this vibration as normal tactile feedback, thus this invention offers a rich natural interaction with the electronic environment. The controller allows the advantage that the handle can vibrate for tactile feedback without producing any unwanted signals, which might otherwise be caused by the vibration of the tactile feedback falsely triggering sensors. The sensor isolation of this invention allows tolerance that forgives the imprecision's of human-hand input. Furthermore, the dependent claims include the tactile feedback having a motor and offset weight.

    **As** pertaining **to** claim **43,** see claims 39 and 40 for explanation, the only difference is that this embodiment does not include the tactile feedback.

    **As** pertaining **to** claims **4446,** the first element containing four unidirectional sensors used for linear movement, the second and third elements containing the first two and second two rotary potentiometers used for rotational movement, the first independent button, and the independent second are pressure-sensitive and tactile feedback. Instead of being a regular button sensor, now the button sensors are pressure-sensitive, when is conveying the same thing just using a different component. The dependent claims contain the tactile feedback containing a motor and offset weight and a third button sensor. The same reasons are set forth to why they are novel in claims 39 and 40.

    **As** pertaining **to** claim **47-49,** see claim 44-46 for explanation, the only difference is that the first two and second two rotary potentiometers are expanded to read a first rotary potentiometer, a second rotary potentiometer, a third rotary potentiometer, and a forth rotary potentiometer. The dependent claims contain a third button sensor and tactile feedback containing a motor and offset weight. The same reasons are set forth to why they are novel in claims 39 and 40.

Application/Control Number: 09/715,532 Page 4
Art Unit: 2675

As pertaining to claims 50-51, see claims 39 and 40 for explanation. Furthermore, the tactile feedback contains a motor and offset weight, which is a form of feedback for this controller.

As pertaining to claims 52 and 55, see claim 47 for explanation. The other differences with this embodiment are: instead of rotary potentiometers, bi-directional proportional sensors are used, which is a different type of sensor but has the same effect of conveying the rotational movement and it does not incorporate the tactile feedback. With regards to claim 55, it is the same as claim 52, however it is explained in more detail.

As pertaining to claim 53, see claims 39, 40 and 52 for explanation. The obvious difference is that instead of rotary potentiometers being used bi-directional sensors are used and a motor and offset weight are used for tactile feedback.

As pertaining to claim 54, the embodiment changes in which now there are two sheets for each set of sensors. There is a single sheet on one plane in which the first element structure containing four unidirectional sensors are located and then on a second plane a second sheet in which the second and third element structures on situated in which the a first and second two bi-directional proportional sensors are used, an independent first and second button sensor are used and there is also tactile feedback. The same reasons as set forth in claims 39-40 and 52, however with the two planar design it allows the origin of all axes to remain within the handle and yet much of the mechanical resolving structure is moved down into the remaining part of the controller where space is plentiful, thus the handle can be made smaller and in fact the whole controller can be made smaller.

As pertaining to claims 57-62, there is a controller that rotates a platform on two mutually perpendicular axes, the rotation is provided by four unidirectional sensors and further there is a vibrator for tactile feedback, a plurality of independent buttons, and further there is a

Application/Control Number: 09/715,532 Page 5
Art Unit: 2675

second element movable on two perpendicular axes and the sensors being of the bi-directional type and furthermore the bi-directional sensors are rotary potentiometers. The same reasons for novelty can be found in claims **39-40, 52** and **54.**

  As pertaining to claims **63-69,** they are similar to claims **57-62,** but further includes a third element movable on two mutually perpendicular axes and the sensors are of the bi-directional type and there is a tactile feedback means that contains a motor and offset weight. All of the sensors are contained on one sheet that is flexible membrane. Furthermore, the bi-directional sensors can be rotary potentiometers or optical encoders. The same reasons for novelty can be found in claims **39-40, 52** and **54**.

  As pertaining to claim **70-75,** are mainly the same as claims **63-69** and they encompass the same explanation as above.

  As pertaining to claims **76-77,** these claims are similar to claims **39-40** and **44** except that there are only an independent first and second button structures and there is a tactile feedback. See claims **39-40** and **44** for explanation.

  With regards to the references, there are many references that teach six degrees of freedom or **6DOF** and most of them are different in terms of input device, they are Couch **et** al., US **5,749,577** (joystick); Hirabayashi, US **5,329,276** (hand input device); Rosenberg, US **5,767,839** (human interface system); Thomas, Jr. US **5,128,671** (joystick); Menahem, **US 5,142,931** (hand controller); Asher, US **4,469,330** (joystick); DeMaio et al., US **4,962,448** (hand controller); Fischer, US **5,271,290.** Even though these references teach six degrees of freedom, none of them teach: a) the use of four unidirectional sensors, and eight bi-directional sensors being either rotary potentiometers or optical encoders, **b)** all the sensors being contained on one sheet further comprising a flexible membrane and circuit board, or c) one sheet on a first plane on a platform containing the four unidirectional sensors and the remaining

Application/Control Number: 09/775,532                                      Page 6
Art Unit: 2675

eight sensors contained on a second sheet on a second plane. Some of the reference, Couch; Hirabayashi; Thomas, Jr.; Menahem; and Asher teach some type use of independent buttons, however none of them teach that the buttons can be pivotal and/or are connected to the one sheet that is a flexible membrane and circuit board. Other references that can teach independent buttons and have rotatable means, i.e. trackball, dial, are Chandler, **US 4,246,452;** and Wislocki, US 4,933,670. However, these two references do not teach six degrees of freedom and/or the buttons being pivotal and/or are connected to the one sheet that is a flexible membrane and circuit board. Some of the previous mentioned references teach a tactile feedback operation, Rosenberg; Fischer; DeMaio et al.; and Houston, **US 5,168,221.** However, none of these references teach the aspect of independent buttons that can be pivotal or not and/or are connected to the one sheet that is a flexible membrane and circuit board. Another aspect that none of these references taught was the replacing the sheet when one or all of the sensors malfunction. None of these references could be could be used singular or in combination that taught or disclosed the novel limitations mentioned above.

    An explanation was written that included the outline of all the claims to show what was novel, and then an explanation was written to show that no references taught or existed that were able to reject the claimed matter. However as one can see all the claims are related to each other in one form or another.

    Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Application/Control Number: 09/715,532                                               Page 7
Art Unit: 2675

### *Conclusion*

2.      In the process of examining this case. The examiner noticed that a terminal disclaimer was filed and entered on *8* August 2001 for the original claimed subject matter. The applicant filed a pre-amendment B on 15 July 2002, amending the claimed subject matter **so** that the terminal disclaimer did not read on those claims. The applicant requested that the terminal disclaimer be removed. However, since the terminal disclaimer had already been entered, the applicant did not provide the correct procedure to have the terminal disclaimer removed. The applicant was notified by Patent Office and the examiner that if he wanted to have the terminal disclaimer removed he would have to file a petition. The applicant wanted to wait until after an action had been made to decide what he was going to **do.** After further reviewing the case, the examiner believes that a terminal disclaimer is not needed, since the claims do not read on any previous patented claimed subject matter.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Michael J. Moyer** whose telephone number is **(703) 305-2099.** The examiner can normally be reached Monday-Friday, 8:30am-5:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Steven Saras,** can be reached at **(703) 305-9720.**

**Any response to this action should be mailed to:**

Commissioner of Patents and Trademarks

Washington, D.C. 20231

**or faxed to:   (703) 872-9314 (for Technology Center 2600 only)**

Hand-delivered responses should be brought to Crystal Park II, **2121 Crystal** Drive, Arlington, **VA,** Sixth Floor (Receptionist).

Application/Control Number: 09/715,532                                    Page **8**
**Art** Unit: 2675

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the **Technology Center 2600 Customer Service Office whose telephone number is (703) 3064377**.

                                                Michael J. Moyer
                                                Examiner
                                                Art Unit **2675**

MJM
December **16,** 2002

                                                *[signature]*
                                  STEVEN SARAS
                      SUPERVISORY PATENT EXAMINER
                        TECHNOLOGY CENTER 2600