# Exhibit 17

**Practising Law Institute**

Intellectual Property Law Library

# Landis on Mechanics of Patent Claim Drafting

**Fifth Edition**

Robert C. Faber

# Landis on Mechanics of Patent Claim Drafting

FIFTH EDITION

Robert C. Faber

Incorporating Release No. 2
November 2005
#8148

Practising Law Institute
New York City
G1-8805

### § 3:10  Use of Reference Numerals in Claims

Reference numerals corresponding to the specific elements or parts shown in the drawings may be used in claims. This practice, common in some foreign countries,[45] has been very rare in the United States. MPEP section 608.01(m) provides for this practice on an optional and nonlimiting basis:

> Reference characters corresponding to elements recited in the detailed description and the drawings may be used in conjunction with the recitation of the same element or group of elements in the claims. The reference characters, however, should be enclosed within parentheses so as to avoid confusion with other numbers or characters which may appear in the claims. The use of reference characters is to be considered as having no effect on the scope of the claims.[46]

Although this technique may seem helpful in interpreting claims as long as the claim scope is not limited by the parenthetical numerals, it is almost never used at present, and many attorneys probably consider the practice unsafe. For example, when the claim is being interpreted for equivalents by a court, the court may still limit the scope of claim breadth due to the presence of numbers referring to drawings of an embodiment, despite the Manual's recommending (for examiners but not for judges) that the reference characters have no effect.

### Summary

*Do not use reference characters from the drawings in claims, but it is not wrong to do so (if placed in parentheses).*

### § 3:11  Antecedents; Indefiniteness

MPEP section 2173.05(e) describes how one claims new elements or refers back to elements already named. The first time an element or part is mentioned, it should not be preceded by a definite article ("the") or by "said." Instead the indefinite article ("a" or

---

45. For example, some countries may require numerals throughout the claim and other countries may require numerals only in the body of the claim after the preamble and transition. In the latter countries, the preamble includes material known in the art and numerals are not there required.
46. *See also* MPEP § 2173.05(s).

"an") should be used, as in Claim 1: "*a* container," "*a* base," etc.[47] This practice merely follows normal rules of grammar. Plural elements are not preceded by articles, as there is no plural indefinite article. Thus "containers." Sometimes an element is preceded by a numerical adjective when it is introduced in a claim, as "two containers." A "means for" clause requires no article: "means for oscillating . . ." Note that none of these uses a definite article. When each previously identified element or part is referred to again, the definite article should be used, as "*the* container," "*the* base," or "*the* oscillating means" in Claim 1; or "*the* two containers," or simply "*the* two containers."[48]

If the definite article is not used for each subsequent appearance of the element and if an indefinite article is used, this will suggest to the reader that a new element is being identified, rather than the previously named element, and this will cause improper double inclusion of the element.[49]

The word "said" is used by many practitioners rather than "the" to refer back to previously recited elements, sometimes to a previously recited anything. This practice is unobjectionable, although perhaps overly legalistic. If "saids" or "thes" are used, one should be consistent in the usage and not alternate between those words in repetitions of the same element or among different elements. (However, one often sees alternation between "said" and "the" within a claim without any apparent reason, and there is usually no objection as to this form by an Examiner at the Patent Office.) One common style is to use "said" only for the elements themselves, and "the" for everything else. The expression "the said" which one sometimes sees is a patent redundancy and should be avoided.

When referring back to an element, it must be perfectly clear which element. The claim must be consistent within itself. For example, if two different levers or gears have been individually described in the claim, it is improper to refer back to "said lever" or "said gear";[50] refer to "said first gear," "said drive gear," etc., and correspondingly to the lever.

---

47. *See* Abtox, Inc. v. Exitron Corp., 43 U.S.P.Q.2d (BNA) 1545, 1548 (Fed. Cir. 1997), *modified on other grounds*, 46 U.S.P.Q.2d (BNA) 1735 (Fed. Cir. 1997).
48. See section 3:3, *supra*, relating to inferential claiming.
49. MPEP § 2173.05(e); *Ex parte* Oetiker, 23 U.S.P.Q.2d (BNA) 1651, 1655 (Board of Patent Appeals and Interferences 1992).
50. In Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 60 U.S.P.Q.2d (BNA) 1668 (Fed. Cir. 2001), the claim first introduced "rear walls" and the next limitation referred to "the rear wall." The latter limitation is in the singular, the former is in the plural, and the claim is ambiguous.

Similarly, if a motor has been recited, do not refer back to "said drive means," that is, never change the name that was first given to an element. In another example, the claim recited "a handle" and then something connected to "a handle"; thus it was not clear whether the first handle was meant or a different one. Such descriptions are "indefinite." It is also improper to describe additional details of an element when referring back to that element as an antecedent; for example, if "a gear" has been recited, it would be improper to refer to "said *plastic* gear." This is also called an "indirect limitation." To introduce the "plastic" nature of the gear, use a describing clause, "the gear is plastic" or "the gear is comprised of plastic."

MPEP section 2173.05(e) states that inherent components of elements have antecedent basis in the recitation of the components themselves. An example cited is "the outer surface of said sphere." The sphere inherently has an outer surface so one need not specifically recite that surface as an element. Other examples exist: A rod has ends, a pivot bearing has a pivot axis. But it is not always clear as to what is inherent. Does an engine always have a drive shaft? Does a bicycle always have wheels? Can we say these are inherent features that need not be introduced first as claim elements, for example, the engine having a drive shaft or the bicycle having wheels? Perhaps it is preferred for certain definiteness that any feature of a claimed element, no matter how likely to be inherent, should be positively recited if required in a claim, for example, the sphere having an outer surface, the bicycle having wheels. Examiners at the U.S. Patent and Trademark Office have often been requiring antecedents for every element introduced with "the" or "said." Providing antecedents always is thus preferable.

Claim limitations are often of such length that an attempt to refer back to an earlier mentioned element may introduce an ambiguity: "a handle connected to the gear, which is supported on the axis to pivot about it." To what does "which" and "it" refer, the handle, the gear, or the axis? Better would be "a handle connected to the gear, the handle is supported on the axis to pivot about the gear"—no ambiguity there. Do not hesitate to repeat the name of an element each time it appears in a clause (the handle). Avoid using indefinite words to refer back (which or that) or pronouns that do not mention the name of the element (it) unless there can be no doubt which element is being indicated. Wherever there is a second element between a first mentioned element and a later word referring back, as occurred in the above handle/gear/axis example, use of an indefinite reference back should be avoided, as ambiguity is virtually unavoidable.

§ 3:11                *Mechanics of Patent Claim Drafting*

In dependent claims also, one must be careful to avoid confusion between elements in any parent claims (or claims) and elements added by the dependent claim.

All such rejections or objections on matters of claim form are based upon claim "indefiniteness" of the claim and trace from 35 U.S.C. § 112, that is, the subject matter has not been "particularly pointed out and distinctly claimed," meaning that the examiner cannot tell what the claim covers.[51] In *In re Miller*,[52] the court held that an "indefiniteness" rejection must be based on section 112,[53] and held that the Patent and Trademark Office could not reject the claim under section 103 (obviousness) by ignoring the allegedly indefinite words.[54] The *Miller* court said: "All *words* in a claim must be considered in judging the patentability of that claim against the prior art."

This question arises in many contexts, such as preamble limitations (section 6:7), mental steps (section 4:9), functional language (section 3:22), printed matter (section 8:6), and others.

*Ex parte Schaefer*[55] holds that:

> Omission of some elements of the device (the complete device described in the specification, through the use of the preamble "comprising"—Section 7] makes the claim broad, but not vague, indefinite or misdescriptive.

In other words, the court and Board are saying to the examiner: "reject broad claims on prior art, if you can find any, but not under section 112 as 'indefinite,' etc. Section 112 applies only where you cannot understand what the claim covers."[56] However, a claim that omits essentials can be rejected as incomplete under section 112. MPEP section 2173.05(*l*) recites:

> A claim can be rejected as incomplete if it omits essential elements, steps or necessary structural cooperative relationship of elements, such omission amounting to a gap between the elements, steps or necessary structural connections. . . . Greater latitude is permissible with respect to the definition in a claim of matters not essential to novelty or operability than with respect to matters essential thereto.

---

51. See MPEP § 706.03(d); *In re* Venezia, 189 U.S.P.Q. (BNA) 149, 151 (C.C.P.A. 1976).
52. *In re* Miller, 169 U.S.P.Q. (BNA) 597, 600 (C.C.P.A. 1971).
53. MPEP § 706.02.
54. Citing *In re* Wilson, 165 U.S.P.Q. (BNA) 494 (C.C.P.A. 1970).
55. *Ex parte* Schaefer, 171 U.S.P.Q. (BNA) 110 (Board of Patent Appeals and Interferences 1970).
56. See also "incomplete"' claims, section 8:7, *infra*.

**Summary**

*Use "a" or "an" the first time you mention an element or part in a claim, where grammatical rules dictate. Use "the" or "said" after that, when referring again to the same element or part. Make sure the claim is consistent with itself, that each "the" or "said" element has one and only one clear antecedent in the claim, and that consistent, definite phraseology is used throughout the claim. In general, make sure the claim is definite and clearly understandable as to what it covers and how it reads on the detailed description and drawing.*

### § 3:12  Relative Terminology

Comparative words are also indefinite, that is, they are unbased comparisons, unless those words have been clearly defined in the disclosure or specification and/or the basis of the comparison, what is being compared, is stated and/or one of ordinary skill in the art, in view of the prior art and the status of the art, would be apprised of the scope of the claim.[57] Typically, a comparative word expresses a measure or magnitude, but has no meaning in a claim unless expressly defined in the specification: ". . . a predetermined distance of under three meters. . . ." Usually, those comparative words can mean virtually anything. If a distance is "predetermined" or a quantity is "sufficient," how much or how great are these amounts? It is best not to use such terms at all in the claims. "A claim may be rendered indefinite by reference to an object that is variable."[58] The Manual section provides examples decided by the Board of Appeals.

In *Norton Co. v. Bendix Corp.*,[59] a claim was held invalid for indefiniteness for inclusion of the phrases "closely spaced" and "substantial distance." Apparently, these features or relationships were important to novelty, and the specification did not define them. The testimony showed that a potential infringer could not tell, nor could the patentee, just what infringed and what did not.[60]

Not only words like "more" or "less" or the like are comparative. In *In re Cruciferous Sprouts Litigation*,[61] the words were "rich in

---

57. MPEP § 2173.05(b).
58. Id.
59. Norton Co. v. Bendix Corp., 171 U.S.P.Q. (BNA) 449 (2d Cir. 1971).
60. See *Ex parte* Oetiker, 23 U.S.P.Q.2d (BNA) 1651, 1654–56, 1658–60 (Board of Patent Appeals and Interferences 1992), for phrases held not to define relationships, discussed in 3:16, *infra*.
61. *In re* Cruciferous Sprout Litig., 301 F.3d 1343, 64 U.S.P.Q.2d (BNA) 1202 (Fed. Cir. 2002).