IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-158 |
| v. | § | |
| | § | |
| MICROSOFT CORP., ET AL., | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |
| | § | |

### ORDER APPOINTING TECHNICAL ADVISOR

By order signed May 10, 2007, this court notified the parties that it was considering the appointment of a technical advisor. The order stated that either party would be permitted to lodge objections to the appointment by May 16, 2007, and that such objections could be filed under seal and *in camera*. As of the date of this order, no objection has been received from either party. Dr. Lipham has read and signed the attached Scope and Limits of Appointment as a Technical Adivisor. The court is satisfied that his appointment will adequately safeguard the judicial process.

IT IS THEREFORE ORDERED that Dr. Howard K. Schmidt, Executive Director, Carbon Nanotechnology Laboratory, Rice University -- MS 100, 6100 South Main Street, Houston, TX 77005, is appointed as a technical advisor to the court. Fees of the technical advisor shall be taxed, as they are incurred, equally against the parties as costs of court.

IT IS FURTHER ORDERED that the parties shall deliver copies of their preliminary proposed claim constructions, the Joint Claim Construction and Pre-hearing Statement, the Claim

Construction briefs, including the Joint Claim Construction Chart, and the technology synopsis to Dr. Schmidt when they are served on the opposing party.

So **ORDERED** and **SIGNED** this **31** day of **May, 2007.**

_____
Ron Clark, United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:06-CV-158 |
| v. | § | |
| | § | |
| MICROSOFT CORP. AND | § | JUDGE RON CLARK |
| NINTENDO OF AMERICA, INC. | § | |
| | § | |
| *Defendant.* | § | |

## Scope and Limits of Appointment as a Technical Advisor

Dr. Howard K. Schmidt's appointment as a Technical Advisor in this case is subject to the following terms:

1. Dr. Schmidt will examine the patents in this suit, the pertinent briefs, and any evidence submitted with an eye toward helping the court in understanding the technology involved in the patents from the point of view of one skilled in the art. He may provide technical education and background information in the technology or aid the court in selecting technically correct and concise language to clearly set out decisions the court has made on various issues. While he may be asked to locate, or explain information in, technical documents listed in the patents in issue or in the prosecution history, Dr. Schmidt will not conduct any experiments or investigations for the court, supply any evidence to the court, nor testify in any proceeding. He will not act as a special master, decide any contested issue, nor conduct any hearing or settlement conference. Dr. Schmidt understands that except for statements or information included in the record of this case, communications about any aspect of

this case between himself and the judge and/or the judge's law clerks and staff are confidential, and shall never be disclosed to any other person or party.

2. Dr. Schmidt understands that it is necessary for the court to avoid any conflict of interest and even the appearance of impropriety or bias. Therefore he has examined the patent in suit, the list of parties and counsel in this case, and the list of entities disclosed pursuant to Fed. R. Civ. P. 7.1, and affirms that:

(I) Neither he, his spouse, nor any resident minor child:

    (A) Is employed by, or receives any form of compensation or benefits from, any of such parties, counsel, or entities;

    (B) Has an expectation of, or contract for future employment or any form of compensation from, any such parties, counsel, or entities;

    (C) Has any financial interest in (defined as ownership of a legal or equitable interest in), or a relationship as director, adviser, or other active participant in the affairs of, any of such parties, counsel, or entities. (Ownership in a mutual or common investment fund that holds securities of such parties or entities is not such a financial interest or relationship, unless the individual participates in the management of the fund.); and

(II) He is not aware of any reason why he would have a bias in favor of or against any of the parties.

3. While this case is pending in this court, Dr. Schmidt will have no communication with any of the parties or their counsel, nor any communication about any issue in this case with any third party, which has not

been approved in advance by the court. He shall not acquire any financial interest in, nor enter into any relationship as director, adviser, or other active participant in the affairs of, any of the parties or entities disclosed in the Fed. R. Civ. P. 7.1 Corporate Disclosure Statements.

I, Howard K. Schmidt, declare under the penalty of perjury under the laws of the United States of America that I have read this document, that the statements in paragraph 2 are true and correct, and that I agree to comply with the terms of paragraphs 1 and 3.

_31 MAY 2007_  
Date

_Howard K. Schmidt_ (signature)  
Howard K. Schmidt

So **ORDERED** this _____ day of _____, 200___.

_____  
Ron Clark  
United States District Judge