# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| Anascape, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Microsoft Corp., and <br> Nintendo of America, Inc., <br><br> Defendants. | Civil Action No. 9:06-cv-158-RC <br><br> JURY TRIAL REQUESTED |

**PLAINTIFF ANASCAPE, LTD.'S MOTION TO COMPEL
PRODUCTION OF THE HOWARD CHENG NOTEBOOK
FROM DEFENDANT NINTENDO OF AMERICA, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Anascape, Ltd. ("Anascape") files this motion to compel Defendant Nintendo of America, Inc. ("Nintendo") to supplement its document production.

## I.   SUMMARY OF MOTION

Anascape has accused Nintendo of infringing the inventions of two patents invented by Brad Armstrong, United States Patent Nos. 6,222,525 and 6,906,700. Nintendo acknowledges that Howard Cheng – a Nintendo employee – attended a 1997 meeting with Armstrong, at which time Cheng and Armstrong discussed the inventions of the patents-in-suit. The circumstances of this meeting are directly relevant to whether Nintendo copied the patented technology, which in turn is relevant to the issues of non-obviousness of the invention and to whether Nintendo's infringement was willful. In addition, Nintendo alleges that Mr. Armstrong made an offer to sell to Mr. Cheng at the meeting (which Anascape denies) and that this alleged offer invalidates one or more of the asserted claims.

Page 1

This motion to compel is necessary because Nintendo refuses to produce, in its entirety, a notebook kept by Mr. Cheng during the time period in which this meeting occurred. Instead, and despite multiple requests, Nintendo has only produced two pages of the notebook that it has unilaterally determined to be relevant to this case.

## II.    MATERIAL FACTS

1. The '525 and '700 patents generally relate to game controllers. Armstrong is the sole inventor of both patents and built prototypes of the various embodiments of his invention.

2. In 1997, Armstrong met with Cheng and discussed the game controller technology disclosed and claimed in the patents-in-suit. (*See* Nintendo's Initial Disclosures at 4, attached as Ex. 1; Nintendo's Preliminary Validity Contentions at 7, attached as Ex. 2.)

3. Nintendo alleges that, during this meeting, Armstrong made an offer to sell to Nintendo that invalidates one or more of the asserted claims of the '525 and '700 patents. (Nintendo's Preliminary Validity Contentions at 7, attached as Ex. 2.)

4. Nintendo produced the cover page and one other page of Mr. Cheng's notebook in this litigation. (*See* Excerpts from the Notebook of H. Cheng, attached as Exhibit 3.) The single page of the notebook that Nintendo produced shows that Cheng made note of a "patent list," and the possibility of a "sample" and/or a "demonstration." (*Id.*) Although Cheng has not yet been deposed, it is expected that he will testify that these notes relate to his meeting with Armstrong. The cover of the notebook suggests that Cheng maintained this notebook from March 4, 1997 to September 22, 1997. (*Id.*)

5. Anascape first requested that Nintendo produce the remainder of the notebook on March 5, 2007. (*See* McLeroy Letter, attached as Ex. 4.)

6. On May 4, 2007, Nintendo informed Anascape that the notebook contained 89 pages, but refused to produce the balance of the notebook because, in Nintendo's opinion, it was not relevant. (*See* Blank Letter, attached as Ex. 5.)

7. Anascape reiterated its request for production of the entire notebook on May 10, 2007 and identified a number of topics the notebook may be relevant to, but Nintendo again refused to produce the notebook on June 4, 2007. (*See* McLeroy Letter, attached as Ex. 6, Blank Letter attached as Ex. 7.)

### III.    ARGUMENT

#### A. The Court's Discovery Order And Local Rule CV-26(d) Provide For Production Of All Relevant Documents

In the Court's Order Governing Proceedings, the Court ordered the parties to produce all information relevant to this case. Local Rule CV-26(d) instructs that a particular piece of information is "relevant to the claim or defense of any party" if:

> (1) It includes information that would not support the disclosing parties' contentions;
>
> (2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
>
> (3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;
>
> (4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and
>
> (5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense[.]

LOCAL RULE CV-26(d).

#### B. The Entire Cheng Notebook Is Relevant

Anascape is entitled to review the remainder of Cheng's notebook to determine to what extent the inventions disclosed by Armstrong were copied, or found root, in Cheng's other notes.

Nintendo is not entitled to make this determination unilaterally. For example, the notebook: (1) is relevant to the steps taken by Cheng and Nintendo – or the lack thereof – to insure that Nintendo avoided willfully infringing Armstrong's patents; (2) is relevant to Cheng's design contributions, and the influence of Armstrong's ideas in Cheng's contributions, to existing and future Nintendo products; and (3) will enable Anascape to evaluate how the Armstrong meeting fits within the context of Cheng's day-to-day responsibilities at Nintendo.[1] In addition, the remainder of Cheng's notebook may be relevant to Cheng and Nintendo's opinions of the novelty and value of Armstrong's patents.

There is no harm to Nintendo if the notebook pages are produced to Anascape. Not only can Nintendo designate them as attorneys-eyes-only under the Court's Protective Order, but the notes are over a decade old, so there is virtually no possibility that the notes contain any information that gives Nintendo a current competitive advantage.

Nintendo has unilaterally asserted that the remaining 87 pages of Cheng's notebook are irrelevant to this case. Anascape should be permitted to make this judgment for itself. Moreover, Anascape is unaware of any precedent allowing Nintendo to pick-and-choose which pages of a relevant document can be produced in a patent infringement case.

## IV.  RELIEF REQUESTED

For the foregoing reasons, Anascape respectfully requests that the Court order Nintendo to produce the aforementioned notebook, and any other notebooks kept by Howard Cheng between 1997 and 2006 that may reflect his design contributions to Nintendo's products or his opinions of the value and novelty of the patents-in-suit.

---

[1] Generally, the doctrine of optional completeness recognizes that the entire context of a document is important in evaluating selected pages. *See* Fed. R. Civ. P. 106.

DATED:  June 19, 2007.　　　　　　　　　Respectfully submitted,

**McKOOL SMITH, P.C.**


/s/ Sam Baxter_____
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622


Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Luke F. McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
charley@pbatyler.com
Parker, Bunt & Ainsworth P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687


**ATTORNEYS FOR PLAINTIFF ANASCAPE, LTD.**

## CERTIFICATE OF CONFERENCE

On June 19, 2007, I spoke with counsel for Nintendo and was informed that Nintendo opposes the relief requested in this motion.

/s/ Luke F. McLeroy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel pursuant to Local and Federal Rules of Civil Procedure on June 19, 2007.

/s/ Luke F. McLeroy