IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD., | § § § § | |
| Plaintiff, | § § | Hon. Ron Clark |
| v. | § § | Civil Action No.: 9:06-CV-00158-RC |
| MICROSOFT CORP. and NINTENDO OF AMERICA INC., | § § § | |
| Defendants. | § § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S OPPOSITION TO
PLAINTIFF ANASCAPE, LTD.'S MOTION TO COMPEL
<u>PRODUCTION OF THE HOWARD CHENG NOTEBOOK</u>**

**TABLE OF CONTENTS**

Page

I. SUMMARY OF OPPOSITION TO MOTION ................................................................. 1

II. RESPONSE TO LIST OF UNDISPUTED MATERIAL FACTS .................................... 2

III. ADDITIONAL MATERIAL FACTS ................................................................................ 2

IV. ARGUMENT ..................................................................................................................... 5

    A. The Balance of The Cheng Notebook Is Irrelevant To Any Claim or Defense of Any Party In This Case, And Thus Is Not Discoverable Under The Federal Rules of Civil Procedure, The Local Rules, Or Applicable Case Law ............................................................................................................. 5

    B. Anascape's Motion Should Be Denied Because It Has Failed to Articulate Any Grounds Under Which The Cheng Notebook Would Be Relevant, Beyond Erroneous Speculation ............................................................................ 7

    C. Disputes Regarding Relevancy of Materials Sought To Be Discovered Are To Be Resolved By The Court, Not By Anascape .......................................... 9

V. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Avance v. Kerr-Mcgee Chem. LLC*, 2005 U.S. Dist. LEXIS 44885 (E.D. Tex. July 1, 2005) ......................................................................................................... 6

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 2007 U.S. Dist. LEXIS 15277 (D. Colo. Mar. 2, 2007) ........................................................................ 7, 8

*Caritas Techs., Inc. v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 94879 (E.D. Tex. Feb. 9, 2006) ....................................................................................................... 6, 7, 9

*Cooke v. New Mexico Junior Coll. Bd.*, 579 F.2d 568 (10th Cir. 1978) ........................... 10

*Great Prize, S.A. v. Mariner Shipping Pty., Ltd.*, 764 F. Supp. 69 (E.D. La. 1991), *aff'd*, 967 F.2d 157 (5th Cir. 1992) .................................................................. 6, 10

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005) ........................................ 6

*Milner v. National Sch. of Health Tech.*, 73 F.R.D. 628 (E.D. Pa. 1977) ........................... 8

*Moss v. Lane Co.*, 50 F.R.D. 122 (W.D. Va. 1970), *aff'd in part, remanded in part*, 471 F.2d 853 (4th Cir. 1973) ........................................................................ 8

*Peach v. City of Kewanee*, 2006 U.S. Dist. LEXIS 77379 (C.D. Ill. Oct. 23, 2006) .......... 9

*Polycom, Inc. v. Codian Ltd.*, 2007 U.S. Dist. LEXIS 4293 (E.D. Tex. Jan. 22, 2007) ...................................................................................................................... 6

*Quiroz v. Hartgrove Hospital*, 1998 U.S. Dist. LEXIS 9391 (N.D. Ill. June 12, 1998) ....................................................................................................................... 6, 10

*Simpson v. University of Colorado*, 220 F.R.D. 354 (D. Colo. 2004) ........................... 6, 10

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b)(1) .......................................................................................................... 6

Fed. R. Evid. 106 .................................................................................................................... 9

Defendant Nintendo of America Inc. ("Nintendo") submits this memorandum in opposition of Plaintiff Anascape, Ltd.'s ("Anascape") motion to compel production of the Howard Cheng notebook.

## I.     SUMMARY OF OPPOSITION TO MOTION

Nintendo opposes Anascape's overreaching demand to compel the production of the entirety of an 89 page notebook maintained by Howard Cheng, a senior executive of Nintendo Technology Development, Inc., a subsidiary of Nintendo's parent company. In the course of its document production in this case, Nintendo reviewed this notebook and produced the only portion that is relevant to any claim or defense of any party in this action. In particular, Nintendo produced a page from Mr. Cheng's March 4, 1997 – September 22, 1997 notebook containing a brief note by Mr. Cheng regarding an August 27, 1997 meeting he had with the inventor of the patents-in-suit, Brad Armstrong, together with the cover of that notebook. This four-line entry represents the entirety of Mr. Cheng's interactions with Anascape, the patents-in-suit, and Mr. Armstrong. The balance of this notebook relates to subjects which have nothing to do with this lawsuit. Counsel for Nintendo has repeatedly made this clear to Anascape's counsel. Nevertheless, Anascape persists in its demand for the production of the balance of the notebook. In doing so, Anascape has failed to articulate any reasoned basis why the entire notebook is relevant to this action. Instead, Anascape has repeatedly offered speculative statements that are simply incorrect.

Given the lack of relevance of the materials sought, the speculative and erroneous theories on which Anascape bases its demand, and the overreaching nature of its demand, Anascape's motion should be denied. To aid the court in rendering its decision, Nintendo submits Mr. Cheng's March 4, 1997 – September 22, 1997 notebook in its entirety for *in camera* inspection.

1

II. **RESPONSE TO LIST OF UNDISPUTED MATERIAL FACTS**

1. Nintendo does not dispute that the '525 and '700 patents generally relate to game controllers. Nintendo is without sufficient information to know whether Mr. Armstrong is the "sole inventor" of the '525 and '700 patents. Prior to Mr. Armstrong's April 19, 2007 deposition on claim construction issues, counsel for Anascape provided for inspection of a number of single input member, six degree of freedom prototypes purportedly constructed by Mr. Armstrong embodying the subject matter of the '525 and '700 patents.

2. Nintendo does not dispute that Mr. Armstrong met with Mr. Cheng on August 27, 1997 and discussed game controller technology generally. However, Nintendo notes that neither the '525 nor '700 patents had issued at that time.

3. Undisputed.

4. Undisputed but context clarified in ¶¶ 2–4 below.

5. Undisputed.

6. Undisputed but context clarified in ¶ 5 below.

7. Undisputed but context clarified in ¶¶ 6–7 below.

III. **ADDITIONAL MATERIAL FACTS**

1. In its Preliminary Infringement Contentions, Anascape accuses the following Nintendo products of infringing United States Patent Nos. 6,222,525 and 6,906,700 ("patents-in-suit"): GameCube Controller; GameCube WaveBird Wireless Controller; Wii Remote Controller; Wii Nunchuk Controller; and Wii Classic Controller. (*See* Prelim. Infringement Contentions 2–4.)[1]

---

[1] Anascape did not specifically accuse any Nintendo product in its First Amended Complaint. (*See* Am. Compl., D.I. 40.)

2

2. To date, Nintendo has produced 60,402 pages of documents, pursuant to this Court's P. R. 3-4, the Local Rules, and in response to Anascape's letter dated December 14, 2006. (*See* Letter from Luke F. McLeroy to James S. Blank (Dec. 14, 2006), Decl. of James S. Blank Ex. 1.) The first batch of responsive documents was produced on February 12, 2007, which included 17,624 pages of documents. Thereafter, from March 6, 2007 to May 11, 2007, Nintendo produced an additional 42,778 pages of documents on a rolling basis.

3. As part of its February 12, 2007 production, Nintendo produced—from a notebook kept by Mr. Howard Cheng—an entry dated August 27, 1997, along with the cover page of the notebook in which the entry was found, dated March 4, 1997 to September 22, 1997 ("Subject Notebook"). (*See* produced pages from Subject Notebook, Blank Decl. Ex. 2.) Mr. Cheng is a senior executive at Nintendo Technology Development, Inc., a subsidiary of Nintendo's parent corporation, Nintendo Co., Ltd. ("NCL"). (*See* Blank Decl. ¶ 8 and Ex. 7 thereto.) The August 27 entry reflects the entirety of anything in the Subject Notebook concerning Mr. Cheng's interaction with, involvement with, and thoughts and impressions regarding Mr. Armstrong, the patents-in-suit, and Anascape. (*See* Letter from James S. Blank to Luke F. McLeroy (May 4, 2007), Blank Decl. Ex. 3; Letter from James S. Blank to Luke F. McLeroy (June 4, 2007), Blank Decl. Ex. 4.) During their August 27, 1997 meeting, Mr. Armstrong gave Mr. Cheng a prototype of a single input member, six degree of freedom controller, which is still in Mr. Cheng's possession.

4. The Subject Notebook contains Mr. Cheng's mental impressions and opinions on topics such as Nintendo's market position, how to improve graphics performance in Nintendo's game consoles, and deal structures with potential business partners. (*See, e.g.,* Subject Notebook

3

at 4, 17, 21, 31, 67, 71, 76, 78 and 88 submitted with this opposition for *in camera* review.)[2] The Subject Notebook also contains entries reflecting confidential meetings between Mr. Cheng and various third parties, including Nintendo's potential and actual business partners such as chip manufacturers. (*See, e.g., id.* at 34–35, 42–44.) These notebook entries are entirely unrelated to the design and operation of the accused controllers.

      5.      Without stating any reason why it suspects that additional relevant entries exist, Anascape requested, by a letter dated March 5, 2007, that Nintendo produce the entire Subject Notebook. (*See* Letter from Luke F. McLeroy to James Blank (Mar. 5, 2007), Blank Decl. Ex. 5.) Nintendo declined, explaining that (1) the produced pages "are the only portions of the [Subject] [N]otebook subject to disclosure under the Local Rules and/or responsive to [Anascape's] December 14 letter[;]" and that (2) the balance of the Subject Notebook "does not relate to the accused Nintendo controllers or any claims or defenses of the parties and is not responsive to any of the categories of information set forth in [Anascape's] December 14 letter[,]"and thus is not subject to disclosure.[3] (Blank May 4 Letter, Blank Decl. Ex. 3.)

      6.      On May 10, 2007, Anascape demanded that Nintendo either produce the entire notebook or confirm that it will oppose a motion to compel production of the notebook. (*See* Letter from Luke F. McLeroy to James Blank (May 10, 2007), Blank Decl. Ex. 6.) In this letter, Anascape raised, for the first time, a number of theories under which it believes that the balance of the Subject Notebook might be relevant to the present lawsuit: (1) the notebook might contain Nintendo's and Mr. Cheng's opinions of the novelty and value of Mr. Armstrong's inventions;

---

[2]    For ease of reference, Nintendo has numbered the pages of the Subject Notebook 1-88 in the lower right hand corner of each page.

[3]    Nintendo further noted that the produced pages "do not relate to either the operation of any of the accused Nintendo controllers or prior art identified by Nintendo pursuant to [P. R.] 3-3(a)[,]" and thus are not responsive to P.R. 3-4. (Blank May 4 Letter, Blank Decl. Ex. 3.)

(2) the notebook might show any steps Mr. Cheng and Nintendo undertook to avoid willfully infringing Mr. Armstrong's patents; and (3) the notebook might enable Anascape to place Mr. Armstrong's meeting with Mr. Cheng within the context of Mr. Cheng's day-to-day responsibilities. (*See id.*)

7.  Nintendo responded on June 4, 2007, reiterating that (1) the unproduced portions of the Subject Notebook are not relevant or reasonably calculated to lead to the discovery of admissible evidence under the Local Rules, the Local Patent Rules, or Anascape's December 14, 2007 letter; (2) the balance of the notebook does not refer or relate to either of the purported areas of relevance raised in Anascape's May 10, 2007 letter; and that (3) after a reasonable and diligent search of the files of Nintendo and its non-party parent, NCL, Nintendo has produced all non-privileged documents regarding analysis, valuation, or discussion of Mr. Armstrong's prototype controllers and inventions. (Blank June 4 Letter 1, Blank Decl. Ex. 4.)

8.  On June 19, 2007, Anascape moved this court to compel the production of not only the entirety of the Subject Notebook, but also all of Mr. Cheng's notebooks from 1997 through 2006 relating to, among other things, the broad topic of Mr. Cheng's "design contributions" to any Nintendo product. (Pl.'s Mot. 4.) Nintendo was not informed that Anascape intended to seek these additional notebooks spanning almost a decade until approximately half an hour before Anascape filed its motion to compel, when Anascape's counsel called Nintendo's counsel. (Blank Decl. ¶ 9.)

IV.  **ARGUMENT**

    A.  **The Balance of The Cheng Notebook Is Irrelevant To Any Claim or Defense of Any Party In This Case, And Thus Is Not Discoverable Under The Federal Rules of Civil Procedure, The Local Rules, Or Applicable Case Law**

The rules governing the scope of discovery are clear:

- Fed. R. Civ. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

- Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

*Polycom, Inc. v. Codian Ltd.*, 2007 U.S. Dist. LEXIS 4293, at *5–*6 (E.D. Tex. Jan. 22, 2007); *Caritas Techs., Inc. v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 94879, at *6–*7 (E.D. Tex. Feb. 9, 2006); *Avance v. Kerr-Mcgee Chem. LLC*, 2005 U.S. Dist. LEXIS 44885, at *9–*10 (E.D. Tex. July 1, 2005).

Because the scope of discovery is limited by relevancy, courts have routinely limited production of diary, journal, or date book entries to those which are relevant to the claims of the case in content and time period, as determined after an *in camera* review by the court. *See, e.g., Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 472 n.3 (N.D. Tex. 2005) ("Some courts have limited discovery of diaries to portions concerning the conduct or events at issue in the litigation, similar events, or state of mind."); *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 358–62 (D. Colo. 2004) (ordering production of only relevant portions of plaintiff's diary, as determined by the court after *in camera* review); *Quiroz v. Hartgrove Hosp.*, 1998 U.S. Dist. LEXIS 9391 (N.D. Ill. June 12, 1998) (ordering production of specific entries of plaintiff's diary related to the claims-in-suit, as determined by the court after *in camera* review, even though defendant had moved to compel production of entire diary; *Great Prize, S.A. v. Mariner Shipping Pty., Ltd.*, 764 F. Supp. 69, 74 n.1 (E.D. La. 1991) (finding, after *in camera* review, that the two pages

withheld from production in a five-page memorandum do not contain any information relevant to any issues in the case, and thus need not be produced), *aff'd*, 967 F.2d 157 (5th Cir. 1992).

Moreover, in patent infringement cases, this Court has recently held that non-accused products not identified in the plaintiff's complaint or preliminary infringement contentions are "outside the scope of discovery." *See Caritas Techs.*, 2006 U.S. Dist. LEXIS 94879, at *21–*22 (sustaining defendant's objections to plaintiff's document request, to the extent that its definitions seek to include non-accused systems, where the complaint only specifically alleged one infringing product, and no other products are alleged to be infringing in plaintiff's preliminary infringement contentions.)

In this case, Nintendo has reviewed the Subject Notebook, and found that, with the exception of the pages already produced to Anascape, there exists no entry which relates to any issue in this case, including the structure, design, development and operation of the accused Nintendo controllers or any of the areas identified in Anascape's letters or motion. None of the unproduced notebook entries is subject to disclosure under the Local Rules or the Local Patent Rules, or responsive to any of the categories of information specified in Anascape's letter of December 14, 2006.[4] As such, the unproduced balance of the Subject Notebook is not "relevant to the claim or defense of any party" within the meaning of Fed. R. Civ. P. 26(b)(1) or Local Rule CV-26(d), and is outside the scope of discovery.

**B.     Anascape's Motion Should Be Denied Because It Has Failed to Articulate Any Grounds Under Which The Cheng Notebook Would Be Relevant, Beyond Erroneous Speculation**

"[A] motion to compel should be based on more than mere speculation[.]" *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 2007 U.S. Dist. LEXIS 15277, at *61 (D. Colo. Mar.

---

[4]  In this letter, Anascape listed thirty-three (33) categories of documents and information it expected to receive from Nintendo. (*See* McLeroy Dec. 14 Letter, Blank Decl. Ex. 1.) In making its document production, Nintendo produced documents responsive to these requests. Anascape has raised no issues in this regard.

7

2, 2007). A party responding to discovery is obliged to give complete, explicit, and responsive answers to requests for production. *Id.* But where the answer states that no record exists, "the court cannot compel the impossible." *E.g., Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632–33 (E.D. Pa. 1977); *Moss v. Lane Co.*, 50 F.R.D. 122, 128 (W.D. Va. 1970), *aff'd in part, remanded in part*, 471 F.2d 853 (4th Cir. 1973).

Anascape's motion to compel is based on nothing more than speculation. As to the Subject Notebook, Anascape states, without any factual basis, that it:

> (1) is relevant to the steps taken by Cheng and Nintendo – or the lack thereof – to insure that Nintendo avoided willfully infringing Armstrong's patents; (2) is relevant to Cheng's design contributions, and the influence of Armstrong's ideas in Cheng's contributions, to existing and future Nintendo products; and (3) will enable Anascape to evaluate how the Armstrong meeting fits within the context of Cheng's day-to-day responsibilities at Nintendo. In addition, the remainder of [the subject] notebook may be relevant to Cheng and Nintendo's opinions of the novelty and value of Armstrong's patents.

(Pl.'s Mot. 4.) These conjectures are simply wrong. As explained above, and as the Court will see from its *in camera* review, the August 27, 1997 notebook entry represents the entirety of Mr. Cheng's interactions with Mr. Armstrong, and no other entry exists in the Subject Notebook that in any way refers or relates to the present case, including any of the areas identified by Anascape. To the extent that the Subject Notebook contains notes from Mr. Cheng's confidential meetings with actual and potential business partners, they are also irrelevant to this case, as they have nothing to do with the accused controllers, Anascape, Mr. Armstrong or his patents.[5]

---

[5] Anascape provides a miscitation to "Fed. R. Civ. P. 106" in support of its contention that the balance of the Subject Notebook may be relevant and discoverable, because "[g]enerally, the doctrine of optional completeness recognizes that the entire context of a document is important in evaluating selected pages." (*See* Pl's Mot. 4 n.1.) In fact, the Federal Rules of Civil Procedure does not include a Rule 106. Instead, Anascape has erroneously cited Rule 106 from the Federal Rules of *Evidence*, which does not relate to the scope of

Anascape argues that Nintendo would suffer no harm from the production of the balance of the Subject Notebook because (1) the notebook can be designated as attorneys-eyes-only under the Protective Order, and (2) "the notes are over a decade old, so there is virtually no possibility that the notes contain any information that gives Nintendo a current competitive advantage." (Pl.'s Mot. 4.) These arguments are unavailing. As discussed above, the scope of discovery is ultimately limited by relevancy. The existence of a Protective Order and the fact that the Subject Notebook is from 1997 is no excuse for Anascape to disregard this limit and seek documents that are irrelevant and nondiscoverable.[6]

### C. Disputes Regarding Relevancy of Materials Sought To Be Discovered Are To Be Resolved By The Court, Not By Anascape

Neither logic nor case law supports the notion that Anascape should be allowed to review the balance of the Subject Notebook, filled with highly confidential information of no relevance to this case, in order to determine for itself whether it is relevant and discoverable. (*See* Pl's Mot. 4.) Anascape's demand is akin to a request to produce every document in a file folder just

---

discovery. Fed. R. Evid. 106 states that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

[6] As to the other notebooks kept by Mr. Cheng between 1997 and 2006, Anascape does not even attempt to articulate a reason why they might be relevant other than to speculate in a throwaway sentence at the end of its motion that they "may reflect his design contributions to Nintendo's products or his opinions of the value and novelty of the patents-in-suit." (Pl.'s Mot. 4.) The overreaching nature of the request is further underscored by the fact that, after counsel for Anascape and Nintendo have disagreed, over the span of several months, whether the balance of the Subject Notebook should be produced, Anascape suddenly broadened the scope of its demand at the eleventh hour to include *all* of Mr. Cheng's notebooks from 1997 through 2006 "that may reflect his design contributions to Nintendo's products or his opinions of the value and novelty of the patents-in-suit." (*Id.*) Counsel for Nintendo was not informed of Anascape's intent to seek these additional materials until approximately a half an hour before Anascape filed this motion. (*See* Blank Decl. ¶ 9.) Anascape's request for all of Mr. Cheng's notebooks "that may reflect his design contributions to Nintendo's product" is clearly overbroad and in violation of this Court's authority that non-accused products are outside the scope of discovery. *See Caritas Techs.*, *supra*, at 7. In addition, as noted above, the already produced pages from the Subject Notebook reflect the entirety of Mr. Cheng's documents regarding Mr. Armstrong's patents. Accordingly, Anascape's last-minute demand for notebooks kept over a ten-year period by a senior executive of a subsidiary of Nintendo's parent, which contain highly confidential information entirely irrelevant to the present action, should be rejected. *See, e.g., Peach v. City of Kewanee*, 2006 U.S. Dist. LEXIS 77379, at *16–*17 (C.D. Ill. Oct. 23, 2006) (finding that a request for "all personal diaries and calendars" over a seven-year period is not "reasonably calculated to lead to admissible evidence[.]").

because the file folder contains a single responsive document.[7] If Anascape's position were correct, Nintendo would be required to turn over every single document in its possession that Anascape cares to request, so that Anascape could review and determine for itself which ones are relevant. This is not the process of "discovery" contemplated by the Federal Rules of Civil Procedure, and Anascape cites to no authority in support of this extreme position.

Where there are genuine disputes as to the relevancy and documents sought to be produced, courts have resolved them by reviewing the documents *in camera*, in order to determine which ones are relevant and discoverable, and which ones are not. *See, e.g., Simpson*, 220 F.R.D. 354, 358–62 (ordering production of relevant portions of plaintiff's diary, as determined by court's *in camera* review,); *Quiroz*, 1998 U.S. Dist. LEXIS 9391 (same); *Great Prize, S.A.*, 764 F. Supp. at 74 n.1 (not requiring production of withheld pages where, after *in camera* review, the court determined they do not contain any relevant information). Where, as here, Nintendo, as the producing party, has offered to permit the trial court to inspect the disputed documents *in camera*, Nintendo has acted appropriately. *See Cooke v. New Mexico Junior Coll. Bd.*, 579 F.2d 568, 570 (10th Cir. 1978) (where the plaintiff has offered to permit the trial court to inspect the diary and make certain that all relevant entries have been produced, this is "not an instance where the plaintiff is stonewalling[.]").

## V.    CONCLUSION

For the foregoing reasons, Nintendo respectfully requests that the Court deny Anascape's motion to compel the production of the Howard Cheng notebook.

---

[7] Like Anascape's request for the entirety of the Subject Notebook, Anascape's demand for the additional notebooks from 1997 through 2006 is akin to a request to produce every document in a file cabinet just because the file cabinet contains a single responsive document.

Dated: July 5, 2007                                     Respectfully submitted,


                                                        By: /s/ James S. Blank
                                                        Robert J. Gunther, Jr.
                                                        (robert.gunther@wilmerhale.com)
                                                        WILMERHALE
                                                        399 Park Avenue
                                                        New York, NY 10022
                                                        Tel: (212) 230-8800
                                                        Fax: (212) 230-8888

                                                        Robert W. Faris
                                                        (rwf@nixonvan.com)
                                                        Joseph S. Presta
                                                        (jsp@nixonvan.com)
                                                        NIXON & VANDERHYE, P.C.
                                                        1100 North Glebe Road
                                                        8th Floor
                                                        Arlington, VA 22201
                                                        Tel.: (703) 816-4000
                                                        Fax: (703) 816-4100

                                                        James S. Blank
                                                        (james.blank@lw.com)
                                                        LATHAM & WATKINS LLP
                                                        885 Third Avenue
                                                        New York, NY 10022
                                                        Tel.: (212) 906-1200
                                                        Fax: (212) 751-4864

                                                        Lawrence L. Germer
                                                        Texas Bar No. 07824000
                                                        GERMER GERTZ L.L.P.
                                                        550 Fannin, Suite 400
                                                        P.O. Box 4915
                                                        Beaumont, Texas 77704
                                                        Tel.:   (409) 654-6700
                                                        Fax:    (409) 835-2115

                                                        Attorneys for Defendant and Counterclaimant
                                                        Nintendo of America, Inc.