IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-158 |
| v. | § | |
| | § | |
| MICROSOFT CORP. AND | § | JUDGE RON CLARK |
| NINTENDO OF AMERICA, INC. | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the court is Plaintiff Anascape, Ltd.'s ("Anascape") Motion to Compel [Doc. #107] seeking to compel Defendant Nintendo of America, Inc. ("Nintendo") to produce, in its entirety, a notebook kept by Mr. Howard Cheng from March 4, 1997 to September 22, 1997. In response, Nintendo has submitted the entire notebook for *in camera* review. Having reviewed the notebook *in camera*, the court concludes that Anascape's Motion shall be denied.

### I. Background

Anascape filed suit against Nintendo alleging infringement of two patents invented by Brad Armstrong, United States Patent Nos. 6,222,525 and 6,906,700. It is undisputed that Cheng, a Nintendo employee, attended a meeting with Armstrong in 1997, at which time Cheng and Armstrong discussed the inventions of the patents-in-suit.

Nintendo produced the cover page and one other page of Mr. Cheng's notebook. In its letter dated June 4, 2007, Nintendo's counsel certified that "the only documents of Mr. Cheng referring or relating to Mr. Armstrong, his patents, or Anascape are the already produced notebook pages which represent the entirety of Mr. Cheng's interactions with Mr. Armstrong." Exhibit 8 of Plaintiff's Motion to Compel, p. 2.

1

## II. Law

<u>A. Relevance</u>

The court's Order Governing Proceeding requires parties to produce all information relevant to this case. Local Rule CV-26(d) instructs that a particular piece of information is "relevant to the claim or defense of any party" if:

(1) It includes information that would not support the disclosing parties' contentions;

(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;

(4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

<u>B. Sanctions</u>

Under Rule 26(g)(1) of the Federal Rules of Civil Procedure, an attorney's signature on a discovery disclosure "constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosure is complete and correct . . ." Furthermore, Rule 26(g)(2) provides, in relevant part:

> The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the [discovery] response ... is ... (B) not interposed ... to cause unnecessary delay or needless increase in the cost of litigation; and (C) not unreasonable or unduly burdensome or expensive.

According to Rule 26(g)(3), "[i]f without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose on the person who made the certification, the party on whose behalf the disclosure is made, or both, *an appropriate sanction, which may include an order to pay the amount of the reasonable expenses*

*incurred because of the violation, including a reasonable attorney's fee."* (emphasis added). Where a violation of Rule 26(g) occurs, imposition of sanctions is mandatory. Fed. R. Civ. P. 26(g) Advisory Committee Notes to 1983 Amendment; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991).

Additionally, pursuant to Rule 37, "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). The rule authorizes a variety of sanctions, including declaring certain facts as established and preventing the offending party from introducing evidence on particular topics. Fed. R. Civ. P. 37(b)(2)(B).

### III. Analysis

Nintendo has certified that the remaining 87 pages of Cheng's notebook are not relevant to this case. *See* Exhibit 8 of Plaintiff's Motion to Compel, p. 2. After reviewing the notebook *in camera,* the court finds no reason to compel Nintendo to produce the entire notebook. Should Cheng's deposition later reveal that his notes in the notebook are relevant to the claim or defense of either party, Nintendo may face the imposition of sanctions.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. #107] is **DENIED.**

**SIGNED this the 9th day of July, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE