IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| Anascape, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Microsoft Corp., and <br> Nintendo of America, Inc., <br><br> Defendants. | Civil Action No. 9:06-cv-158-RC <br><br> JURY TRIAL REQUESTED |

### ANASCAPE, LTD.'S SECOND AMENDED REPLY TO MICROSOFT CORPORATION'S COUNTERCLAIMS

Plaintiff Anascape, Ltd. ("Anascape") files this Reply to Defendant Microsoft Corporation's ("Microsoft") First Amended Counterclaims, filed July 10, 2007, and states as follows:

### RESPONSE TO COUNT I

1. Anascape admits that Microsoft purports to allege a counterclaim arising under 28 U.S.C. §§ 1338, 2201, and 2202 and 35 U.S.C. Anascape denies that Microsoft is entitled to any declaratory relief.

2. Anascape admits the allegations of this paragraph.

3. Anascape admits the allegations of this paragraph.

4. Anascape admits the allegations of this paragraph.

5. Anascape admits the allegations of this paragraph.

6. Anascape admits that it commenced a civil action for infringement of the '084, '802, '886, '271, '525, '991, '791, '997, '205, '303, '415, and '700 patents and admits that there

is an actual controversy between Anascape and Microsoft with respect to Microsoft's infringement of the '084, '802, '886, '271, '525, '991, '791,'997, '205, '303, '415, and '700 patents. Anascape denies the remaining allegations of this paragraph.

7. Anascape denies the allegations of this paragraph.

8. Anascape admits that Microsoft has sold at least two models of controllers for use with its original Xbox video game system. Anascape admits that photographs of two controllers are attached to Microsoft's First Amended Counterclaims as Exhibit A. Anascape admits that Microsoft refers to these two controllers as "Microsoft's Xbox Controllers." Because Microsoft has not yet provided any discovery regarding its products, Anascape is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

9. Anascape admits that Microsoft has sold at least two models of controllers for use with its Xbox 360 video game system. Anascape admits that photographs of two controllers are attached to Microsoft's First Amended Counterclaims as Exhibit B. Anascape admits that Microsoft refers to these two controllers as "Microsoft's Xbox 360 Controllers." Because Microsoft has not yet provided any discovery regarding its products, Anascape is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

10. Anascape denies the allegations of this paragraph.

11. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

12. Anascape denies the allegations of this paragraph.

13. Anascape denies the allegations of this paragraph.

14. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

15. Anascape denies the allegations of this paragraph.

16. Anascape denies the allegations of this paragraph.

17. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

18. Anascape denies the allegations of this paragraph.

19. Anascape denies the allegations of this paragraph.

20. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

21. Anascape denies the allegations of this paragraph.

22. Anascape denies the allegations of this paragraph.

23. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

24. Anascape denies the allegations of this paragraph.

25. Anascape denies the allegations of this paragraph.

26. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

27. Anascape denies the allegations of this paragraph.

28. Anascape denies the allegations of this paragraph.

29. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

30. Anascape denies the allegations of this paragraph.

31. Anascape denies the allegations of this paragraph.

32. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

33. Anascape denies the allegations of this paragraph.

34. Anascape denies the allegations of this paragraph.

35. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

36. Anascape denies the allegations of this paragraph.

37. Anascape denies the allegations of this paragraph.

38. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

39. Anascape denies the allegations of this paragraph.

40. Anascape denies the allegations of this paragraph.

41. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

42. Anascape denies the allegations of this paragraph.

43. Anascape denies the allegations of this paragraph.

44. Anascape denies the allegations of this paragraph.

## RESPONSE TO COUNT II

45. Anascape incorporates by reference its responses to paragraphs 1-5, as if fully restated herein. Anascape denies the remaining allegations of this paragraph.

46. Anascape admits that it commenced a civil action for infringement of the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents and admits that there is an

Dallas 229790v2

actual controversy between Anascape and Microsoft with respect to Microsoft's infringement of the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents. Anascape denies the remaining allegations of this paragraph.

47. Anascape denies the allegations of this paragraph.

48. Anascape denies the allegations of this paragraph.

### RESPONSE TO COUNT III

49. Anascape incorporates by reference its responses to paragraphs 1-5, as if fully restated herein. Anascape denies the remaining allegations of this paragraph.

50. Anascape admits that it commenced a civil action for infringement of the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents and admits that there is an actual controversy between Anascape and Microsoft with respect to Microsoft's infringement of the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents. Anascape denies the remaining allegations of this paragraph.

51. Anascape denies the allegations of this paragraph.

52. Anascape admits that U.S. Patent Application No. 09/715,532 was filed on November 16, 2000 with claims 1-38 and issued as U.S. Patent No. 6,906,700. Anascape admits that Brad A. Armstrong is named as the inventor of U.S. Patent No. 6,906,700. Anascape admits that Mr. Armstrong participated in the prosecution of U.S. Patent No. 6,906,700. Anascape denies the remaining allegations of this paragraph.

53. Anascape admits that Mr. Armstrong was aware of one or more video game controllers after U.S. Patent Application No. 09/715,532 was filed. Anascape denies the remaining allegations of this paragraph.

54.    Anascape admits that Mr. Armstrong filed a Preliminary Amendment with the Patent & Trademark Office dated July 15, 2002, in which he cancelled original claims 1-38 and added new claims 39-77 to the application. Anascape denies the remaining allegations of this paragraph.

55.    Anascape admits that the new claims 39-77 have a claim scope that covers one or more video game controllers. Anascape denies the remaining allegations of this paragraph.

56.    Anascape denies the allegations of this paragraph.

57.    Anascape admits the allegations of this paragraph.

58.    Anascape denies the allegations of this paragraph.

59.    Anascape admits that section 112 of Title 35 of the United States Code states, in part, that:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Anascape admits that section 2163.06 of the Manual of Patent Examining Procedure states, in part, that:

> If new matter is added to the claims, the examiner should reject the claims under 35 U.S.C. 112, first paragraph - written description requirement. *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

Anascape denies the remaining allegations of this paragraph.

60.    Anascape denies the allegations of this paragraph.

61.    Anascape denies the allegations of this paragraph.

62.    Anascape admits the allegations of this paragraph.

63.    Anascape admits the allegations of this paragraph.

64. Anascape admits that the Examiner rejected a number of claims based on the Cyberman reference. Anascape is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

65. Anascape admits that the '525 patent was filed on July 5, 1996 as a continuation-in-part application. Anascape denies the remaining allegations of this paragraph.

66. Anascape admits that the '525 patent includes a disclosure of flexible membrane sheets that was not present in the previous '828 and '891 patents. Anascape denies the remaining allegations of this paragraph.

67. Anascape admits that claims of the '525 patent recite the term "flexible membrane sheet." Anascape denies the remaining allegations of this paragraph.

68. Anascape admits that the '525 patent issued on April 24, 2001. Anascape denies the remaining allegations of this paragraph.

69. Anascape admits the allegations of this paragraph.

70. Anascape admits that the December 4, 2003 IDS states that the Cyberman controller had been "first sold in 1993 in the USA by Logitech Inc. . ." and that a flyer was submitted with the IDS as well as pictures of the Cyberman. Anascape denies the remaining allegations of this paragraph.

71. Anascape admits that the December 4, 2003 IDS is quoted accurately. Anascape denies the remaining allegations of this paragraph.

72. Anascape admits that the December 4, 2003 IDS stated that "Applicant believes an element disclosed in the Cyberman that was not taught in the '828 patent is the membrane element." Anascape denies the remaining allegations of this paragraph.

73. Anascape denies the allegations of this paragraph.

74.    Anascape denies the allegations of this paragraph.

75.    Anascape denies the allegations of this paragraph.

76.    Anascape denies the allegations of this paragraph.

77.    Anascape cannot admit or deny how the facts "appear" to Microsoft and, therefore, denies those allegations.  Anascape admits that Rule 56 is quoted accurately. Anascape denies the remaining allegations of this paragraph.

78.    Anascape denies the allegations of this paragraph.

79.    Anascape denies the allegations of this paragraph.

80.    Anascape denies the allegations of this paragraph.

81.    Anascape denies the allegations of this paragraph.

82.    Anascape denies the allegations of this paragraph.

83.    Anascape admits that U.S. Patent No. 5,164,697 is entitled "Input Keyboard for an Electronic Appliance in Entertainment Electronics" and issued with Richard Kramer named as an inventor on November 17, 1992.  Anascape denies the remaining allegations of this paragraph.

84.    Anascape admits that the application that led to the '084 patent received a rejection on or about April 26, 1999.  Anascape admits that the rejection stated that the Kramer patent was "made of record and not relied upon" and "considered pertinent to applicant's disclosure."  Anascape admits that a response dated April 30, 1999 stated that: "the prior art of record and not relied upon . . . Kramer . . . disclose variable resistors or switches, but after a careful reading . . . none singularly or in combination suggest or teach the present invention . . . ."  Anascape denies the remaining allegations of this paragraph.

85.    Anascape admits that the '802, '886, and '991 patents had not issued as of April 30, 1999.  Anascape admits that the '802 patent was filed on October 1, 1997 and issued on

October 24, 2000.  Anascape admits that the '886 patent was filed on July 24, 1998 and issued on October 24, 2000.  Anascape admits that the '991 patent was filed on February 22, 2000 and issued on February 5, 2002.  Anascape denies the remaining allegations of this paragraph.

86.     Anascape cannot admit or deny how the facts "appear" to Microsoft and, therefore, denies those allegations.  Anascape admits that Rule 56 includes a duty to disclose information material to patentability.  Anascape denies the remaining allegations of this paragraph.

87.     Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

88.     Anascape admits that the Kramer patent was not disclosed in an IDS in conjunction with the '802, '886, and '991 patents.  Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

89.     Anascape denies the allegations of this paragraph.

90.     Anascape denies the allegations of this paragraph.

91.     Anascape denies the allegations of this paragraph.

92.     Anascape denies the allegations of this paragraph.

93.     Anascape admits that the '084 application was filed on June 29, 1998.  Anascape admits that the '084 patent states: "The present invention specifically involves the use of a tactile feedback dome-cap in conjunction with pressure-sensitive variable-conductance material to provide momentary-On pressure dependent variable electrical output" at col. 1, lines 7-12.  Anascape denies the remaining allegations of this paragraph.

94. Anascape admits that Mr. Armstrong discussed prior art in the '084 patent. Anascape denies the remaining allegations of this paragraph.

95. Anascape admits Figure 3 is labeled prior art and does not contain pressure-sensitive variable conductance material. Anascape admits that Figure 5 is described as one embodiment of the invention of the '084 patent. Anascape denies the remaining allegations of this paragraph.

96. Anascape admits that a number of related applications were filed that were based on the same text and figures as the '084 patent. Anascape admits that the '205 patent was filed on December 6, 1999. Anascape admits that the '415 patent was filed on September 18, 2001. Anascape denies the remaining allegations of this paragraph.

97. Anascape admits that the '271 patent was filed on September 4, 1998. Anascape admits that the '271 patent is quoted accurately at col. 7, lines 42-46 and col. 16, lines 30-35. Anascape denies the remaining allegations of this paragraph.

98. Anascape denies the allegations of this paragraph.

99. Anascape cannot admit or deny how the facts "appear" to Microsoft and, therefore, denies those allegations. Anascape admits that Rule 56 includes a duty to disclose information material to patentability. Anascape denies the remaining allegations of this paragraph.

100. Anascape is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.

101. Anascape denies the allegations of this paragraph.

102. Anascape denies the allegations of this paragraph.

103. Anascape denies the allegations of this paragraph.

104.   Anascape denies the allegations of this paragraph.

105.   Anascape denies the allegations of this paragraph.

106.   Anascape denies the allegations of this paragraph.

107.   Anascape denies the allegations of this paragraph.

Anascape denies each and every allegation contained in Microsoft's Counterclaims that is not expressly admitted herein. Anascape denies that Microsoft is entitled to the relief requested or any other relief.

## PRAYER FOR RELIEF

Anascape prays for the following relief:

A.   The dismissal of Microsoft's Counterclaims for declaratory relief;

B.   Judgment declaring that Microsoft infringes the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents;

C.   Judgment declaring that the '084, '802, '886, '271, '991, '791,'997, '205, '303, '415, and '700 patents are valid and enforceable;

D.   An award of Anascape's attorneys' fees and costs, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

E.   Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Anascape hereby demands a jury trial on all issues appropriately triable by a jury.

|  |  |
|---|---|
| DATED:  July 20, 2007. | Respectfully submitted,<br><br>**McKOOL SMITH, P.C.**<br><br>/s/ Sam Baxter<br>Sam Baxter<br>Lead Attorney<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>P.O. Box O<br>505 E. Travis, Suite 105<br>Marshall, Texas 75670<br>Telephone: (903) 927-2111<br>Facsimile: (903) 927-2622<br><br>Theodore Stevenson, III<br>Texas State Bar No. 19196650<br>tstevenson@mckoolsmith.com<br>Luke F. McLeroy<br>Texas State Bar No. 24041455<br>lmcleroy@mckoolsmith.com<br>McKool Smith, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Robert M. Parker<br>Texas State Bar No. 15498000<br>rmparker@pbatyler.com<br>Robert Christopher Bunt<br>Texas State Bar No. 00787165<br>rcbunt@pbatyler.com<br>Charles Ainsworth<br>Texas State Bar No. 00783521<br>charley@pbatyler.com<br>Parker, Bunt & Ainsworth P.C.<br>100 E. Ferguson Street, Suite 1114<br>Tyler, Texas 75702<br>Telephone: (903) 531-3535<br>Telecopier: (903) 533-9687<br><br>**ATTORNEYS FOR PLAINTIFF<br>ANASCAPE, LTD.** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF or U.S. Mail on this 20th day of July 2007.

/s/ Luke F. McLeroy

Luke F. McLeroy