IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD. | § | |
| | § | Hon. Ron Clark |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 9:06-CV-00158-RC |
| | § | |
| MICROSOFT CORPORATION, and | § | |
| NINTENDO OF AMERICA, INC., | § | *REQUEST FOR EXPEDITED BRIEFING* |
| | § | |
| Defendants. | § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S
RENEWED MOTION TO STAY LITIGATION
PENDING REEXAMINATION OF THE REMAINING PATENTS-IN-SUIT**

Nintendo of America Inc. ("Nintendo") hereby joins Microsoft's renewed motion to stay the remaining patents in this litigation. At the outset of this litigation, Anascape asserted five patents against Nintendo. Nintendo's motion to stay three of those patents pending reexamination, the 6,344,791, 6,351,205 and 6,563,415 patents, was granted by the Court's February 23, 2007 Order, leaving two patents, 6,906,700 and 6,222,525, remaining in the case against Nintendo. In view of the recent actions of the PTO, rejecting all claims of the Anascape patents-in-suit thus far considered in reexamination, Nintendo requests that the Court stay the litigation as to the remaining '700 and '525 patents asserted against Nintendo pending the results of the reexaminations of those patents.

*Request for Expedited Briefing:* For the reasons set forth in Microsoft's motion at 2-3, Nintendo joins Microsoft's request for an expedited briefing schedule on its renewed motion to stay. Nintendo respectfully requests that this motion be briefed on the same schedule as that set for Microsoft's motion.

NY\1310713.1

## ARGUMENT

Nintendo incorporates in full the arguments set forth in Microsoft's renewed motion, which apply to Nintendo with equal force. Although Nintendo did not file reexamination requests on its own for the '700 and '525 patents, Microsoft filed an *inter partes* reexamination request for the '700 patent and an *ex parte* reexamination request for the '525 patent. Significantly, with respect to the '700 patent, the PTO has granted the request for reexamination in a 53-page Order finding over 40 substantial new questions of patentability which apply to all 33 issued claims of that patent. *See* Declaration of James S. Blank, Ex. 1 at 20. The reexamination request for the '525 patent remains pending, but given the PTO's actions with respect to the '700 patent as well as the other Anascape patents in reexamination, it is reasonable to assume that the PTO will find multiple substantial new questions of patentability with respect to this patent as well.

In its Order granting *inter partes* reexamination with respect to the '700 patent, the PTO conducted a detailed analysis and concluded, contrary to Anascape's position in this litigation, that the '700 patent is not entitled to an earlier date of priority based on the filing date of the '525 patent. *See id*. at 12-20. The result of this determination is that the PTO will consider prior art pre-dating the November 16, 2000 filing date of the '700 patent and will not require prior art for the '700 patent to pre-date the July 5, 1996 filing date of the '525 patent: "Thus, because the '700 Patent includes new matter based on the above analysis regarding the disclosure of the ['525] parent application of which the '700 patent claims 35 U.S.C. 120 benefit, the inventions of claims 1-33 of the '700 Patent have only a critical date for purposes of prior art patents and publications of Nov. 16, 2000, being the filing date of the application that matured into the '700

Patent. *See id.* at 19-20.[1]

While the Examiner has not yet issued a formal office action rejecting claims, it is likely that such an office action will issue within 60 days of the July 17, 2007 Order granting the request for *inter partes* reexamination. *See* Manual of Patent Ex'g Procedure § 2260.[2] The content of the Examiner's Order finding over 40 substantial new questions of patentability strongly indicates that, consistent with the other Anascape patents that have reached the office action stage, all 33 claims of the '700 patent will be rejected. In addition, given the speed with which the PTO has been reexamining Anascape's patents, it is likely that an order finding substantial new questions of patentability with respect to the '525 patent will be issued in the near future.

A decision to stay both the '700 and '525 patents would place the remainder of the litigation against Nintendo on hold while the PTO completes its work in reexamining these remaining two patents. All of the arguments set forth by Microsoft concerning the simplification of issues, conservation of resources, and lack of prejudice to Anascape apply here with equal force. Focusing, for example, just on the '700 patent, as to which over 40 substantial new questions of patentability have already been found by the PTO, it is clear that a stay as to this patent would greatly simplify the case against Nintendo without any prejudice to Anascape. The '700 patent is the only patent which Anascape has asserted against Nintendo's newly-introduced

---

[1] It is worth noting that Anascape, in opposing the initial motions to stay filed by Microsoft and Nintendo, made the '700 reexamination request the poster child for its argument that defendants' request for a stay amounted to nothing more than an improper litigation tactic. Anascape argued then that reexamination of the '700 patent was doomed to failure because the PTO had previously considered and rejected the notion that the '700 patent was not entitled to a priority date based on the filing date of the '525 patent. *See* Anascape's Consolidated Sur-Reply dated February 13, 2007 at 1-4. Contrary to Anascape's assertions, the PTO has now determined just that, *i.e.*: "the '700 Patent is not seen to be entitled to the priority date of the Armstrong '525 patent." *See* Blank Decl., Ex. 1 at 19.

[2] Online at http://www.uspto.gov/web/offices/pac/mpep/mpep_e8r5_2600.pdf.

Wii Remote and Wii Nunchuk controllers. Thus a stay as to the '700 patent would remove both of these accused Wii controllers from the case.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in Microsoft's renewed motion, a stay of the litigation as to the remaining two patents asserted against Nintendo should be granted.

Respectfully submitted,

By: /s/ James S. Blank

James S. Blank
(james.blank@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel.: (212) 906-1200
Fax: (212) 751-4864

Robert J. Gunther, Jr.
(robert.gunther@wilmerhale.com)
WILMER CUTLER PICKERING HALE
    & DORR LLP
399 Park Avenue
New York, NY 10022
Tel.: (212) 230-8800
Fax: (212) 230-8888

Robert W. Faris
(rwf@nixonvan.com)
Joseph S. Presta
jsp@nixonvan.com)
NIXON & VANDERHYE, P.C.
1100 North Glebe Road
8th Floor
Arlington, VA 22201
Tel.: (703) 816-4000
Fax: (703) 816-4100

Lawrence L. Germer
<u>llgermer@germer.com)</u>
Texas Bar No. 07824000
GERMER GERTZ L.L.P.
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas  77704
Tel.:  (409) 654-6700
Fax:  (409) 835-2115

Attorneys for Defendant and
Counterclaimant Nintendo of America Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 31st day of July, 2007.

/s/ James S. Blank
James S. Blank

## **CERTIFICATE OF CONFERENCE**

Counsel for Nintendo has conferred with counsel for Anascape in a good faith attempt to resolve without court intervention the matters raised by Nintendo's foregoing Renewed Motion to Stay Litigation Pending Reexamination. Counsel for Anascape stated that Anascape opposes the motion. Anascape also stated that it opposed Nintendo's request that briefing on this motion be expedited to avoid wasting further resources.

/s/ James S. Blank
James S. Blank
