# EXHIBIT C

Change in Policy of Examiner Assignment in
Ex Parte Reexamination Proceedings and
Establishment of Patentability Review
Conferences in Ex Parte Reexamination Proceedings

Effective immediately, the United States Patent and Trademark Office (USPTO) is implementing the following two changes in ex parte reexamination practice:

I. Examiner Assignment Policy: It will be the general policy of the USPTO to assign ex parte requests for reexamination of a patent to an examiner different from the examiner(s) who examined the patent application.

II. Patentability Review Conference: A "patentability review conference" will be convened in each ex parte reexamination proceeding (1) just prior to issuing a final rejection, and (2) just prior to issuing a Notice of Intent to Issue Reexamination Certificate (NIRC).

These changes in the policy of examiner assignment and the introduction of the patentability review conference are directed specifically to ex parte reexamination practice, including an ex parte reexamination proceeding merged with a reissue application. They do not apply to proceedings under the newly enacted inter partes reexamination statute nor to merged ex parte-inter partes reexamination proceedings. Similar policies are, however, being considered for proceedings under the recently enacted inter partes reexamination statute, including merged ex parte-inter partes reexamination proceedings. See Notice of proposed rulemaking, Rules to Implement Optional Inter Partes Reexamination Proceedings, 65 Fed. Reg. 18154, 18157-58 (2000), 1234 OG 93, 96 (2000), Response to Issue 4. Specific guidance as to policies, practices and procedures as they will apply to inter partes reexamination proceedings will be forthcoming in a separate O.G. Notice to be published in conjunction with the final rules on inter partes reexamination.

I. Examiner Assignment Policy in
Ex Parte Reexamination Proceedings

A. Background

After a request for ex parte reexamination is received by the USPTO, the reexamination request is forwarded to the appropriate Technology Center (TC) and then to the TC Art Unit in which the reexamination proceeding is to be examined. Normally, the Art Unit that currently examines the class and subclass in which the patent to be reexamined is currently classified will conduct the reexamination. The reexamination request is then assigned by the Supervisory Patent Examiner (SPE) of the Art Unit to an examiner familiar with the claimed subject matter of the patent. That examiner will be referred to as the "examiner in charge" of the reexamination.

Historically, the examiner chosen by the SPE has generally been the original examiner who examined the patent for which reexamination is requested. When the original examiner has been available, he or she has been presumed to be the examiner most familiar with the technology and prosecution history of the patent. Statistics compiled by the USPTO do not support the existence of any significant difference in the rate of reaffirming the patentability of claims, whether the cases are assigned to the original examiner or to a different examiner. The public, however, has voiced complaints that a perception of "original examiner bias" exists.

Change in Policy of Ex Parte Reexamined Proceedings - OG Date: 29 August 2000
Case 1:06-cv-00558-RHC Document 103 Filed 08/07/2007 Page 3 of 5
Page 2 of 4

B. Implementation of New Examiner Assignment Policy in Ex Parte Reexamination

In view of the public perception of "original examiner bias," the USPTO is changing its practice for assigning ex parte reexamination requests to an examiner. Henceforth, the general policy of the USPTO will be to assign all such ex parte requests, which are filed after the date of this notice, to an examiner different from the examiner(s) who examined the patent application.

Exceptions to this general policy include cases where the SPE is the only Primary Examiner in the Art Unit, or where the original examiner is the only examiner with adequate knowledge of the relevant technology. In the unusual case where there is a need to assign the request to the original examiner, the assignment must be approved by the TC Group Director and so indicatedin the decision on the request for reexamination order.

C. Consequences of Inadvertent Assignment to an "Original Examiner"

Should a reexamination be inadvertently assigned to an "original examiner," the patent owner or the third party requester who objects must promptly file a paper alerting the USPTO to this fact.Any request challenging the assignment of an examiner to the case must be made within two months of the first Office action or other Office communication indicating the examiner assignment, or reassignment will not be considered. Reassignment of the reexamination to a different examiner will be addressed on a case-by-case basis. In no event will the assignment to the original examiner, by itself, be grounds for vacating any Office decision(s) or action(s) and "restarting" the reexamination.

II. Patentability Review Conferences in
Ex Parte Reexamination Proceedings

A. Background

Currently, reexaminations are monitored by Special Program Examiners in each Technology Center. Prior to the issuance of the reexamination certificate, all reexamination proceedings are screened for obvious errors and to ensure that the record has been prepared properly. This screening is currently performed in the Office of Patent Legal Administration. In addition, the Office of Patent Quality Review conducts a patentability review in a sample of reexamination proceedings.

Reexaminations often involve patents in litigation, and the outcome for the patent owner and for the patent challenger can be dispositive. The USPTO and the public share the concern that the reexaminations should be conducted at the highest possible level of quality. Accordingly, the USPTO will conduct "patentability review conferences" to enhance the quality of ex parte reexamination proceedings. The patentability review conferences will provide substantive review of all the issues before the examiner, thereby enhancing objective analysis and quality in the ex parte reexamination proceeding.

B. Implementation of Patentability Review Conference in Ex Parte Reexamination:

Effective immediately, a "patentability review conference" will be convened in each pending ex parte reexamination proceeding (1) just prior to issuing a final rejection, and (2) just prior to issuing a Notice of Intent to Issue a Reexamination Certificate (NIRC). These are the two most critical events in reexamination proceedings. Each conference will provide a forum to consider all issues of patentability

as well as procedural issues having an impact on patentability.

C. Make-up of the Patentability Review Conference

The patentability review conference will consist of three members, one of whom may be the SPE. The first member will be the examiner in charge of the proceeding. The SPE will select the other two members, who will be examiner-conferees. The examiner-conferees will be Primary Examiners, or examiners who are knowledgeable in the technology of the invention claimed in the patent being reexamined, and/or who are experienced in reexamination practice. The majority of those present at the conference will be examiners who were not involved in the examination or issuance of the patent. An "original" examiner should be chosen as a conferee only if that examiner is the most knowledgeable in the art, or there is some other specific and justifiable reason to choose an original examiner as a participant in the conference.

The patentability review conference will be similar to the appeal conference presently carried out prior to the issuance of an examiner's answer following the filing of a Notice of Appeal and Brief. See MPEP 1208. A patentability review conference must be held in each instance where a final rejection is about to be issued in a reexamination proceeding. A patentability review conference must be held in each instance where an NIRC is about to be issued, unless the NIRC is being issued: (1) following and consistent with a decision by the Board of Patent Appeals and Interferences on the merits of the proceeding, or (2) as a consequence of the patent owner's failure to respond or take other action where such a response or action is necessary to maintain pendency of the proceeding and, as a result of which failure to respond, all of the claims will be canceled. When the patentability review conference results in the issuance of a final rejection or an NIRC, the two conferees will place their initials, followed by the word "conferee," below the signature of the examiner. The signature of the examiner and initials of the conferees on the resulting Office action will reflect that the patentability review conference has been conducted.

D. Consequences of Failure to Hold Conference

Should the examiner issue a final rejection or NIRC without holding a patentability review conference, the patent owner or the third party requester who wishes to object must promptly file a paper alerting the USPTO of this fact. Any challenge of the failure to hold a patentability review conference must be made within two months of the Office action, or the challenge will not be considered. Convening the conference to reconsider the examiner's decision will be addressed on a case-by-case basis. In no event will the failure to hold a review conference, by itself, be grounds for vacating any Office decision(s) or action(s) and "restarting" the reexamination proceeding.

E. Discussion

Review of the patentability of the claims by more than one Primary Examiner should diminish the perception that the patent owner can disproportionately influence the examiner in charge of the proceeding. The conference will also provide greater assurance that all matters will be addressed appropriately. All issues in the proceeding will be viewed from the perspectives of three examiners. What the examiner in charge of the proceeding might have missed, the other two conference members would likely detect. The conference will provide for a comprehensive discussion of, and finding for, each issue. The present initiative limits the use of the multiple examiner conference review to the two most critical points in the proceeding: (1) where the examiner decides whether to issue a final rejection of claims, and (2) where the examiner

decides whether to issue an NIRC to confirm or allow claims. Thus, this initiative provides the advantage that the proceeding will be looked at by three "pairs of eyes" at the most important points in the reexamination, without expending an inordinate amount of resources and without unduly delaying the proceeding.

Incorporation into the Manual of Patent Examining Procedure (MPEP):

The "Examiner Assignment Policy" and "Patentability Review Conference" initiatives, as well as their particulars, will be incorporated into the MPEP in due course.

Inquiries:

Inquiries regarding this matter should be directed to Kenneth M. Schor, Senior Legal Advisor, Office of Patent Legal Administration:

    By e-mail:      kenneth.schor@uspto.gov

    By telephone:   (703) 308-6710
    By FAX:         (703) 872-9408, marked to the attention of Kenneth M. Schor

    By mail:        United States Patent and Trademark Office
                    Box Comments--Patents
                    Commissioner for Patents
                    Washington, D.C. 20231
                    Attention: Kenneth M. Schor

August 4, 2000                                            Q. TODD DICKINSON
                                              Under Secretary of Commerce for
                                           Intellectual Property and Director of the
                                           United States Patent and Trademark Office