# EXHIBIT D

failed to respond to the first Office action, the proceeding will be limited to the claims found patentable and to new claims which do not expand the scope of the claims found patentable (if the new claims have an entry right or are otherwise entered at the option of the examiner). See MPEP § 2666.10. >A panel review conference pursuant to MPEP § 2671.03 will be held.<

## 2671.03    *>Panel< Review *  [R-5]

**>A panel review will be conducted at each stage of the examiner's examination in an *inter partes* reexamination proceeding, other than for actions such as notices of informality or incomplete response. Matters requiring decision outside of the examiner's jurisdiction (e.g., decisions on petitions or extensions of time, or Central Reexamination Unit (CRU) support staff notices) will not be reviewed by a panel.

The panel review is carried out for each Office action. The panel reviews the examiner's preliminary decision to reject and/or allow the claims in the reexamination proceeding, prior to the issuance of each Office action.

### I.    MAKE-UP OF THE PANEL

The panel will consist of three members, one of whom will be a manager. The second member will be the examiner in charge of the proceeding. The manager will select the third member. The examiner-conferees will be primary examiners, or examiners who are knowledgeable in the technology of the invention claimed in the patent being reexamined and/or who are experienced in reexamination practice. The majority of those present at the conference will be examiners who were not involved in the examination or issuance of the patent. An "original" examiner (see MPEP § 2636) should be chosen as a conferee only if that examiner is the most knowledgeable in the art, or there is some other specific and justifiable reason to choose an original examiner as a participant in the conference.<

### II.    **>PANEL< PROCESS

The examiner must inform his/her *>manager< of his/her intent to issue an **>Office action. The manager< will then convene a **>panel and the members will confer and< review the patentability of the claim(s). If the conference confirms the examiner's preliminary decision to reject and/or allow the claims, the Office action ** shall be issued and signed by the examiner, with the two other conferees initialing the action (as "conferee") to indicate their *>participation< in the conference. Both conferees will initial, even though one of them may have dissented from the 3-party conference decision as to the patentability of claims. If the conference does not confirm the examiner's preliminary decision, ** the examiner **>will reevaluate and issue an< appropriate Office action **.

Where the examiner in charge of the proceeding is not in agreement with the conference decision, the *>manager< will generally assign the proceeding to another examiner**.
**

### III.    WHAT THE CONFERENCES SHOULD ACCOMPLISH

Each conference will provide a forum to consider all issues of patentability as well as procedural issues having an impact on patentability. Review of the patentability of the claims by more than one primary examiner should diminish any perception that the patent owner can disproportionately influence the examiner in charge of the proceeding. The conferences will also provide greater assurance that all matters will be addressed appropriately. All issues in the proceeding will be viewed from the perspectives of three examiners. What the examiner in charge of the proceeding might have missed, one of the other two conference members would likely detect. The conference will provide for a comprehensive discussion of, and finding for, each issue.

### IV.    CONSEQUENCES OF FAILURE TO HOLD CONFERENCE

Should the examiner issue **>Office action without panel review<, the patent owner or the third party requester who wishes to object must promptly file a paper alerting the Office of this fact. (The failure to hold a *>panel< review conference would be noted by the parties where there are no conferees' initials at the end of the ** Office action.) Any challenge of the failure to hold a *>panel< review conference must be made within two *>weeks of receipt< of the Office action issued, or the challenge will not be considered. ** In no event will the failure to hold a patentability review conference, by itself, be grounds for vacating

any Office decision(s) or action(s) and "restarting" the reexamination proceeding.

## 2672 Patent Owner Comments/Amendment After ACP and Third Party Requester Responsive Comments [Added R-2]

*37 CFR 1.951. Options after Office action closing prosecution in inter partes reexamination.*

(a) After an Office action closing prosecution in an *inter partes* reexamination, the patent owner may once file comments limited to the issues raised in the Office action closing prosecution. The comments can include a proposed amendment to the claims, which amendment will be subject to the criteria of § 1.116 as to whether or not it shall be admitted. The comments must be filed within the time set for response in the Office action closing prosecution.

(b) When the patent owner does file comments, a third party requester may once file comments responsive to the patent owner's comments within 30 days from the date of service of patent owner's comments on the third party requester.

### I. ONE OPPORTUNITY TO MAKE SUBMISSIONS UNDER 37 CFR 1.951(a) AND (b)

After an Action Closing Prosecution (ACP), the patent owner may once file (pursuant to 37 CFR 1.951(a)) written comments limited to the issues raised in the reexamination proceeding and/or present a proposed amendment to the claims. Where the patent owner does so, the third party requester may once file (pursuant to 37 CFR 1.951(b)) comments responsive to the patent owner's comments. Any second or supplemental submission after ACP by either the patent owner or the third party requester will thus be returned.

### II. TIME FOR MAKING PATENT OWNER SUBMISSION UNDER 37 CFR 1.951(a)

The patent owner submission under 37 CFR 1.951(a) of comments and/or proposed amendment must be filed within the time period set for response to the ACP. Normally, the ACP will set a period of 30 days or one month (whichever is longer) from the mailing date of the ACP.

An extension of the time period for filing the patent owner's submission under 37 CFR 1.951(a) may be requested under 37 CFR 1.956. The time period may not, however, be extended to run past 6 months from the date of the ACP.

The examiner and all other parties to the reexamination should recognize that a reexamination proceeding may result in the final cancellation of claims from the patent **and** that the patent owner does not have the right to continue the proceeding by refiling under 37 CFR 1.53(b) or 1.53(d), nor by filing a Request for Continued Examination under 37 CFR 1.114, and the patent owner cannot file an *inter partes* reexamination request (see MPEP § 2612). Accordingly, the examiner and other parties should identify and develop all issues prior to the ACP, including the presentation of evidence under 37 CFR 1.131 and 1.132.

### III. PATENT OWNER MAKES SUBMISSION AFTER ACP; LIMITATION ON PATENT OWNER'S SUBMISSION

Once an ACP that is not premature has been entered in a reexamination proceeding, the patent owner no longer has a right to unrestricted further prosecution. Consideration of the proposed amendments submitted after ACP (pursuant to 37 CFR 1.951(a)) will be governed by the strict standards of 37 CFR 1.116. The patent owner's submission of comments under 37 CFR 1.951(a) must be limited to the issues raised in the ACP. If the submission addresses issues not already raised in the ACP, then the comments will be returned. No additional opportunity will be given for the patent owner to correct the defect unless a petition under 37 CFR 1.183 is granted to waive 37 CFR 1.951 as to its one opportunity limitation for the patent owner comment. If such a petition under 37 CFR 1.183 is granted and the patent owner submits corrected comments under 37 CFR 1.951(a), the third party requester may then once file supplemental comments responding to the patent owner's corrected comments within one month from the **date of service** of the patent owner's corrected comments on the third party requester.

### IV. PATENT OWNER MAKES SUBMISSION AFTER ACP; THIRD PARTY REQUESTER COMMENTS ARE LIMITED TO RESPONDING TO PATENT OWNER'S SUBMISSION

Where the patent owner files comments and/or a proposed amendment pursuant to 37 CFR 1.951(a), the third party requester may once file comments (pursuant to 37 CFR 1.951(b)) responding to the