# EXHIBIT E



**Portfolio Media. Inc.** | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

# PTO Issues Memo On KSR Decision To Examiners

By **Amanda Ernst**, amanda.ernst@portfoliomedia.com

*Portfolio Media, New York (May 4, 2007)*

Despite the U.S. Supreme Court's ruling in KSR v. **Teleflex**, the U.S. Patent and Trademark Office has advised its examiners to not toss out the teaching-suggestion-motivation test altogether.

In a memo sent to technology center directors on Thursday, Deputy Commissioner of Patent Operations Margaret Focarino sent some preliminary guidance to patent examiners regarding KSR. The memo said the PTO is studying the Supreme Court's order and will give further guidance to its examiners in the near future.

Focarino also used the memo to remind the staff to continue to look for specific reasons why prior art would be combined into a new patent before rejecting applications for obviousness.

Focarino used the memo to highlight the important aspects of the Supreme Court's decision, which came down April 30. She emphasized that the Court reaffirmed the factors in determining obviousness laid out in Graham v. John Deere, which was the standard before the U.S. Court of Appeals for the Federal Circuit began implementing its TSM test.

The deputy commissioner's memo also mentioned that although the Court did not completely rule out the TSM test, it rejected the rigid application of it. Lastly, Focarino emphasized that the Supreme Court stated a rejection under 35 USC § 103(a) should be based on an apparent reason why prior art was combined.

"In formulating a rejection under 35 USC § 103(a) based upon a combination of prior art elements, it remains necessary to identify the reason why a person of ordinary skill in the art would have combined the prior art elements in the manner claimed," the memo said.

Experts say this statement shows that the PTO is acknowledging that the TSM test can still be helpful in determining the obviousness of a patent. The PTO is not anticipating nor encouraging a wholesale change in the current test, said Ben Davidson, a trademark, copyright and patent litigator at **Howrey LLP** and a former patent examiner.

"The PTO is saying that there's no drastic change in the Supreme Court's decision," Davidson said. "They don't want to rock the boat too much. Patent examiners will still need to explain why a patent should be rejected based on obviousness."

Those within the patent community will be keeping a close eye on the PTO's future actions regarding the KSR decision.

"The patent office does not want to be overly strict and not issue patents that are deserving of patent protection. And it doesn't want to discourage people from filing patents because it's not going to be worthwhile," Davidson said. "The office will need to give examiners some objective way to determine obviousness."

In its unanimous decision Monday, the Supreme Court more or less disposed of the TSM test as it is currently viewed and used by the U.S. Patent and Trademark Office, patent attorneys and district courts.

In its decision, the Supreme Court rejected the "rigid approach of the Court of Appeals" regarding the TSM test. The Court found that the appellate court had erred by not looking at the broader problems that someone in the field faces, and by not looking for broader solutions within prior art, possible even inventions used for other purposes.

The Supreme Court further said the appellate court had erred by finding that a patent couldn't be proved obvious if the combination of prior art was "obvious to try." Lastly, the Federal Circuit "drew the wrong conclusion from the risk of courts and patent examiners falling prey to hindsight bias," the decision said.

The Supreme Court said that inventors should be allowed to consider prior inventions when creating new works. However, the combination of the prior art must create a novel combination in order to be patentable.

"In many fields it may be that there is little discussion of obvious techniques or combinations, and it often may be the case that market demand, rather than scientific literature, will drive design trends," the decision said. "Granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may, in the case of patents combining previously known elements, deprive prior inventions of their value or utility."

On Monday, Jon Dudas, the undersecretary of commerce for intellectual property and the PTO's director, acknowledged that patent examiners would be affected by the ruling.

"The decision gives our examiners more flexibility to use their considerable technical skills to reject obvious changes to existing technology," Dudas said.

All Content Copyright 2007, Portfolio Media, Inc.