# EXHIBIT F



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**MAILED**

**APR 10 2007**

**CENTRAL REEXAMINATION UNIT**

Brad A Armstrong
15487 Joseph Road
Tyler, TX 75707

(For Patent Owner)

Stephen J. Joncus
Kilarquist Sparkman, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204

(For Requester)

In Armstrong
Reexamination Proceeding
Control No. 95/000,223
Request Deposited: February 1, 2007
Corrected Request Dated: February 15, 2007
For: U.S. Patent No. 6,343,991

: DECISION *SUA SPONTE*
: VACATING *INTER PARTES*
: REEXAMINATION
: FILING DATE

The *inter partes* reexamination request papers originally deposited on February 1, 2007, and assigned Control No. 95/000,223, and the corrected request papers deposited on February 15, 2007 are before the Office of Patent Legal Administration for consideration of whether to vacate the assigned filing date for failure to comply with the provisions of 37 CFR 1.915.

This decision constitutes notice that, pursuant to 37 CFR 1.915(d), **the filing date** of February 15, 2007, which was assigned to the request papers for the above-captioned *inter partes* reexamination proceeding is hereby **vacated**, because the papers fail to comply with the filing date requirements for an *inter partes* reexamination proceeding set forth in 37 CFR 1.915(b), for the reasons set forth below.

See MPEP 2627, Part B.1, MPEP 2614, and MPEP 2617, Part I.

In order to obtain a filing date for the request papers, the requester must, within **thirty (30) days** of the mailing date of this decision, file a response to this decision which remedies the defects set forth in this decision and makes the request papers compliant with the requirements of 37 CFR 1.915.

Application/Control Number: 95/000,223　　　　　　　　　　　　　　　　　　　　　　Page 2
Art Unit: 3993

### REVIEW OF FACTS

1.　U.S. Patent No. 6,343,991 (hereinafter, the '991 patent), issued to Armstrong, on February 5, 2002, from an application filed on February 22, 2000.

2.　On February 1, 2007, a third party, Microsoft Corporation, deposited a request for *inter partes* reexamination of claims 1-74 of the '991 patent, made pursuant to 37 CFR 1.915. The reexamination proceeding was assigned Control No. 95/000,223 (hereinafter, the '0223 proceeding).

3.　On February 12, 2007, a "Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements (37 CFR 1.915(d))" was mailed in the '0223 proceeding. The notice identified the failure of the request to provide a statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination was requested. Specifically, the notice stated that the request failed to provide the required detailed explanation for U.S. Patent Nos. 3,806,471 to Mitchell and 4,491,325 to Bersheim. The notice provided a 30-day time period for requester to complete the request.

4.　On February 15, 2007, the third party filed a response to the Notice of February 12, 2007, wherein the requester filed a replacement information disclosure statement that explicitly withdrew the citations - U.S. Patent Nos. 3,806,471 to Mitchell and 4,491,325 to Bersheim.

5.　On February 16, 2007, a "Notice of *Inter Partes* Reexamination Request Filing Date" was mailed for the '0223 proceeding. The notice stated the filing date of the request for reexamination to be February 15, 2007.

### DECISION

Pursuant to 37 CFR 1.915(b), any request for *inter partes* reexamination must include:

> "(1)An identification of the patent by patent number and every claim for which reexamination is requested.
> "(2)A citation of the patents and printed publications which are presented to provide a substantial new question of patentability.
> "(3)A statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested.
> "(4)A copy of every patent or printed publication relied upon or referred to in paragraphs (b)(1) through (3) of this section, accompanied by an English language translation of all the necessary and pertinent parts of any non-English language document.

Application/Control Number: 95/000,223                                                                 Page 3
Art Unit: 3993

> "(5)A copy of the entire patent including the front face, drawings, and specification/claims (in double column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.
> "(6)A certification by the third party requester that a copy of the request has been served in its entirety on the patent owner at the address provided for in § 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the request must be supplied to the Office.
> "(7)A certification by the third party requester that the estoppel provisions of § 1.907 do not prohibit the *inter partes* reexamination
> "(8) A statement identifying the real party in interest to the extent necessary for a subsequent person filing an inter partes reexamination request to determine whether that person is a privy."

Upon further review of the proceeding papers, the request is not compliant with 37 CFR 1.915(b). Specifically, the request is not compliant with 37 CFR 1.915(b)(3), which requires "[a] statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested."

The request is incomplete as to compliance with 37 CFR 1.915(b)(3) for the following reasons:

1) The request fails to clearly set forth each substantial new question of patentability (SNQ)/proposed rejection and to provide a detailed explanation of the pertinency and manner of applying the patents and printed publications **to every claim** for which reexamination is requested. The original request papers dated February 1, 2007 set forth 43 SNQs/proposed rejections. The chart that contains the detailed explanation under 37 CFR 1.915(b)(3), however, sets forth additional SNQs/proposed rejections not identified in the 43 SNQs/proposed rejections in the request, while at the same time, not providing the explanation for all 43 SNQs/proposed rejections as set forth the request. Therefore, not all of the multiple proposed rejections are explained **for each claim** to which the rejection is applied, or are discussed in enough detail to clearly set forth the proposed rejections.

For example, in regards to claim 26, the request identifies the following SNQs/proposed rejections based on the Goto reference in combination with other references:
1. Goto in view of Himoto;
2. Goto in view of Chandler and O'Mara;
3. Goto in view of Himoto and Ledin;
4. Goto in view of Himoto and Kramer;
5. Goto in view of O'Mara and Kramer; and
6. Goto in view of Chandler, O'Mara, and Kramer.

The chart identifies the following SNQs/proposed rejections for claim 1 based on the Goto reference:
1. Goto in view of Chandler;

Application/Control Number: 95/000,223                                                      Page 3
Art Unit: 3993

> "(5) A copy of the entire patent including the front face, drawings, and specification/claims (in double column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.
> "(6) A certification by the third party requester that a copy of the request has been served in its entirety on the patent owner at the address provided for in § 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the request must be supplied to the Office.
> "(7) A certification by the third party requester that the estoppel provisions of § 1.907 do not prohibit the *inter partes* reexamination
> "(8) A statement identifying the real party in interest to the extent necessary for a subsequent person filing an inter partes reexamination request to determine whether that person is a privy."

Upon further review of the proceeding papers, the request is not compliant with 37 CFR 1.915(b). Specifically, the request is not compliant with 37 CFR 1.915(b)(3), which requires "[a] statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested."

The request is incomplete as to compliance with 37 CFR 1.915(b)(3) for the following reasons:

1) The request fails to clearly set forth each substantial new question of patentability (SNQ)/proposed rejection and to provide a detailed explanation of the pertinency and manner of applying the patents and printed publications **to every claim** for which reexamination is requested. The original request papers dated February 1, 2007 set forth 43 SNQs/proposed rejections. The chart that contains the detailed explanation under 37 CFR 1.915(b)(3), however, sets forth additional SNQs/proposed rejections not identified in the 43 SNQs/proposed rejections in the request, while at the same time, not providing the explanation for all 43 SNQs/proposed rejections as set forth the request. Therefore, not all of the multiple proposed rejections are explained **for each claim** to which the rejection is applied, or are discussed in enough detail to clearly set forth the proposed rejections.

For example, in regards to claim 26, the request identifies the following SNQs/proposed rejections based on the Goto reference in combination with other references:
  1. Goto in view of Himoto;
  2. Goto in view of Chandler and O'Mara;
  3. Goto in view of Himoto and Ledin;
  4. Goto in view of Himoto and Kramer;
  5. Goto in view of O'Mara and Kramer; and
  6. Goto in view of Chandler, O'Mara, and Kramer.

The chart identifies the following SNQs/proposed rejections for claim 1 based on the Goto reference:
  1. Goto in view of Chandler;

Application/Control Number: 95/000,223    Page 5
Art Unit: 3993

art to each claim. These references must be treated to comply with 37 CFR 1.915 or must be withdrawn from the request.

Stated another way, the requester has not provided a detailed explanation of how *each* of these references applies to every claim '991 patent. In this instance, the request does not provide an explanation of how all the references cited in the request papers may apply, in a proposed rejection under 35 USC 102 or 103 to each of claims 1-74.

Without explanation for each of the possible grounds, the request lacks the "detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested." The references are discussed generically, but lack the specificity required for each of the grounds for rejection, which the requester has proposed.

In view of the above discussion, the request does not provide a "statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested," as is required by 37 CFR 1.915(b)(3).

**Each substantial new question of patentability to be raised, and proposed ground of rejection ("SNQ/proposed rejection") must be identified separately. [2] The patent claims applying to each identified SNQ/proposed rejection must be stated. Then, for each identified SNQ/proposed rejection, the request must explain how the cited documents identified for that SNQ/proposed rejection are applied to meet/teach the claim limitations, to thus establish the identified SNQ/proposed rejection.** *See* Clarification of Filing Date Requirements for *Ex Parte* and *Inter Partes* Reexamination Proceedings 71 *Fed. Reg.* 44219, (August 4, 2006)), at page 44221, second half of middle column.

If the requester were permitted to omit an explanation of how such documents cited in request are applied to the patent claims, an undue burden would be placed on the Office to address each document in the determination on the request, without an explanation of the relevance to the patent claims. Accordingly, such an omission is prohibited by law.

### REQUESTER'S RECOURSE

In view of the February 16, 2007 "Notice of Reexamination Request Filing Date" mailed for the '0223 proceeding, the requester is given one more opportunity to correct the request. [3]

---

[2] "Shot-gun" statements, or lumping of multiple SNQ/rejection permutations together is **not permitted**.

[3] MPEP 2627, part B.1, states: "After a filing date and control number are assigned to the request papers, the examiner reviews the request to decide whether to grant or deny it. If, in the process of reviewing the request, the examiner notes a non-compliance item not earlier recognized, the examiner will forward a memo to his/her SPRE detailing any such non-compliance item(s).... Upon confirmation of the existence of any such non-compliant item(s), OPLA will issue a decision vacating the assigned reexamination filing date. In OPLA's decision, the

Application/Control Number: 95/000,223                                                Page 6
Art Unit: 3993

I. Requester has the option to respond to this identification of defects in the request papers by applying the appropriate option(s) set forth below:

1) Providing an explanation of the manner and pertinence of applying each cited document to the patent claims for which reexamination is requested, as required by 37 CFR 1.915(b)(3). Every limitation in each patent claim for which reexamination is requested must be addressed. Where references are applied in combination, each combination must be individually identified, and the basis for forming each combination of references must be supplied.

2) Explicitly withdrawing any document for which such an explanation is not to be provided for the patent claims, and replacing the presently-submitted listing of documents with a new listing confined to the documents for which a discussion required by 37 CFR 1.915(b)(3) has been provided via the request papers. The existing forms PTO/SB/08 or PTO-1449 would be expressly withdrawn by requester, and replaced with a newly provided form or forms.

3) Explicitly withdrawing the request to reexamine any patent claim for which an explanation as required by 37 CFR 1.915(b)(3) is not provided and replacing the presently-submitted listing of the claims for which reexamination is requested with a new listing of claims for which reexamination is requested, the new identification *being confined to those claims for which the discussion required by 37 CFR 1.915(b)(3) is provided.*

4) Withdrawing any proposed combination or application of a sole reference for which an explanation as required by 37 CFR 1.915(b)(3) is not provided, by replacing the presently-submitted identification of the SNQs/proposed rejections with *a new identification of the SNQs/proposed rejections*, the new identification *being confined to those claims for which the discussion required by 37 CFR 1.915(b)(3) is provided.*

II. **In order to obtain a filing date for the request papers, the requester must, within thirty (30) days of the mailing date of this decision, file a response to this decision which makes the request papers filing date compliant.** The response may be supplied as either a corrected request, or a submission of only the missing information.

The response may be mailed to the Central Reexamination Unit (CRU), attn: "Box *Inter Partes* Reexam" at the USPTO address indicated below, or facsimile-transmitted to the CRU at the FAX number indicated below. It is strongly suggested that any response be followed up by a telephone call to the Central Reexamination Unit at (571) 272-7705, at soon as possible.

The requester has one more opportunity to make the request papers filing date compliant. If the response to this decision fails to cure the defect(s) identified in this decision or adds a new

---

requester will be notified of the non-compliant item(s) **and given time to correct the non-compliance**....absent extraordinary circumstances, requester will only be **given one opportunity to correct the non-compliant item(s)** identified in the Decision Vacating Filing Date." [Emphasis Added]

Application/Control Number: 95/000,223                                                              Page 7
Art Unit: 3993

defect, then processing of the request papers will be terminated, and the request papers will either be discarded or treated as a prior art citation under 37 CFR 1.501, at the Office's option.

If the request papers are made filing date compliant, the date of the receipt of the response will be the filing date of the reexamination proceeding.

### CONCLUSION

1.      **The filing date** assigned to the request papers for *inter partes* reexamination proceeding Control No. 95/000,223 is hereby **vacated** for failure of the request papers to comply with the filing date requirements for an *inter partes* reexamination proceeding, as set forth in 37 CFR 1.915(b)(3).

2.      In order to obtain a filing date for the request papers, the requester must, within **thirty (30) days** of the mailing date of this decision, file a response to this decision which makes the request papers filing-date compliant, pursuant to the guidelines set forth above.

3.      The requester is being provided with only one opportunity to make the request papers filing-date compliant. *If the response to this decision fails to cure the defects identified in this decision, or adds a new defect, processing of the request papers will be terminated*, and the request papers will either be discarded or treated as a prior art citation under 37 CFR 1.501, at the Office's option. If the request papers are made filing date compliant, the date of the receipt of the response will be the filing date of the reexamination proceeding.

4.      Jurisdiction over the present reexamination request papers is being retained in the Office of Patent Legal Administration pending response to this decision, or the expiration of time to respond.

5.      Any response to this decision should be directed to:

    By Mail:         Mail Stop "*Inter Partes* Reexam"
                             Attn: Central Reexamination Unit
                             Commissioner for Patents
                             P. O. Box 1450
                             Alexandria VA   22313-1450

    By FAX:        (571) 273-9900
                             Central Reexamination Unit

    By hand:       Customer Service Window
                             Attn: Central Reexamination Unit
                             Randolph Building, Lobby Level

Application/Control Number: 95/000,223                                                                    Page 8
Art Unit: 3993

                       401 Dulany Street
                       Alexandria, VA 22314

**It is strongly suggested that** any such response be followed up by a telephone call to the Central Reexamination Unit at (571) 272-7705, at soon as possible, to ensure receipt and processing.

4.    Telephone inquiries related to this decision should be directed to Jeanne Clark, at (571) 272-7714 or Andres Kashnikow, Special Program Examiner, at (571) 272-4361, or in their absence, to Legal Advisors Stephen Marcus at (571) 272-7743, Cynthia Nessler at (571) 272-7724 or Pinchus M. Laufer at (571) 272-7726.

/Kenneth M. Schor/

Kenneth M Schor
Senior Legal Advisor
Office of Patent Legal Administration
Office of the Deputy Commissioner
   for Patent Examination Policy

April 2, 2007
C:\kiva\kenreex\file-date\ 95 000223 vacate-fd+after_sup_req_granted.doc