IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

Anascape, Ltd.,

    Plaintiff,

v.                                           Civil Action No. 9:06-cv-158-RC

Microsoft Corp., and
Nintendo of America, Inc.,

    Defendants.

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Anascape, Ltd. submits the following Response to Microsoft's submission of supplemental authority addressing issues that arose at the claim construction hearing. Anascape submits the following cases for the Court's consideration regarding claim differentiation:

*Free Motion Fitness v. Cybex, Int'l*, 423 F.3d 1343, 1351 (Fed. Cir. 2005). (refusing to apply a "single cable" limitation to the independent claims when "dependent claims limiting the claim to a single cable confirm that the independent claims may encompass more than one cable," even though a cited dependent claim, claim 7 of the '061 Patent, contained other limitations besides the "single cable" limitation).

*RF Del. v. Pac. Keystone Techs.*, 326 F.3d 1255, 1263-64 (Fed. Cir. 2003) (refusing to apply a "flocculation layer" limitation to an independent claim when *a separate* independent claim had a "flocculation layer" claim limitation, and "a major difference between [those two claims] is the latter's addition of a flocculation layer," despite the specification's teaching that "a filter bed in accordance with this invention includes an upstream, static flocculation layer . . .").

Anascape responds to the citations submitted by Microsoft as follows:

In *Kraft Foods, Inc. v. Int'l Trading Co.*, 203 F.3d 1362 (Fed. Cir. 2000), a Federal Circuit panel held that the claim term "protecting back panel" must be "relatively rigid" after considering that (1) the patentee relied on rigid nature of the back panel to distinguish prior art during the prosecution of the patent-in-suit; and (2) the patentee did not "provide any support for this broad definition or otherwise demonstrate that this is the normal and ordinary meaning." *Id.* at 1367-68.  In contrast, Anascape provided ample support for its construction of "pressure-sensitive variable conductance analog sensor" in its claim construction briefing, and no analogous examiner statements are found in the prosecution history of the Microsoft-Infringed Patents, which distinguishes the present case from *Kraft Foods*.

In *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1369 (Fed. Cir. 2007), the Federal Circuit relied heavily on limiting statements from the prosecution history to support its construction, finding that the prosecution history and the statements in the specification overcame the presumption of claim differentiation.  In this case, there are no such statements found in the prosecution history of the Microsoft-Infringed Patents.

DATED:  August 24, 2007 Respectfully submitted,

**McKOOL SMITH PC**

  /s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O, 104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Luke F. McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
Anthony M. Garza
Texas State Bar No. 24050644
agarza@mckoolsmith.com
McKool Smith PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
charley@pbatyler.com
Parker, Bunt & Ainsworth P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
ANASCAPE, LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 24, 2007.  As such, this notice was served on all counsel who has consented to electronic service.  Local Rule CV-5(a)(3)(A).

    /s/  Anthony M. Garza
Anthony M. Garza