## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD., | § § § § | |
| Plaintiff, | § § | Hon. Ronald Clark |
| v. | § § | Civil Action No.: 9:06-CV-00158-RC |
| MICROSOFT CORP. and NINTENDO OF AMERICA INC., | § § § § | |
| Defendants. | § | |

### STATEMENT OF SUPPLEMENTAL AUTHORITY OF NINTENDO OF AMERICA INC. AND MICROSOFT CORP.

During the September 19, 2007 *Markman* Hearing concerning the disputed claim terms of the '525 and '700 patents, Anascape argued that the statements in the '525 patent specification distinguishing the Chang prior art patent should not limit the claims because the specification supposedly distinguished Chang on multiple grounds. On the legal issue presented by this argument, the Federal Circuit has recently stated: "An applicant's invocation of multiple grounds for distinguishing a prior art reference does not immunize each of them from being used to construe the claim language. Rather, as we have made clear, an applicant's argument that a prior art reference is distinguishable on a particular ground can serve as a disclaimer of claim scope even if the applicant distinguishes the reference on other grounds as well." *Andersen Corporation v. Fiber Composites, LLC*, 474 F.3d 1361, 1374 (Fed. Cir. 2007) (*citing Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1347 (Fed. Cir. 1998)); *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1477, n. * (Fed. Cir. 1998).

NY\1329936.1

While *Andersen* involved statements made during prosecution rather than in the specification, *Phillips* makes clear that the specification is, if anything, more important in determining the appropriate construction of disputed claim terms. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc) ("the specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'") (*quoting Vitronics Corp. v. Conceptronic Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

Accordingly, it is appropriate to limit the asserted claims of the '525 and '700 patents based on the disavowal of Chang's multiple input member controller irrespective of whether Chang was also distinguished on other grounds.

Dated: September 26, 2007

                                                  Respectfully submitted,

By: /s/ James S. Blank
James S. Blank (*pro hac vice*)
(james.blank@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
Tel.: (212) 906-1200
Fax: (212) 751-4864

Robert J. Gunther, Jr. (*pro hac vice*)
(robert.gunther@wilmerhale.com)
WILMER HALE
399 Park Avenue
New York, NY 10022
Tel.: (212) 230-8800
Fax: (212) 230-8888

NY\1329936.1

Robert W. Faris (*pro hac vice*)
(rwf@nixonvan.com)
Joseph S. Presta (*pro hac vice*)
(jsp@nixonvan.com)
NIXON & VANDERHYE, P.C.
901 North Glebe Road, 11th Floor
Arlington, VA  22203

Lawrence L. Germer
(llgermer@germer.com)
Charles W. Goehringer, Jr.
cgoehringer@germer.com
GERMER GERTZ L.L.P.
550 Fannin, Suite 500
Beaumont, Texas  77713

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT NINTENDO OF AMERICA INC.*


By: /s/ Chris Carraway (with permission by James S. Blank)
J. Christopher Carraway (admitted *pro hac vice*)
christopher.carraway@klarquist.com
Joseph T. Jakubek (admitted *pro hac vice*)
joseph.jakubek@klarquist.com
Richard D. McLeod (Bar No. 24026836)
Rick.mcleod@klarquist.com
Derrick W. Toddy (admitted *pro hac vice*)
derrick.toddy@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204

J. Thad Heartfield Bar No. 09346800)
thad@jth-law.com
LAW OFFICES OF J. THAD HEARTFIELD
2195 Dowlen Road
Beaumont, Texas  77706

Clayton E. Dark. Jr. (Bar No. 05384500)
clay.dark@yahoo.com
CLAYTON E. DARK, JR., LAW OFFICE
207 E. Frank Avenue, #100

Lufkin, Texas 75901

Stephen McGrath, esq. (admitted *pro hac vice*)
MICROSOFT CORPORATION
One Microsoft Way, Building 8
Redmond, Washington 98052-6399

*ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION*

## **CERTIFICATE OF SERVICE**

I hereby certify that al counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 26th day of September 2007. Any other counsel of record will be served by first class mail

/s/ James S. Blank

NY\1329936.1