# EXHIBIT A TO:

# DEFENDANT MICROSOFT CORPORATION'S NOTICE OF PTO ORDERS IN MICROSOFT'S REQUESTS FOR REEXAMINATION OF ANASCAPE PATENTS

Dockets.Justia.com

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Richard D_ McLeod
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, Oregon 97204

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,767*.

PATENT NO. *6222525*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,767 | 07/10/2007 | 6222525 | 6620-76454-06 | 7225 |

7590     10/09/2007

BRAD A. ARMSTRONG
15487 JOSEPH ROAD
TYLER, TX  75707

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 10/09/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,767 | Patent Under Reexamination 6222525 |
|---|---|---|
| | Examiner My-Trang N. Ton | Art Unit 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>10 July 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,  b)☒ PTO/SB/08,  c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

My-Trang N. Ton
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )

71330  U.S. PTO

**INFORMATION DISCLOSURE**
07/10/07 **STATEMENT BY APPLICANT**

| | |
|---|---|
| Attorney Docket Number | 6620-76454-06 |
| Patent Number | 6,222,525 |
| Issued Date | April 24, 2001 |
| First Named Inventor | Brad A. Armstrong |

U.S. PTO
90008767
07/10/07

## U.S. PATENT DOCUMENTS

Copies of U.S. Patent documents do not need to be provided, unless requested by the Patent and Trademark Office. For patents, provide the patent number and the issue date. For published U.S. applications, provide the publication number and the publication date. For unpublished patent applications, provide the application number and the filing date.

| Examiner's Initials* | Cite No. (optional) | Number | Publication Date | Name of Applicant or Patentee |
|---|---|---|---|---|
| MT | | 4,246,452 | January 20, 1981 | Chandler |
| MT | | 5,164,697 | November 17, 1992 | Kramer |
| MT | | 4,527,021 | July 2, 1985 | Morikawa et al. |
| MT | | 4,491,325 | January 1, 1985 | Bersheim |
| MT | | 5,670,988 | September 23, 1997 | Tickle |

## FOREIGN PATENT DOCUMENTS

| Examiner's Initials* | Cite No. (optional) | Country | Number | Publication Date | Name of Applicant or Patentee |
|---|---|---|---|---|---|
| MT | | JP | H5-87760 | November 26, 1993 | Furukawa |
| MT | | JP | S61-103836 | July 2, 1986 | Matsumoto |

| Examiner's Initials* | Cite No. (optional) | OTHER DOCUMENTS |
|---|---|---|
| MT | | John R. Mason, "Switch Engineering Handbook," published October 17, 1992, McGraw-Hill, Inc., pgs. 1.48, 1.49, 8.28-8.31, 9.2, 11.1-11.17, and 11.29 |
| MT | | Logitech, Inc, "CyberMan 3D Controller" © 1993 |
| | | |
| | | |
| | | |

| EXAMINER SIGNATURE: | DATE CONSIDERED: 10/08/07 |
|---|---|

\* Examiner:  Initial if reference considered, whether or not in conformance with MPEP 609.  Draw line through cite if not in conformance and not considered.  Include copy of this form with next communication to applicant.

Application/Control Number: 90/008,767                                    Page 2
Art Unit: 3992

## DECISION GRANTING EX PARTE REEXAMINATION

### Summary

Substantial new questions of patentability affecting claims 1-3, 5-8 and 12-23[1] of

U.S. Patent No. 6,222,525 to Armstrong (herein after "the '525 patent") is raised by the

request for ex parte reexamination based on the following prior art references:

### *Substantial New Question of Patentability*

In the request for reexamination, the third party requester alleges that '525 patent

claims 1-3, 5-8 and 12-23 are either anticipated under 35 U.S.C 102 or rendered

obvious under 35 USC 103 in light of the following prior art references:

1. David P. Chandler, U.S. Patent No. 4,246,452, issued January 20, 1981

(hereinafter "Chandler");

2. Richard Kramer, U.S. Patent No. 5,164,697, issued November 17, 1992

(hereinafter "Kramer");

3. Hitoshi Furukawa et al, Japanese Patent Application Laid-Open Disclosure

No. H5-87760, published November 26, 1993 (hereinafter "Furukawa");

4. Kazuhiro Matsumoto, Japan Laid-Open Utility Model Publication S61-103836,

published July 2, 1986 (hereinafter "Matsumoto");

5. Yoshitsugu Morikawa et al, U.S. Patent No. 4,527,021, issued on July 2, 1985

(hereinafter "Morikawa");

---

[1] In the first page of the request transmittal form, item 7, identifies Reexamination of "**at least** 1-3, 5-8 and 12-23" claims are requested. It is noted that **ONLY claims 1-3, 5-8 and 12-23 will be considered**

6. Thomas Bersheim, U.S. Patent No. 4,491,325, issued January 1, 1985 (hereinafter "Bersheim");

7. John R. Mason, "Switch Engineering Handbook," published October 17, 1992 (hereinafter "Mason");

8. James Dexter Tickle, U.S. Patent No. 5,670,988, issued September 23, 1997 (hereinatter "Tickle");

9. Logitech Inc., CyberMan TM 3D Controller advertising flyer, 1993 Logitech (hereinafter "CyberMan").


### Scope of Reexamination

Since requester did not request reexamination of claims 4 and 9-11 and did not assert the existence of a substantial new question of patentability (SNQP) for such claims  (see 35 U.S.C. § 311(b)(2); see also 37 CFR 1.915b and 1.923), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462.  (Not Reported in F.Supp.2d.) The District Court upheld the Office's discretion to not reexamine claims in an *inter partes* reexamination proceeding other than those claims for which reexamination had specifically been requested.  The Court stated:

> To be sure, a party may seek, and the PTO may grant, *inter partes*
> review of each and every claim of a patent.  Moreover, while the PTO
> in its discretion may review claims for which *inter partes* review was

insofar as the provisions of 37 CFR 1.510 (b)(1) and (2) were not applied to the remaining claims. As such, only those specific claims identified will be reexamined.

> not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for *inter partes* review, § 311(b)(2) requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive.

The *Sony* decision's reasoning and statutory interpretation apply analogously to *ex parte* reexamination, as the same relevant statutory language applies to both *inter partes* and *ex parte* reexamination. 35 U.S.C. § 302 provides that the *ex parte* reexamination "request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested" (emphasis added), and 35 U.S.C. § 303 provides that "the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request..." (Emphasis added). These provisions are analogous to the language of 35 U.S.C. § 311(b)(2) and 35 U.S.C. § 312 applied and construed in *Sony*, and would be construed in the same manner. As the Director can decline to reexamine non-requested claims in an *inter partes* reexamination proceeding, the Director can likewise do so in *ex parte* reexamination proceeding. See *Notice of Clarification of Office Policy To Exercise Discretion in Reexamining Fewer Than All the Patent Claims* (signed Oct. 5, 2006) 1311 OG 197 (Oct. 31, 2006). See also MPEP § 2240, Rev. 5, Aug. 2006.

Therefore, claims 4 and 9-11 will not be reexamined in this *ex parte* reexamination proceeding.

Application/Control Number: 90/008,767                          Page 5
Art Unit: 3992

### *Priority Claim*

Requester asserts that the chain of priority claims in United States Patent No. 6,222,525 (hereafter "the base patent") was broken to the 02/23/1995 filing date of United States Patent Application No. 08/393,459, now U.S Patent No. 5,565,891 (hereafter "the '891 patent"), and the base patent was also broken to the 03/05/1992 filing date of United States Patent Application No. 07/847,619, now U.S Patent No. 5,589,828 (hereafter "the '828 patent") and the base patent is entitled to an effective filing date no earlier than 07/05/1996. To support this contention, Requester discusses various factors in page 17 through page 23, lines 1-6 that form the basis of the purported break.

To fairly weigh the evidence regarding these allegations, it would be necessary to review all of the files of the applications within the chain of priority up to the '828 patent. Accordingly, a determination of whether the alleged break occurred in the chain of priority claims of the base patent will not be made at the present time but a detailed discussion of the same will be included in the next Office action.  Moreover, it appears that the above prior art references[2]: Chandler, Kramer, Furukawa, Matsumoto, Morikawa, Bersheim, Mason, CyberMan were all published more than a year before the '525 Patent's filing date in 1996. Therefore, a determination of whether the '525 patent is entitled to a priority date back to the filing date of 03/05/1992 or 02/23/1995 is not deemed necessary at the present time.

_____

[2]  Tickle was filed on September 5, 1995 which is prior to the time that the '525 Patent was filed July 5, 1996.

### Prosecution History

During prosecution, the base patent matured into a patent from United States patent Application No. 08/677,378 (hereafter "the base application").

Review of the prosecution history of the base application reveals that Preliminary Amendment filed 9/23/1996 including canceled claims 16-18 and added new claims 19-22, thus, in this Amendment claims 1-15 and 19-22 were pending. The Examiner of record issued a non-final and final Office actions several times basically including rejections either anticipated and/or rendered obvious based on Hoyt, Yoshida, Duimel, Engle, Brandenburg, Sekine and Applicant's admission of the prior art. The Patent Owner complied with such requirements by submitting an amendment, which either amended claims, canceled claims and/or introduced new claims. Patent Owner last responded by submitting an amendment on 09/07/2000 which canceled claims 19-37, 39-44, 49-53 and 60, amended claims 38, 45, 48 and 54-55, and introduced new claims 61-72. Thus, in this Amendment claims 38, 45, 48, 54-55 and 61-72 were pending, of these, claims 38, 48 and 61 being independent claims. Allowable subject matter was indicated on 08/31/2000: "The prior art of record does not teach or suggest placing an input member movable in at least two axes and finger depressible buttons of claim *43/41/40/39/38* or claim *51/50/49/48* onto a flexible sheet". The base application was allowed on 12/13/2000 without a statement of reasons for allowance for the newly

added claims. Claims 38, 45, 48, 54-55 and 61-72 were renumbered as claims 1-23, respectively- the same numbering that appears in the base patent.

Thus, the prosecution history makes it is apparent that the Examiner allowed all of the claims 38, 45, 48 and 54-55 together because of Applicant's amendment to the independent claims which was received on September 7, 2000. The prosecution history also makes it apparent that the claims are distinguished from the prior art of record, which does not teach or suggest an image controller having an input member movable in at least two axes and finger depressible buttons supported on a flexible membrane structure. A substantial new question of patentability is raised by above prior art references that teach such features.

Since no reasons were provided for added claims 61-72, the prosecution history is unclear regarding the limitations that distinguished the claims of the base application from the teachings of the prior art of record. In view of the ambiguity of the record, any reference or combination of references that includes a teaching recited in a base patent claim raises a substantial new question of patentability where such teaching is not seen to be cumulative of the teachings of the prior art of record.

### Substantial New Question of Patentability

The requester alleges that a substantial new question of patentability is raised because the claims of the '525 are unpatentable as follows:

Issues 1 and 3 (SNQ # 1 and 3): Claims 5, 7-8, 12-17 and 19-22 are anticipated and/or rendered obvious based on Chandler.

Issues 2 and 4 (SNQ # 2 and 4): Claims 12 and 18-21 are anticipated and/or rendered obvious by Tickle.

Issue 5 (SNQ # 5): Claims 1-3, 5-8, 13-16 and 18-21 are rendered obvious over Tickle in view of Kramer.

Issue 6 (SNQ #6): Claims 5 and 7-8 are rendered obvious over Chandler in view of Mason.

Issue 7 (SNQ #7): Claims 5, 7-8, 12-17, 19-22 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions).

Issue 8 (SNQ #8): Claims 5 and 7-8 are rendered obvious over Chandler in view of Mason and in further view of CyberMan (in light of Applicant's Admissions).

Issue 9 (SNQ #9): Claims 1-3, 5-8, 13-16, 18-23 are rendered obvious over Chandler in view of Kramer.

Issue 10 (SNQ #10): Claims 1-3, 5-8 and 19-23 are rendered obvious over Chandler in view of Mason and in further view of Kramer.

Issue 11 (SNQ #11): Claims 1-3, 5-8, 13-16 and 18-23 are rendered obvious over Chandler in view of Kramer and in further view of Bersheim.

Issue 12 (SNQ #12): Claims 1-3, 5-8, 13-16 and 18-23 are rendered obvious over Chandler in view of Furukawa.

Issue 13 (SNQ #13): Claims 1-3, 5-8, 16 and 19-23 are rendered obvious over Chandler in view of Furukawa and Mason.

Issue 14 (SNQ #14): Claims 1-3, 5-8, 13-16 and 18-23 are rendered obvious over Chandler in view of Matsumoto.

Issue 15 (SNQ #15):  Claims 1-3, 5-8 and 13-23 are rendered obvious over Chandler in view of Morikawa.

Issue 16 (SNQ #16):  Claims 5, 7-8, 12-17 and 19-22 are rendered obvious over CyberMan (in light of Applicant's Admissions).

Issue 17 (SNQ #17):  Claims 1-3, 5-8 and 13-23 are rendered obvious over Cyberman (in light of Applicant's Admissions) in view of Kramer.

Issue 18 (SNQ #18):  Claims 1-3, 5-8 and 13-23 are rendered obvious over CyberMan (in light of Applicant's Admissions) in view of Furukawa.

Issue 19 (SNQ #19):  Claims 1-3, 5-8 and 16-17 are rendered obvious over CyberMan (in light of Applicant's Admissions) in view of Furukawa and Mason.

Issue 20 (SNQ #20):  Claims 1-3, 5-8 and 13-23 are rendered obvious over CyberMan (in light of Applicant's Admissions) in view of Matsumoto.

Issue 21 (SNQ #21):  Claims 1-3, 5-8 and 13-23 are rendered obvious over CyberMan (in light of Applicant's Admissions) in view of Morikawa.

Issue 22 (SNQ #22):  Claims 5-8 and 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Kramer.

Issue 23 (SNQ #23):  Claims 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and Furukawa.

Issue 24 (SNQ #24):  Claims 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and Matsumoto.

Issue 25 (SNQ #25):  Claims 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and Morikawa.

## Detailed Explanation

### Issues 1 and 3:

The request indicates that the Requester considers that claims 5, 7-8, 12-17 and 19-22 are anticipated and/or rendered obvious based on Chandler.

It is agreed that the consideration of Chandler raises a substantial new question of patentability to claims 5, 7-8, 12-17 and 19-22 of the '525 patent. As pointed out in the detailed explanation in pages 23-26, 59-60 and 63-66 in view of the item matching in Appendix A offered by the Requester, Chandler appears to teach an image controller (col. 2, lines 14-18; col. 3, lines 52-59), an input member moveable on at least two axes (col. 3, lines 42-46; col. 7, line 59 – col. 8, line 25), a plurality of finger depressible buttons with associated sensors (col. 2, lines 41-45, col. 3, lines 47-59, col. 4, lines 12-16), at least one sheet connecting to the sensors of the input member, and the at least one sheet connecting to the sensors of the finger depressible buttons (col. 2, lines 14-18, 21-40; col. 4, line 53 - col. 5, line 6), at least one sheet includes electrically conductive traces (col. 2, lines 14-18), at least one of the finger depressible buttons is structured with a resilient dome cap (col. 3, lines 47-52, col. 10, line 68 – col. 11, line 22), the resilient dome cap is structured to provide a tactile feedback to a human hand (col. 3, lines 47-52), flexible membrane sheet (col. 2, lines 14-29). Insofar as claims 7-8, 13-17 and 19-22 are within the chain of dependency stemming from independent claims 5 and 12 and thus inherently possess all of the limitations of the independent

claims 5 and 12, the same substantial new question of patentability raised for claims 5 and 12 are also raised for dependent claims 7-8, 13-17 and 19-22.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims 5, 7-8, 12-17 and 19-22 are patentable. The prosecution history of the base application does not indicate that Chandler was included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### *Issues 2 and 4*:

The request indicates that the Requester considers that claims 12 and 18-21 are anticipated and/or rendered obvious by Tickle.

It is agreed that the consideration of Tickle raises a substantial new question of patentability to claims 12 and 18-21 of the '525 patent. As pointed out in the detailed explanation in pages 26-29, 61-62 and 66-68 in view of the item matching in Appendix A offered by the Requester, Tickle appears to teach an image controller (col. 1, lines 46-47), an input member with associated sensors, the input member moveable on at least two axes (col. 4, lines 18-19 and 42-48), a plurality of finger depressible buttons with associated sensors (col. 5, lines 49-62 and figs. 1 and 6), at least one sheet connecting to the sensors of the input member, and the at least one sheet connecting to the

sensors of the finger depressible buttons (Figs. 4-5, col. 1, lines 59-65, col. 3, lines 7-12, col. 5, lines 24-33), at least one sheet comprising at least a flexible membrane sheet (Abstract and col. 3, lines 22-27). Insofar as claims 18-21 are within the chain of dependency stemming from independent claim 12 and thus inherently possess all of the limitations of the independent claim 12, the same substantial new question of patentability raised for claim 12 is also raised for dependent claims 18-21.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims 12 and 18-21 are patentable. The prosecution history of the base application does not indicate that Tickle was included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 5:

The request indicates that the Requester considers that claims 1-3, 5-8, 13-16 and 18-21 are rendered obvious over Tickle in view of Kramer.

It is agreed that the consideration of Tickle in view of Kramer raises a substantial new question of patentability to claims 1-3, 5-8, 13-16 and 18-21 of the '525 patent. The discussion on page 68 through page 77, line 14 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the

Application/Control Number: 90/008,767                                    Page 13
Art Unit: 3992

request for reexamination for their explanation of the teaching provided in Tickle in view

of Kramer that were not present in the prosecution of the application which became the

'525 patent (such discussion is deemed only plausible - a decision regarding whether

Requester's position will be incorporated into a rejection will not be made until the next

Office action.).   Kramer appears to teach a resilient snap through dome-cap positioned

within the housing and depressible with force from the actuator applied to the dome-cap

to cause the dome-cap to snap-through and create a tactile feedback.

There is a substantial likelihood that a reasonable examiner would consider

these teachings important in deciding whether or not claims 1-3, 5-8, 13-16 and 18-21

are patentable. The prosecution history of the base application does not indicate that

Tickle in view of Kramer were included for consideration by the examiner in charge of

the base application.  Accordingly, such teachings are not cumulative to any written

discussion on the record of the teachings of the prior art, were not previously

considered nor addressed during a prior examination and the same question of

patentability was not the subject of a final holding of invalidity by Federal Courts.


### Issue 6:

The request indicates that the Requester considers that claims 5 and 7-8 are

rendered obvious over Chandler in view of Mason.

It is agreed that the consideration of Chandler in view of Mason raises a

substantial new question of patentability to claims 5 and 7-8 of the '525 patent. The

discussion on page 77, line 15 through page 80, line 2 in view of the item matching in

Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of Mason that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.). Mason appears to teach a rubber dome shapes.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 5 and 7-8 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Mason were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 7:

The request indicates that the Requester considers that claims 5, 7-8, 12-17 and 19-22 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions).

It is agreed that the consideration of Chandler in view of CyberMan (in light of Applicant's Admissions) raises a substantial new question of patentability to claims 5, 7-8, 12-17 and 19-22 of the '525 patent. The discussion on page 80, line 3 through page

89, line 6 in view of the item matching in Appendix A offered by the Requester are

hereby incorporated by reference from the request for reexamination for their

explanation of the teaching provided in Chandler in view of CyberMan (in light of

Applicant's Admissions) that were not present in the prosecution of the application

which became the '525 patent (such discussion is deemed only plausible - a decision

regarding whether Requester's position will be incorporated into a rejection will not be

made until the next Office action.).  CyberMan (in light of Applicant's Admissions)

appears to teach a flexible membrane connected to a circuit board.

There is a substantial likelihood that a reasonable examiner would consider

these teachings important in deciding whether or not claims 5, 7-8, 12-17 and 19-22 are

patentable. The prosecution history of the base application does not indicate that

Chandler in view of CyberMan (in light of Applicant's Admissions) were included for

consideration by the examiner in charge of the base application.  Accordingly, such

teachings are not cumulative to any written discussion on the record of the teachings of

the prior art, were not previously considered nor addressed during a prior examination

and the same question of patentability was not the subject of a final holding of invalidity

by Federal Courts.

### Issue 8:

The request indicates that the Requester considers that claims 5 and 7-8 are

rendered obvious over Chandler in view of Mason and in further view of CyberMan (in

light of Applicant's Admissions).

It is agreed that the consideration of Chandler in view of Mason and in further view of CyberMan (in light of Applicant's Admissions) raises a substantial new question of patentability to claims 5 and 7-8 of the '525 patent. The discussion on page 89, line 7 through page 92, line 8 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of Mason and in further view of CyberMan (in light of Applicant's Admissions) that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.).  Mason appears to teach a rubber dome shapes.  CyberMan (in light of Applicant's Admissions) appears to teach a flexible membrane connected to a circuit board.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 5 and 7-8 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Mason and in further view of CyberMan (in light of Applicant's Admissions) were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 9:

The request indicates that the Requester considers that claims 1-3, 5-8, 13-16 and 18-23 are rendered obvious over Chandler in view of Kramer.

It is agreed that the consideration of Chandler in view of Kramer raises a substantial new question of patentability to claims 1-3, 5-8, 13-16 and 18-23 of the '525 patent. The discussion on page 92, line 9 through page 101, line 10 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of Kramer that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.).  Kramer appears to teach a resilient snap through dome-cap positioned within the housing and depressible with force from the actuator applied to the dome-cap to cause the dome-cap to snap-through and create a tactile feedback.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8, 13-16 and 18-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Kramer were included for consideration by the examiner in charge of the base application.  Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously

Application/Control Number: 90/008,767                                    Page 18
Art Unit: 3992

considered nor addressed during a prior examination and the same question of
patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 10:

The request indicates that the Requester considers that claims 1-3, 5-8 and 19-
23 are rendered obvious over Chandler in view of Mason and in further view of Kramer.

It is agreed that the consideration of Chandler in view of Mason and in further
view of Kramer raises a substantial new question of patentability to claims 1-3, 5-8 and
19-23 of the '525 patent. The discussion on page 101, line 11 through page 111, line 11
in view of the item matching in Appendix A offered by the Requester are hereby
incorporated by reference from the request for reexamination for their explanation of the
teaching provided in Chandler in view of Mason and in further view of Kramer that were
not present in the prosecution of the application which became the '525 patent (such
discussion is deemed only plausible - a decision regarding whether Requester's position
will be incorporated into a rejection will not be made until the next Office action.).
Mason appears to teach the rubber dome shapes.  Kramer appears to teach a resilient
snap through dome-cap positioned within the housing and depressible with force from
the actuator applied to the dome-cap to cause the dome-cap to snap-through and
create a tactile feedback.

There is a substantial likelihood that a reasonable examiner would consider these
teachings important in deciding whether or not claims 1-3, 5-8 and 19-23 are
patentable. The prosecution history of the base application does not indicate that

Chandler in view of Mason and in further view of Kramer were included for

consideration by the examiner in charge of the base application. Accordingly, such

teachings are not cumulative to any written discussion on the record of the teachings of

the prior art, were not previously considered nor addressed during a prior examination

and the same question of patentability was not the subject of a final holding of invalidity

by Federal Courts.


### Issue 11:

The request indicates that the Requester considers that claims 1-3, 5-8, 13-16

and 18-23 are rendered obvious over Chandler in view of Kramer and in further view of

Bersheim.

It is agreed that the consideration of Chandler in view of Kramer and in further

view of Bersheim raises a substantial new question of patentability to claims 1-3, 5-8,

13-16 and 18-23 of the '525 patent. The discussion on page 111, line 12 through page

122, line 13 in view of the item matching in Appendix A offered by the Requester are

hereby incorporated by reference from the request for reexamination for their

explanation of the teaching provided in Chandler in view of Kramer and in further view

of Bersheim that were not present in the prosecution of the application which became

the '525 patent (such discussion is deemed only plausible - a decision regarding

whether Requester's position will be incorporated into a rejection will not be made until

the next Office action.). Kramer appears to teach a resilient snap through dome-cap

positioned within the housing and depressible with force from the actuator applied to the

dome-cap to cause the dome-cap to snap-through and create a tactile feedback. Bersheim appears to acknowledge that persons knowledgeable in the image controller gaming art have known for a long time to assemble any combination of keys or switch elements on a game controller as required to meet the needs of a video game.

There is a substantial likehood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8, 13-16 and 18-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Kramer and in further view of Bersheim were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.


### Issue 12:

The request indicates that the Requester considers that claims 1-3, 5-8, 13-16 and 18-23 are rendered obvious over Chandler in view of Furukawa.

It is agreed that the consideration of Chandler in view of Furukawa raises a substantial new question of patentability to claims 1-3, 5-8, 13-16 and 18-23 of the '525 patent. The discussion on page 122, line 14 through page 131 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in

Chandler in view of Furukawa that were not present in the prosecution of the application

which became the '525 patent (such discussion is deemed only plausible - a decision

regarding whether Requester's position will be incorporated into a rejection will not be

made until the next Office action.).  Furukawa appears to disclose a resilient dome cap

operatively associated with the pressure-sensitive variable-conductance material.

There is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not claims 1-3, 5-8, 13-16 and 18-23 are

patentable. The prosecution history of the base application does not indicate that

Chandler in view of Furukawa were included for consideration by the examiner in

charge of the base application.  Accordingly, such teachings are not cumulative to any

written discussion on the record of the teachings of the prior art, were not previously

considered nor addressed during a prior examination and the same question of

patentability was not the subject of a final holding of invalidity by Federal Courts.


**Issue 13:**

The request indicates that the Requester considers that claims 1-3, 5-8, 16 and

19-23 are rendered obvious over Chandler in view of Furukawa and Mason.

It is agreed that the consideration of Chandler in view of Furukawa and Mason

raises a substantial new question of patentability to claims 1-3, 5-8, 16 and 19-23 of the

'525 patent. The discussion on page 132 through page 144, line 12 in view of the item

matching in Appendix A offered by the Requester are hereby incorporated by reference

from the request for reexamination for their explanation of the teaching provided in

Chandler in view of Furukawa and Mason that were not present in the prosecution of

the application which became the '525 patent (such discussion is deemed only plausible

- a decision regarding whether Requester's position will be incorporated into a rejection

will not be made until the next Office action.).  Furukawa appears to disclose a resilient

dome cap operatively associated with the pressure-sensitive variable-conductance

material.  Mason appears to teach the rubber dome shapes.

There is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not claims 1-3, 5-8, 16 and 19-23 are

patentable. The prosecution history of the base application does not indicate that

Chandler in view of Furukawa and Mason were included for consideration by the

examiner in charge of the base application.  Accordingly, such teachings are not

cumulative to any written discussion on the record of the teachings of the prior art, were

not previously considered nor addressed during a prior examination and the same

question of patentability was not the subject of a final holding of invalidity by Federal

Courts.


### Issue 14:

The request indicates that the Requester considers that claims 1-3, 5-8, 13-16

and 18-23 are rendered obvious over Chandler in view of Matsumoto.

It is agreed that the consideration of Chandler in view of Matsumoto raises a

substantial new question of patentability to claims 1-3, 5-8, 13-16 and 18-23 of the '525

patent. The discussion on page 144, line 13 through page 154, line 10 in view of the

item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of Matsumoto that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.). Matsumoto appears to describe a variable resistance switch of which the on/off switching can be easily recognized through the feeling of pressure on a fingertip and the resistance between two terminals can be changed depending on how much the push button of the switch is pressed.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8, 13-16 and 18-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Matsumoto were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 15:

The request indicates that the Requester considers that claims 1-3, 5-8 and 13-23 are rendered obvious over Chandler in view of Morikawa.

It is agreed that the consideration of Chandler in view of Morikawa raises a substantial new question of patentability to claims 1-3, 5-8 and 13-23 of the '525 patent. The discussion on page 154, line 12 through page 164, line 19 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of Morikawa that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.). Morikawa appears to disclose a flexible membrane sheet connected to a rigid circuit board.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8 and 13-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of Morikawa were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

Application/Control Number: 90/008,767                                    Page 25
Art Unit: 3992

### Issue 16:

The request indicates that the Requester considers that claims 5, 7-8, 12-17 and
19-22 are rendered obvious based on CyberMan[3].

It is agreed that the consideration of CyberMan (in light of Applicant's
Admissions) raises a substantial new question of patentability to claims 5, 7-8, 12-17
and 19-22 of the '525 patent.  The discussion on page 164, line 20 through page 170,
line 8 in view of the item matching in Appendix A offered by the Requester are hereby
incorporated by reference from the request for reexamination for their explanation of the
teaching provided in CyberMan that was not present in the prosecution of the
application which became the '525 patent (such discussion is deemed only plausible - a
decision regarding whether Requester's position will be incorporated into a rejection will
not be made until the next Office action.).

There is a substantial likelihood that a reasonable examiner would consider these
teachings important in deciding whether or not claims 5, 7-8, 12-17 and 19-22 are
patentable. The prosecution history of the base application does not indicate that
CyberMan was included for consideration by the examiner in charge of the base
application.  Accordingly, such teachings are not cumulative to any written discussion
on the record of the teachings of the prior art, were not previously considered nor
addressed during a prior examination and the same question of patentability was not
the subject of a final holding of invalidity by Federal Courts.

---

[3] Under SNQ#16: In page 165, lines 8-9, the request indicates "For this reason, CyberMan (in light of
Applicant's Admissions) **in view of Kramer**" appears to be typo since SNQ#16 only proposed to
CyberMan (in light of Applicant's Admission).   In addition, in page 169, proposed rejection for claim 21
should list under SNQ #17: CyberMan (in light of Applicant's Admission) in view of Kramer.

### Issue 17:

The request indicates that the Requester considers that claims 1-3, 5-8 and 13-23 are rendered obvious based on CyberMan (in light of Applicant's Admissions) in view of Kramer.

It is agreed that the consideration of CyberMan (in light of Applicant's Admissions) in view of Kramer raises a substantial new question of patentability to claims 1-3, 5-8 and 13-23 of the '525 patent. The discussion on page 170, line 9 through page 181, line 4 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in CyberMan (in light of Applicant's Admissions) in view of Kramer that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.).   Kramer appears to teach a resilient snap through dome-cap positioned within the housing and depressible with force from the actuator applied to the dome-cap to cause the dome-cap to snap-through and create a tactile feedback.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8 and 13-23 are patentable. The prosecution history of the base application does not indicate that CyberMan (in light of Applicant's Admissions) in view of Kramer were included for consideration by the examiner in charge of the base application.  Accordingly, such

teachings are not cumulative to any written discussion on the record of the teachings of

the prior art, were not previously considered nor addressed during a prior examination

and the same question of patentability was not the subject of a final holding of invalidity

by Federal Courts.


### Issue 18:

The request indicates that the Requester considers that claims 1-3, 5-8 and 13-

23 are rendered obvious based on CyberMan (in light of Applicant's Admissions) in view

of Furukawa.

It is agreed that the consideration of CyberMan (in light of Applicant's

Admissions) in view of Furukawa raises a substantial new question of patentability to

claims 1-3, 5-8 and 13-23 of the '525 patent. The discussion on page 181, line 5

through page 191, line 6 in view of the item matching in Appendix A offered by the

Requester are hereby incorporated by reference from the request for reexamination for

their explanation of the teaching provided in CyberMan (in light of Applicant's

Admissions) in view of Furuka that were not present in the prosecution of the application

which became the '525 patent (such discussion is deemed only plausible - a decision

regarding whether Requester's position will be incorporated into a rejection will not be

made until the next Office action.).   Furukawa appears to disclose a resilient dome cap

operatively associated with the pressure-sensitive variable-conductance material.

There is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not claims 1-3, 5-8 and 13-23 are

patentable. The prosecution history of the base application does not indicate that CyberMan (in light of Applicant's Admissions) in view of Furukawa were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### *Issue 19:*

The request indicates that the Requester considers that claims 1-3, 5-8 and 16-17 are rendered obvious based on CyberMan (in light of Applicant's Admissions) in view of Furukawa and Mason.

It is agreed that the consideration of CyberMan (in light of Applicant's Admissions) in view of Furukawa and Mason raises a substantial new question of patentability to claims 1-3, 5-8 and 16-17 of the '525 patent. The discussion on page 191, line 7 through page 200, line 18 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in CyberMan (in light of Applicant's Admissions) in view of Furuka and Mason that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.). Furukawa

Application/Control Number: 90/008,767                                    Page 29
Art Unit: 3992

appears to disclose a resilient dome cap operatively associated with the pressure-
sensitive variable-conductance material.  Mason appears to teach the rubber dome
shapes.

There is a substantial likehood that a reasonable examiner would consider these
teachings important in deciding whether or not claims 1-3, 5-8 and 16-17 are
patentable. The prosecution history of the base application does not indicate that
CyberMan (in light of Applicant's Admissions) in view of Furukawa and Mason were
included for consideration by the examiner in charge of the base application.
Accordingly, such teachings are not cumulative to any written discussion on the record
of the teachings of the prior art, were not previously considered nor addressed during a
prior examination and the same question of patentability was not the subject of a final
holding of invalidity by Federal Courts.


*Issue 20:*

The request indicates that the Requester considers that claims 1-3, 5-8 and 13-
23 are rendered obvious based on CyberMan (in light of Applicant's Admissions) in view
of Matsumoto.

It is agreed that the consideration of CyberMan (in light of Applicant's
Admissions) in view of Matsumoto raises a substantial new question of patentability to
claims 1-3, 5-8 and 13-23 of the '525 patent. The discussion on page 200, line 19
through page 211, line 17 in view of the item matching in Appendix A offered by the
Requester are hereby incorporated by reference from the request for reexamination for

their explanation of the teaching provided in CyberMan (in light of Applicant's

Admissions) in view of Matsumoto that were not present in the prosecution of the

application which became the '525 patent (such discussion is deemed only plausible - a

decision regarding whether Requester's position will be incorporated into a rejection will

not be made until the next Office action.).  Matsumoto appears to describe a variable

resistance switch of which the on/off switching can be easily recognized through the

feeling of pressure on a fingertip and the resistance between two terminals can be

changed depending on how much the push button of the switch is pressed.

There is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not claims 1-3, 5-8 and 13-23 are

patentable. The prosecution history of the base application does not indicate that

CyberMan (in light of Applicant's Admissions) in view of Matsumoto were included for

consideration by the examiner in charge of the base application.  Accordingly, such

teachings are not cumulative to any written discussion on the record of the teachings of

the prior art, were not previously considered nor addressed during a prior examination

and the same question of patentability was not the subject of a final holding of invalidity

by Federal Courts.

### Issue 21:

The request indicates that the Requester considers that claims 1-3, 5-8 and 13-

23 are rendered obvious based on CyberMan (in light of Applicant's Admissions) in view

of Morikawa.

It is agreed that the consideration of CyberMan (in light of Applicant's Admissions) in view of Morikawa raises a substantial new question of patentability to claims 1-3, 5-8 and 13-23 of the '525 patent. The discussion on page 211, line 18 through page 223, line 20 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in CyberMan (in light of Applicant's Admissions) in view of Morikawa that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.).  Morikawa appears to disclose a flexible membrane sheet connected to a rigid circuit board.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 1-3, 5-8 and 13-23 are patentable. The prosecution history of the base application does not indicate that CyberMan (in light of Applicant's Admissions) in view of Morikawa were included for consideration by the examiner in charge of the base application.  Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 22:

The request indicates that the Requester considers that claims 5-8 and 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Kramer.

It is agreed that the consideration of Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Kramer raises a substantial new question of patentability to claims 5-8 and 13-23 of the '525 patent. The discussion on page 223, line 21 through page 237, line 10 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Kramer that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.).  CyberMan (in light of Applicant's Admissions) appears to teach a flexible membrane connected to a circuit board.  Kramer appears to teach a resilient snap through dome-cap positioned within the housing and depressible with force from the actuator applied to the dome-cap to cause the dome-cap to snap-through and create a tactile feedback.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 5-8 and 13-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Kramer were

included for consideration by the examiner in charge of the base application.

Accordingly, such teachings are not cumulative to any written discussion on the record

of the teachings of the prior art, were not previously considered nor addressed during a

prior examination and the same question of patentability was not the subject of a final

holding of invalidity by Federal Courts.


### Issue 23:

The request indicates that the Requester considers that claims 13-23 are

rendered obvious over Chandler in view of CyberMan (in light of Applicant's

Admissions) and in further view of Furukawa.

It is agreed that the consideration of Chandler in view of CyberMan (in light of

Applicant's Admissions) in further view of Furukawa raises a substantial new question of

patentability to claims 13-23 of the '525 patent. The discussion on page 237, line 11

through page 247 in view of the item matching in Appendix A offered by the Requester

are hereby incorporated by reference from the request for reexamination for their

explanation of the teaching provided in Chandler in view of CyberMan (in light of

Applicant's Admissions) and in further view of Furukawa that were not present in the

prosecution of the application which became the '525 patent (such discussion is

deemed only plausible - a decision regarding whether Requester's position will be

incorporated into a rejection will not be made until the next Office action.).  CyberMan

(in light of Applicant's Admissions) appears to teach a flexible membrane connected to

a circuit board. Furukawa appears to disclose a resilient dome cap operatively associated with the pressure-sensitive variable-conductance material.

There is a substantial likehood that a reasonable examiner would consider these teachings important in deciding whether or not claims 13-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Furukawa were included for consideration by the examiner in charge of the base application. Accordingly, such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Issue 24:

The request indicates that the Requester considers that claims 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Matsumoto.

It is agreed that the consideration of Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Matsumoto raises a substantial new question of patentability to claims 13-23 of the '525 patent. The discussion on page 248 through page 259, line 2 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of CyberMan (in light of

Applicant's Admissions) and in further view of Matsumoto that were not present in the

prosecution of the application which became the '525 patent (such discussion is

deemed only plausible - a decision regarding whether Requester's position will be

incorporated into a rejection will not be made until the next Office action.). CyberMan

(in light of Applicant's Admissions) appears to teach a flexible membrane connected to

a circuit board. Matsumoto appears to describe a variable resistance switch of which

the on/off switching can be easily recognized through the feeling of pressure on a

fingertip and the resistance between two terminals can be changed depending on how

much the push button of the switch is pressed.

There is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not claims 13-23 are patentable. The

prosecution history of the base application does not indicate that Chandler in view of

CyberMan (in light of Applicant's Admissions) and in further view of Matsumoto were

included for consideration by the examiner in charge of the base application.

Accordingly, such teachings are not cumulative to any written discussion on the record

of the teachings of the prior art, were not previously considered nor addressed during a

prior examination and the same question of patentability was not the subject of a final

holding of invalidity by Federal Courts.

### Issue 25:

The request indicates that the Requester considers that claims 13-23 are rendered obvious over Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Morikawa.

It is agreed that the consideration of Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Morikawa raises a substantial new question of patentability to claims 13-23 of the '525 patent. The discussion on page 259, line 3 through page 270, line 18 in view of the item matching in Appendix A offered by the Requester are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Morikawa that were not present in the prosecution of the application which became the '525 patent (such discussion is deemed only plausible - a decision regarding whether Requester's position will be incorporated into a rejection will not be made until the next Office action.). CyberMan (in light of Applicant's Admissions) appears to teach a flexible membrane connected to a circuit board. Morikawa appears to disclose a flexible membrane sheet connected to a rigid circuit board.

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claims 13-23 are patentable. The prosecution history of the base application does not indicate that Chandler in view of CyberMan (in light of Applicant's Admissions) and in further view of Morikawa were included for consideration by the examiner in charge of the base application.

Application/Control Number: 90/008,767                                Page 37
Art Unit: 3992

Accordingly, such teachings are not cumulative to any written discussion on the record

of the teachings of the prior art, were not previously considered nor addressed during a

prior examination and the same question of patentability was not the subject of a final

holding of invalidity by Federal Courts.


Accordingly, the request for reexamination is GRANTED.  Claims 1-3, 5-8 and

12-23 will be reexamined.


### Service of Papers

After the filing of a request for reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248.  See

37 CFR 1.550(f).


### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

ex parte reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in ex parte reexamination proceedings are provided

for in 37 CFR 1.550(c).

## Amendment in Reexamination Proceedings

Patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c).

## Submissions

In order to insure full consideration of any amendments, affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33 after appeal, which will be strictly enforced.

## Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,222,525 throughout the course of this reexamination proceeding. Likewise, if present, the third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/008,767

Page 39

Art Unit: 3992

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

*Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

Application/Control Number: 90/008,767                                      Page 40
Art Unit: 3992

In the event the patent owner's correspondence address listed in the papers
(record) for the present proceeding is different from the correspondence address of the
patent, it is strongly encouraged that the patent owner affirmatively file a Notification of
Change of Correspondence Address in the reexamination proceeding and/or the patent
(depending on which address patent owner desires), to conform the address of the
proceeding with that of the patent and to clarify the record as to which address should
be used for correspondence.

Telephone Numbers for reexamination inquiries:

| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 90/008,767                    Page 41
Art Unit: 3992

### *Correspondence*

All correspondence relating to this *ex parte* reexamination proceeding should be

directed as follows:

By U.S. Postal Service Mail to:

      Mail Stop *Ex Parte* Reexam
      ATTN:  Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA  22313-1450

By FAX to:    (571) 273-9900
             Central Reexamination Unit

By hand to:   Customer Service Window
            ATTN:  Central Reexamination Unit
            Randolph Building
            401 Dulany St.
            Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the

Examiner, or as to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.

*My-Trang Ton*

My-Trang N. Ton
Primary Examiner
Central Reexamination Unit 3992

Conferees:

*Mark J. Reinhart*

    MARK J. REINHART
    SPRE-AU 3992
CENTRAL REEXAMINATION UNIT

*Ovidio Escalante*