IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANASCAPE, LTD | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-158 |
| v. | § | |
| | § | |
| MICROSOFT CORP. AND | § | JUDGE RON CLARK |
| NINTENDO OF AMERICA, INC. | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF U.S. PATENT NO. 6,906,700

Before the court is Defendants' Motion for Summary Judgment [Doc. #225] seeking dismissal of Plaintiff Anascape, Ltd.'s claim for willful infringement of U.S. Patent No. 6,906,700 ("the ´700 patent"). Defendants argue that it is entitled to summary judgment because there is no evidence from which a reasonable jury could find that either Nintendo or Microsoft acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

Willful infringement must be proven by clear and convincing evidence. Anascape admits that it did not give Defendants notice of the ´700 patent until the suit was filed. There is scant evidence that either defendant had any pre-suit knowledge of the ´700 patent or that either acted despite an objectively high likelihood that their actions constituted infringement. After suit was filed, Anascape did not move for a preliminary inunction after the filing of this action. Under the governing evidentiary standard, the record reveals no genuine issue of material fact regarding the willful infringement claims.

1

## I. Background

On June 14, 2005, the PTO issued the ´700 patent. Brad Armstrong is the inventor of the ´700 patent and an owner of Anascape.

On July 31, 2006, Anascape filed suit against Defendants alleging that they willfully infringed the ´700 patent. Anascape did not move for a preliminary injunction to enjoin Defendants

On July 13, 2007, the United States Patent and Trademark Office granted Microsoft's Request for *Inter Partes* Reexamination of the ´700 patent.

## II. Standard of Review for Summary Judgment

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed R. Civ. P. 56 requires Anascape to set forth specific

facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The dispute in this case is genuine if the evidence is such that a reasonable jury, properly instructed on the clear and convincing evidentiary standard, could return a verdict for Anascape on the issue of willful infringement. *Anderson,* 477 U.S. at 255, 106 S. Ct. at 2514 ("determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."). If the factual context renders a claim implausible, nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

     Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. Only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

### III. Analysis

     To establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have

been known to the accused infringer." *In re Seagate Technology, LLC,* 497 F.3d 1360, 1370-71 (Fed. Cir. 2007).

Because Defendants do not have the burden of proof as to Anascape's willful infringement conduct claims at trial, they can obtain summary judgment by demonstrating to the court the absence of evidence to support an essential element of the claims. *See Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2254. Once Defendants have done so, Anascape must go beyond the pleadings and designate specific facts that show there is a genuine issue of material fact for trial. *Id.* at 324, 106 S. Ct. at 2253; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). If Anascape fails to meet this burden, summary judgment is mandatory. *Little*, 37 F.3d at 1076. Whether Anascape meets this burden must be evaluated in light of the clear and convincing evidentiary standard that applies to its willful infringement claims. *See Anderson,* 477 U.S. at 255-56, 106 S. Ct. at 2514 ("the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that [Anascape] has shown [willful infringement] by clear and convincing evidence or that [Anascape] has not.").

*A. Pre-Suit Knowledge of the ´700 Patent*

Anascape argues that a reasonable jury could conclude that Defendants had pre-suit knowledge of the ´700 patent before Anascape filed the lawsuit. Anascape contends that evidence of communications between Mr. Armstrong, Microsoft and Nintendo could lead a reasonable jury to conclude that, in anticipation of litigation or otherwise, Defendants conducted a search of Mr. Armstrong's issued patents and knew of the ´700 patent.

A timeline is helpful to the analysis:

    1996-1999           Mr. Armstrong had conversations and meetings with Microsoft.

| | |
|---|---|
| August 12, 1999 | Microsoft wrote to Mr. Armstrong stating: "After looking at our future plans, we have decided to not go forward working with you. We have a full plate of products to work on and need to stay focused on those opportunities." |
| 1997 - 1999 | Mr. Armstrong had conversations and meetings with Nintendo. He provided a game controller to one of Nintendo's employees. |
| November 16, 2000 | The ´700 patent application was filed. |
| October 5, 2001 | Anascape's representatives wrote Microsoft advising issuance of ´525 patent, a parent patent of the ´700 patent. |
| April 23, 2002 | Anascape notified Microsoft of, *inter alia,* the three parent patents to the ´700 patent. |
| April 23, 2002 | Anascape notified Nintendo of, *inter alia,* the three parent patents to the ´700 patent. |
| 2004 | Armstrong told Microsoft about the ´700 patent *application*. |
| 2004 | Microsoft offered Armstrong $250,000 for rights to all of his inventions. |
| **June 14, 2005** | **PTO issued the ´700 patent**. |
| **July 31, 2006** | **Anascape filed suit**. |

All of Mr. Armstrong's communications with Defendants involve patents other than the ´700 patent or the ´700 patent *application.* Anascape admits that it did not notify Defendants of the alleged infringement of the ´700 patent prior to filing the complaint in the present action. *See* Def.'s Mot for Summary Judgment, Ex. 1-2 [Doc. #225, Attachment #2]. Against this factual background, there can be no pre-suit willful infringement. "To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed. Cir. 1985). The Federal Circuit has stated:

> A "patent pending" notice gives one no knowledge whatsoever. . . . Filing an application is no guarantee any patent will issue and a very substantial percentage

of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable. *Id.*

Anascape argues that evidence of pre-suit knowledge of the ´700 patent appears in documents protected by the attorney-client privilege.[1] It is inappropriate to draw an adverse inference with respect to willful infringement when a party seeks to invoke the attorney-client privilege. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337, 1344-1345 (Fed. Cir. 2004). Accordingly, the court will decline Anascape's offer to speculate on the existence of evidence based on privilege logs.

The court must evaluate Anascape's burden on summary judgment in light of the clear and convincing evidentiary standard that applies to its willful infringement claims at trial. This paltry evidence, at best, permits a tenuous inference that Nintendo had notice of the ´700 patent. Such a showing on summary judgment would be marginal if Anascape's burden of proof was by a preponderance of the evidence. It falls short of supporting a reasonable jury finding that willful infringement exists by clear and convincing evidence.

B. *Post-Suit Conduct*

Anascape argues that Defendants had notice of the ´700 patent when it filed the instant lawsuit on July 31, 2006. Anascape contends that despite notice, Defendants continue to sell their products that infringe, have not designed around the patent-in-suit or taken any other remedial action.

---

[1] In response, Defendants submitted these documents *in camera* for the court's review. Anascape objected to Defendants' submissions and requested that the court (i) find any privilege associated with the *in camera* documents waived, and (ii) order production of these documents. *See* Anascape's Objection [Doc. #272]. As a result, Defendants withdrew the privileged documents from the court's consideration. *See* Defendants' Response [Doc. #279]. The parties agree that because of such withdrawal, the privileged documents need not be produced absent waiver of privilege in some other manner.

The Federal Circuit in *Seagate* Court stated that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." *Seagate,* 497 F.3d at 1374. "A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.*

It is undisputed that Anascape had the opportunity to, yet failed to move for a preliminary injunction. Anascape's argument that it did not move for a preliminary injunction because it probably would have failed is unavailing. A party should not waive its rights, and the court cannot make its findings, based on a possible ruling in a hypothetical situation. The fact remains that Anascape did not even attempt to stop any alleged infringing activity, electing instead to allow any enhanced damages to accrue. The court does not impose a categorical rule that lack of a motion for preliminary injunction automatically bars post-suit willful infringement, but rather finds that in these particular circumstances, Anascape's post-suit conduct coupled with the lack of any evidence of pre-suit notice of the ´700 patent establishes that there is no willful infringement by either defendant.

C. *Other Factors*

Anascape contends that a number of other facts support a finding of willfulness, including that Defendants:

> (i) have no employees who believe that they are not willfully infringing the ´700 patent; (ii) have no employees with knowledge of the reexamination decision, (iii) never obtained an opinion of counsel; (iv) never investigated the scope of the ´700 patent and formed a good faith belief that it was invalid or not infringed; (v) have not taken any remedial action to rectify their infringement (such as designing around the ´700 patent), but, on the contrary, continue to sell products infringing

the ´700 patent; (vi) deliberately copied Mr. Armstrong's technology; and (vii) have a bad faith motive for the harm they have caused Anascape. Pl.'s Response, p. 25-26 [Doc. #252].

The *Seagate* Court expressly stated that the "state of mind of the accused infringer is not relevant" to the objective inquiry of whether the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Seagate,* 497 F.3d at 1371. Here, the fact that Defendants have no employees who *believe* they are not willfully infringing does not weigh into the objective threshold inquiry of whether Nintendo or Microsoft acted despite an objectively high risk.[2]

The *Seagate* decision also changed the willfulness standard in relation to the so-called "advice of counsel" defense. *Seagate,* 497 F.3d at 1369-70. The Court noted that "there is no affirmative obligation to obtain opinion of counsel" on the part of infringers. *Id.* While obtaining legal opinion on invalidity or non-infringement may negate a finding of objective recklessness, the failure to obtain opinion of counsel is not a factor supporting willful infringement.

While evidence of copying may be considered a factor in finding willful infringement, Mr. Armstrong has testified that Anascape does not contend that Nintendo copied anything from the controller he showed Nintendo's employee in 1997. In fact, Anascape admits that the controller shown to Nintendo in 1997 does not practice any of the claims of the ´700 patent. *See* Pl's Response, p. 12 ¶ 7 [Doc. #252]. Any evidence that Defendants have a bad faith motive for

---

[2]Defendants argue that they had objectively reasonable bases for believing that the ´700 patent was invalid because the PTO has granted a request to reexamine the ´700 patent. The court does not base its holding on this argument. The grant of a request for reexamination does not preclude a finding of willful infringement. *See Hoechst Celanese Corp. v. BP Chemicals Ltd.,* 78 F.3d 1575, 1584 (Fed. Cir. 1996). "The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity." *Id.*

the harm they have caused Anascape is not relevant to the *Seagate* analysis.

Anascape has provided virtually no evidence, let alone clear and convincing evidence, from which a reasonable jury could find that either Nintendo or Microsoft acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment of No Willful Infringement of U.S. Patent No. 6,906,700 [Doc. #225] is **GRANTED.**

So **ORDERED** and **SIGNED** this **25** day of **April, 2008.**

_____
Ron Clark, United States District Judge