# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| Anascape, Ltd., <br><br>    Plaintiff, <br><br> v. <br><br> Microsoft Corp., and <br> Nintendo of America, Inc., <br><br>    Defendants. | Civil Action No. 9:06-cv-158-RC |

## JOINT FINAL PRE-TRIAL ORDER

This case came before the Court at a pre-trial conference held on May 1, 2008, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**I.   COUNSEL FOR THE PARTIES**

   **A.   Counsel for Anascape, Ltd. ("Anascape"):**

Douglas A. Cawley—Lead Attorney
Theodore Stevenson, III
Christopher T. Bovenkamp
Anthony M. Garza                        Robert M. Parker
Jason D. Cassady                         Robert Christopher Bunt
Steven Callahan                          Charles Ainsworth
McKool Smith, P.C.                       Parker, Bunt & Ainsworth P.C.
300 Crescent Court, Suite 1500           100 E. Ferguson Street, Suite 1114
Dallas, Texas 75201                      Tyler, Texas 75702
Telephone: (214) 978-4000                Telephone: (903) 531-3535
Telecopier: (214) 978-4044               Telecopier: (903) 533-9687

Sam Baxter
P.O. Box O, 505 E. Travis, Suite 105
Marshall, Texas 75670
McKool Smith, P.C.
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

B.    **Counsel for Microsoft Corp. ("Microsoft")**

J. Christopher Carraway
Joseph T. Jakubek
Stephen J. Joncus
Richard D. Mc Leod
Derrick W. Toddy
John D. Vandenberg
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204

J. Thad Heartfield
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706

Clayton E Dark Jr.
Clayton E Dark, Jr., Law Office
207 E Frank Ave # 100
Lufkin, TX 75901

Stephen McGrath, Esq.
Microsoft Corporation
One Microsoft Way, Building 8
Redmond, Washington 98052-6399

C.    **Counsel for Nintendo of America Inc. ("Nintendo")**

Robert J. Gunther, Jr. (pro hac vice)
WilmerHale LLP
399 Park Avenue
New York, New York 10022

James S. Blank (pro hac vice)
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4802

Robert W. Faris (pro hac vice)
Joseph S. Presta (pro hac vice)
NIXON & VANDERHYE P.C.
901 North Glebe Road, 11th Floor
Arlington, VA 22203

Lawrence L. Germer
Charles W. Goehringer, Jr.
GERMER GERTZ, L.L.P.
550 Fannin, Suite 500
Beaumont, TX 77713

## II. STATEMENT OF JURISDICTION

This civil case for patent infringement is brought before the United States District Court for the Eastern District of Texas. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States pursuant to Title 35 of the United States Code. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b). Personal and subject matter jurisdiction are not disputed.

## III. NATURE OF ACTION

This is a patent infringement lawsuit.

Anascape, the plaintiff in this action, contends that defendants Microsoft and Nintendo (each a "Defendant" and, collectively, "Defendants") directly and/or indirectly infringe certain claims of United States Patent No. 6,906,700 (the "'700 patent" or "patent-in-suit"), either literally or under the doctrine of equivalents.[1] Anascape contends that Microsoft infringes

---

[1] Anascape's First Amended Complaint for Patent Infringement (Docket No. 38) alleged infringement of twelve United States Patents: 5,999,084 (the "'084 patent"); 6,102,802 (the "'802 patent"); 6,135,886 (the "'886 patent"); 6,208,271 (the "'271 patent"); 6,222,525 (the "'525 patent"); 6,343,991 (the "'991 patent"); 6,344,791 (the "'791 patent"); 6,347,997 (the "'997 patent"); 6,351,205 (the "'205 patent"); 6,400,303 (the "'303 patent"); 6,563,415 (the "'415 patent"); and the '700 patent. Anascape claims Microsoft infringed all twelve patents. Anascape claims Nintendo infringed the '525, '791, '205, '415 and '700 patents.

On February 23, 2007, this Court stayed litigation as to the '791, '205, and '415 patents. (Docket No. 75.) On May 2, 2007, this Court stayed litigation as to the '271, '997, and '303 patents. (Docket No. 87.) (The '791, '205, '415, '271, '997, and '303 patents are referred to, collectively, as the "Stayed Patents.") The patents that include claims relating to pressure-sensitive variable-conductance material and sensors (i.e., the '084, '802, '886, and '991 patents) (collectively, the "PSVC" patents) asserted against Microsoft are set for trial on February 9, 2009. (Docket No. 169.) The parties have stipulated that Defendants' accused products do not

claims 13, 14, 16, 19, 22-23, and 32-33 of the '700 patent (the "Microsoft Asserted Claims") and that Nintendo infringes claims 14, 16, 19, 22-23, and 32-33 of the '700 patent (the "Nintendo Asserted Claims") (collectively, the "Asserted Claims").  Anascape seeks damages adequate to compensate for the alleged infringement of the '700 patent but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs, as provided by 35 U.S.C. § 284.  Further, Anascape contends that Defendants have willfully infringed their respective Asserted Claims, entitling Anascape to enhanced damages.  Anascape also seeks injunctive relief and damages it alleges it has sustained as a result of Defendants' alleged acts of infringement.  Anascape seeks its attorneys' fees pursuant to 35 U.S.C. § 285.  In the absence of an injunction, Anascape alternatively seeks a compulsory licensing fee.

Defendants claim that this is a patent infringement action wherein the plaintiff seeks damages for alleged willful infringement of a single patent by the defendants through their sales of certain video game controller devices.  The Defendants deny infringement; assert that the patent is invalid and unenforceable; deny that the plaintiff is entitled to any damages or injunctive relief; and assert that if inequitable conduct is found, then this is an exceptional case entitling Defendants to an award of attorney's fees and costs.

---

comprise a "flexible membrane sheet" as that term has been construed by this Court in its order of February 2, 2008 (*see* Docket 186; *see also* Docket No. 223, Ex. 1).  Defendants thereafter moved for summary judgment on all of the asserted claims of the '525 patent and certain claims of the '700 patent based on this stipulation. (Docket No. 223.)  The Court granted Defendants' motion for summary judgment as to these claims on March 31, 2008.  (Docket No. 249).

As a result of the foregoing, the parties expect that only the Asserted Claims of the '700 patent will be at issue during the May 5, 2008 trial.  Anascape and Defendants reserve their respective rights regarding the Stayed Patents, the '525 patent, and the PSVC patents.

## IV. CONTENTIONS OF THE PARTIES

### A. Plaintiff's Contentions[2]

In this case, Anascape contends that Microsoft and Nintendo are directly and/or indirectly infringing, literally or under the doctrine of equivalents, the patent-in-suit under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: making, using, offering to sell, and selling within the United States the Microsoft Accused Products[3] and the Nintendo Accused Products[4] (collectively, the "Accused Products").  Anascape reserves its rights vis-à-vis the Stayed Patents, the '525 patent, and the PSVC patents (*see* n.1, *supra*), including but not limited to the right to assert claims of infringement under such patents' claims against Nintendo and Microsoft.

Anascape contends that Brad Armstrong is the sole inventor of the inventions claimed in the patent-in-suit and that the patent-in-suit is valid.  In the '700 patent, Mr. Armstrong described a number of embodiments for novel game controllers that featured various improvements over the prior art, including force feedback, improved manufacturing techniques, and novel structures for allowing control over six axes.  The various embodiments of the '700 patent, and the claims of the patent, implement these improvements in various combinations.

---

[2]   By providing these Contentions, Anascape does not concede that all of these issues are appropriate for trial and/or for the jury (as opposed to the Court).  For example, Anascape does not waive any of its motions in limine which, if granted, would render some or all of these issues moot.

[3]   The "Microsoft Accused Products" are the Xbox controller, the Xbox controller S, the Xbox 360 controller, and the Xbox 360 wireless controller.

[4]   The "Nintendo Accused Products" are (i) the Nintendo GameCube Wavebird Wireless controller; (ii) the Nintendo GameCube controller; (iii) the Nintendo Wii Nunchuk controller connected to the Nintendo Wii Remote Controller; and (iv) the Nintendo Wii Classic controller connected to the Nintendo Wii Remote controller.

On November 16, 2000, Mr. Armstrong filed a patent application with the United States Patent and Trademark Office ("PTO") for patent protection of his game controllers. On June 14, 2005, the PTO awarded Mr. Armstrong a patent on his game controllers, after a full and fair examination. That patent issued as the '700 patent, and is entitled "3D Controller With Vibration." The '700 patent is a continuation of application No. 08/677,378, filed on July 5, 1996 (now the '525 patent), which is a continuation-in-part of application No. 08/393,459, filed on February 23, 1995 (now United States Patent No. 5,565,891), which is a continuation-in-part of application No. 07/847,619, filed on March 5, 1992 (now United States Patent No. 5,589,828).

Anascape contends that Defendants were provided with actual notice of the '700 patent at least as early as July 31, 2006 when Anascape filed its Original Complaint for Patent Infringement. (Docket No. 1.) Anascape contends that Defendants had knowledge of the '700 patent prior to Anascape filing the instant lawsuit.

Anascape contends that the Asserted Claims of the patent-in-suit are entitled to a priority date of July 5, 1996.

Anascape, a limited partnership organized and existing under the laws of the State of Texas and maintaining a principal place of business in Tyler Texas, is the assignee of all rights, title, and interest in and to the '700 patent and possesses all rights of recovery under the '700 patent. Anascape contends that Defendants are infringing the patent-in-suit by (i) making, using, offering to sell, and selling within the United States certain video game controllers and/or (ii) inducing the infringement of the patent-in-suit by others in the United States.

Anascape denies that the patent-in-suit is invalid, and denies that Defendants do not infringe the patent-in-suit. Anascape also denies that the patent-in-suit is unenforceable due to inequitable conduct.

Anascape contends that it has been damaged by Defendants' conduct and seeks injunctive relief and as well as damages adequate to compensate for the alleged infringement of the '700 patent but in no event less than a reasonable royalty. Anascape also seeks a permanent injunction. Should this Court not award a permanent injunction, Anascape requests that any

denial of a permanent injunction be conditioned on payment of reasonable royalties for future infringement. Anascape seeks treble damages pursuant to 35 U.S.C. § 284 and its attorneys' fees pursuant to 35 U.S.C. § 285 as well as supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, as well as prejudgment and post-judgment interest and costs. Anascape denies that Defendants are entitled to their costs, a declaration that this case is exceptional in their favor, and their attorneys' fees.

### B.    Defendant's Contentions[5]

1.    <u>No Infringement</u>:  Anascape cannot prove infringement by Defendants of any claim of the '700 patent (willfully or otherwise).  To the extent Anascape has not waived a claim for indirect infringement, Anascape cannot prove any specific examples of infringement allegedly induced by Defendants.

2.    <u>Effective Filing Date</u>:  The '700 Patent issued on June 14, 2005, from an application filed on November 16, 2000.  Anascape contends that the Asserted Claims of the '700 patent are entitled to the July 5, 1996, filing date of an earlier patent application filed by Mr. Armstrong, under 35 U.S.C. § 120.  Defendants disagree; contend that these patent claims cannot be backdated to 1996, or to any other date before November 16, 2000; and contend that the 1996 application described as its alleged invention a different controller design than that claimed in the '700 patent.

3.    In July 1996, Mr. Armstrong filed a U.S. patent application describing a controller having a ball or handle manipulatable in six degrees of freedom (6-DOF single input member) relative to the controller.

4.    Every claim and every embodiment (of the alleged invention) in Mr. Armstrong's 1996 application had a 6-DOF single input member.

---

[5]    By providing these Contentions, Defendants do not concede that all of these issues are appropriate for trial. In particular, Defendants do not waive any of their motions in *limine* or motions for summary judgment, which, if granted, would render some or all of these issues moot.

5. On November 16, 2000, Mr. Armstrong filed another application, in which he deleted his 1996 application's express requirement that 6-DOF manipulation be provided by a <u>single</u> input member (but still disclosed no embodiment lacking that feature). The '700 patent later issued from this application.

6. On July 15, 2002, Mr. Armstrong cancelled all of the pending claims in his November 16, 2000 application, and replaced them with a new set of claims, including application claims 50-53, 63-64, 66-67 and 76-77 which are the precursors to issued claims 12-15, 19-20, 22-23, and 32-33 asserted against Microsoft in this action.

7. On July 13, 2007, the Patent Office granted Microsoft's Request for Reexamination of the '700 patent. In this preliminary ruling, the Patent Office found that none of the claims of the '700 patent was entitled to be backdated from the application's actual filing date of November 16, 2000; and found that more than forty substantial new questions exist as to the patentability the '700 patent, including all of the claims asserted against Defendants.

8. <u>Prior Art (Invalidity)</u>: The Asserted Claims of the '700 patent are invalid under 35 U.S.C. § 102 and/or § 103 because they are anticipated by, and/or rendered obvious in light of, the prior art, including prior art Dual Shock and Dual Shock 2 controllers of Sony that Mr. Armstrong was trying to cover when he first submitted these claims to the Patent Office in July 2002.

9. <u>Written Description (Invalidity)</u>: The asserted patent claims were not part of the '700 patent application filed in November 2000. They were not submitted to the patent office until July 2002. The '700 patent application did not describe as its alleged invention what is claimed in these later-drafted patent claims. These claims are invalid for lacking "written description" support in the patent application as filed, as required by 35 U.S.C. § 112, ¶ 1.

10. <u>Inequitable Conduct</u>: The claims of the '700 patent are unenforceable by reason of two acts of inequitable conduct by Mr. Armstrong in procuring the '700 patent and the '525 patent. First, Mr. Armstrong knew that the Cyberman 6 DOF controller had a flexible membrane sheet, knew that it was prior art, and knew that the Patent Office Examiner singled out

that "flexible sheet" claim element as the reason for allowing a number of Mr. Armstrong's '525 patent claims, but Mr. Armstrong deceptively withheld that highly material prior art information from the '525 Patent Examiner.  Second, Mr. Armstrong deceptively misled the '700 patent Examiner about the claims' priority date by adding new matter to his claims during prosecution of the '700 Application, but declaring that he had not done so, and by changing his designation of the '700 Patent application from continuation-in-part to continuation, despite knowing that his claims were now directed to controller designs of others, and not to any design described in his 1996 application.

11.  No Pre-Suit Knowledge of Patent:  Anascape cannot prove that Defendants had knowledge of the '700 patent prior to Anascape filing suit.  For this reason and others, Anascape cannot prove any indirect or willful infringement by Defendants prior to suit.

12.  Not Willful:  Anascape cannot prove that any infringement by Defendants was willful (i.e., that Defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent *and* that this objectively-defined risk was either known or so obvious that it should have been known to Defendants).  On the contrary, Anascape sued Defendants without providing advance notice of the '700 patent, and then did not move for a preliminary injunction.  Also, Defendants have asserted non-frivolous defenses to Anascape's claims of infringement, the strength of some of which have been confirmed by the Patent Office's grant of Microsoft's request for reexamination of the '700 patent.

13.  No Pre-Suit Damages:  Anascape cannot prove entitlement to damages for alleged infringement before July 31, 2006, when this lawsuit was filed, in part because it cannot prove compliance with the notice and marking requirements of 35 U.S.C. § 287.  To the extent Anascape has not waived a claim for indirect infringement, Anascape can recover damages for induced infringement only for any specific instances of direct infringement, induced by a Defendant, it is able to prove at trial.

14.  No Injunction:  Even if Anascape were able to prove infringement of a valid and enforceable claim, it cannot show entitlement to an injunction.

      15.    <u>Attorney's Fees and Costs</u>:  If inequitable conduct is found, then, Defendants contend, this is an exceptional case entitling Defendants to an award of their attorney's fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

## V. **STIPULATIONS AND UNCONTESTED FACTS**

The parties agree to the following stipulations and uncontested facts as to the Asserted Claims of the '700 patent:

      1.    Venue is proper in the United States District Court for the Eastern District of Texas.

      2.    This Court has subject matter jurisdiction over this action.

      3.    The Court has personal jurisdiction over each Defendant and the Plaintiff.

      4.    Anascape filed its Original Complaint for Patent Infringement on July 31, 2006.

      5.    Plaintiff Anascape is a Texas limited partnership organized under the laws of the State of Texas.

      6.    Anascape maintains its principal place of business in Tyler, Texas.

      7.    Defendant Microsoft is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at One Microsoft Way, Redmond 98052.

      8.    Defendant Nintendo is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 4820 150th Avenue NE, Redmond, Washington 98052.

      9.    The '700 patent was filed on November 16, 2000.

      10.    The '700 patent issued on June 14, 2005 and is entitled "3D Controller with Vibration."

      11.    The named inventor of the '700 patent is Brad A. Armstrong.

      12.    On its face, the '700 patent states that it is a continuation of application No. 08/677,378, filed on July 5, 1996 (now United States Patent No. 6,222,525), which is a

continuation-in-part of application No. 08/393,459, filed on February 23, 1995 (now United States Patent No. 5,565,891), which is a continuation-in-part of application No. 07/847,619, filed on March 5, 1992 (now United States Patent No. 5,589,828).

13.    United States Patent No. 6,222,525 was filed by Brad A. Armstrong on July 5, 1996 and issued on April 24, 2001.

14.    The following claims of the '700 patent are at issue in this case with respect to Microsoft: Claims 13, 14, 16, 19, 22-23, and 32-33

15.    The following claims of the '700 patent are at issue in this case with respect to Nintendo:   Claims 14, 16, 19, 22-23, and 32-33

16.    The Xbox controller was first sold in the United States as part of a developer kit in August 2001 and separately in October 2001.

17.    The Xbox controller S was first sold in the United States in April 2002.

18.    The Xbox 360 controller was first sold in the United States on November 22, 2005.

19.    The Xbox 360 wireless controller was first sold in the United States on November 22, 2005.

20.    The Nintendo GameCube controller was first sold in the United States on November 18, 2001.

21.    The Nintendo Gamecube Wavebird Wireless Controller was first sold in the United States on June 10, 2002.

22.    The Nintendo Wii Nunchuk controller was first sold in the United States on November 19, 2006.

23.    The Nintendo Wii Remote Controller was first sold in the United States on November 19, 2006.

24.    The Nintendo Wii Classic controller was first sold in the United States a few weeks after November 19, 2006.

25. Anascape is not seeking damages for Defendants' alleged acts of infringement of the '700 patent prior to July 31, 2006.

26. The parties agree that they may use the exhibits listed on each party's exhibit list. This does not waive any party's objection to the admissibility of such exhibits.

27. The parties have entered into a stipulation regarding expert discovery. The relevant stipulation is attached hereto as **Exhibit E**.

28. On August 31, 1996, the Sega Saturn 3D Control Pad and Nights into Dreams bundle pack and associated instruction manuals were known to the public, publicly used, sold, and offered for sale in the United States.

29. The Sega Saturn 3D Control Pad and Nights into Dreams bundle pack and associated instruction manuals produced and made available for inspection by the Defendants are versions of the products that were available in the United States as of the above agreed date.

30. On September 9, 1999, the Sega Dreamcast game console, Dreamcast controller, "JumpPak" and associated instruction manuals were known to the public, publicly used, sold, and offered for sale in the United States. The Sega Dreamcast game console, Dreamcast controller, "JumpPak" and associated instruction manuals produced and made available for inspection by the Defendants are versions of the products that were available in the United States as of the above date.

The parties will continue to attempt to identify additional potential stipulations, including stipulations related to the truth and accuracy of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

## VI. CONTESTED ISSUES OF FACT AND LAW

### A. Plaintiff's Contested Issues

1. Whether Microsoft is infringing, directly or indirectly, one or more of Claims 13, 14, 16, 19, 22-23, and 32-33 of the '700 patent, either literally or under the doctrine of equivalents.

2. Whether Nintendo is infringing, directly or indirectly, one or more of Claims 14, 16, 19, 22-23, and 32-33 of the '700 patent, either literally or under the doctrine of equivalents.

3. Whether the patent-in-suit is valid.

4. Whether Anascape is the assignee of all rights, title, and interest in and to the '700 patent and possesses all rights of recovery under the '700 patent.

5. Whether the Asserted Claims of the patent-in-suit are entitled to a priority date of July 5, 1996.

6. Whether Defendants' infringement is willful.

7. Whether the Asserted Claims of the '700 patent are invalid under 35 U.S.C. § 102 based on properly disclosed, asserted prior art.

8. Whether the Asserted Claims of the '700 patent are invalid under 35 U.S.C. § 103 based on properly disclosed, asserted prior art.

9. Whether the Asserted Claims of the '700 patent are invalid for failure to satisfy the enablement, written description, and best mode requirements of 35 U.S.C. § 112.

10. Whether Anascape is entitled to damages to compensate for the Defendants' infringement, and, if so, the dollar amount of damages adequate to compensate for the infringement of the '700 patent, but in no event less than a reasonable royalty for Defendants' use of Anascape's invention.

11. Whether Anascape is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

12. Whether Anascape is entitled to its costs, and, if so, the dollar amount of its costs.

13. If willful infringement is found, whether any damages awarded to Anascape should be enhanced up to three times under 35 U.S.C. § 284.

14. Whether this is an exceptional case pursuant to 35 U.S.C. § 285 and whether Anascape is entitled to an award of its attorneys' fees.

  15. Whether the '700 patent is invalid due to inequitable conduct.

  16. Whether Anascape is entitled to a permanent injunction requiring Defendants to refrain from directly or indirectly infringing the patent-in-suit.

  17. Whether any denial of a permanent injunction should be conditioned on payment of appropriate royalties for future infringement.

  18. Whether Anascape is entitled to damages for any continuing post-verdict infringement up until entry of the final judgment.

  19. Whether any Defendant is entitled to its costs, and, if so, the dollar amount of those costs.

  20. Whether any Defendant is entitled to a declaration that this case is exceptional.

  21. Whether any Defendant is entitled to recover its attorneys' fees.

 **B.** **Defendants' Contested Issues**

  1. Whether Microsoft has directly and literally infringed one or more of Claims 13, 14, 16, 19, 22-23, and 32-33 of the '700 patent. (Plaintiff has waived any allegation of indirect or equivalents infringement through failure of timely disclosure, and failure to respond substantively on these issues when required by Defendants' motion for summary judgment.)

  2. Whether Nintendo's Wii Remote controller, connected to the Wii Nunchuk controller, has directly and literally infringed Claim 19 of the '700 patent. (Plaintiff has waived any allegation of indirect or equivalents infringement through failure of timely disclosure, and failure to respond substantively on these issues when required by Defendants' motion for summary judgment.)

  3. Whether Nintendo's Wii Classic controller, connected to the Wii Remote controller, has directly and literally infringed one or more of Claims 14, 19, 22 and 23 of the '700 patent. (Plaintiff has waived any allegation of indirect or equivalents infringement through

failure of timely disclosure, and failure to respond substantively on these issues when required by Defendants' motion for summary judgment.)

        4.      Whether Nintendo's GameCube controller has directly and literally infringed one or more of Claims 14, 16, 19, 22, 23, 32 and 33 of the '700 patent. (Plaintiff has waived any allegation of indirect or equivalents infringement through failure of timely disclosure, and failure to respond substantively on these issues when required by Defendants' motion for summary judgment.)

        5.      Whether the Asserted Claims of the '700 patent are entitled to be backdated to July 5, 1996, or otherwise, from the patent's filing date of November 16, 2000.

        6.      Whether the Asserted Claims of the '700 patent are invalid for lack of adequate written description, or for anticipation or obviousness.

        7.      Whether the '700 patent is unenforceable due to inequitable conduct.

        8.      Whether Defendants' alleged infringement is willful.

        9.      Whether Plaintiff is entitled to damages to compensate for the alleged infringement, and, if so, the form and amount of such damages.

        10.      Whether Anascape is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

        11.      Whether Anascape is entitled to its costs, and, if so, the dollar amount of its costs.

        12.      If willful infringement is found, whether any damages awarded to Anascape should be enhanced up to three times under 35 U.S.C. § 284.

        13.      Whether this is an exceptional case pursuant to 35 U.S.C. § 285 and whether Anascape is entitled to an award of its attorneys' fees.

        14.      Whether Anascape is entitled to a permanent injunction requiring Defendants to refrain from infringing the '700 patent.

        15.      Whether any denial of a permanent injunction should be conditioned on payment of appropriate royalties for future infringement.

16. Whether Anascape is entitled to damages for any continuing post-verdict infringement up until entry of the final judgment.

17. Whether any Defendant is entitled to its costs, and, if so, the dollar amount of those costs.

18. Whether any Defendant is entitled to a declaration that this case is exceptional.

19. Whether any Defendant is entitled to recover its attorneys' fees.

## VII. LIST OF WITNESSES

### A. Plaintiff's Witness List

Plaintiff's witness list is attached as **Exhibit A**.  Defendants reserve the right to use deposition testimony in response to testimony offered by Plaintiff.

### B. Defendants' Witness List

Defendants' witness list is attached as **Exhibit B**.  Plaintiff reserves the right to use deposition testimony in response to testimony offered by Defendants.

## VIII. LIST OF EXHIBITS

### A. Plaintiff's Exhibit List

Plaintiff's exhibit list is attached as **Exhibit C**.

### B. Defendants' Exhibit List

Defendants' exhibit list is attached as **Exhibit D**.

## IX. LIST OF PENDING MOTIONS

| Filing Date | Docket Number | Motion |
|---|---|---|
| 12/26/2007 | 176 | Microsoft Corporation's Motion for Partial Summary Judgment—Noninfringement of PSVC Claims |

## X. PROBABLE LENGTH OF TRIAL

Given this Court's Order on Limitations of Trial Time (Docket No. 219), Anascape estimates that the probable length of trial is eight days.

Given this Court's Order on Limitations of Trial Time (Docket No. 219), Defendants' estimate that the probable length of trial is eleven days.

## XI. MANAGEMENT CONFERENCE LIMITATIONS

None.

## XII. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(i) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(ii) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise (except with this Court's permission);

(iii) Each exhibit in the List of Exhibits herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

Anascape Ltd. announced settlement of all claims against Microsoft Corporation at the pretrial hearing. Therefore, to the extent that this order relates to Microsoft, it is now moot. Subject to the rulings made at the pre-trial hearing, the joint final pretrial order is approved.

So **ORDERED** and **SIGNED** this **1** day of **May, 2008.**

_____
Ron Clark, United States District Judge

DATED: May 1, 2008

**APPROVED AS TO FORM AND SUBSTANCE:**

        **McKOOL SMITH, P.C.**

        By: /s/ Douglas A. Cawley
        Douglas A. Cawley
           Attorney-in-Charge
           Texas State Bar No. 04035500
           dcawley@mckoolsmith.com
        Theodore Stevenson, III
           Texas State Bar No. 19196650
           tstevenson@mckoolsmith.com

**PARKER, BUNT & AINSWORTH P.C.**   Christopher T. Bovenkamp
           Texas State Bar No. 24006877
Robert M. Parker            cbovenkamp@mckoolsmith.com
   Texas State Bar No. 15498000   Anthony M. Garza
   rmparker@pbatyler.com        Texas State Bar No. 24050644
Robert Christopher Bunt           agarza@mckoolsmith.com
   Texas State Bar No. 00787165   Jason D. Cassady
   rcbunt@pbatyler.com          Texas State Bar No. 24045625
Charles Ainsworth            jcassady@mckoolsmith.com
   Texas State Bar No. 00783521   Steven Callahan
   charley@pbatyler.com         Texas State Bar No. 24053122
Parker, Bunt & Ainsworth P.C.     scallahan@mckoolsmith.com
100 E. Ferguson Street, Suite 1114  McKool Smith, PC
Tyler, Texas 75702           300 Crescent Court, Suite 1500
Telephone: (903) 531-3535      Dallas, Texas 75201
Telecopier: (903) 533-9687      Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        Sam Baxter
           Texas State Bar No. 01938000
           sbaxter@mckoolsmith.com
        P.O. Box O, 505 E. Travis, Suite 105
        Marshall, Texas 75670
        Telephone: (903) 927-2111
        Telecopier: (903) 927-2622

**ATTORNEYS FOR PLAINTIFF ANASCAPE, LTD.**

| | |
|---|---|
| **KLARQUIST SPARKMAN, LLP** | **WILMERHALE LLP** |
| By: /s/ John D. Vandenberg (w/p SCC) | By: /s/ James S. Blank (w/p SCC) |

**KLARQUIST SPARKMAN, LLP**

By: /s/ John D. Vandenberg (w/p SCC)

J. Christopher Carraway (admitted pro hac vice)
   christopher.carraway@klarquist.com
Joseph T. Jakubek (admitted pro hac vice)
   joseph.jakubek@klarquist.com
Stephen J. Joncus (admitted pro hac vice)
   stephen.joncus@klarquist.com
Richard D. Mc Leod (Bar No. 24026836)
   rick.mcleod@klarquist.com
Derrick W. Toddy (admitted pro hac vice)
   derrick.toddy@klarquist.com
John D. Vandenberg (admitted pro hac vice)
   john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300

J. Thad Heartfield (Bar No. 09346800)
   thad@jth-law.com
**LAW OFFICES OF J. THAD HEARTFIELD**
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789

Clayton E Dark Jr. (Bar No. 05384500)
   clay.dark@yahoo.com
**CLAYTON E DARK JR., LAW OFFICE**
207 E Frank Ave # 100
Lufkin, TX 75901
Telephone: 936-637-1733

Stephen McGrath, Esq. (admitted pro hac vice)
**MICROSOFT CORPORATION**
One Microsoft Way, Building 8
Redmond, Washington 98052-6399
Telephone: 425-882-8080

**WILMERHALE LLP**

By: /s/ James S. Blank (w/p SCC)

Robert J. Gunther, Jr. (pro hac vice)
   robert.gunther@wilmerhale.com
399 Park Avenue
New York, New York 10022

James S. Blank (pro hac vice)
   james.blank@lw.com
**LATHAM & WATKINS LLP**
885 Third Avenue, Suite 1000
New York, NY 10022-4802

Robert W. Faris (pro hac vice)
   rwf@nixonvan.com
Joseph S. Presta (pro hac vice)
   jsp@nixonvan.com
**NIXON & VANDERHYE P.C.**
901 North Glebe Road, 11th Floor
Arlington, VA 22203

Lawrence L. Germer
   llgermer@germer.com
Charles W. Goehringer, Jr.
   cgoehringer@germer.com
**GERMER GERTZ, L.L.P.**
550 Fannin, Suite 500
Beaumont, TX 77713

**ATTORNEYS FOR DEFENDANT NINTENDO OF AMERICA INC.**

Facsimile: 425-706-7329

**ATTORNEYS FOR DEFENDANT**
**MICROSOFT CORPORATION**